UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| PIPEFITTERS LOCAL 537 ANNUITY FUND, On Behalf of Themselves And All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>WILMINGTON TRUST CORPORATION, TED T. CECALA, DONALD E. FOLEY, DAVID R. GIBSON, ROBERT V.A. HARRA JR., and KEVYN N. RAKOWSKI,<br><br>     Defendants. | No. 10-cv-00990-LPS<br><br>(Securities Class Action)<br><br>Hon. Leonard P. Stark |

(caption continued on subsequent page)

**REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION OF THE INSTITUTIONAL INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL AND CONSOLIDATION OF ALL RELATED ACTIONS**

Pamela S. Tikellis (Bar No. 2172)
A. Zachary Naylor (Bar No. 4439)
**CHIMICLES & TIKELLIS LLP**
222 Delaware Avenue, Suite 1100
Wilmington, Delaware 19801
(302) 656-2500

*Proposed Liaison Counsel*

Maya Saxena
Joseph E. White III
**SAXENA WHITE P.A.**
2424 North Federal Highway
Suite 257
Boca Raton, Florida 33431
(561) 394-3399

*Counsel for Proposed Lead Plaintiff the
Institutional Investor Group and
Proposed Co-Lead Counsel for the Class*

Gerald H. Silk
Avi Josefson
**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400

*Counsel for Proposed Lead Plaintiff the
Institutional Investor Group and
Proposed Co-Lead Counsel for the Class*

Dated: February 14, 2011

| | |
|---|---|
| TIMOTHY ROONEY, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST CORPORATION, TED T. CECALA, DONALD E. FOLEY, DAVID REED GIBSON and ROBERT V.A. HARRA, JR.,<br><br>Defendants. | No. 10-cv-00995-LPS<br><br>(Securities Class Action)<br><br>Hon. Leonard P. Stark |
| MOHAMMED ELZAGHA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST CORPORATION, TED T. CECALA, ROBERT V.A. HARRA, JR., DAVID R. GIBSON, KEVYN N. RAKOWSKI, DONALD E. FOLEY, CAROLYN S. BURGER, R. KEITH ELLIOTT, LOUIS J. FREEH, GAILEN KRUG, REX L. MEARS, STACEY J. MOBLEY, MICHELE M. ROLLINS, OLIVER R. SOCKWELL, ROBERT W. TUNNELL, JR., SUSAN D. WHITING, J.P. MORGAN SECURITIES and KEEFE, BRUYETTE & WOODS, INC.,<br><br>Defendants. | No. 10-cv-01020-LPS<br><br>(Securities Class Action)<br><br>Hon. Leonard P. Stark |
| VINCENT LYNCH, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST CORPORATION, TED T. CECALA, DONALD E. FOLEY, DAVID R. GIBSON, KEVYN N. RAKOWSKI and ROBERT V.A. HARRA, JR.,<br><br>Defendants. | No. 10-cv-01086-LPS<br><br>(Securities Class Action)<br><br>Hon. Leonard P. Stark |

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 1

I.       The Institutional Investor Group Is An Ideal Lead Plaintiff Group.................................... 1

II.      The Institutional Investor Group Is A Typical And Adequate Class Representative .......... 2

CONCLUSION.................................................................................................................... 5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*In re Cardinal Health, Inc. Securities Litigation,*
   226 F.R.D. 298 (S.D. Ohio 2005) ............................................................................................5

*In re Cendant Corp. Litigation,*
   264 F.3d 201 (3d Cir. 2001) ................................................................................................1, 3

*In re Comverse Technology, Inc. Securities Litigation,*
   No. 06-CV-1825 (NGG)(RER), 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) ......................4

*In re Loewen Group Inc. Securities Litigation,*
   233 F.R.D. 154 (E.D. Pa. 2005) ..........................................................................................4, 5

*In re MGM Mirage Securities Litigation,*
   09-cv-01558-GMN-LRL, 2010 U.S. Dist. LEXIS 120061 (D. Nev. Oct. 25, 2010) ...............4

*In re Tronox, Inc. Securities Litigation,*
   262 F.R.D. 338 (S.D.N.Y. 2009) .............................................................................................4

## INTRODUCTION

The Institutional Investor Group, with a loss of over $2 million on a first-in-first-out ("FIFO") basis and almost $1.4 million on a last-in-first-out ("LIFO") basis is the only remaining movant seeking Lead Plaintiff appointment in this action.[1]  While all other movants recognized that they do not possess the largest financial interest in the litigation, the Institutional Investor Group feels constrained to address several contentions raised by Kornitzer Capital Management, Inc. ("Kornitzer") in order to resolve any question as to the Institutional Investor Group's typicality and adequacy.[2]  *See* D.I. 18.

## ARGUMENT

### I.  **The Institutional Investor Group Is An Ideal Lead Plaintiff Group**

The Third Circuit made abundantly clear that a group of investors may serve as Lead Plaintiff so long as it capable of "fairly and adequately protect[ing] the interests of the class." *In re Cendant Corp. Lit.*, 264 F.3d 201, 266-67 (3d Cir. 2001).  The Institutional Investor Group has demonstrated that capability by submitting two Joint Declarations, entering into a Joint Prosecution Agreement with counsel and negotiating a reasonable fee agreement, which

---

[1] An updated loss chart for the Pompano Beach General Employees Retirement System is attached as Ex. A to the Reply Declaration of A. Zachary Naylor to correct an inadvertent error in its original loss chart.  *See* D.I. 13 at Ex. B.  This error ***understated*** the losses of the Institutional Investor Group by approximately $7,000 on a FIFO basis and by over $22,000 on a LIFO basis.

[2] Four movants initially sought appointment as Lead Plaintiff.  The FMA/Cordrey Group and Kornitzer conceded that the Institutional Investor Group has the largest financial interest in the litigation and the Public Pension Funds Group admitted that it does not have the largest financial interest. *See* D.I. 16-17, 21.

evidences the Group's commitment to drive the litigation in the best interests of the Class.[3]  *See*

D.I. 13 at Ex. E; D.I. 20 at Ex. A.  Indeed, the members of the Institutional Investor Group:

- decided to seek joint Lead Plaintiff appointment prior to filing their initial Motion, *see* D.I. 13 at Ex. E ¶ 9; D.I. 20 at Ex. A ¶ 3;

- have conferred on multiple occasions regarding the prosecution of the case as well as the supervision of counsel, *see* D.I. 13 at Ex. E ¶¶ 10-11; D.I. 20 at Ex. A ¶¶ 4-6;

- committed to achieving the best possible result on behalf of the Class, *see* D.I. 13 at Ex. E; D.I. 20 at Ex. A ¶¶ 2-3;

- have substantial experience serving as a fiduciary and understand the obligations entailed in seeking the maximum possible recovery on behalf of the Class, *see* D.I. 13 at Ex. E ¶¶ 2-6, 8, 10-11, 13; D.I. 20 at Ex. A ¶¶ 1-3, 6-7, 10;

- required counsel to establish strict protocols to guarantee the action is efficiently prosecuted as set forth in their Joint Prosecution Agreement, *see* D.I. 20 at Ex. A ¶¶ 5-6;

- negotiated a reasonable fee agreement with counsel with the understanding that any fee is ultimately subject to the approval of this Court, *see* D.I. 20 at Ex. A ¶ 7;[4]

- retained qualified and experienced Co-Lead Counsel who have already conducted a comprehensive investigation into Wilmington's alleged misconduct, *see* D.I. 13 at Ex. E ¶¶ 11-12; D.I. 20 at Ex. A ¶¶ 8-9; and

- are sophisticated public pension funds with the largest financial interest in the litigation; *see* D.I. 13 at Ex. E ¶¶ 2-6; D.I. 20 at Ex. A ¶¶ 2-3.

Accordingly, the Institutional Investor Group is an ideal Lead Plaintiff Group under

*Cendant*'s requirements.

## II.   The Institutional Investor Group Is A Typical And Adequate Class Representative

A proposed Lead Plaintiff is a typical and adequate Class representative when its

circumstances and legal claims are not "markedly different" from absent Class members and it

---

[3] The Institutional Investor Group will provide the Court with the Joint Prosecution Agreement *in camera*, upon the Court's request.

[4] On February 14, 2011, the Board of Trustees for St. Petersburg Firefighters' Retirement System approved the fee agreement.

"has the ability and incentive to represent the claims of the class vigorously." *Cendant*, 264 F.3d at 265. Each member of the Institutional Investor Group clearly satisfies both requirements. Further, while the Institutional Investor Group's Motion is unopposed, it feels constrained to respond to two arguments in the opposition brief filed by Kornitzer, which has now withdrawn in support of the Institutional Investor Group. *See* D.I. 18, 21.

First, none of the members of the Institutional Investor Group are net sellers. Rather, each member of the Group purchased more shares in the proper Class Period than it sold. Each member of the Group sold ***all*** of its Wilmington stock ***after*** the Company announced that it had incurred massive losses and was going to be acquired at a fire-sale price. It was that disclosure, which occurred before trading opened on November 1, 2010, that caused the decline in Wilmington's stock price and the resultant harm to the Class. Because such disclosure occurred before the market opened, the appropriate end of the Class Period was October 29, 2010, not November 1, 2010, as admitted by counsel in the first-filed action. *See* D.I. 6, at 1 n. 2 ("the final corrective disclosure alleged in the Action was revealed prior to the opening of the markets on [November 1, 2010], and the Class Period must accordingly end on October 29, 2010, the previous trading day."). No member of the Institutional Investor Group sold more shares than it purchased during the correct Class Period and consequently, no member of the Group is a net

seller.[5]   Further, the court appointed Lead Plaintiff will ultimately bear responsibility for pleading the proper Class Period in a consolidated complaint.

Second, nothing about the timing of Merced's purchases of Wilmington stock renders it atypical or inadequate.  *See* D.I. 18 at pp. 9-11.  Indeed, numerous courts have held that a lead plaintiff who, like Merced, made its initial stock purchase after an alleged partial disclosure that was not of "the strength and extent" necessary to reveal "[t]he true extent" of the defendants' misconduct, is neither atypical nor inadequate and is perfectly aligned with many members of the Class.  *See e.g., In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 346, 346 n. 57 (S.D.N.Y. 2009) (lead plaintiff movant not subject to unique defense when it first purchased shares after "merely ***partial*** corrective disclosures.") (emphasis in original); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2008 WL 820015, at *2-*3 n. 2 (E.D.N.Y. Mar. 25, 2008) ("undoubtedly many members of the class" initially purchased stock after a partial disclosure); *In re Loewen Group Inc. Sec. Litig.*, 233 F.R.D. 154, 163 (E.D. Pa. 2005) (representative plaintiffs who purchased all their shares after the first corrective disclosure were typical of the class). Here, the partial disclosure on June 23, 2010, failed to reveal the full extent of Wilmington's misconduct because it involved the Company's "deteriorating credit metrics as the company attempt[ed] to more aggressively deal with its credit challenges."  *See* D.I. 1 at ¶¶ 52-53.  In fact,

---

[5] Moreover, even if the Court utilizes the incorrect November 1, 2010, Class Period end date, the Institutional Investor Group is typical and adequate because none of its members realized a "net gain" on transactions in Wilmington stock – the determinative metric in considering a Lead Plaintiff's typicality or adequacy.  *See In re MGM Mirage Sec. Litig.*, 09-cv-01558-GMN-LRL, 2010 U.S. Dist. LEXIS 120061, at*11-*12 (D. Nev. Oct. 25, 2010) ("[w]hereas a net gainer achieves a net profit from its Class Period shares, a net seller merely sells more shares than it purchased during the Class Period and may well still suffer a loss . . . [C]ourts will allow net sellers who are also net losers to be appointed lead plaintiff, as they normally have no problem proving damages.").   Here, no member of the Institutional Investor Group profited from Wilmington's alleged misconduct because their sales occurred ***after*** the relevant corrective disclosure on November 1, 2010.

the Company specifically reassured investors of its strong financial condition in the wake of this disclosure.[6]  *See id.* at ¶¶ 55.  Accordingly, Merced and the Institutional Investor Group are entirely typical and adequate.

**CONCLUSION**

For the reasons discussed above, the Institutional Investor Group respectfully requests that the Court:  appoint the Institutional Investor Group to serve as Lead Plaintiff; approve the Institutional Investor Group's selection of Bernstein Litowitz and Saxena White as Co-Lead Counsel for the Class; and consolidate the related actions.

Dated:  February 14, 2011                                  Respectfully Submitted,

                                        /s/     A. Zachary Naylor

                                        Pamela S. Tikellis (Bar No. 2172)
                                        A. Zachary Naylor (Bar No. 4439)
                                        **CHIMICLES & TIKELLIS LLP**
                                        222 Delaware Avenue, Suite 1100
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 656-2500
                                        Facsimile: (302) 656-9053

                                        *Proposed Liaison Counsel for the Class*

                                        Gerald H. Silk
                                        Avi Josefson
                                        **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
                                        1285 Avenue of the Americas
                                        New York, NY 10019
                                        Telephone: (212) 554-1400
                                        Facsimile: (212) 554-1444

---

[6] In contrast, the court's holding in *In re Cardinal Health, Inc. Securities Litigation*, 226 F.R.D. 298, 310 (S.D. Ohio 2005), turned on corrective disclosures that involved direct allegations of fraud against the defendants.  *Id.* at 310 (discussing disclosures of a formal SEC investigation into the company, an SEC subpoena regarding the company's accounting and an investigation by the United States Attorney's Office).  Such a strong and direct allegation of misconduct is absent from the June 23 disclosure.  *See* D.I. 1 at ¶¶ 52-53, 55.

Blair A. Nicholas
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
12481 High Bluff Drive
Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

Maya Saxena
Joseph E. White III
**SAXENA WHITE P.A.**
2424 North Federal Highway
Suite 257
Boca Raton, Florida 33431
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

*Counsel for Proposed Lead Plaintiff the
Institutional Investor Group and Proposed
Co-Lead Counsel for the Class*