**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION<br><br>This document relates to: ALL ACTIONS | Master File No. 10-cv-00990-SLR<br><br>(Consolidated Securities Class Action)<br><br>Hon. Sue L. Robinson |

# INDEPENDENT DIRECTORS' ANSWER TO FOURTH AMENDED CONSOLIDATED SECURITIES CLASS ACTION COMPLAINT


M. Duncan Grant (Bar No. 2994)
Christopher B. Chuff (Bar No. 5729)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19899-1709
Telephone: 302-777-6500
Fax: 302-421-8390
Email: grantm@pepperlaw.com
Email: chuffc@pepperlaw.com

Ivan B. Knauer[1]
Matthew D. Foster[1]
Pepper Hamilton LLP
Hamilton Square
600 14th Street, NW, Suite 500
Washington, DC 20005-2004
Telephone: 202-220-1200
Fax: 202-220-1665
Email: knaueri@pepperlaw.com
Email: fosterm@pepperlaw.com

*Attorneys for Independent Director Defendants Carolyn Burger, R. Keith Elliott, Donald Foley, Louis Freeh, Gailen Krug, Rex Mears, Stacey Mobley, Michelle Rollins, Oliver Sockwell, Robert Tunnell, Jr., and Susan Whiting.*


[1] Admitted *Pro Hac Vice*.

## ANSWER

Defendants Carolyn Burger, R. Keith Elliott, Donald Foley, Louis Freeh, Gailen Krug, Rex Mears, Stacey Mobley, Michelle Rollins, Oliver Sockwell, Robert Tunnell, Jr., and Susan Whiting (collectively, the "Independent Directors"), by and through their attorneys Pepper Hamilton LLP, respectfully submit their answer and affirmative defenses to Plaintiffs' Fourth Amended Consolidated Securities Class Action Complaint (the "Complaint" or "FAC").

## INTRODUCTORY STATEMENT

The FAC contravenes the Federal Rules of Civil Procedure by improperly combining factual allegations with legal conclusions and argument so as to make admissions or denials of such allegations difficult, and, at times, impossible. In addition, many of the FAC's allegations are overly broad, vague, conclusory, and/or contain terms which are undefined and susceptible to different meanings. Accordingly, by way of general response, all allegations in the FAC are denied unless expressly and specifically admitted. Any factual allegation admitted below is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation contained in the allegation or the FAC as a whole.

The Independent Directors respectfully submit that they are required to respond only to those allegations made specifically against them individually. The Independent Directors also respectfully submit that the headings, sub-headings, tables and unnumbered paragraphs, including, but not limited to, the first page of the FAC, do not require a response but, for the avoidance of doubt, to the extent they contain allegations against the Independent Directors, any such allegations are denied.

The FAC improperly describes Mr. Foley as an "Officer Defendant" during the purported Class Period. Mr. Foley was an Independent Director until June 2010 when he accepted the position of CEO; less than five months later the Company was acquired by M&T

Bank ("M&T"). Therefore, Mr. Foley specifically objects to and denies any allegations by Plaintiffs' that reference the Officer Defendants. The comments and objections in this Introductory Statement are incorporated into each numbered paragraph of this Answer, as appropriate.

## SPECIFIC RESPONSES

1. The Independent Directors deny any allegations of a "criminal conspiracy" or "fraud." To the extent the allegations in Paragraph 1 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis deny each and every allegation contained therein.

2. To the extent the allegations in Paragraph 2 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny each and every allegation contained therein.

3. To the extent the allegations in Paragraph 3 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny each and every allegation contained therein.

4. To the extent the allegations in Paragraph 4 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny each and every allegation contained therein.

5. The Independent Directors deny any allegations of a "criminal conspiracy." To the extent the allegations in Paragraph 5 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore deny each and every allegation contained therein.

6. To the extent the allegations in Paragraph 6 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore deny each and every allegation contained therein.

7. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore deny each and every allegation contained therein.

8. The Independent Directors deny any "fraud." To the extent the allegations in Paragraph 8 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore deny each and every allegation contained therein.

9. The Independent Directors deny any "criminal conspiracy." To the extent the allegations in Paragraph 9 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny each and every allegation contained therein.

10. To the extent the allegations in Paragraph 10 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in paragraph 10.

11. To the extent the allegations in Paragraph 11 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore deny each and every allegation contained therein, except that the Independent Directors admit that KPMG was the Bank's outside auditor. Mr. Foley denies the allegations in paragraph 11.

12. To the extent the allegations in Paragraph 12 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny each and every allegation contained therein, except that the Independent Directors admit that the Bank entered into an MOU.

13. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis deny each and every allegation contained therein.

14. To the extent the allegations in Paragraph 14 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in paragraph 14.

15. To the extent the allegations in Paragraph 15 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny each and every allegation contained therein.

16. To the extent the allegations in Paragraph 16 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny each and every allegation contained therein, except that they admit that in June 2010, Mr. Cecala announced his resignation from Wilmington.

17. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny each and every allegation contained therein. The Independent Directors refer to the cited statement for a true and complete statement of their contents.

18. The Independent Directors admit that on November 1, 2010, Wilmington announced its merger with M&T. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore deny each and every allegation contained therein.

19. The Independent Directors admit only that after engaging in a robust and appropriate dialogue the Board of Directors recommended shareholder approval of the merger. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore deny each and every allegation contained therein.

20. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore deny each and every allegation contained therein.

21. To the extent the allegations in Paragraph 21 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in paragraph 21.

22. The Independent Directors deny the allegations in Paragraph 22, and specifically deny that Plaintiffs suffered damages.

23. To the extent the allegations in Paragraph 23 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 23, except that they admit that Plaintiffs purport to assert claims under the Securities Exchange Act of 1934 against certain defendants.

24. To the extent the allegations in Paragraph 24 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 24, except that they admit that Plaintiffs purport to assert claims under the Securities Act of 1933 against certain defendants.

25. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore deny each and every

allegation contained therein, except that they admit that the Merced County Employees Retirement Association has been named as a plaintiff in this action.

26. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore deny each and every allegation contained therein, except that they admit that the Coral Springs Police Pension Fund has been named as a plaintiff in this action.

27. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore deny each and every allegation contained therein, except that they admit that the St. Petersburg Firefighters' Retirement System has been named as a plaintiff in this action.

28. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore deny each and every allegation contained therein, except that they admit that the Pompano Beach General Employees Retirement System has been named as a plaintiff in this action.

29. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore deny each and every allegation contained therein, except that they admit that the Automotive Industries Pension Trust Fund has been named as a plaintiff in this action.

30. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore deny each and every allegation contained therein.

31. The Independent Directors admit that the allegations in Paragraph 31 are true.

32. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore deny each and every allegation contained therein. The Independent Directors refer to Wilmington's SEC filings for a true and complete statement of their contents.

33. The Independent Directors admit that Wilmington was listed on the New York Stock Exchange. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and therefore deny each and every allegation contained therein.

34. The Independent Directors admit that on November 1, 2010, Wilmington announced a merger with M&T and that M&T is the successor-in-interest to Wilmington. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and therefore deny each and every allegation contained therein.

35. To the extent the allegations in Paragraph 35 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors admit, upon information and belief, that the allegations in Paragraph 35 are true but, deny the characterization of Mr. Cecala's resignation.

36. Mr. Foley admits, upon information and belief, that the allegations in Paragraph 36 are true.

37. To the extent the allegations in Paragraph 37 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors admit, upon information and belief, that the allegations in Paragraph 37 are true.

38. To the extent the allegations in Paragraph 38 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors admit, upon information and belief, that the allegations in Paragraph 38 are true.

39. To the extent the allegations in Paragraph 39 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors admit, upon information and belief, that the allegations in Paragraph 39 are true, but deny the characterization of Mr. North's resignation.

40. The Independent Directors admit that the FAC collectively refers to Mr. Cecala, Mr. Foley, Mr. Gibson, Mr. Harra and Mr. North as the "Officer Defendants." Mr. Foley denies the characterization of himself as an Officer Defendant. Mr. Foley was an Independent Director until June 2010 when he took the position as CEO.

41. To the extent the allegations in Paragraph 41 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 41, except that he admits that Plaintiffs purport to assert claims against certain Audit Committee members.

42. Ms. Burger admits, upon information and belief, that the allegations in Paragraph 42 are true.

43. Mr. Elliott admits, upon information and belief, that the allegations in Paragraph 43 are true.

44. Ms. Krug admits, upon information and belief, that the allegations in Paragraph 44 are true.

45. Mr. Mobley admits, upon information and belief, that the allegations in Paragraph 45 are true.

46. Ms. Rollins admits, upon information and belief, that the allegations in Paragraph 46 are true.

47. To the extent the allegations in Paragraph 47 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors admit, upon information and belief, that the allegations in Paragraph 47 are true.

48. Mr. Sockwell admits, upon information and belief, that the allegations in Paragraph 48 are true.

49. Mr. Tunnell, Jr. admits, upon information and belief, that the allegations in Paragraph 49 are true.

50. Ms. Whiting admits, upon information and belief, that the allegations in Paragraph 50 are true.

51. The Independent Directors admit that KPMG was Wilmington's outside auditor. To the extent the allegations in Paragraph 51 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore deny each and every allegation contained therein.

52. To the extent the allegations in Paragraph 52 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 52, and refer to the Annual Reports for a true and complete statement of their contents.

53. The Independent Directors admit that Wilmington publicly reported the amount of its past due and nonperforming loans each quarter, but deny the remaining allegations of Paragraph 53. The Independent Directors refer to Wilmington's SEC filings for a true and complete statement of their contents.

54. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore deny each and every allegation contained therein.

55. To the extent the allegations in Paragraph 55 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore deny each and every allegation contained therein.

56. To the extent the allegations in Paragraph 56 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore deny each and every allegation contained therein.

57. To the extent the allegations in Paragraph 57 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore deny each and every allegation contained therein.

58. The Independent Directors deny any "criminal enterprise." To the extent the allegations in Paragraph 58 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore deny each and every allegation contained therein.

59. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 59.

60. The Independent Directors deny any "criminal conspiracy." To the extent the allegations in Paragraph 60 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore deny each and every allegation contained therein.

61. To the extent the allegations in Paragraph 61 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore deny each and every allegation contained therein.

62. To the extent the allegations in Paragraph 62 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 62.

63. To the extent the allegations in Paragraph 63 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore deny each and every allegation contained therein.

64. To the extent the allegations in Paragraph 64 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and therefore deny each and every allegation contained therein, except that they admit that the Delinquency Report was an element of the Bank's internal controls.

65. To the extent the allegations in Paragraph 65 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore deny each and every allegation contained therein.

66. To the extent the allegations in Paragraph 66 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and therefore deny each and every allegation contained therein.

67. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore deny each and every allegation contained therein.

68. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore deny each and every allegation contained therein.

69. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore deny each and every allegation contained therein.

70. To the extent the allegations in Paragraph 70 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore deny each and every allegation contained therein.

71. To the extent the allegations in Paragraph 71 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore deny each and every allegation contained therein.

72. To the extent the allegations in Paragraph 72 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and therefore deny each and every allegation contained therein.

73. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore deny each and every allegation contained therein.

74. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore deny each and every allegation contained therein.

75. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore deny each and every allegation contained therein.

76. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore deny each and every allegation contained therein.

77. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore deny each and every allegation contained therein.

78. To the extent the allegations in Paragraph 78 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore deny each and every allegation contained therein.

79. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore deny each and every allegation contained therein.

80. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore deny each and every allegation contained therein.

81. To the extent the allegations in Paragraph 81 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore deny each and every allegation contained therein.

82. To the extent the allegations in Paragraph 82 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore deny each and every allegation contained therein.

83. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore deny each and every allegation contained therein.

84. To the extent the allegations in Paragraph 84 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore deny each and every allegation contained therein.

85. To the extent the allegations in Paragraph 85 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 85.

86. To the extent the allegations in Paragraph 86 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 86.

87. To the extent the allegations in Paragraph 87 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 87.

88. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore deny each and every allegation contained therein.

89. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and therefore deny each and every allegation contained therein.

90. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore deny each and every allegation contained therein.

91. The Independent Directors deny any "criminal conspiracy." To the extent the allegations in Paragraph 91 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 91.

92. To the extent the allegations in Paragraph 92 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and therefore deny each and every allegation contained therein.

93. To the extent the allegations in Paragraph 93 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and therefore deny each and every allegation contained therein.

94. To the extent the allegations in Paragraph 94 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore deny each and every allegation contained therein.

95. To the extent the allegations in Paragraph 95 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore deny each and every allegation contained therein.

96. To the extent the allegations in Paragraph 96 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 96.

97. To the extent the allegations in Paragraph 97 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and therefore deny each and every allegation contained therein.

98. To the extent the allegations in Paragraph 98 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore deny each and every allegation contained therein.

99. To the extent the allegations in Paragraph 99 are not directed at the Independent Directors, no response is required. To the extent a response is required, the

Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore deny each and every allegation contained therein.

100. To the extent the allegations in Paragraph 100 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and therefore deny each and every allegation contained therein.

101. To the extent the allegations in Paragraph 101 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and therefore deny each and every allegation contained therein.

102. To the extent the allegations in Paragraph 102 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore deny each and every allegation contained therein.

103. To the extent the allegations in Paragraph 103 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore deny each and every allegation contained therein.

104. To the extent the allegations in Paragraph 104 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore deny each and every allegation contained therein.

105. To the extent the allegations in Paragraph 105 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore deny each and every allegation contained therein.

106. To the extent the allegations in Paragraph 106 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 106.

107. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and therefore deny each and every allegation contained therein.

108. To the extent the allegations in Paragraph 108 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and therefore deny each and every allegation contained therein.

109. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and therefore deny each and every allegation contained therein.

110. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and therefore deny each and every allegation contained therein.

111. To the extent the allegations in Paragraph 111 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and therefore deny each and every allegation contained therein.

112. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and therefore deny each and every allegation contained therein.

113. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore deny each and every allegation contained therein.

114. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore deny each and every allegation contained therein.

115. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and therefore deny each and every allegation contained therein.

116. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and therefore deny each and every allegation contained therein.

117. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore deny each and every allegation contained therein.

118. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and therefore deny each and every allegation contained therein.

119. To the extent the allegations in Paragraph 119 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore deny each and every allegation contained therein.

120. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore deny each and every allegation contained therein.

121. To the extent the allegations in Paragraph 121 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore deny each and every allegation contained therein.

122. To the extent the allegations in Paragraph 122 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and therefore deny each and every allegation contained therein.

123. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and therefore deny each and every allegation contained therein.

124. To the extent the allegations in Paragraph 124 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 124.

125. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and therefore deny each and every allegation contained therein.

126. To the extent the allegations in Paragraph 126 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 126.

127. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and therefore deny each and every allegation contained therein.

128. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore deny each and every allegation contained therein.

129. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and therefore deny each and every allegation contained therein.

130. To the extent the allegations in Paragraph 130 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and therefore deny each and every allegation contained therein.

131. To the extent the allegations in Paragraph 131 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and therefore deny each and every allegation contained therein.

132. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and therefore deny each and every allegation contained therein.

133. To the extent the allegations in Paragraph 133 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and therefore deny each and every allegation contained therein.

134. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and therefore deny each and every allegation contained therein.

135. To the extent the allegations in Paragraph 135 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 135.

136. To the extent the allegations in Paragraph 136 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and therefore deny each and every allegation contained therein.

137. To the extent the allegations in Paragraph 137 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and therefore deny each and every allegation contained therein.

138. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, and therefore deny each and every allegation contained therein. Mr. Foley denies that he "severely undermined the ARG."

139. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and therefore deny each and every allegation contained therein.

140. To the extent the allegations in Paragraph 140 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, and therefore deny each and every allegation contained therein.

141. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and therefore deny each and every allegation contained therein.

142. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and therefore deny each and every allegation contained therein. Mr. Foley admits to receiving the report, but denies the remaining allegations in Paragraph 142.

143. To the extent the allegations in Paragraph 143 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors on the Audit Committee in 2007 admit to receiving KMPG's "Management Letter," lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

143, and therefore deny each and every remaining allegation contained therein. Mr. Foley admits to receiving KPMG's "Management Letter," but denies the remaining allegations in Paragraph 143.

144. To the extent the allegations in Paragraph 144 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 144.

145. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 145.

146. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 146.

147. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and therefore deny each and every allegation contained therein.

148. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and therefore deny each and every allegation contained therein.

149. To the extent the allegations in Paragraph 149 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and therefore deny each and every allegation contained therein.

150. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, and therefore deny each and every allegation contained therein, except that the Independent Directors admit that Treliant Risk Advisors was engaged as a consultant to Wilmington.

151. To the extent the allegations in Paragraph 151 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 151.

152. To the extent the allegations in Paragraph 152 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors admit that the Federal Reserve issued a Memorandum of Understanding in September 2009, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152, and therefore deny each and every remaining allegation contained therein.

153. To the extent the allegations in Paragraph 153 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors admit that the Federal Reserve issued a Memorandum of Understanding in September 2009, but lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153, and therefore deny each and every remaining allegation contained therein.

154. The Independent Directors admit that the Federal Reserve issued a Memorandum of Understanding in September 2009, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154, and therefore deny each and every remaining allegation contained therein.

155. The Independent Directors admit that the Federal Reserve issued a Memorandum of Understanding in September 2009, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155, and therefore deny each and every remaining allegation contained therein.

156. To the extent the allegations in Paragraph 156 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors admit that the Federal Reserve issued a Memorandum of Understanding in September 2009, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156, and therefore deny each and every remaining allegation contained therein.

157. The Independent Directors admit that the Bank conducted an internal review, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157, and therefore deny each and every remaining allegation contained therein.

158. The Independent Directors admit that the Bank conducted an internal review, but lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 158, and therefore deny each and every remaining allegation contained therein.

159. To the extent the allegations in Paragraph 159 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors admit that the Bank conducted an internal review, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159, and therefore deny each and every remaining allegation contained therein.

160. To the extent the allegations in Paragraph 160 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors admit that the Bank conducted an internal review, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 160, and therefore deny each and every remaining allegation contained therein. Mr. Foley denies the allegations in Paragraph 160.

161. To the extent the allegations in Paragraph 161 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors admit that the Bank conducted an internal review, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161, and therefore deny each and every remaining allegation contained therein. The Independent Directors refer to the SEC filing and call transcript for a true and complete statement of their contents.

162. The Independent Directors deny a "criminal conspiracy." To the extent the allegations in Paragraph 162 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 162, and therefore deny each and every allegation contained therein.

163. To the extent the allegations in Paragraph 163 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 163.

164. To the extent the allegations in Paragraph 164 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 164.

165. To the extent the allegations in Paragraph 165 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165, and therefore deny each and every allegation contained therein.

166. To the extent the allegations in Paragraph 166 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 166.

167. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167, and therefore deny each and every allegation contained therein.

168. To the extent the allegations in Paragraph 168 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, and therefore deny each and every allegation contained therein.

169. To the extent the allegations in Paragraph 169 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 169.

170. To the extent the allegations in Paragraph 170 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, and therefore deny each and every allegation contained therein.

171. To the extent the allegations in Paragraph 171 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 171.

172. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 172.

173. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173, and therefore deny each and every allegation contained therein.

174. To the extent the allegations in Paragraph 174 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174, and therefore deny each and every allegation contained therein.

175. To the extent the allegations in Paragraph 175 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and therefore deny each and every allegation contained therein.

176. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, and therefore deny each and every allegation contained therein.

177. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 177.

178. The Independent Directors admit that on January 29, 2010, Wilmington issued its fourth quarter and year-end 2009 earnings press release, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 178, and therefore deny each and every allegation contained therein.

179. The Independent Directors admit that on April 23, 2010, Wilmington released its first quarter 2010 press release, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179, and therefore deny each and every remaining allegation contained therein.

180. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and therefore deny each and every allegation contained therein.

181. To the extent the allegations in Paragraph 181 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 181.

182. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, and therefore deny each and every allegation contained therein, except that the Independent Directors admit that Mr. Cecala retired and Mr. Foley became the CEO of the bank effective June 3, 2010.

183. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183, and therefore deny each and every allegation contained therein. Mr. Foley admits that he was on a June 4, 2010, call and

denies the remaining allegations in Paragraph 183. Mr. Foley refers to the call transcript for a true and complete statement of its contents.

184. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184, and therefore deny each and every allegation contained therein. Mr. Foley admits that he was on a June 4, 2010, call, but denies the remaining allegations in Paragraph 184. Mr. Foley refers to the transcript for a true and complete statement of its contents.

185. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185, and therefore deny each and every allegation contained therein.

186. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186, and therefore deny each and every allegation contained therein, except that the Independent Directors admit that Mr. North resigned.

187. To the extent the allegations in Paragraph 187 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187, and therefore deny each and every allegation contained therein. Mr. Foley admits that a meeting took place, but denies the remaining allegations in Paragraph 187.

188. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188, and therefore deny each and every allegation contained therein.

189. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, and therefore deny each and every allegation contained therein.

190. The Independent Directors admit, upon information and belief, that the allegations in paragraph 190 are true.

191. The Independent Directors admit that on July 23, 2012, Wilmington issued a press release. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 191, and therefore deny each and every remaining allegation contained therein.

192. To the extent the allegations in Paragraph 192 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 192.

193. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and therefore deny each and every allegation contained therein. Mr. Foley admits that there was a July 23, 2010, call, but

denies the remaining allegations in Paragraph 193. Mr. Foley refers to the call transcript for a true and complete statement of its contents.

194. To the extent the allegations in Paragraph 194 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 194.

195. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195, and therefore deny each and every allegation contained therein.

196. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196, and therefore deny each and every allegation contained therein.

197. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197, and therefore deny each and every allegation contained therein.

198. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198, and therefore deny each and every allegation contained therein, except that they admit that on November 1, 2010, Wilmington announced the merger.

199. The Independent Directors admit that on November 1, 2010, Wilmington released its third quarter 2010 results, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 199, and therefore deny each and every remaining allegation contained therein.

200. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200, and therefore deny each and every allegation contained therein.

201. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and therefore deny each and every allegation contained therein.

202. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, and therefore deny each and every allegation contained therein. The Independent Directors refer to the call transcript for a true and complete statement of its contents. Mr. Foley admits that there was a call, but denies the remaining allegations in Paragraph 202.

203. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203, and therefore deny each and every allegation contained therein. The Independent Directors refer to the call transcript for a true and complete statement of its contents.

204. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, and therefore deny each and

every allegation contained therein. The Independent Directors refer to the call transcript for a true and complete statement of its contents.

205. To the extent the allegations in Paragraph 205 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, and therefore deny each and every allegation contained therein.

206. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and therefore deny each and every allegation contained therein. The Independent Directors state that after engaging in a robust and appropriate dialogue the Board of Directors recommended that shareholders approve the merger.

207. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207, and therefore deny each and every allegation contained therein.

208. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208, and therefore deny each and every allegation contained therein.

209. To the extent the allegations in Paragraph 209 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 209.

210. The Independent directors admit the existence of the proxy statement and refer to it for a true and complete statement of its contents. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 210, and therefore deny each and every allegation contained therein.

211. The Independent Directors admit, upon information and belief, that the allegations in paragraph 211 are true.

212. The Independent Directors admit that in March 2011, Wilmington released its annual report for fiscal year 2010 but, lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and therefore deny each and every allegation contained therein. The Independent Directors refer to Wilmington's SEC filing for a true and complete statement of its contents.

213. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and therefore deny each and every allegation contained therein.

214. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214, and therefore deny each and every allegation contained therein.

215. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215, and therefore deny each and every allegation contained therein.

216. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216, and therefore deny each and every allegation contained therein.

217. The Independent Directors deny any "criminal conspiracy." To the extent the allegations in Paragraph 217 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217, and therefore deny each and every allegation contained therein. Mr. Foley admits that he signed the Bank's form 10-Ks and the Bank's form 10-Q for the second quarter of 2010 and denies the remaining allegations in Paragraph 217.

218. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218, and therefore deny each and every allegation contained therein.

219. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219, and therefore deny each and every allegation contained therein. Mr. Foley admits that he participated in the Bank's July 23, 2010, call and denies the remaining allegations in Paragraph 219.

220. To the extent the allegations in Paragraph 220 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 220.

221. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221, and therefore deny each and every allegation contained therein.

222. To the extent the allegations in Paragraph 222 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 222. The Independent Directors refer to the SEC filings for a true and complete statement of their contents.

223. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223, and therefore deny each and every allegation contained therein.

224. To the extent the allegations in Paragraph 224 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224, and therefore deny each and every allegation contained therein.

225. To the extent the allegations in Paragraph 225 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225, and therefore deny each and every allegation contained therein.

226. To the extent the allegations in Paragraph 226 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 226, and therefore deny each and every allegation contained therein. The Independent Directors refer to the SEC filings for a true and complete statement of their contents.

227. To the extent the allegations in Paragraph 227 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227, and therefore deny each and every allegation contained therein.

228. To the extent the allegations in Paragraph 228 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228, and therefore deny each and every allegation contained therein.

229. To the extent the allegations in Paragraph 229 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229, and therefore deny each and every allegation contained therein.

230. To the extent the allegations in Paragraph 230 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230, and therefore deny each and every allegation contained therein. The Independent Directors refer to the SEC filings for a true and complete statement of their contents.

231. To the extent the allegations in Paragraph 231 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231, and therefore deny each and every allegation contained therein.

232. To the extent the allegations in Paragraph 232 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232, and therefore deny each and every allegation contained therein.

233. To the extent the allegations in Paragraph 233 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233, and therefore deny each and every allegation contained therein.

234. To the extent the allegations in Paragraph 234 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234, and therefore deny each and every allegation contained therein.

235. To the extent the allegations in Paragraph 235 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235, and therefore deny each and every allegation contained therein.

236. To the extent the allegations in Paragraph 236 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236, and therefore deny each and every allegation contained therein.

237. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, and therefore deny each and every allegation contained therein.

238. To the extent the allegations in Paragraph 238 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238, and therefore deny each and every allegation contained therein.

239. To the extent the allegations in Paragraph 239 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239, and therefore deny each and every allegation contained therein.

240. To the extent the allegations in Paragraph 240 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, and therefore deny each and every allegation contained therein.

241. To the extent the allegations in Paragraph 241 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241, and therefore deny each and every allegation contained therein.

242. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and therefore deny each and every allegation contained therein. The Independent Directors refer to the SEC filings for a true and complete statement of their contents.

243. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243, and therefore deny each and every allegation contained therein. The Independent Directors refer to the SEC filings for a true and complete statement of their contents.

244. To the extent the allegations in Paragraph 244 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244, and therefore deny each and every allegation contained therein.

245. To the extent the allegations in Paragraph 245 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245, and therefore deny each and every allegation contained therein.

246. To the extent the allegations in Paragraph 246 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246, and therefore deny each and every allegation contained therein.

247. To the extent the allegations in Paragraph 247 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 247.

248. To the extent the allegations in Paragraph 248 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248, and therefore deny each and every allegation contained therein.

249. To the extent the allegations in Paragraph 249 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249, and therefore deny each and every allegation contained therein.

250. To the extent the allegations in Paragraph 250 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250, and therefore deny each and every allegation contained therein.

251. To the extent the allegations in Paragraph 251 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251, and therefore deny each and every allegation contained therein.

252. To the extent the allegations in Paragraph 252 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 252 (i).

253. To the extent the allegations in Paragraph 253 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253, and therefore deny each and every allegation contained therein.

254. To the extent the allegations in Paragraph 254 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254, and therefore deny each and every allegation contained therein.

255. To the extent the allegations in Paragraph 255 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255, and therefore deny each and every allegation contained therein.

256. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256, and therefore deny each and every allegation contained therein. The Independent Directors refer to the SEC filings for a true and complete statement of their contents.

257. To the extent the allegations in Paragraph 257 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny that Wilmington "had no effective internal controls," lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 257, and therefore deny each and every remaining allegation contained therein.

258. To the extent the allegations in Paragraph 258 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258, and therefore deny each and every allegation contained therein.

259. To the extent the allegations in Paragraph 259 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 259.

260. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the January 18, 2008, conference call for a true and complete statement of its contents.

261. To the extent the allegations in Paragraph 261 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, and therefore deny each and every allegation contained therein. The Independent

Directors refer to the transcript of the January 18, 2008, conference call for a true and complete statement of its contents.

262. To the extent the allegations in Paragraph 262 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the April 24, 2008, conference call for a true and complete statement of its contents.

263. To the extent the allegations in Paragraph 263 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the April 24, 2008, conference call for a true and complete statement of its contents.

264. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the July 24, 2009, conference call for a true and complete statement of its contents.

265. To the extent the allegations in Paragraph 265 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265, and therefore deny each and every allegation contained therein. The Independent

Directors refer to the transcript of the July 24, 2009, conference call for a true and complete statement of its contents.

266. To the extent the allegations in Paragraph 266 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the October 23, 2009, conference call for a true and complete statement of its contents.

267. To the extent the allegations in Paragraph 267 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the October 23, 2009, conference call for a true and complete statement of its contents.

268. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the October 23, 2009, conference call for a true and complete statement of its contents.

269. To the extent the allegations in Paragraph 269 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269, and therefore deny each and every allegation contained therein. The Independent

Directors refer to the transcript of the October 23, 2009, conference call for a true and complete statement of its contents. Mr. Foley denies the allegations in Paragraph 269.

270. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the October 23, 2009, conference call for a true and complete statement of its contents.

271. To the extent the allegations in Paragraph 271 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the October 23, 2009, conference call for a true and complete statement of its contents.

272. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the April 23, 2010, conference call for a true and complete statement of its contents.

273. To the extent the allegations in Paragraph 273 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the April 23, 2010, conference call for a true and complete statement of its contents.

274. To the extent the allegations in Paragraph 274 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 274.

275. To the extent the allegations in Paragraph 275 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the June 4, 2010, conference call for a true and complete statement of its contents. Mr. Foley admits that a call occurred on June 4, 2010, but denies the remaining allegations in Paragraph 275.

276. To the extent the allegations in Paragraph 276 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276, and therefore deny each and every allegation contained therein. The Independent Directors refer to the transcript of the July 23, 2010, conference call for a true and complete statement of its contents.

277. To the extent the allegations in Paragraph 277 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277, and therefore deny each and every allegation contained therein. The Independent

Directors refer to the transcript of the July 23, 2010, conference call for a true and complete statement of its contents.

278. To the extent the allegations in Paragraph 278 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 278.

279. To the extent the allegations in Paragraph 279 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 279.

280. To the extent the allegations in Paragraph 280 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280, and therefore deny each and every allegation contained therein.

281. To the extent the allegations in Paragraph 281 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 281.

282. The Independent Directors deny the existence of a "criminal conspiracy." To the extent the allegations in Paragraph 282 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 282.

283. To the extent the allegations in Paragraph 283 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 283.

284. To the extent the allegations in Paragraph 284 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 284.

285. To the extent the allegations in Paragraph 285 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 285.

286. To the extent the allegations in Paragraph 286 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 286.

287. To the extent the allegations in Paragraph 287 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 287.

288. To the extent the allegations in Paragraph 288 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 288.

289. To the extent the allegations in Paragraph 289 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 289.

290. To the extent the allegations in Paragraph 290 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 290, and therefore deny each and every allegation contained therein. Mr. Foley denies the allegations in Paragraph 290.

291. To the extent the allegations in Paragraph 291 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291, and therefore deny each and every allegation contained therein.

292. To the extent the allegations in Paragraph 292 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292, and therefore deny each and every allegation contained therein.

293. To the extent the allegations in Paragraph 293 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293, and therefore deny each and every allegation contained therein.

294. To the extent the allegations in Paragraph 294 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294, and therefore deny each and every allegation contained therein.

295. To the extent the allegations in Paragraph 295 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley admits he was a board

member and in the summer of 2010 became the CEO, but denies the remaining allegations in Paragraph 295.

296. To the extent the allegations in Paragraph 296 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296, and therefore deny each and every allegation contained therein. The Independent Directors refer to the relevant accounting principles and standards for a true and complete statement of their contents.

297. To the extent the allegations in Paragraph 297 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297, and therefore deny each and every allegation contained therein. The Independent Directors refer to the relevant accounting principles and standards for a true and complete statement of their contents.

298. To the extent the allegations in Paragraph 298 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298, and therefore deny each and every allegation contained therein. The Independent Directors refer to the relevant accounting principles and standards for a true and complete statement of their contents.

299. To the extent the allegations in Paragraph 299 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299, and therefore deny each and every allegation contained therein. The Independent Directors refer to the relevant accounting principles and standards for a true and complete statement of their contents.

300. To the extent the allegations in Paragraph 300 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300, and therefore deny each and every allegation contained therein. The Independent Directors refer to the relevant accounting principles and standards for a true and complete statement of their contents.

301. To the extent the allegations in Paragraph 301 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301, and therefore deny each and every allegation contained therein. The Independent Directors refer to the relevant accounting principles and standards for a true and complete statement of their contents.

302. To the extent the allegations in Paragraph 302 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302, and therefore deny each and every allegation contained therein. The Independent Directors refer to the relevant accounting principles and standards for a true and complete statement of their contents.

303. The Independent Directors admit that KPMG was the Bank's auditor during the alleged Class Period. To the extent the allegations in Paragraph 303 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 303, and therefore deny each and every allegation contained therein.

304. To the extent the allegations in Paragraph 304 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 304.

305. To the extent the allegations in Paragraph 305 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 305.

306. To the extent the allegations in Paragraph 306 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 306.

307. To the extent the allegations in Paragraph 307 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307, and therefore deny each and every allegation contained therein.

308. To the extent the allegations in Paragraph 308 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308, and therefore deny each and every allegation contained therein.

309. To the extent the allegations in Paragraph 309 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309, and therefore deny each and every allegation contained therein.

310. To the extent the allegations in Paragraph 310 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310, and therefore deny each and every allegation contained therein.

311. To the extent the allegations in Paragraph 311 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311, and therefore deny each and every allegation contained therein.

312. To the extent the allegations in Paragraph 312 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312, and therefore deny each and every allegation contained therein.

313. To the extent the allegations in Paragraph 313 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313, and therefore deny each and every allegation contained therein.

314. To the extent the allegations in Paragraph 314 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314, and therefore deny each and every allegation contained therein.

315. To the extent the allegations in Paragraph 315 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315, and therefore deny each and every allegation contained therein.

316. To the extent the allegations in Paragraph 316 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 316, and therefore deny each and every allegation contained therein.

317. To the extent the allegations in Paragraph 317 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317, and therefore deny each and every allegation contained therein.

318. To the extent the allegations in Paragraph 318 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318, and therefore deny each and every allegation contained therein.

319. To the extent the allegations in Paragraph 319 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 319.

320. To the extent the allegations in Paragraph 320 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 320.

321. To the extent the allegations in Paragraph 321 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 321. Mr. Foley denies the allegations in Paragraph 321.

322. To the extent the allegations in Paragraph 322 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 322.

323. To the extent the allegations in Paragraph 323 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 323.

324. To the extent the allegations in Paragraph 324 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 324.

325. To the extent the allegations in Paragraph 325 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 325.

326. To the extent the allegations in Paragraph 326 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 326.

327. To the extent the allegations in Paragraph 327 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 327.

328. To the extent the allegations in Paragraph 328 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 328.

329. To the extent the allegations in Paragraph 329 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329, and therefore deny each and every allegation contained therein.

330. To the extent the allegations in Paragraph 330 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 330.

331. To the extent the allegations in Paragraph 331 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 331.

332. To the extent the allegations in Paragraph 332 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 332.

333. To the extent the allegations in Paragraph 333 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 333.

334. To the extent the allegations in Paragraph 334 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 334. Mr. Foley denies the allegations in Paragraph 334.

335. To the extent the allegations in Paragraph 335 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 335. Mr. Foley denies the allegations in Paragraph 335.

336. To the extent the allegations in Paragraph 336 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 336. Mr. Foley denies the allegations in Paragraph 336.

337. To the extent the allegations in Paragraph 337 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 337. Mr. Foley denies the allegations in Paragraph 337.

338. To the extent the allegations in Paragraph 338 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 338. Mr. Foley denies the allegations in Paragraph 338.

339. To the extent the allegations in Paragraph 339 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339, and therefore deny each and every allegation contained therein.

340. To the extent the allegations in Paragraph 340 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 340. Mr. Foley denies the allegations in Paragraph 340.

## FIRST CLAIM FOR RELIEF

341. The Independent Directors repeat each response to the numbered allegations contained above as if fully set forth herein.

342. Mr. Foley denies the allegations in Paragraph 342.

343. To the extent the allegations in Paragraph 343 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 343.

344. To the extent the allegations in Paragraph 344 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 344.

345. To the extent the allegations in Paragraph 345 are not directed at Mr. Foley, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 345.

346. To the extent the allegations in Paragraph 346 are not directed at Mr. Foley, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 346.

347. To the extent the allegations in Paragraph 347 are not directed at Mr. Foley, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 347.

348. Mr. Foley admits that he signed certain SEC filings but denies the remaining allegations of Paragraph 348.

349. To the extent the allegations in Paragraph 349 are not directed at Mr. Foley, no response is required. To the extent a response is required, Mr. Foley admits that he signed certain SEC filings but denies the remaining allegations of Paragraph 349.

350. To the extent the allegations in Paragraph 350 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 350.

351. To the extent the allegations in Paragraph 351 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 351.

352. To the extent the allegations in Paragraph 352 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 352.

## SECOND CLAIM FOR RELIEF

353. The Independent Directors repeat each response to the numbered allegations contained above as if fully set forth herein.

354. To the extent the allegations in Paragraph 354 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 354.

355. To the extent the allegations in Paragraph 355 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 355.

356. To the extent the allegations in Paragraph 356 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 356.

357. To the extent the allegations in Paragraph 357 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 357.

358. To the extent the allegations in Paragraph 358 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 358.

359. To the extent the allegations in Paragraph 359 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 359.

360. To the extent the allegations in Paragraph 360 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 360.

## THIRD CLAIM FOR RELIEF

361. The Independent Directors repeat each response to the numbered allegations contained above as if fully set forth herein.

362. To the extent the allegations in Paragraph 362 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 362.

363. To the extent the allegations in Paragraph 363 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 363.

364. To the extent the allegations in Paragraph 364 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364, and therefore denies each and every allegation contained therein.

365. To the extent the allegations in Paragraph 365 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 365, and therefore denies each and every allegation contained therein.

366. To the extent the allegations in Paragraph 366 are not directed at Mr. Foley, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 366.

367. Mr. Foley admits that the allegations in Paragraph 367 are true, but denies that he had "ultimate control" over the actions of Wilmington.

368. Mr. Foley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368, and therefore denies each and every allegation contained therein.

369. To the extent the allegations in Paragraph 369 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 369.

370. To the extent the allegations in Paragraph 370 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 370.

371. To the extent the allegations in Paragraph 371 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley denies the allegations in Paragraph 371.

**FOURTH CLAIM FOR RELIEF**

372. The Independent Directors repeat each response to the numbered allegations contained above as if fully set forth herein.

373. To the extent the allegations in Paragraph 373 state legal conclusions, no response is required. To the extent a response is required, Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373, and therefore deny each and every allegation contained therein.

374. To the extent the allegations in Paragraph 374 state legal conclusions, no response is required. To the extent a response is required, Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting deny the allegations in Paragraph 374.

375. Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting admit that the allegations in Paragraph 375 are true.

376. To the extent the allegations in Paragraph 376 state legal conclusions, no response is required. To the extent a response is required, Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting admit signing the SEC filings referenced, but deny the remaining allegations in Paragraph 376.

377. To the extent the allegations in Paragraph 377 state legal conclusions, no response is required. To the extent a response is required, Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377, and therefore deny each and every allegation contained therein.

378. Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting refer to the Proxy Statements for 2007 through 2009 for a true and complete statement of their contents, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 378, and therefore deny each and every allegation contained therein.

379. Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting refer to the Audit Committee Charter for a true and complete statement of its contents, but lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 379, and therefore deny each and every allegation contained therein.

380. Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 380, and therefore deny each and every allegation contained therein. Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting refer to the Audit Committee Charter for a true and complete statement of its contents.

381. To the extent the allegations in Paragraph 381 state legal conclusions, no response is required. To the extent a response is required, Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting deny the allegations in Paragraph 381.

382. To the extent the allegations in Paragraph 382 state legal conclusions, no response is required. To the extent a response is required, Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting deny the allegations in Paragraph 382.

383. To the extent the allegations in Paragraph 383 state legal conclusions, no response is required. To the extent a response is required, Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting deny the allegations in Paragraph 383.

384. To the extent the allegations in Paragraph 384 state legal conclusions, no response is required. To the extent a response is required, Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting deny the allegations in Paragraph 384.

385. To the extent the allegations in Paragraph 385 state legal conclusions, no response is required. To the extent a response is required, Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting deny the allegations in Paragraph 385.

386. To the extent the allegations in Paragraph 386 state legal conclusions, no response is required. To the extent a response is required, Ms. Burger, Mr. Elliott, Mr. Foley, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting deny the allegations in Paragraph 386.

387. To the extent the allegations in Paragraph 387 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 387, and therefore deny each and every allegation contained therein.

388. The Independent Directors admit that the allegations in Paragraph 388 are true.

389. The Independent Directors admit, upon information and belief, that the allegations in Paragraph 389 are true.

390. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 390, and therefore deny each and every allegation contained therein.

391. To the extent the allegations in Paragraph 391 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 391.

392. To the extent the allegations in Paragraph 392 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 392.

393. The Independent Directors admit, upon information and belief, that the allegations in Paragraph 393 are true.

394. Mr. Foley admits that he was a member of the Board at the time of the filing of the Offering Documents, but denies the remaining allegations in Paragraph 394.

395. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 395, and therefore deny each and every allegation contained therein.

396. Ms. Burger, Mr. Elliott, Ms. Krug, Mr. Mobley, Ms. Rollins, Mr. Sockwell, Mr. Tunnell and Ms. Whiting admit that the allegations in Paragraph 396 are true.

397. Mr. Mears admits that the allegations in Paragraph 397 are true.

398. To the extent the allegations in Paragraph 398 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 398.

399. Mr. Freeh admits that the allegations in Paragraph 399 are true, except that he denies being a member of the Board at the time of the filing of the Prospectus. Mr. Freeh states that he was a member of the Board at the time of the filing of the Amended Prospectus.

400. To the extent the allegations in Paragraph 400 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 400, but admit that KPMG was Wilmington's outside auditor.

401. To the extent the allegations in Paragraph 401 are not directed at the Independent Directors, no response is required. To the extent a response is required, the

Independent Directors deny the allegations in Paragraph 401, but admit that J.P. Morgan Securities was an underwriter for the Offering.

402. To the extent the allegations in Paragraph 402 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 402, but admit that Keefe, Bruyette & Woods, Inc. was an underwriter for the Offering.

403. To the extent the allegations in Paragraph 403 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 403, and therefore deny each and every allegation contained therein.

404. To the extent the allegations in Paragraph 404 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 404, and therefore deny each and every allegation contained therein.

405. To the extent the allegations in Paragraph 405 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 405, and therefore deny each and every allegation contained therein.

406. To the extent the allegations in Paragraph 406 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 406, and therefore deny each and every allegation contained therein.

407. To the extent the allegations in Paragraph 407 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 407, and therefore deny each and every allegation contained therein.

408. To the extent the allegations in Paragraph 408 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 408, and therefore deny each and every allegation contained therein.

409. To the extent the allegations in Paragraph 409 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 409, and therefore deny each and every allegation contained therein.

410. To the extent the allegations in Paragraph 410 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 410, and therefore deny each and every allegation contained therein.

411. To the extent the allegations in Paragraph 411 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 411, and therefore deny each and every allegation contained therein.

412. To the extent the allegations in Paragraph 412 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 412, and therefore deny each and every allegation contained therein.

413. To the extent the allegations in Paragraph 413 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 413, and therefore deny each and every allegation contained therein.

414. To the extent the allegations in Paragraph 414 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 414, and therefore deny each and every allegation contained therein.

415. To the extent the allegations in Paragraph 415 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 415, and therefore deny each and every allegation contained therein.

416. To the extent the allegations in Paragraph 416 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 416, and therefore deny each and every allegation contained therein.

417. The Independent Directors admit that the cited SEC filing contained the loan loss methodology, but refer to the cited SEC filing for a true and complete statement of its contents.

418. To the extent the allegations in Paragraph 418 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 418, and therefore deny each and every allegation contained therein.

419. To the extent the allegations in Paragraph 419 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 419, and therefore deny each and every allegation contained therein.

420. To the extent the allegations in Paragraph 420 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 420, and therefore deny each and every allegation contained therein.

421. To the extent the allegations in Paragraph 421 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 421, and therefore deny each and every allegation contained therein.

422. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 422, and therefore deny each and every allegation contained therein, and refer to the cited SEC filing for a true and complete statement of its contents.

423. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 423, and therefore deny each and every allegation contained therein, and refer to the cited SEC filing for a true and complete statement of its contents.

424. To the extent the allegations in Paragraph 424 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 424, and therefore deny each and every allegation contained therein.

425. To the extent the allegations in Paragraph 425 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 425, and therefore deny each and every allegation contained therein.

426. To the extent the allegations in Paragraph 426 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 426, and therefore deny each and every allegation contained therein.

427. To the extent the allegations in Paragraph 427 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 427, and therefore deny each and every allegation contained therein.

428. To the extent the allegations in Paragraph 428 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 428, and therefore deny each and every allegation contained therein.

429. To the extent the allegations in Paragraph 429 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 429, and therefore deny each and every allegation contained therein.

430. To the extent the allegations in Paragraph 430 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 430, and therefore deny each and every allegation contained therein.

431. The Independent Directors admit that Paragraph 431 purports to quote language from various SEC filings. The Independent Directors refer to the cited SEC filings for a true and complete statement of their contents.

432. To the extent the allegations in Paragraph 432 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 432, and therefore deny each and every allegation contained therein.

433. To the extent the allegations in Paragraph 433 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 433, and therefore deny each and every allegation contained therein.

434. To the extent the allegations in Paragraph 434 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 434, and therefore deny each and every allegation contained therein.

435. To the extent the allegations in Paragraph 435 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 435, and therefore deny each and every allegation contained therein.

436. To the extent the allegations in Paragraph 436 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 436, and therefore deny each and every allegation contained therein.

437. To the extent the allegations in Paragraph 437 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 437.

438. To the extent the allegations in Paragraph 438 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 438.

439. To the extent the allegations in Paragraph 439 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 439.

440. To the extent the allegations in Paragraph 440 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 440.

441. To the extent the allegations in Paragraph 441 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 441.

442. To the extent the allegations in Paragraph 442 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 442.

443. To the extent the allegations in Paragraph 443 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors admit that Paragraph 443 purports to quote language from the February 29, 2009, report. The Independent Directors refer to the report for t a true and complete statement of its contents.

444. To the extent the allegations in Paragraph 444 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors admit that Paragraph 444 purports to quote language from the March 2, 2009, and February 22, 2010, reports. The Independent Directors refer to these reports for a true and complete statement of their contents.

445. To the extent the allegations in Paragraph 445 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 445.

## FIFTH CLAIM FOR RELIEF

446. The Independent Directors repeat each response to the numbered allegations contained above as if fully set forth herein. To the extent the allegations in Paragraph 446 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 446, and therefore deny each and every allegation contained therein.

447. To the extent the allegations in Paragraph 447 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 447, and therefore deny each and every allegation contained therein.

448. The Independent Directors admit the allegations in Paragraph 448.

449. To the extent the allegations in Paragraph 449 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors (except Mr.

Freeh) admit that they signed the Registration Statement, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 449, and therefore deny each and every allegation contained therein. Mr. Freeh states that he did not sign the Registration Statement.

450. To the extent the allegations in Paragraph 450 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 450.

451. The Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 451, and therefore deny each and every allegation contained therein.

452. To the extent the allegations in Paragraph 452 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 452, and therefore deny each and every allegation contained therein.

453. To the extent the allegations in Paragraph 453 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 453.

454. To the extent the allegations in Paragraph 454 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 454.

455. To the extent the allegations in Paragraph 455 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 455.

456. To the extent the allegations in Paragraph 456 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 456.

457. To the extent the allegations in Paragraph 457 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 457.

458. To the extent the allegations in Paragraph 458 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 458.

459. To the extent the allegations in Paragraph 459 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 459.

460. To the extent the allegations in Paragraph 460 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 460.

## SIXTH CLAIM FOR RELIEF

461. The Independent Directors repeat each response to the numbered allegations contained above as if fully set forth herein. To the extent the allegations in Paragraph

461 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 461, and therefore deny each and every allegation contained therein.

462. To the extent the allegations in Paragraph 462 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 462.

463. To the extent the allegations in Paragraph 463 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 463.

464. To the extent the allegations in Paragraph 464 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 464.

465. To the extent the allegations in Paragraph 465 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 465.

466. To the extent the allegations in Paragraph 466 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 466.

467. To the extent the allegations in Paragraph 467 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 467.

468. To the extent the allegations in Paragraph 468 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 468.

469. To the extent the allegations in Paragraph 469 are not directed at the Independent Directors, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 469.

## SEVENTH CLAIM FOR RELIEF

470. The Independent Directors repeat each response to the numbered allegations contained above as if fully set forth herein.

471. To the extent the allegations in Paragraph 471 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 471.

472. To the extent the allegations in Paragraph 472 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 472.

473. To the extent the allegations in Paragraph 473 state legal conclusions, no response is required. To the extent a response is required, Mr. Foley admits that at one time he was the Chief Executive Officer of Wilmington and Chairman of the Board, but denies the remaining allegations in Paragraph 473.

474. To the extent the allegations in Paragraph 474 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 474.

475. To the extent the allegations in Paragraph 475 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 475.

476. To the extent the allegations in Paragraph 476 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 476, except that they admit that Plaintiffs purport to bring this action on behalf of a class of persons or entities described in Paragraph 476.

477. To the extent the allegations in Paragraph 477 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 477.

478. To the extent the allegations in Paragraph 478 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors deny the allegations in Paragraph 478.

479. To the extent the allegations in Paragraph 479 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 479 and therefore deny each and every allegation contained therein.

480. To the extent the allegations in Paragraph 480 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 480 and therefore deny each and every allegation contained therein.

481. To the extent the allegations in Paragraph 481 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 481 and therefore deny each and every allegation contained therein.

482. To the extent the allegations in Paragraph 482 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 482, and therefore deny each and every allegation contained therein, except that they admit that Plaintiffs purport to assert claims under the Exchange Act and the Securities Act against certain defendants, including the Independent Directors.

483. To the extent the allegations in Paragraph 483 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 483, and therefore deny each and every allegation contained therein, except that they admit that Plaintiffs purport to assert claims under the Exchange Act and the Securities Act against certain defendants, including the Independent Directors.

484. To the extent the allegations in Paragraph 484 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors admit that

Wilmington maintained its corporate headquarters in this District, but deny the remaining allegations in Paragraph 484.

485. To the extent the allegations in Paragraph 485 state legal conclusions, no response is required. To the extent a response is required, the Independent Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 485, and therefore deny each and every allegation contained therein.

## PRAYER FOR RELIEF

The Independent Directors deny that Plaintiffs are entitled to any of the relief requests in the FAC's Prayer for Relief or to any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

The Independent Directors assert the following defenses and affirmative defenses with respect to the causes of action alleged in the FAC, without assuming the burden of proof where the burden rests with the Plaintiffs.

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiffs' claims for relief are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (FAILURE TO PLEAD FRAUD WITH PARTICULARITY)

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs failed to plead their fraud claims with particularity as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").

**THIRD DEFENSE**
**(FAILURE TO COMPLY WITH SECTION 13 OF THE SECURITIES ACT)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs failed to plead facts demonstrating compliance with Section 13 of the Securities Act.

**FOURTH DEFENSE**
**(STATUTES OF LIMITATIONS AND REPOSE)**

Plaintiffs' claims for relief are barred, in whole or in part, by the applicable statutes of limitation and/or statutes of repose.

**FIFTH DEFENSE**
**(TIMING OF PURCHASES)**

Plaintiffs' claims for relief are barred, in whole or in part, insofar as they are based upon alleged conduct that concluded before, or began after, Plaintiffs' securities purchases.

**SIXTH DEFENSE**
**(TIMING OF BOARD SERVICE)**

Plaintiffs' claims for relief are barred, in whole or in part, insofar as they are based upon alleged conduct that concluded before, or began after, each Independent Director's respective period of service on the Board or any Committee.

**SEVENTH DEFENSE**
**(STANDING)**

Plaintiffs' claims for relief are barred, in whole or in part, insofar as Plaintiffs lack standing to assert the claims alleged in this action.

**EIGHTH DEFENSE**
**(CLASS ACTION CANNOT BE MAINTAINED)**

Plaintiffs' action is improperly brought, and cannot be maintained, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**NINTH DEFENSE**
**(EQUITABLE DEFENSES)**

Plaintiffs' claims for relief are barred, in whole or in part, under equitable doctrines, including, but not limited to, estoppel, waiver, ratification, laches, unclean hands, and failure to use due care.

**TENTH DEFENSE**
**(*IN PARI DELICTO*)**

Plaintiffs' claims for relief are barred, in whole or in part, to the extent Plaintiffs have engaged in acts and courses of conduct which rendered them *in pari delicto*.

**ELEVENTH DEFENSE**
**(CONTRIBUTORY AND COMPARATIVE NEGLIGENCE, ASSUMPTION OF RISK)**

Plaintiffs' claims for relief are barred, in whole or in part, by Plaintiffs' own negligence under the doctrines of contributory negligence, comparative negligence, and/or assumption of risk. Plaintiffs voluntarily assumed the risks disclosed by Wilmington and further assumed the risk that the value of Wilmington securities would decline.

**TWELFTH DEFENSE**
**(LACK OF DUE DILIGENCE)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs failed to exercise appropriate due diligence in connection with their investments.

**THIRTEENTH DEFENSE**
**(NO DUTY TO DISCLOSE)**

Plaintiffs' claims for relief are barred, in whole or in part, because the Independent Directors had no duty to disclose, or cause the disclosure of, any allegedly omitted material information, and had no duty to verify, opine upon, audit, review, or correct such information disclosed in the registration statement.

**<u>FOURTEENTH DEFENSE</u>**
**(NO DUTY REGARDING ALLEGED OMISSIONS)**

Plaintiffs' claims for relief are barred, in whole or in part, because the Independent Directors owed Plaintiffs no duty upon which Plaintiffs may base a claim regarding any alleged omissions.

**<u>FIFTEENTH DEFENSE</u>**
**(NO DISCLOSURE OBLIGATION BEYOND THAT IMPOSED BY LAW)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs seek to impose upon the Independent Directors disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws, including but not limited to the Securities Act of 1933, the Securities Exchange Act of 1934, and the rules and regulations promulgated by the SEC.

**<u>SIXTEENTH DEFENSE</u>**
**(PSLRA SAFE HARBOR)**

Plaintiffs' claims for relief are barred, in whole or in part, because the statements complained of were immune from liability under the safe harbor provisions of the PSLRA.

**<u>SEVENTEENTH DEFENSE</u>**
**(BESPEAKS CAUTION AND FORWARD-LOOKING STATEMENTS)**

Plaintiffs' claims for relief are barred, in whole or in part, because some or all of the alleged public disclosures bespoke caution and/or were forward-looking statements and/or contained sufficient cautionary language and risk disclosure as to be non-actionable under the PSLRA. The Independent Directors are also not liable because certain alleged misstatements are not actionable under the PSLRA because the statements were forward-looking and the person or persons making the statements did not have actual knowledge that the statements were false or misleading, or the statements were made or approved by an executive officer of Wilmington who did not have actual knowledge that the statements were false or misleading.

**EIGHTEENTH DEFENSE**
**(NO MATERIAL MISREPRESENTATION)**

Plaintiffs' claims for relief are barred, in whole or in part, because the public filings, registration statements, and written and oral statements by Wilmington and/or the Independent Directors did not contain any actionable misrepresentations or omissions, all statements alleged to have been made had a reasonable basis in fact, and because any alleged misrepresentations or omissions were not material.

**NINETEENTH DEFENSE**
**(LACK OF SCIENTER)**

Plaintiffs' claims for relief are barred in whole or in part because Plaintiffs have failed to allege, and cannot prove, any facts showing that the Independent Directors acted with scienter or culpably participated in the alleged misconduct.

**TWENTIETH DEFENSE**
**(SECTION 11(B)(3)(A))**

Plaintiffs' claims for relief are barred, in whole or in part, under Section 11(b)(3)(A), 15 U.S.C. § 77k(b)(3)(A), *inter alia*, because the Independent Directors had, after reasonable investigation, reasonable grounds to believe, and did believe, at the time the Registration Statement became effective, that the statements in the Registration Statement were true and that there was no omission of any material fact required to be stated in the Registration Statement or necessary to make the statements in the Registration Statement not misleading.

**TWENTY-FIRST DEFENSE**
**(SECTION 11(B)(3)(C))**

Plaintiffs' claims for relief are barred, in whole or in part, under Section 11(b)(3)(C), 15 U.S.C. § 77k(b)(3)(C), *inter alia*, because with respect to any part of the Registration Statement purporting to be made on the authority of an expert other than the Independent Directors, the Independent Directors had, after reasonable investigation, no reasonable grounds to believe, and did not believe, at the time the Registration Statement became effective, that the statements in the

Registration Statement were untrue or that there was an omission to state a material fact required to be stated in the Registration Statement or necessary to make the statements in the Registration Statement not misleading, or that such part of the registration statement did not fairly represent the statement or valuation of the expert.

**TWENTY-SECOND DEFENSE**
**(SECTION 11(B)(3)(D))**

Plaintiffs' claims for relief are barred, in whole or in part, under Section 11(b)(3)(D), 15 U.S.C. § 77k(b)(3)(C), *inter alia*, because with respect to any part of the Registration Statement purporting to be made on the authority of an official person or purporting to be a copy of or extract from a public official document, the Independent Directors had, after reasonable investigation, no reasonable grounds to believe, and did not believe, at the time the Registration Statement became effective, that the statements in the Registration Statement were untrue or that there was an omission to state a material fact required to be stated in the Registration Statement or necessary to make the statements in the Registration Statements not misleading, or that such part of the Registration Statement did not fairly represent the statement of the official person or was not a fair copy of or extract from the public official document.

**TWENTY-THIRD DEFENSE**
**(NO CONTROL PERSON LIABILITY)**

Plaintiffs' claims for relief are barred, in whole or in part, because the Independent Directors were not "control person[s]" under the Securities Act of 1933 and/or the Securities Exchange Act of 1934, because the Independent Director Defendants acted in good faith and did not directly or indirectly induce any act or omission constituting the alleged violations or causes of action, and because none of the Independent Directors' subordinates committed any of the alleged violations or causes of action.

**TWENTY-FOURTH DEFENSE**
**(DUE CARE)**

Plaintiffs' claims for relief are barred, in whole or in part, because the Independent Directors did not know, and in the exercise of reasonable care could not have known or had reasonable ground to believe, that any misstatements or omissions of material fact existed in any of the registration statements.

**TWENTY-FIFTH DEFENSE**
**(GOOD FAITH)**

Plaintiffs' claims for relief are barred, in whole or in part, because at all times mentioned in the FAC and with respect to all matters contained therein, the Independent Directors acted in good faith and exercised reasonable care and diligence and did not know, and in the exercise of reasonable care could not have known, of any alleged misconduct, untruth, omission, or any other action in the FAC that allegedly gives rise to liability. At all relevant times, the Independent Directors acted without intent to defraud and without recklessness or negligence, and the Independent Director Defendants appropriately believed, at the time the statements alleged in the FAC were made, that those statements were correct and not misleadingly incomplete.

**TWENTY-SIXTH DEFENSE**
**(JUSTIFIABLE RELIANCE)**

Plaintiffs' claims for relief are barred, in whole or in part, because the Independent Directors justifiably relied on information and advice provided to them by others. The Independent Directors relied in good faith on: (i) the professional judgments and advice of in-house and outside professionals and others with respect to the contents of Wilmington's financial statements, the sufficiency of disclosures, and adequacy of internal controls; (ii) the sub-certifications and certifications provided to them by other Wilmington officers and employees concerning the foregoing subjects, as well as Wilmington's quality control, identification of risks, and adherence to standards; and (iii) Wilmington's procedures and processes for, among other things, underwriting,

preparation of disclosures, and quality control. In addition, Wilmington had in place reasonable processes and procedures designed to ensure that its public disclosures complied with all applicable legal requirements, and the Independent Directors reasonably relied on these processes and procedures.

**TWENTY-SEVENTH DEFENSE**
**(RELIANCE ON PROFESSIONALS)**

Plaintiffs' claims for relief are barred, in whole or in part, because, in connection with the making of any statements to any purchasers of the securities of Wilmington, the Independent Directors exercised reasonable diligence and/or reasonably relied on information and advice provided to them by Wilmington's independent public accountants, underwriters, lawyers, other professionals and experts and reasonably and in good faith believed such statements to be materially accurate and not misleadingly incomplete. The Independent Directors had no reasonable ground to believe and did not believe, at the time any part of a registration statement became effective, that the statements therein were untrue, or that there was an omission to state a material fact required to be stated therein or necessary to make any statement therein not misleading.

**TWENTY-EIGHTH DEFENSE**
**(RELIANCE ON MANAGEMENT)**

Plaintiffs' claims for relief are barred, in whole or in part, because, in connection with the making of any statements to any purchasers of the securities of Wilmington, the Independent Directors exercised reasonable diligence and/or reasonably relied on information and advice provided to them by other members of Wilmington's management and reasonably and in good faith believed such statements to be materially accurate and not misleadingly incomplete. The Independent Directors had no reasonable ground to believe and did not believe, at the time any part of a registration statement became effective, that the statements therein were untrue, or that there was an omission to state a material fact required to be stated therein or necessary to make any statement therein not misleading.

**TWENTY-NINTH DEFENSE**
**(LEGAL COMPLIANCE)**

Plaintiffs' claims for relief are barred, in whole or in part, because the Independent Directors are absolved from any and all liability for the wrongs alleged in the FAC by reason of their full compliance with all statutes, regulations, and other laws in effect at the time of the conduct alleged in the FAC.

**THIRTIETH DEFENSE**
**(PUBLIC DISCLOSURE)**

Plaintiffs' claims for relief are barred, in whole or in part, because the Independent Directors are not liable to Plaintiffs for any claims based on alleged misrepresentations or omissions that were publicly disclosed, were in the public domain, or were known to and entered the securities market through credible sources and thus were available to Plaintiffs.

**THIRTY-FIRST DEFENSE**
**(ACTUAL OR CONSTRUCTIVE KNOWLEDGE)**

Plaintiffs' claims for relief are barred, in whole or in part, because the Independent Directors are not liable to Plaintiffs for any claims based on alleged misrepresentations or omissions for which Plaintiffs and/or their agents, financial representatives, and/or broker-dealers had, in whole or part, actual or constructive knowledge.

**THIRTY-SECOND DEFENSE**
**(FAILURE TO PLEAD RELIANCE)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs have not adequately pleaded reliance and Plaintiffs and/or their purported agents did not rely upon any of the alleged statements or conduct by the Independent Directors.

**THIRTY-THIRD DEFENSE**
**(NO RELIANCE)**

Plaintiffs' claims for relief are barred, in whole or in part, because at all relevant times Plaintiffs and/or their purported agents did not rely on any material misrepresentations or

omissions, or on the price of Wilmington securities as affected by any alleged misrepresentations or omissions, in purchasing Wilmington securities.

**THIRTY-FOURTH DEFENSE**
**(UNREASONABLE RELIANCE)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs did not rely on the statements, acts, or omissions alleged in the FAC and because any such reliance, if proven, was unreasonable.

**THIRTY-FIFTH DEFENSE**
**(NO FRAUD ON THE MARKET)**

Plaintiffs' claims for relief are barred, in whole or in part, because the fraud on the market theory is not applicable and/or is not a basis of liability with respect to the claims alleged in this action.

**THIRTY-SIXTH DEFENSE**
**(NO CAUSATION OF VIOLATION)**

Plaintiffs' claims for relief are barred, in whole or in part, because the Independent Directors did not directly or indirectly cause the alleged violations complained of in the FAC.

**THIRTY-SEVENTH DEFENSE**
**(NO LOSS CAUSATION)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs have not adequately pled, and cannot prove, loss causation.

**THIRTY-EIGHTH DEFENSE**
**(NO TRANSACTION CAUSATION)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs have not adequately pled, and cannot prove, transaction causation.

**THIRTY-NINTH DEFENSE**
**(NO CAUSATION OR DAMAGES)**

Plaintiffs' claims for relief are barred, in whole or in part, because the Independent Directors did not directly or proximately cause or contribute to any alleged damage, loss, or injury sustained by Plaintiffs.

**FORTIETH DEFENSE**
**(SUPERSEDING AND INTERVENING CAUSE)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs' injuries or damages, to the extent any exist, were caused by independent superseding and intervening events unconnected to the Independent Directors and for which the Independent Directors cannot be held liable. If Plaintiffs suffered from any cognizable losses or damages (which the Independent Directors deny), including but not limited to the decline in price or value of Wilmington securities, those losses or damages were not caused by the Independent Directors, did not result from any alleged misstatement, omission, or defect in any communication for which the Independent Directors could be held legally liable, were not the proximate cause of the alleged basis of liability or Plaintiffs' alleged injury, were not contemporaneous to the alleged fraud, and were caused by macroeconomic, market and financial industry events, forces and/or independent intervening or superseding causes, other than those alleged in the FAC.

**FORTY-FIRST DEFENSE**
**(ACTIONS OF OTHERS)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of other persons or entities over which the Independent Directors had no control. The acts of such persons or entities constitute intervening or superseding causes of harm, if any, suffered by Plaintiffs.

**FORTY-SECOND DEFENSE**
**(SECTION 11(E))**

Plaintiffs' Securities Act claims are barred, in whole or in part, under Section 11(e), 15 U.S.C. § 77k(e), *inter alia*, because all or some of Plaintiffs' alleged damages did not result from the portions of Registration Statement alleged to be untrue or misleading.

**FORTY-THIRD DEFENSE**
**(SECTION 12(B))**

Plaintiffs' Securities Act claims are barred, in whole or in part, under 15 U.S.C. § 77l(b), *inter alia*, because all or some of Plaintiffs' alleged damages do not represent a depreciation in value of the securities of Wilmington resulting from such part of the prospectuses or oral communications as to which the Independent Directors are alleged to be liable.

**FORTY-FOURTH DEFENSE**
**(NO ECONOMIC LOSS)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs suffered no economic loss.

**FORTY-FIFTH DEFENSE**
**(NO COMPENSATORY DAMAGES)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs suffered no damages.

**FORTY-SIXTH DEFENSE**
**(SPECULATIVE DAMAGES)**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs' claimed damages are remote, uncertain, speculative, and without basis in law or fact.

**FORTY-SEVENTH DEFENSE**
**(FAILURE TO MITIGATE DAMAGES)**

Any damage, loss, or liability sustained by Plaintiffs (which the Independent Directors deny) must be reduced, diminished, and/or barred in proportion to Plaintiffs' failure to mitigate, reduce, or otherwise avoid any alleged damages.

**FORTY-EIGHTH DEFENSE**
**(DUPLICATIVE RECOVERY)**

Any damage, loss, or liability sustained by Plaintiffs (which the Independent Directors deny) must be reduced, diminished and/or barred to the extent Plaintiffs seek an overlapping or duplicative recovery pursuant to the various claims against the Independent Directors or others.

**FORTY-NINTH DEFENSE**
**(PROPORTIONATE REDUCTION OF JUDGMENT)**

Any judgment against the Independent Directors must be reduced, diminished, and/or barred in proportion to the percentage of responsibility, if any, assessed by the jury as to the Independent Directors pursuant to the PSLRA, 15 U.S.C. § 78u-4, principles of equitable allocation, recoupment, set off, proportionate responsibility, comparative fault, any settlement credit, and/or any other applicable law or doctrine.

**FIFTIETH DEFENSE**
**(OFFSET)**

Any judgments against the Independent Directors are subject to offset in the amount of any benefit, tax or otherwise, received by Plaintiffs through their investments.

**FIFTY-FIRST DEFENSE**
**(CONTRIBUTION AND/OR INDEMNITY)**

The Independent Directors are entitled to a right of contribution and/or indemnity from the other defendants or any other persons whose acts or omissions contributed to the occurrence of the alleged injury, damage, and/or loss, if any, should Plaintiffs receive judgment against the Independent Directors.

**FIFTY-SECOND DEFENSE**
**(FRAUD OF OTHERS)**

If the allegations in the FAC are true (which the Independent Directors deny), then the Independent Directors were the victims of fraud, deceit, misrepresentations, concealment,

negligence, breach of contract, and/or breach of duties practiced upon them by others, in that information relating to Wilmington and related entities was not provided to the Independent Directors and/or was knowingly concealed from the Independent Directors.

**FIFTY-THIRD DEFENSE**
**(NO ATTORNEYS' OR EXPERTS' FEES)**

Plaintiffs are precluded from recovering attorneys' fees or experts' fees from the Independent Directors under applicable provisions of law.

**FIFTY-FOURTH DEFENSE**
**(PRE-JUDGMENT INTEREST)**

The Independent Directors deny that Plaintiffs are entitled to pre-judgment interest.

**FIFTY-FIFTH DEFENSE**
**(RELIANCE ON REGULATORY AUTHORITIES)**

Plaintiffs' claims against the Independent Directors fail because there were no false statements, as the positions taken were consistent with the standards applicable at the time.

**FIFTY-SIXTH DEFENSE**
**(LACK OF MARKET PRICE IMPACT)**

Plaintiffs' claims against the Independent Directors are barred, in whole or in part, because the purported misstatements or omissions alleged in the FAC that are attributed to the Independent Directors did not affect the market price of Wilmington securities.

**FIFTY-SEVENTH DEFENSE**
**(REDUCTION OF DAMAGES)**

Plaintiffs' alleged damages (which the Independent Directors deny) are reduced by the amounts they have recovered from other defendants or third parties in connection with the claims alleged in other lawsuits, or the settlement of such claims, and by the amounts they have received in connection with the sale of their Wilmington securities.

**FIFTY-EIGHTH DEFENSE**
**(PRECLUSION)**

Plaintiffs' claims against the Independent Directors are barred, in whole or in part, by the doctrines of claim and issue preclusion, collateral estoppel, and *res judicata*.

**ADDITIONAL DEFENSES**

The Independent Directors hereby adopt and incorporate by reference all defenses asserted or to be asserted by any other defendant to the extent such defenses may be applicable to the Independent Directors. By designating the aforementioned defenses, the Independent Directors do not in any way waive or limit any defenses that are or may be raised by the denials and averments. These defenses are pled in the alternative, and are raised to preserve the rights of the Independent Directors to assert such defenses, and are without prejudice to the Independent Directors' ability to raise other and further defenses. The Independent Directors expressly reserve all rights to re-evaluate their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and/or during pretrial proceedings in this action.

Dated: May 12, 2014

Respectfully submitted,

*<u>/s/ M. Duncan Grant</u>*

M. Duncan Grant (Bar No. 2994)
Christopher B. Chuff (Bar No. 5729)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19899-1709
Telephone: 302-777-6500
Fax: 302-421-8390
Email: grantm@pepperlaw.com
Email: chuffc@pepperlaw.com

Ivan B. Knauer[1]
Matthew D. Foster[1]
Pepper Hamilton LLP
Hamilton Square
600 14th Street, NW, Suite 500
Washington, DC 20005-2004
Telephone: 202-220-1200
Fax: 202-220-1665
Email: knaueri@pepperlaw.com
Email: fosterm@pepperlaw.com

*Attorneys for Independent Director Defendants Carolyn Burger, R. Keith Elliott, Donald Foley, Louis Freeh, Gailen Krug, Rex Mears, Stacey Mobley, Michelle Rollins, Oliver Sockwell, Robert Tunnell, Jr., and Susan Whiting*

[1]Admitted *Pro Hac Vice*.

**CERTIFICATE OF SERVICE**

I, M. Duncan Grant hereby certify that on May 12, 2014, I caused the foregoing ***Independent Directors' Answer to Fourth Amended Consolidated Securities Class Action Complaint*** to be electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to the following counsel of record:

Pamela S. Tikellis, Esq.
A. Zachary Naylor, Esq.
CHIMICLES & TIKELLIS LLP
222 Delaware Ave., 11th Floor
P.O. Box 1035
Wilmington, Delaware 19899-1035

*Attorneys for Merced County Employees' Retirement Association, Coral Springs Police Pension Fund, St. Petersburg Firefighters' Retirement System, Pompano Beach General Employees Retirement System, and Automotive Industries Pension Trust Fund*

Thomas J. Allingham, II, Esq.
Robert S. Saunders, Esq.
Stephen D. Dargitz, Esq.
Daniel R. Ciarrocki, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636

*Attorneys for Defendants Wilmington Trust, Ted T. Cecala, David R. Gibson, Robert V.A. Harra, Jr., and Kevyn N. Rakowski*

Virginia A. Gibson, Esq.
HOGAN LOVELLS US LLP
1835 Market Street, 29th Floor
Philadelphia, PA 19103

*Attorneys for Defendant KPMG LLP*

Stephen C. Norman, Esq.
POTTER ANDERSON & CORROON LLP
1313 North Market Street, 6th Floor
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899

*Attorneys for Defendants J.P. Morgan Securities LLC and Keefe, Bruyette & Woods, Inc.*

David E. Wilks, Esq.
Andrea S. Brooks, Esq.
WILKS, LUKOFF & BRACEGIRDLE, LLC
1300 N. Grant Avenue, Suite 100
Wilmington, Delaware 19806

*Attorneys for Defendant William B. North*

*<u>/s/ M. Duncan Grant</u>*
M. Duncan Grant (#2994)