**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION | Master File No. 10-cv-00990-SLR |
| | (Consolidated Securities Class Action) |
| | Hon. Sue L. Robinson |
| This document relates to: ALL ACTIONS | |

**KPMG LLP'S ANSWER TO FOURTH AMENDED**
**CONSOLIDATED SECURITIES CLASS ACTION COMPLAINT**

Defendant KPMG LLP ("KPMG"), for its answer to the Fourth Amended Consolidated Securities Class Action Complaint (hereinafter "Complaint"), states as follows:

1. KPMG refers to the Criminal Information referenced in Paragraph 1 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, which are therefore deemed denied.

2. KPMG refers to the SEC filings, press releases, and transcripts of conference calls referenced in Paragraph 2 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, which are therefore deemed denied.

3. KPMG refers to the Criminal Information, Terranova guilty plea, and SEC reporting requirements referenced in Paragraph 3 for the full and complete contents thereof and

states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, which are therefore deemed denied.

4. KPMG refers to the Criminal Information and Terranova guilty plea referenced in Paragraph 4 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, which are therefore deemed denied.

5. KPMG refers to the Criminal Information referenced in Paragraph 5 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, which are therefore deemed denied.

6. KPMG refers to the Criminal Information, Terranova guilty plea, appraisal policies and federal law referenced in Paragraph 6 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, which are therefore deemed denied.

7. KPMG again refers to the Criminal Information referenced in Paragraph 7 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, which are therefore deemed denied.

8. KPMG refers to the Criminal Information referenced in Paragraph 8 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, which are therefore deemed denied.

9. KPMG refers to the Criminal Information and Terranova guilty plea referenced in Paragraph 9 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, which are therefore deemed denied.

10. KPMG is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, which are therefore deemed denied.

11. KPMG denies the allegations in Paragraph 11 to the extent that they are directed at KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 to the extent that they are directed at the other defendants, which are therefore deemed denied.

12. KPMG admits that Wilmington Trust Corporation ("Wilmington") and the Federal Reserve entered into an MOU, dated October 21, 2009, but refers to the MOU for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, which are therefore deemed denied.

13. KPMG refers to the MOU and FBI Affidavits referenced in Paragraph 13 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 13, which are therefore deemed denied.

14. KPMG refers to the Delaware Review Memorandum referenced in Paragraph 14 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, which are therefore deemed denied.

15. KPMG refers to the Delaware River Memorandum, Criminal Information, Terranova guilty plea, and FBI Affidavits referenced in Paragraph 15 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, which are therefore deemed denied.

16. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, which are therefore deemed denied.

17. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, which are therefore deemed denied.

18. KPMG refers to the publicly available disclosures made by Wilmington and M&T on November 1, 2010 referenced in Paragraph 18 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, which are therefore deemed denied.

19. KPMG refers to the publicly available disclosures made by Wilmington on November 1, 2010 referenced in Paragraph 19 for the full and complete contents thereof and otherwise states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, which are therefore deemed denied.

20. KPMG refers to the *New York Times* article referenced in Paragraph 20 for the full and complete contents thereof and otherwise denies the allegations in Paragraph 20.

21. KPMG refers to the Terranova guilty plea and *The News Journal* article referenced in Paragraph 21 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, which are therefore deemed denied.

22. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, which are therefore deemed denied.

23. KPMG admits that plaintiffs purport to bring a series of claims under the Securities Exchange Act of 1934, but denies any such claims to the extent that they are directed at KPMG.

24. KPMG admits that plaintiffs purport to bring a series of claims under the Securities Act of 1933, but denies any such claims to the extent that they are directed at KPMG.

25. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, which are therefore deemed denied.

26. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, which are therefore deemed denied.

27. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, which are therefore deemed denied.

28. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, which are therefore deemed denied.

29. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, which are therefore deemed denied.

30. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, which are therefore deemed denied.

31. KPMG admits the allegations in Paragraph 31.

32. KPMG refers to the SEC filings referenced in Paragraph 32 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 32, which are therefore deemed denied.

33. KPMG admits the allegations in Paragraph 33.

34. KPMG admits the allegations in the first two sentences of Paragraph 34, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 34 and refers to the Agreement and Plan of Merger for the full and complete contents thereof.

35. KPMG admits that defendant Cecala was, at certain times, CEO and Chairman of the Board of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, which are therefore deemed denied.

36. KPMG admits that defendant Foley was, at certain times, CEO and Chairman of the Board of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, which are therefore deemed denied.

37. KPMG admits that defendant Gibson was, at certain times, CFO of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37, which are therefore deemed denied.

38. KPMG admits that defendant Harra was, at certain times, COO of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, which are therefore deemed denied.

39. KPMG admits that defendant North was, at certain times, Chief Credit Officer for Wilmington, but states that KPMG is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 39, which are therefore deemed denied.

40. KPMG admits that plaintiffs refer to defendants Cecala, Foley, Gibson, Harra and North collectively as the "Officer Defendants" in the Complaint.

41. KPMG admits that the Audit Committee Defendants were Directors of Wilmington, but states that KPMG is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, which are therefore deemed denied.

42. KPMG admits that defendant Burger was, at certain times, a Director and member of the Audit Committee of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, which are therefore deemed denied.

43. KPMG admits that defendant Elliott was, at certain times, a Director and member of the Audit Committee of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, which are therefore deemed denied.

44. KPMG admits that defendant Krug was, at certain times, a Director and member of the Audit Committee of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, which are therefore deemed denied.

45. KPMG admits that defendant Mobley was, at certain times, a Director and member of the Audit Committee of Wilmington, but states that KPMG is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, which are therefore deemed denied.

46. KPMG admits that defendant Rollins was, at certain times, a Director and member of the Audit Committee of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, which are therefore deemed denied.

47. KPMG admits that defendant Roselle was, at certain times, a Director and member of the Audit Committee of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, which are therefore deemed denied.

48. KPMG admits that defendant Sockwell was, at certain times, a Director and member of the Audit Committee of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, which are therefore deemed denied.

49. KPMG admits that defendant Tunnell was, at certain times, a Director and member of the Audit Committee of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, which are therefore deemed denied.

50. KPMG admits that defendant Whiting was, at certain times, a Director and member of the Audit Committee of Wilmington, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, which are therefore deemed denied.

51. KPMG admits the allegations in Paragraph 51.

52. KPMG refers to the 2008 and 2009 Annual Reports and the *Times New Journal* article referenced in Paragraph 52 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, which are therefore deemed denied.

53. KPMG admits that Wilmington publicly reported the amount of its past due and nonperforming loans during the Class Period but KPMG refers to Wilmington's SEC filings and the analyst reports referenced in Paragraph 53 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53, which are therefore deemed denied.

54. KPMG refers to the Criminal Information referenced in Paragraph 54 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54, which are therefore deemed denied.

55. KPMG refers to the Criminal Information referenced in Paragraph 55 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55, which are therefore deemed denied.

56. KPMG refers to the Criminal Information referenced in Paragraph 56 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56, which are therefore deemed denied.

57. KPMG refers to the Criminal Information, SEC filings, and the transcript of the October 2009 conference call for the full and complete contents thereof and states that KPMG is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57, which are therefore deemed denied.

58. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 58, which are therefore deemed denied. KPMG denies the characterization of a matured loan in the third sentence of Paragraph 58 as, among other things, inaccurate and incomplete. To the extent that the remaining allegations in Paragraph 58 refer to SEC Industry Guide 3, the Criminal Information, Wilmington's Nonaccrual and Appraisal Policies, and SEC filings, KPMG refers to those documents for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58, which are therefore deemed denied.

59. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, which are therefore deemed denied. To the extent that the allegations in Paragraph 59 refer to the Criminal Information, SEC filings, press releases, conference calls, and analyst reports, KPMG refers to those documents for the full and complete contents thereof.

60. KPMG refers to the Nonaccrual Policy referenced in Paragraph 60 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, which are therefore deemed denied.

61. KPMG refers to the Criminal Information, federal regulations, and Appraisal Policy referenced in Paragraph 61 for the full and complete contents thereof and states that

KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, which are therefore deemed denied.

62. KPMG refers to the federal regulations, Appraisal Policy, Criminal Information, and Terranova guilty plea referenced in Paragraph 62 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62, which are therefore deemed denied.

63. KPMG refers to the Criminal Information and Terranova guilty plea referenced in Paragraph 63 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63, which are therefore deemed denied.

64. KPMG refers to the Criminal Information and Terranova guilty plea referenced in Paragraph 64 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64, which are therefore deemed denied.

65. KPMG refers to the Policy Statement on Prudent Commercial Real Estate Loan Workouts for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65, which are therefore deemed denied.

66. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, which are therefore deemed denied.

67. KPMG refers to the Criminal Information referenced in Paragraph 67 for the full and complete contents thereof and states that KPMG is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67, which are therefore deemed denied.

68. KPMG refers to the Criminal Information and Terranova guilty plea referenced in Paragraph 68 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, which are therefore deemed denied.

69. KPMG is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 69, which are therefore deemed denied.

70. KPMG refers to the Criminal Information referenced in Paragraph 70 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, which are therefore deemed denied.

71. KPMG refers to the Criminal Information referenced in Paragraph 71 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71, which are therefore deemed denied.

72. KPMG refers to the Wilmington financial statements referenced in Paragraph 72 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72, which are therefore deemed denied.

73. KPMG refers to the Criminal Information referenced in Paragraph 73 for the full and complete contents thereof and states that KPMG is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73, which are therefore deemed denied.

74. KPMG is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 74, which are therefore deemed denied.

75. KPMG is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 75, which are therefore deemed denied.

76. KPMG is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 76, which are therefore deemed denied.

77. KPMG refers to the Criminal Information referenced in Paragraph 77 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, which are therefore deemed denied.

78. KPMG refers to the Criminal Information referenced in Paragraph 78 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78, which are therefore deemed denied.

79. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, which are therefore deemed denied.

80. KPMG refers to the Criminal Information referenced in Paragraph 80 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80, which are therefore deemed denied.

81. KPMG refers to the Terranova guilty plea referenced in Paragraph 81 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81, which are therefore deemed denied.

82. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, which are therefore deemed denied.

83. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83, which are therefore deemed denied.

84. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, which are therefore deemed denied.

85. KPMG refers to the Criminal Information referenced in Paragraph 85 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85, which are therefore deemed denied.

86. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86, which are therefore deemed denied.

87. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87, which are therefore deemed denied.

88. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88, which are therefore deemed denied.

89. KPMG refers to *The News Journal* article referenced in Paragraph 89 for the full and complete contents thereof and states that KPMG is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89, which are therefore deemed denied.

90. KPMG refers to *Wall Street Journal* article referenced in Paragraph 90 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90, which are therefore deemed denied.

91. KPMG refers to Criminal Information referenced in Paragraph 91 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91, which are therefore deemed denied.

92. KPMG refers to the Wilmington policies and Criminal Information referenced in Paragraph 92 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92, which are therefore deemed denied.

93. KPMG refers to Criminal Information and Terranova guilty plea referenced in Paragraph 93 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93, which are therefore deemed denied.

94. KPMG refers to Criminal Information referenced in Paragraph 94 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94, which are therefore deemed denied.

95. KPMG denies the allegations in Paragraph 95, except that KPMG states that, in connection with the 2008 audit, KPMG identified certain significant deficiencies in Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington.

96. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, which are therefore deemed denied.

97. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, which are therefore deemed denied. To the extent that the allegations in Paragraph 97 refer to the Criminal Information, Terranova guilty plea, and federal guidelines, KPMG refers to those documents for the full and complete contents thereof.

98. KPMG refers to the Criminal Information referenced in Paragraph 98 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98, which are therefore deemed denied.

99. KPMG refers to the Criminal Information referenced in Paragraph 99 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99, which are therefore deemed denied

100. KPMG refers to the Criminal Information referenced in Paragraph 100 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100, which are therefore deemed denied.

101. KPMG refers to the Criminal Information referenced in Paragraph 101 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101, which are therefore deemed denied.

102. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, which are therefore deemed denied.

103. KPMG refers to the FBI Affidavits referenced in Paragraph 103 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103, which are therefore deemed denied.

104. KPMG refers to the MOU referenced in Paragraph 104 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104, which are therefore deemed denied.

105. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, which are therefore deemed denied.

106. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, which are therefore deemed denied.

107. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, which are therefore deemed denied.

108. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, which are therefore deemed denied.

109. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, which are therefore deemed denied. To the extent that the allegations in Paragraph 109 refer to quarterly SEC filings, KPMG refers to those documents for the full and complete contents thereof.

110. KPMG refers to the Criminal Information and FBI Affidavits referenced in Paragraph 110 for the full and complete contents therefore and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110, which are therefore deemed denied.

111. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, which are therefore deemed denied.

112. KPMG refers to the Criminal Information and FBI Affidavits referenced in Paragraph 112 for the full and complete contents therefore and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112, which are therefore deemed denied.

113. KPMG refers to the Criminal Information and FBI Affidavits referenced in Paragraph 113 for the full and complete contents therefore and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113, which are therefore deemed denied.

114. KPMG refers to the Criminal Information and FBI Affidavits referenced in Paragraph 114 for the full and complete contents therefore and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 114, which are therefore deemed denied.

115. KPMG refers to the Criminal Information and FBI Affidavits referenced in Paragraph 115 for the full and complete contents therefore and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115, which are therefore deemed denied.

116. KPMG refers to the Criminal Information and FBI Affidavits referenced in Paragraph 116 for the full and complete contents therefore and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116, which are therefore deemed denied.

117. KPMG refers to the Criminal Information, FBI Affidavits, and *The News Journal* article referenced in Paragraph 117 for the full and complete contents therefore and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117, which are therefore deemed denied.

118. KPMG is without knowledge or information sufficient to form a belief as to the truth to the allegations in Paragraph 118, which are therefore deemed denied.

119. KPMG is without knowledge or information sufficient to form a belief as to the truth to the allegations in Paragraph 119, which are therefore deemed denied.

120. KPMG refers to the Criminal Information and FBI Affidavits referenced in Paragraph 120 for the full and complete contents therefore and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120, which are therefore deemed denied.

121. KPMG refers to the FBI Affidavits referenced in Paragraph 121 for the full and complete contents therefore and states that KPMG is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121, which are therefore deemed denied.

122. KPMG refers to the FBI Affidavits referenced in Paragraph 122 for the full and complete contents therefore and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122, which are therefore deemed denied.

123. KPMG refers to *The News Journal* article and FBI Affidavits referenced in Paragraph 123 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 123, which are therefore deemed denied.

124. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, which are therefore deemed denied.

125. KPMG refers to the FBI Affidavits referenced in Paragraph 125 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125, which are therefore deemed denied.

126. KPMG refers to the FBI Affidavits referenced in Paragraph 126 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126, which are therefore deemed denied.

127. KPMG refers to the FBI Affidavits referenced in Paragraph 127 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 127, which are therefore deemed denied.

128. KPMG refers to the FBI Affidavits referenced in Paragraph 128 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128, which are therefore deemed denied.

129. KPMG refers to the FBI Affidavits referenced in Paragraph 129 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129, which are therefore deemed denied.

130. KPMG refers to the Criminal Information and FBI Affidavits referenced in Paragraph 130 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130, which are therefore deemed denied.

131. KPMG refers to the Criminal Information and FBI Affidavits referenced in Paragraph 131 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131, which are therefore deemed denied.

132. KPMG refers to the FBI Affidavits referenced in Paragraph 132 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132, which are therefore deemed denied.

133. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, which are therefore deemed denied.

134. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, which are therefore deemed denied.

135. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, which are therefore deemed denied.

136. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, which are therefore deemed denied.

137. KPMG refers to the SEC filings referenced in Paragraph 137 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, which are therefore deemed denied.

138. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, which are therefore deemed denied.

139. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, which are therefore deemed denied.

140. KPMG refers to the FBI Affidavits referenced in Paragraph 140 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140, which are therefore deemed denied.

141. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, which are therefore deemed denied.

142. KPMG admits that, in connection with the 2007 and 2008 audits, KPMG identified certain deficiencies in Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington, but KPMG denies the characterization of those communications in the first sentence of Paragraph 142 and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142, which are therefore deemed denied.

143. KPMG admits that, in connection with the 2007 and 2008 audits, KPMG identified certain deficiencies in Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington, but denies the characterization of those communications in Paragraph 143.

144. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, which are therefore deemed denied.

145. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, which are therefore deemed denied.

146. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, which are therefore deemed denied.

147. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, which are therefore deemed denied.

148. KPMG refers to the Criminal Information referenced in Paragraph 148 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148, which are therefore deemed denied.

149. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, which are therefore deemed denied.

150. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, which are therefore deemed denied.

151. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, which are therefore deemed denied.

152. KPMG admits that Wilmington and the Federal Reserve entered into an MOU, dated October 21, 2009, but refers to the MOU and Commercial Bank Examination Manual referenced in Paragraph 152 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152, which are therefore deemed denied.

153. KPMG refers to the MOU and MOU Compliance Report referenced in Paragraph 153 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, which are therefore deemed denied.

154. KPMG refers to the MOU referenced in Paragraph 154 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, which are therefore deemed denied.

155. KPMG refers to the MOU and MOU Compliance Report referenced in Paragraph 155 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, which are therefore deemed denied.

156. KPMG refers to the MOU and MOU Compliance Report referenced in Paragraph 156 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, which are therefore deemed denied.

157. KPMG refers to the MOU and FBI Affidavits referenced in Paragraph 157 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157, which are therefore deemed denied.

158. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158, which are therefore deemed denied.

159. KPMG refers to the Delaware Review Memorandum, Criminal Information, and FBI Affidavits referenced in Paragraph 159 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159, which are therefore deemed denied.

160. KPMG refers to the Delaware Review Memorandum in Paragraph 160 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 160, which are therefore deemed denied.

161. KPMG refers to the Delaware Review Memorandum and 2009 form 10-K referenced in Paragraph 161 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161, which are therefore deemed denied.

162. KPMG refers to the Criminal Information referenced in Paragraph 162 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162, which are therefore deemed denied.

163. KPMG denies the allegations in the first sentence of Paragraph 163 and denies the characterization of the applicable accounting principles in the remaining sentences of Paragraph 163 as, among other things, incomplete and refers to the applicable accounting principles for the full and complete contents thereof.

164. KPMG admits the allegations in the first sentence of Paragraph 164, but refers to the Criminal Information referenced in Paragraph 164 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164, which are therefore deemed denied.

165. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165, which are therefore deemed denied.

166. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, which are therefore deemed denied, and refers to the Criminal Information or applicable accounting principles referenced in Paragraph 166 for the full and complete contents thereof.

167. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167, which are therefore deemed denied.

168. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, which are therefore deemed denied.

169. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169, which are therefore deemed denied.

170. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, which are therefore deemed denied.

171. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171, which are therefore deemed denied, and refers to applicable accounting principles referenced in Paragraph 171 for the full and complete contents thereof.

172. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172, which are therefore deemed denied. To the extent the allegations in Paragraph 172 refer to the Interagency Guidance on the Allowance for Loan and Lease Losses or other documents, KPMG refers to those documents for the full and complete contents thereof.

173. KPMG refers to the Wilmington and M&T public disclosures referenced in Paragraph 173 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173, which are therefore deemed denied.

174. KPMG refers to the M&T public disclosures and FAS 5 referenced in Paragraph 174 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 174, which are therefore deemed denied.

175. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, which are therefore deemed denied.

176. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, which are therefore deemed denied.

177. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, which are therefore deemed denied.

178. KPMG refers to the press releases and analyst reports referenced in Paragraph 178 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 178, which are therefore deemed denied.

179. KPMG refers to the press release and analyst reports referenced in Paragraph 179 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179, which are therefore deemed denied.

180. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, which are therefore deemed denied.

181. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, which are therefore deemed denied.

182. KPMG refers to the RBC Capital Markets report referenced in Paragraph 182 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 182, which are therefore deemed denied.

183. KPMG refers to the transcript of the June 4, 2010 conference call referenced in Paragraph 183 for the full and complete contents thereof and states that KPMG is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 183, which are therefore deemed denied.

184. KPMG refers to the transcript of the June 4, 2010 conference call referenced in Paragraph 184 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 184, which are therefore deemed denied.

185. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185, which are therefore deemed denied.

186. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186, which are therefore deemed denied.

187. KPMG refers to the SunTrust Robinson Humphrey report referenced in Paragraph 187 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187, which are therefore deemed denied.

188. KPMG refers to the SunTrust Robinson Humphrey report referenced in Paragraph 188 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 188, which are therefore deemed denied.

189. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, which are therefore deemed denied.

190. KPMG admits the allegations in Paragraph 190.

191. KPMG refers to the July 23, 2010 Wilmington press release and analyst reports referenced in Paragraph 191 for the full and complete contents thereof and states that KPMG is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 191, which are therefore deemed denied.

192. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, which are therefore deemed denied.

193. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, which are therefore deemed denied.

194. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194, which are therefore deemed denied.

195. KPMG refers to the RNC Capital Markets report referenced in Paragraph 195 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 195, which are therefore deemed denied.

196. KPMG refers to the *Bloomberg* report referenced in Paragraph 196 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 196, which are therefore deemed denied.

197. KPMG refers to the letters of Delaware State Senator George Bunting referenced in Paragraph 197 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 197, which are therefore deemed denied.

198. KPMG refers to the press release referenced in Paragraph 198 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 198, which are therefore

deemed denied, except that KPMG admits that on November 1, 2010 Wilmington disclosed that it had reached an agreement to be purchased by M&T.

199. KPMG refers to the SEC filings referenced in Paragraph 199 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 199, which are therefore deemed denied.

200. KPMG refers to the SEC filings referenced in Paragraph 200 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 200, which are therefore deemed denied.

201. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, which are therefore deemed denied.

202. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, which are therefore deemed denied.

203. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203, which are therefore deemed denied.

204. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, which are therefore deemed denied.

205. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, which are therefore deemed denied.

206. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, which are therefore deemed denied.

207. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207, which are therefore deemed denied.

208. KPMG refers to the analyst reports and news articles referenced in Paragraph 208 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208, which are therefore deemed denied.

209. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209, which are therefore deemed denied.

210. KPMG refers to the Merger Proxy referenced in Paragraph 210 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 210, which are therefore deemed denied.

211. KPMG admits that on May 16, 2011, M&T announced that the acquisition of Wilmington had been finalized.

212. KPMG refers to the SEC filing and *The News Journal* article referenced in Paragraph 212 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 212, which are therefore deemed denied.

213. KPMG refers to *The News Journal* article referenced in Paragraph 213 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 213, which are therefore deemed denied.

214. KPMG refers to FBI Affidavits, Zimmerman indictment and statement of U.S. Attorney Charles Oberly referenced in Paragraph 214 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 214, which are therefore deemed denied.

215. KPMG refers to the Terranova guilty plea and statements of U.S. Attorney Charles Oberly referenced in Paragraph 215 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 215, which are therefore deemed denied.

216. KPMG refers to *The News Journal* article referenced in Paragraph 216 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 216, which are therefore deemed denied.

217. KPMG denies the allegations in Paragraph 217 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 217 to the extent that they are directed at the other defendants, which are therefore deemed denied. KPMG refers to the SEC filings, press releases and conference calls referenced in Paragraph 217 for the full and complete contents thereof.

218. KPMG refers to the SEC filings and press releases referenced in Paragraph 218 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 218, which are therefore deemed denied.

219. KPMG denies the allegations in Paragraph 219 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 219 to the extent that they are directed at the other defendants, which are therefore deemed denied. KPMG refers to the transcripts of the calls referenced in Paragraph 219 for the full and complete contents thereof.

220. KPMG refers to the SEC filings and transcripts of the calls referenced in Paragraph 220 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 220, which are therefore deemed denied.

221. KPMG refers to the Criminal Information and SEC filings referenced in Paragraph 221 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 221, which are therefore deemed denied.

222. KPMG refers to the Criminal Information and SEC filings referenced in Paragraph 222 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 222, which are therefore deemed denied.

223. KPMG refers to the SEC filings, earnings calls and press releases referenced in Paragraph 223 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 223, which are therefore deemed denied.

224. KPMG refers to the Criminal Information and Terranova guilty plea referenced in Paragraph 224 for the full and complete contents thereof and states that KPMG is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 224, which are therefore deemed denied.

225. KPMG refers to the Criminal Information, press releases and SEC filings referenced in Paragraph 225 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 225, which are therefore deemed denied.

226. KPMG refers to the Criminal Information, press releases and SEC filings referenced in Paragraph 226 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 226, which are therefore deemed denied.

227. KPMG refers to the Criminal Information, press releases and SEC filings referenced in Paragraph 227 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 227, which are therefore deemed denied.

228. KPMG refers to the SEC filings and other documents referenced in Paragraph 228 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 228, which are therefore deemed denied.

229. KPMG refers to the SEC filings referenced in Paragraph 229 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 229, which are therefore deemed denied.

230. KPMG refers to the SEC filings referenced in Paragraph 230 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 230.

231. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231, which are therefore deemed denied.

232. KPMG refers to the Criminal Information referenced in Paragraph 232 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 232, which are therefore deemed denied.

233. KPMG refers to the Criminal Information referenced in Paragraph 233 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 233, which are therefore deemed denied.

234. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234, which are therefore deemed denied.

235. KPMG refers to the SEC filings referenced in Paragraph 235 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 235, which are therefore deemed denied.

236. KPMG refers to the Criminal Information referenced in Paragraph 236 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 236, which are therefore deemed denied.

237. KPMG refers to the SEC filings referenced in Paragraph 237 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 237, which are therefore deemed denied.

238. KPMG refers to the Criminal Information, Terranova guilty plea, and MOU referenced in Paragraph 238 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 238, which are therefore deemed denied.

239. KPMG refers to the SEC filings referenced in Paragraph 239 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 239, which are therefore deemed denied.

240. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, which are therefore deemed denied.

241. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241, which are therefore deemed denied. To the extent that the allegations in Paragraph 241 refer to the Criminal Information, Terranova guilty plea, and the FBI Affidavits, KPMG refers to those documents for the full and complete contents thereof.

242. KPMG denies the characterization of the SEC filings referenced in Paragraph 242 as, among other things, incomplete and refers to the SEC filings for the full and complete contents thereof.

243. KPMG denies the characterization of the quarterly filings referenced in Paragraph 243 as, among other things, incomplete and refers to the quarterly filings for the full and complete contents thereof.

244. KPMG refers to the Criminal Information and FBI Affidavits referenced in Paragraph 244 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 244, which are therefore deemed denied, except that KPMG admits, with respect to point (iii), that, in connection with the 2008 audit, KPMG identified certain significant deficiencies in Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington.

245. KPMG refers to the FBI Affidavits, Delaware Review Memorandum, Wilmington policies, and MOU referenced in Paragraph 245 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 245, which are therefore deemed denied.

246. KPMG refers to the SEC filings, Criminal Information, and Terranova guilty plea referenced in Paragraph 246 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 246, which are therefore deemed denied.

247. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247, which are therefore deemed denied.

248. KPMG refers to the SEC filings referenced in Paragraph 248 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 248, which are therefore deemed denied.

249. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249, which are therefore deemed denied.

250. KPMG refers to the Criminal Information referenced in Paragraph 250 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 250, which are therefore deemed denied.

251. KPMG refers to the Criminal Information, federal regulations, and Appraisal Policy referenced in Paragraph 251 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 251, which are therefore deemed denied.

252. KPMG refers to the FBI Affidavits, Delaware Review Memorandum, Criminal Information, Federal Reserve and Internal Audit reports, and MOU referenced in Paragraph 252 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 252, which are therefore deemed denied, except that KPMG admits, with respect to subparagraph (d), that, in connection with the 2007 and 2008 audits, KPMG identified certain deficiencies in Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington.

253. KPMG refers to the SEC filings referenced in Paragraph 253 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 253, which are therefore deemed denied.

254. KPMG refers to the Criminal Information referenced in Paragraph 254 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 254, which are therefore deemed denied.

255. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255, which are therefore deemed denied.

256. KPMG denies the characterization of the SEC filings referenced in Paragraph 256 as, among other things, incomplete and refers to the SEC filings for the full and complete contents thereof.

257. KPMG denies the allegations in Paragraph 257.

258. KPMG refers to the Criminal Information, federal regulations, Appraisal Policy, Delaware Review Memorandum, and MOU referenced in Paragraph 258 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 258, which are therefore deemed denied, except that KPMG admits, with respect to subparagraphs (e) and (f), that, in connection with the 2007 and 2008 audits, KPMG identified certain deficiencies in Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington.

259. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259, which are therefore deemed denied.

260. KPMG refers to the transcript of the January 18, 2008 conference call and the Criminal Information referenced in Paragraph 260 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 260, which are therefore deemed denied.

261. KPMG refers to the Criminal Information, Terranova guilty plea, and transcript of the January 18, 2008 conference call referenced in Paragraph 261 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 261, which are therefore deemed denied.

262. KPMG refers to the transcript of the April 24, 2009 conference call referenced in Paragraph 262 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 262, which are therefore deemed denied.

263. KPMG refers to the Criminal Information referenced in Paragraph 263 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 263, which are therefore deemed denied.

264. KPMG refers to the transcript of the July 24, 2009 conference call referenced in Paragraph 264 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 264, which are therefore deemed denied.

265. KPMG refers to the Criminal Information referenced in Paragraph 265 for the full and complete contents thereof and states that KPMG is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 265, which are therefore deemed denied.

266. KPMG refers to the transcript of the October 23, 2009 conference call referenced in Paragraph 266 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 266, which are therefore deemed denied.

267. KPMG refers to the Criminal Information and MOU referenced in Paragraph 267 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 267, which are therefore deemed denied.

268. KPMG refers to the transcript of the October 23, 2009 conference call referenced in Paragraph 268 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 268, which are therefore deemed denied.

269. KPMG refers to the Criminal Information referenced in Paragraph 269 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 269, which are therefore deemed denied.

270. KPMG refers to the transcript of the October 23, 2009 conference call referenced in Paragraph 270 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 270, which are therefore deemed denied.

271. KPMG refers to the transcript of the MOU, Criminal Information, and Terranova guilty plea referenced in Paragraph 271 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 271, which are therefore deemed denied.

272. KPMG refers to the transcript of the April 23, 2010 conference call referenced in Paragraph 272 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 272, which are therefore deemed denied.

273. KPMG refers to the Criminal Information referenced in Paragraph 273 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 273, which are therefore deemed denied.

274. KPMG denies the allegations in Paragraph 274 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274 to the extent that they are directed at the other defendants, which are therefore deemed denied.

275. KPMG refers to the transcript of the June 4, 2010 conference call and Delaware Review Memorandum referenced in Paragraph 275 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 275, which are therefore deemed denied.

276. KPMG refers to the transcript of the July 23, 2010 conference call, Criminal Information, and Delaware Status Memorandum referenced in Paragraph 276 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 276, which are therefore deemed denied.

277. KPMG refers to the transcript of the July 23, 2010 conference call, Criminal Information, MOU, and Delaware Review Memorandum referenced in Paragraph 277 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 277, which are therefore deemed denied.

278. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278, which are therefore deemed denied.

279. KPMG refers to the Criminal Information and Terranova guilty plea referenced in Paragraph 279 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 279, which are therefore deemed denied.

280. KPMG refers to the Criminal Information referenced in Paragraph 280 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 280, which are therefore deemed denied.

281. KPMG refers to the Criminal Information referenced in Paragraph 281 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 281, which are therefore deemed denied.

282. KPMG refers to the Criminal Information and Terranova guilty plea referenced in Paragraph 282 for the full and complete contents thereof and states that KPMG is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 282, which are therefore deemed denied.

283. KPMG refers to the Criminal Information and Terranova guilty plea referenced in Paragraph 283 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 283, which are therefore deemed denied.

284. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284, which are therefore deemed denied.

285. KPMG refers to the Delaware Review Memorandum referenced in Paragraph 285 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 285, which are therefore deemed denied.

286. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286, which are therefore deemed denied.

287. KPMG refers to the Criminal Information and Terranova guilty plea referenced in Paragraph 287 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 287, which are therefore deemed denied.

288. KPMG denies the allegations relating to KPMG in the second sentence of Paragraph 288, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that sentence, which are therefore deemed denied. KPMG denies the allegations in the third sentence of Paragraph 288, except KPMG states that, in connection with the 2008 audit, KPMG identified certain significant deficiencies in

Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences of Paragraph 288, which are therefore deemed denied, and refers to the MOU referenced in Paragraph 288 for the full and complete contents thereof.

289. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289, which are therefore deemed denied.

290. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286, which are therefore deemed denied.

291. KPMG refers to the Criminal Information, FBI Affidavits, and MOU Compliance Report referenced in Paragraph 291 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 291, which are therefore deemed denied.

292. KPMG refers to the Criminal Information, FBI Affidavits, and MOU Compliance Report referenced in Paragraph 292 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 292, which are therefore deemed denied.

293. KPMG refers to the Criminal Information, FBI Affidavits, and MOU Compliance Report referenced in Paragraph 293 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 293, which are therefore deemed denied.

294. KPMG refers to the Criminal Information, FBI Affidavits, and MOU Compliance Report referenced in Paragraph 294 for the full and complete contents thereof and states that

KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 294, which are therefore deemed denied.

295. KPMG refers to the FBI Affidavits and MOU Compliance Report referenced in Paragraph 295 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 295, which are therefore deemed denied.

296. KPMG admits the allegations in the first and second sentences of Paragraph 296. KPMG denies the characterization of SEC Regulation S-X in the third sentence of Paragraph 296 as, among other things, incomplete and refers to SEC Regulation S-X for the full and complete contents thereof.

297. KPMG denies the characterization of the applicable accounting principles in Paragraph 297 as, among other things, incomplete and refers to the applicable accounting principles for the full and complete contents thereof.

298. KPMG denies the characterization of the applicable accounting principles in Paragraph 298 as, among other things, incomplete and refers to the applicable accounting principles for the full and complete contents thereof.

299. KPMG denies the characterization of the applicable accounting principles in Paragraph 299 as, among other things, incomplete and refers to the applicable accounting principles for the full and complete contents thereof.

300. KPMG denies the characterization of the applicable accounting principles in Paragraph 300 as, among other things, incomplete and refers to the applicable accounting principles for the full and complete contents thereof.

301. KPMG denies the characterization of the applicable accounting principles in Paragraph 301 as, among other things, incomplete and refers to the applicable accounting principles for the full and complete contents thereof.

302. KPMG denies the characterization of the applicable accounting principles in Paragraph 302 as, among other things, incomplete and refers to the applicable accounting principles for the full and complete contents thereof.

303. KPMG admits that it audited Wilmington's consolidated financial statements and internal control over financial reporting for the period ending December 31, 2009 in accordance with the standards of the Public Company Accounting Oversight Board ("PCAOB") and issued a "Report of Independent Registered Public Accounting Firm" expressing an unqualified opinion on Wilmington's consolidated financial statements and internal control over financial reporting for that period. KPMG denies the characterization of the applicable auditing standards in Paragraph 303 as, among other things, inaccurate and incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof. KPMG denies the characterization of its audit reports in Paragraph 303 and refers to the audit reports for the full and complete contents thereof. KPMG denies the allegation in the last sentence of Paragraph 303.

304. KPMG denies the allegations in Paragraph 304.

305. KPMG denies the allegations in Paragraph 305.

306. KPMG denies the allegations in Paragraph 306.

307. KPMG admits that it audited Wilmington's consolidated financial statements for the period ending December 31, 2009 in accordance with the standards of the PCAOB and issued a "Report of Independent Registered Public Accounting Firm" expressing an unqualified opinion

on Wilmington's consolidated financial statements for that period, but denies the characterization of that audit report in the first sentence of Paragraph 307 and refers to the audit report for the full and complete contents thereof. KPMG denies the characterization of the applicable auditing standards in the remaining sentences of Paragraph 307 as, among other things, inaccurate and incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

308. KPMG denies the characterization of the applicable auditing standards in Paragraph 308 as, among other things, inaccurate and incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

309. KPMG denies the characterization of the applicable auditing standards in Paragraph 309 as, among other things, inaccurate and incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

310. KPMG denies the characterization of the applicable auditing standards in Paragraph 310 as, among other things, incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

311. KPMG denies the characterization of the applicable auditing standards in Paragraph 311 as, among other things, incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

312. KPMG denies the characterization of the applicable auditing standards in Paragraph 312 as, among other things, inaccurate and incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

313. KPMG denies the characterization of the applicable auditing standards in Paragraph 313 as, among other things, incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

314. KPMG denies the characterization of the applicable auditing standards in Paragraph 314 as, among other things, incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

315. KPMG denies the characterization of the applicable auditing standards in Paragraph 315 as, among other things, inaccurate and incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

316. KPMG denies the characterizations of the AICPA guidance referenced in Paragraph 316 as, among other things, incomplete and refers to the referenced guidance for the full and complete contents thereof.

317. KPMG denies the characterizations of the Audit and Accounting Guides ("AAG") referenced in Paragraph 317 as, among other things, incomplete and refers to the referenced AAG for the full and complete contents thereof.

318. KPMG denies the characterization of the AAG referenced in Paragraph 318 as, among other things, incomplete and refers to the referenced AAG for the full and complete contents thereof.

319. KPMG denies the characterization of the applicable auditing standards in the first two sentences of Paragraph 319 as, among other things, inaccurate and incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof. KPMG denies the allegations in the third and fourth sentences of Paragraph 319.

320. KPMG denies the allegations in Paragraph 320, except KPMG states that, in connection with the 2008 audit, KPMG identified certain significant deficiencies in Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington.

321. KPMG denies the allegations in Paragraph 321, except KPMG states that, in connection with the 2008 audit, KPMG identified certain significant deficiencies in Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington.

322. KPMG denies the allegations in Paragraph 322. KPMG also denies the characterizations of the Criminal Information and FBI Affidavits in Paragraph 322 and refers to the Criminal Information and FBI Affidavits for the full and complete contents thereof.

323. KPMG denies the allegations in Paragraph 323. KPMG also denies the characterizations of the Criminal Information in Paragraph 323 and refers to the Criminal Information for the full and complete contents thereof.

324. KPMG denies the allegations in Paragraph 324. KPMG also denies the characterizations of the Criminal Information and FBI Affidavits in the first two sentences of Paragraph 324 and refers to those documents for the full and complete contents thereof.

325. KPMG denies the allegations in the first sentence of Paragraph 325. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences of Paragraph 325, which are therefore deemed denied. KPMG denies the characterizations of the Criminal Information and FBI Affidavits in Paragraph 325 and refers to those documents for the full and complete contents thereof.

326. KPMG denies the allegations in Paragraph 326. KPMG denies the characterization of the applicable auditing standards in the last sentence of Paragraph 326 as, among other things, inaccurate and incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

327. KPMG denies the allegations in the first sentence of Paragraph 327. KPMG admits that Wilmington and the Federal Reserve entered into an MOU, dated October 21, 2009 and that KPMG received a copy of the MOU and discussed it with certain members of senior management at Wilmington, but denies the characterizations of the MOU in Paragraph 327 as, among other things, inaccurate and incomplete and refers to the MOU for the full and complete contents thereof. KPMG also denies the characterization of the applicable guidance in the last sentence of Paragraph 327 as, among other things, inaccurate and incomplete and refers to the referenced AAG for the full and complete contents thereof.

328. KPMG denies the allegations in the first sentence of Paragraph 328. KPMG also denies the characterizations of the Criminal Information in the second sentence of Paragraph 328 and refers to the Criminal Information for the full and complete contents thereof. To the extent Paragraph 328 cites to internal Wilmington emails, KPMG is without knowledge or information sufficient to form a belief as to the truth of those allegations, which are therefore deemed denied.

329. KPMG denies the allegations in Paragraph 329 to the extent that the reference to "Defendants" in the first sentence of Paragraph 329 includes KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 329, which are therefore deemed denied.

330. KPMG denies the allegations in Paragraph 330. KPMG denies the characterization of the applicable auditing standards in Paragraph 330 as, among other things,

inaccurate and incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

331. KPMG denies the allegations in the first and third sentences of Paragraph 331. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 331, which are therefore deemed denied.

332. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 332, which are therefore deemed denied. KPMG denies the allegations in the last sentence of Paragraph 332.

333. KPMG denies the allegations in Paragraph 333.

334. KPMG denies the allegations in Paragraph 334 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334 to the extent that they are directed at the other defendants, which are therefore deemed denied.

335. KPMG denies the allegations in Paragraph 335 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335 to the extent that they are directed at the other defendants, which are therefore deemed denied.

336. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336, which are therefore deemed denied.

337. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337, which are therefore deemed denied.

338. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338, which are therefore deemed denied.

339. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339, which are therefore deemed denied.

340. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340, which are therefore deemed denied.

341. KPMG incorporates by reference the admissions and denials contained in the above paragraphs.

342. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342, which are therefore deemed denied.

343. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343, which are therefore deemed denied.

344. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344, which are therefore deemed denied.

345. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 345, which are therefore deemed denied.

346. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 346, which are therefore deemed denied.

347. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 347, which are therefore deemed denied.

348. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 348, which are therefore deemed denied.

349. KPMG refers to the SEC filings, press releases, and transcripts of conference calls referenced in Paragraph 349 for the full and complete contents thereof and states that KPMG is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 349, which are therefore deemed denied.

350. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350, which are therefore deemed denied.

351. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 351, which are therefore deemed denied.

352. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 352, which are therefore deemed denied.

353. KPMG incorporates by reference the admissions and denials contained in the above paragraphs.

354. KPMG denies the allegations in Paragraph 354.

355. KPMG denies the allegations in Paragraph 355.

356. KPMG denies the allegations in Paragraph 356.

357. KPMG denies the allegations in Paragraph 357.

358. KPMG denies the allegations in Paragraph 358.

359. KPMG denies the allegations in Paragraph 359.

360. KPMG denies the allegations in Paragraph 360.

361. KPMG incorporates by reference the admissions and denials contained in the above paragraphs.

362. KPMG admits that this Count is asserted against Defendants Cecala, Foley, Gibson, Harra, and North for purported violations of Section 20(a) of the Exchange Act.

363. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363, which are therefore deemed denied.

364. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364, which are therefore deemed denied.

365. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365, which are therefore deemed denied.

366. KPMG admits that defendant Cecala served at certain times as Wilmington's Chairman of the Board and CEO, but states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 366, which are therefore deemed denied.

367. KPMG admits that defendant Foley served at certain times as Wilmington's Chairman of the Board, CEO, and director, but KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 367, which are therefore deemed denied.

368. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368, which are therefore deemed denied.

369. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369, which are therefore deemed denied.

370. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370, which are therefore deemed denied.

371. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371, which are therefore deemed denied.

372. KPMG incorporates by reference the admissions and denials contained in the above paragraphs.

373. KPMG admits that this Count is asserted against the Audit Committee for purported violations of Section 20(a) of the Exchange Act.

374. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374, which are therefore deemed denied.

375. KPMG admits the allegations in Paragraph 375.

376. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376, which are therefore deemed denied.

377. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377, which are therefore deemed denied.

378. KPMG refers to the Proxy Statements referenced in Paragraph 378 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 378, which are therefore deemed denied.

379. KPMG refers to the Audit Committee Charter referenced in Paragraph 379 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 379, which are therefore deemed denied.

380. KPMG refers to the Audit Committee Charter referenced in Paragraph 380 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 380, which are therefore deemed denied.

381. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381, which are therefore deemed denied.

382. KPMG denies the characterizations of KPMG's 2007 management letter and 2008 audit report in Paragraph 382 as, among other things, incomplete and inaccurate and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 382, which are therefore deemed denied.

383. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 383, which are therefore deemed denied.

384. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 384, which are therefore deemed denied.

385. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 385, which are therefore deemed denied.

386. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386, which are therefore deemed denied.

387. KPMG denies the allegations in Paragraph 387.

388. KPMG admits that on February 23, 2010, Wilmington announced that it had priced an underwritten public offering of 18,875,000 shares of its common stock at $13.25 per share and granted the underwriters a 30-day option to purchase up to an additional 2,831,250 shares.

389. KPMG admits that the offering was conducted pursuant to the Offering Documents, but denies the characterization of the Offering Documents in Paragraph 389 as, among other things, incomplete and refers to the Offering Documents for the full and complete contents thereof.

390. KPMG denies the characterization of the Offering Documents in Paragraph 390 as, among other things, incomplete, and refers to the Offering Documents for the full and complete contents thereof.

391. KPMG denies the allegations in Paragraph 391 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 391 to the extent that they are directed at the other defendants, which are therefore deemed denied.

392. KPMG denies the allegations in Paragraph 392 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 392 to the extent that they are directed at the other defendants, which are therefore deemed denied.

393. KPMG admits the allegations in Paragraph 393.

394. KPMG admits that defendants Cecala, Foley, Harra, and Gibson were each officers of Wilmington and Cecala, Foley, and Harra were members of the Board of Wilmington, but KPMG refers to the Offering Documents and other SEC filings referenced in Paragraph 394 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 394, which are therefore deemed denied.

395. KPMG admits that defendant Rakowski was the Senior Vice President and Controller of Wilmington, but KPMG refers to the Offering Documents and other SEC filings referenced in Paragraph 395 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 395, which are therefore deemed denied.

396. KPMG admits that defendants Burger, Elliott, Krug, Mobley, Rollins, Sockwell, Tunnell, and Whiting were each directors of Wilmington, but KPMG refers to the Offering Documents and other SEC filings referenced in Paragraph 396 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 396, which are therefore deemed denied.

397. KPMG admits that defendant Mears was a director of Wilmington, but KPMG refers to the Offering Documents and other SEC filings referenced in Paragraph 397 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 397, which are therefore deemed denied.

398. KPMG admits that defendants DuPont and Roselle were each directors of Wilmington, but KPMG refers to the Offering Documents and other SEC filings referenced in Paragraph 398 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 398, which are therefore deemed denied.

399. KPMG admits that defendant Freeh was a director of Wilmington, but KPMG refers to the Offering Documents and other SEC filings referenced in Paragraph 399 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 399, which are therefore deemed denied.

400. KPMG admits that it audited Wilmington's consolidated financial statements and internal control over financial reporting for the period ending December 31, 2009 in accordance with the standards of the PCAOB but refers to the Offering Documents referenced in Paragraph

400 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 400, which are therefore deemed denied.

401. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 401, which are therefore deemed denied.

402. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 402, which are therefore deemed denied.

403. KPMG refers to the Offering Documents, other SEC filings, and Criminal Information referenced in Paragraph 403 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 403, which are therefore deemed denied.

404. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 404, which are therefore deemed denied.

405. KPMG refers to the SEC filings and Criminal Information referenced in Paragraph 405 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 405, which are therefore deemed denied.

406. KPMG refers to the Offering Documents and Criminal Information referenced in Paragraph 406 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 406, which are therefore deemed denied.

407. KPMG refers to the SEC filings and Criminal Information referenced in Paragraph 407 for the full and complete contents thereof and states that KPMG is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 407, which are therefore deemed denied.

408. KPMG refers to the Offering Documents and Criminal Information referenced in Paragraph 408 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 408, which are therefore deemed denied.

409. KPMG refers to the Offering Documents, other SEC filings, Criminal Information, and applicable accounting principles referenced in Paragraph 409 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 409, which are therefore deemed denied.

410. KPMG refers to the Offering Documents and other SEC filings referenced in Paragraph 410 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 410, which are therefore deemed denied.

411. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 411, which are therefore deemed denied.

412. KPMG refers to the Criminal Information referenced in Paragraph 412 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 412, which are therefore deemed denied.

413. KPMG refers to the Criminal Information referenced in Paragraph 413 for the full and complete contents thereof and states that KPMG is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 413, which are therefore deemed denied.

414. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 414, which are therefore deemed denied.

415. KPMG refers to the Offering Documents and other SEC filings referenced in Paragraph 415 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 415, which are therefore deemed denied.

416. KPMG refers to the Criminal Information referenced in Paragraph 416 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 416, which are therefore deemed denied.

417. KPMG refers to the SEC filings referenced in Paragraph 417 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 417, which are therefore deemed denied.

418. KPMG refers to the Criminal Information and MOU referenced in Paragraph 418 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 418, which are therefore deemed denied.

419. KPMG refers to the SEC filings referenced in Paragraph 419 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 419, which are therefore deemed denied.

420. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 420, which are therefore deemed denied.

421. KPMG refers to the Offering Documents referenced in Paragraph 421 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 421, which are therefore deemed denied.

422. KPMG denies the characterization of the SEC filings in Paragraph 422 as, among other things, incomplete, and refers to the SEC filings for the full and complete contents thereof.

423. KPMG denies the characterization of the quarterly filings in Paragraph 423 as, among other things, incomplete, and refers to the quarterly filings for the full and complete contents thereof.

424. KPMG refers to the Criminal Information, FBI Affidavits, federal regulations, and Appraisal Policy referenced in Paragraph 424 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 424, which are therefore deemed denied, except that KPMG admits, with respect to the last sentence in Paragraph 424, that, in connection with the 2008 audit, KPMG identified certain significant deficiencies in Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington.

425. KPMG refers to the FBI Affidavits, Delaware Review Memorandum, and MOU referenced in Paragraph 425 for the full and complete contents thereof and states that KPMG is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 425, which are therefore deemed denied

426. KPMG refers to the public filings and Criminal Information referenced in Paragraph 426 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 426, which are therefore deemed denied.

427. KPMG refers to the Offering Documents and SEC filings referenced in Paragraph 427 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 427, which are therefore deemed denied.

428. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 428, which are therefore deemed denied.

429. KPMG refers to the Criminal Information, federal regulations, and Appraisal Policy referenced in Paragraph 429 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 429, which are therefore deemed denied.

430. KPMG refers to the FBI Affidavits, Delaware Review Memorandum, Criminal Information, Federal Reserve reports, MOU, and Internal Audit reports referenced in Paragraph 430 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 430, which are therefore deemed denied, except that KPMG admits, with respect to subparagraph (d), that, in connection with the 2007 and 2008 audits, KPMG identified certain deficiencies in

Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington.

431. KPMG denies the characterization of the Offering Documents and SEC filings in Paragraph 431 as, among other things, incomplete, and refers to the Offering Documents and SEC filings for the full and complete contents thereof.

432. KPMG refers to the Criminal Information referenced in Paragraph 432 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 432, which are therefore deemed denied.

433. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 433, which are therefore deemed denied.

434. KPMG denies the allegations in Paragraph 434 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 434 to the extent that they are directed at the other defendants, which are therefore deemed denied. To the extent that the allegations in Paragraph 434 refer to publicly filed documents, KPMG refers to those documents for the full and complete contents thereof.

435. KPMG denies the allegations in Paragraph 435.

436. KPMG refers to the Criminal Information, federal regulations, Appraisal Policy, FBI Affidavits, Delaware Review Memorandum, and MOU referenced in Paragraph 436 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 436, which are therefore deemed denied, except that KPMG admits, with respect to subparagraphs (e) and (f),

that, in connection with the 2007 and 2008 audits, KPMG identified certain deficiencies in Wilmington's internal controls regarding allowance for loan losses and communicated those deficiencies to Wilmington.

437. KPMG denies the allegation in the first sentence of Paragraph 437. KPMG admits that it audited Wilmington's consolidated financial statements for the periods ending December 31, 2007, December 31, 2008, and December 31, 2009 in accordance with the standards of the PCAOB and issued a "Report of Independent Registered Public Accounting Firm" expressing an unqualified opinion on Wilmington's consolidated financial statements for those periods, but denies the characterizations of those audit reports in Paragraph 437 and refers to the audit reports for the full and complete contents thereof.

438. KPMG denies the allegations in Paragraph 438.

439. KPMG denies the allegations in Paragraph 439. KPMG denies the characterization of the applicable auditing standards in Paragraph 439 as, among other things, inaccurate and incomplete and refers to the applicable PCAOB auditing standards for the full and complete contents thereof.

440. KPMG denies the allegations in Paragraph 440.

441. KPMG denies the allegations in the first sentence of Paragraph 441. KPMG denies the characterizations of the Criminal Information in the second sentence of Paragraph 441 and refers to the Criminal Information for the full and complete contents thereof. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 441, which are therefore deemed denied. KPMG denies the allegations in the remaining sentences of Paragraph 441.

442. KPMG denies the allegations in Paragraph 442.

443. KPMG admits that it audited Wilmington's internal control over financial reporting for the period ending December 31, 2007 in accordance with the standards of the PCAOB and issued a "Report of Independent Registered Public Accounting Firm" dated February 29, 2008 expressing an unqualified opinion on Wilmington's internal control over financial reporting for that period, which was included in Wilmington's 2007 10-K, but denies the characterization of its audit report in Paragraph 443 and refers to the audit report for the full and complete contents thereof.

444. KPMG admits that it audited Wilmington's internal control over financial reporting for the period ending December 31, 2008 and December 31, 2009 in accordance with the standards of the PCAOB and issued a "Report of Independent Registered Public Accounting Firm" dated March 2, 2009 and February 22, 2010, respectively, expressing an unqualified opinion on Wilmington's internal control over financial reporting for those periods, which were included in Wilmington's 2008 and 2009 10-Ks, respectively, but denies the characterization of those audit reports in Paragraph 444 and refers to the audit reports for the full and complete contents thereof.

445. KPMG denies the allegations in Paragraph 445.

446. KPMG incorporates by reference the admissions and denials contained in the above paragraphs relating to the Securities Act claims in response to the first sentence of Paragraph 446 and denies the allegations in the remaining sentences of Paragraph 446.

447. KPMG denies the allegations in Paragraph 447 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 447 to the extent that they are directed at the other defendants, which are therefore deemed denied. To the extent that the allegations in Paragraph

447 refer to the Offering Documents and other publicly filed documents, KPMG refers to those documents for the full and complete contents thereof.

448. KPMG admits that on February 23, 2010, Wilmington announced that it had priced an underwritten public offering of 18,875,000 shares of its common stock at $13.25 per share and granted the underwriters a 30-day option to purchase up to an additional 2,831,250 shares but states that KPMG is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 448, which are therefore deemed denied. To the extent that the remaining allegations in Paragraph 448 refer to the Offering Documents, KPMG refers to those documents for the full and complete contents thereof.

449. KPMG admits that defendants Foley, Cecala, Gibson, Harra, Rakowski, Burger, DuPont, Elliott, Krug, Mears, Mobley, Rollins, Sockwell, Roselle, Tunnell, and Whiting were officers and/or directors at Wilmington and that defendant Freeh was a director at Wilmington, but refers to the Offering Documents referenced in Paragraph 449 for the full and complete contents thereof and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 449.

450. KPMG denies the allegations in the third sentence of Paragraph 450. KPMG also denies the characterization of the Offering Documents in the first and second sentence of Paragraph 450 as, among other things, incomplete and refers to the Offering Documents for the full and complete contents thereof.

451. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 451, which are therefore deemed denied.

452. KPMG denies the allegations in Paragraph 452 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 452 to the extent that they are directed at the other defendants, which are therefore deemed denied.

453. KPMG denies the allegations in Paragraph 453 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 453 to the extent that they are directed at the other defendants, which are therefore deemed denied.

454. KPMG denies the allegations in Paragraph 454 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 454 to the extent that they are directed at the other defendants, which are therefore deemed denied.

455. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 455, which are therefore deemed denied.

456. KPMG denies the allegations in Paragraph 456 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 456 to the extent that they are directed at the other defendants, which are therefore deemed denied.

457. KPMG denies the allegations in Paragraph 457 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 457 to the extent that they are directed at the other defendants, which are therefore deemed denied.

458. KPMG denies the allegations in Paragraph 458 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 458 to the extent that they are directed at the other defendants, which are therefore deemed denied.

459. KPMG denies the allegations in Paragraph 459 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 459 to the extent that they are directed at the other defendants, which are therefore deemed denied.

460. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 460, which are therefore deemed denied.

461. KPMG incorporates by reference the admissions and denials contained in the above paragraphs relating to the Securities Act claims in response to the first sentence of Paragraph 461 and denies the allegations in the second sentence of Paragraph 461.

462. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 462, which are therefore deemed denied.

463. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 463, which are therefore deemed denied.

464. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 464, which are therefore deemed denied. To the extent that the allegations in Paragraph 464 are directed at KPMG, they are also denied.

465. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 465, which are therefore deemed denied.

466. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 466, which are therefore deemed denied. To the extent that the allegations in Paragraph 466 are directed at KPMG, they are also denied.

467. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 467, which are therefore deemed denied.

468. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 468, which are therefore deemed denied.

469. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 469, which are therefore deemed denied.

470. KPMG incorporates by reference the admissions and denials contained in the above paragraphs relating to the Securities Act claims and denies the remaining allegations in Paragraph 470.

471. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 471, which are therefore deemed denied.

472. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 472, which are therefore deemed denied.

473. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 473, which are therefore deemed denied.

474. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 474, which are therefore deemed denied.

475. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 475, which are therefore deemed denied.

476. KPMG admits that plaintiffs purport to bring this case as a class action on behalf of all persons who purchased or otherwise acquired Wilmington's common stock during the Class Period, but states that KPMG is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 476, which are therefore deemed denied.

477. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 477, which are therefore deemed denied. KPMG further denies that this action can or should be certified as a class action.

478. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 478, which are therefore deemed denied. KPMG further denies that this action can or should be certified as a class action.

479. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 479, which are therefore deemed denied. KPMG further denies that this action can or should be certified as a class action.

480. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 480, which are therefore deemed denied. KPMG further denies that this action can or should be certified as a class action.

481. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 481, which are therefore deemed denied. KPMG further denies that this action can or should be certified as a class action.

482. KPMG admits that plaintiffs purport to assert claims under the laws referenced in Paragraph 482 but denies any such claims against KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to any such claims against the other defendants.

483. KPMG admits that plaintiffs assert that jurisdiction of the subject matter of this action purportedly exists under the statutes referenced in Paragraph 483.

484. KPMG admits that Wilmington maintained its corporate headquarters and principal executive offices in this District throughout the Class Period, but denies the allegations in the second sentence of Paragraph 484 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 485 to the extent that they are directed at the other defendants, which are therefore deemed denied.

485. KPMG denies the allegations in Paragraph 485 to the extent that they are directed at KPMG and states that KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 485 to the extent that they are directed at the other defendants, which are therefore deemed denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs' putative class does not satisfy the requirements of Federal Rule of Civil Procedure 23.

3. KPMG is not responsible for any statements contained in the registration statement other than its audit report.

4. KPMG did not make any material misstatements or omissions.

5. KPMG's audit report does not contain an opinion that was subjectively false.

6. The loan loss reserve provision of Wilmington's financial statements was not subjectively false.

7. KPMG had, after reasonable investigation, a reasonable belief, at the time the registration statement became effective, that any statements it made were true and that it did not

omit to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

8. Plaintiffs cannot trace their purchases of a security to a registration statement which had a material misstatement or omission at the time that it became effective.

9. In making some or all of the purchases of Wilmington securities, Plaintiffs relied on factors extraneous to the market price of Wilmington securities.

10. Plaintiffs do not have standing to bring this action.

11. The alleged misrepresentations and omission in the Complaint could not and did not cause any of the alleged harm, and Plaintiffs have suffered no legally cognizable damages.

12. No conduct of KPMG was either the legal cause or the cause in fact of any damages Plaintiffs have suffered.

13. To the extent Plaintiffs have suffered any damages, they have failed to mitigate those damages.

14. Plaintiffs or all or some of the members of the proposed class cannot prove reliance, which is required to the extent they acquired their securities after the issuer had made generally available to its security holders an earnings statement covering a period of twelve months after the effective date of the registration statement.

15. Plaintiffs may not recover because, at the time of their acquisition of the securities, they knew the true facts concerning any alleged misrepresentation or omission.

16. Some of all of the misrepresentations or omissions alleged by Plaintiffs were contained in documents that included meaningful cautionary statements.

17. Some or all of the misrepresentations or omissions alleged by Plaintiffs involved facts that were not material to the market price of Wilmington securities at the time of the purchase of Wilmington securities by Plaintiffs.

18. KPMG is not liable because some or all of the allegations in the Complaint which purport to be misrepresentations or omissions were publicly disclosed or were in the public domain and were, thus, available to Plaintiffs.

19. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations or repose.

20. Some or all of Plaintiffs' claims are barred by the doctrine of laches.

21. Any injuries or damages suffered by Plaintiffs were caused not by any conduct on the part of KPMG, but by intervening and/or superseding events which proximately caused the injuries and damages alleged in the Complaint, including but not limited to the alleged wrongdoing of the other defendants.

22. Plaintiffs' claims against KPMG are barred, or recovery on such claims is proportionately reduced by, the acts or omissions of plaintiffs and other persons, through operations or principles of comparative or contributory fault, including the principles of 15 U.S.C. 78u-4(g).

23. KPMG adopts and incorporates by reference all defenses asserted by any other defendant to the extent such a defense may be available to KPMG.

24. KPMG reserves the right to assert additional affirmative defenses.

WHEREFORE, KPMG respectfully requests that the Court enter judgment in KPMG's favor and against Plaintiffs on Plaintiffs' Fourth Amended Consolidated Securities Class Action

Complaint, and award KPMG attorneys' fees, damages, costs, and all other relief to which KPMG may be entitled.

Dated: May 12, 2014

Respectfully submitted,

*/s/ Virginia A. Gibson*

Virginia A. Gibson (No. 3699)
HOGAN LOVELLS US LLP
1835 Market Street, 29th Floor
Philadelphia, PA 19103
Tel: (267) 675-4635
Fax: (267) 675-4601
Email: virginia.gibson@hoganlovells.com

George A. Salter
Peter J. Dennin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
Email: george.salter@hoganlovells.com
Email: peter.dennin@hoganlovells.com

*Counsel for Defendant KPMG LLP*