**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION | Master File No. 10-cv-00990-SLR<br><br>(Securities Class Action) |
| This document relates to: ALL ACTIONS | Hon. Sue L. Robinson<br><br>ELECTRONICALLY FILED<br><br>**JURY TRIAL DEMANDED** |

**ANSWER OF UNDERWRITER DEFENDANTS TO PLAINTIFFS' FOURTH AMENDED CONSOLIDATED SECURITIES CLASS ACTION COMPLAINT**

Defendants J.P. Morgan Securities LLC and Keefe, Bruyette & Woods, Inc. (together the "Underwriter Defendants") hereby state their answer to the Fourth Amended Consolidated Securities Class Action Complaint (the "Complaint") filed by Lead Plaintiffs Merced County Employees' Retirement Association, the Coral Springs Police Pension Fund, the St. Petersburg Firefighters' Retirement System, the Pompano Beach General Employees Retirement System, and the Automotive Industries Pension Trust Fund ("Lead Plaintiffs"). Unless otherwise stated, Underwriter Defendants answer based on their current knowledge as to themselves and upon information and belief as to all other parties. Underwriter Defendants state that all the allegations in the Complaint, unless specifically admitted, are denied. Underwriter Defendants, by their undersigned attorneys, answer the Complaint's numbered Paragraphs as follows:

Preamble: State that the allegations contained in the Preamble constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in the Preamble to the extent such allegations are directed against them, except admit only that the Preamble purports to reflect Lead Plaintiffs' characterization of the basis for their allegations, and lack

knowledge or information sufficient to form a belief as to the truth of the allegations in the Preamble insofar as they relate to other parties.

1. State that the allegations contained in Paragraph 1 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 1 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except admit only that the third sentence of Paragraph 1 purports to quote the April 10, 2013 criminal information in the action captioned *United States of America v. Joseph Terranova*, 1:13 cr-00039-GMS ("Criminal Information"), and refer to the Criminal Information for the true and complete content thereof.

2. State that the allegations contained in Paragraph 2 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 2 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except admit only that Paragraph 2 purports to state Lead Plaintiffs' definition of "Officer Defendants." The Underwriter Defendants refer to the SEC filings, press releases, and transcripts of the conference calls referenced in the second sentence of Paragraph 2 for the true and complete content thereof.

3. State that the allegations contained in Paragraph 3 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 3 to the extent such allegations are directed against them, and lack knowledge or information

sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

4. State that the allegations contained in Paragraph 4 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 4 to the extent such allegations are directed against them and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except admit only that the second sentence of Paragraph 4 purports to state Lead Plaintiffs' definition of the "Offering." The Underwriter Defendants refer to the Criminal Information, the 2009 Form 10-Qs and the 2009 Form 10-K referenced in Paragraph 4 for the true and complete content thereof.

5. State that the allegations contained in Paragraph 5 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 5 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except refer to the Criminal Information referenced in Paragraph 5 for the true and complete content thereof.

6. State that the allegations contained in Paragraph 6 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 6 to the extent such allegations are directed against them and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph insofar as they relate to other parties, except refer to the Criminal Information referenced in Paragraph 6 for the true and complete content thereof.

7. State that the allegations contained in Paragraph 7 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 7 to the extent such allegations are directed against them and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except refer to the Criminal Information referenced in Paragraph 7 for the true and complete content thereof.

8. State that the allegations contained in Paragraph 8 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 8 to the extent such allegations are directed against them and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except refer to the Criminal Information referenced in Paragraph 8 for the true and complete content thereof.

9. State that the allegations contained in Paragraph 9 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 9 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except refer to the Criminal Information referenced in Paragraph 9 for the true and complete content thereof.

10. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. State that the allegations contained in Paragraph 11 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, except refer to the Federal Reserve's 2007 review referenced in Paragraph 11 for the true and complete content thereof.

12. State that the allegations contained in Paragraph 12 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, except refer to the MOU referenced in Paragraph 12 for the true and complete content thereof.

13. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, except refer to the MOU and FBI Affidavits referenced in Paragraph 13 for the true and complete content thereof.

14. State that the allegations contained in Paragraph 14 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, except refer to the purported Delaware Review Memorandum for the true and complete content thereof.

15. State that the allegations contained in Paragraph 15 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 15 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except refer to the Criminal Information and FBI Affidavits referenced in Paragraph 15 for the true and complete content thereof.

16. State that the allegations contained in Paragraph 16 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. State that the allegations contained in Paragraph 18 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, except refer to *The New York Times* article referenced in Paragraph 20 for the true and complete content thereof.

21. State that the allegations contained in Paragraph 21 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 21 to the extent such allegations are directed against them, lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except refer to the statements by Charles Oberly and the May 15, 2013 *The News Journal* article referenced in Paragraph 21 for the true and complete content thereof.

22. State that the allegations contained in Paragraph 22 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. State that the allegations contained in Paragraph 23 constitute legal or other conclusions as to which no response is required, and further state that the allegations contained in Paragraph 23 are not asserted against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants admit only that Lead Plaintiffs purport to bring their claims under the statutes set forth in Paragraph 23, deny that Lead Plaintiffs have any valid claim against them to the extent such allegations are directed against the Underwriter Defendants, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they related to other parties.

24. State that the allegations contained in Paragraph 24 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants admit only that Lead Plaintiffs purport to allege claims under the statutes set forth in Paragraph 24, deny that Lead Plaintiffs have any valid claim against them to the extent such allegations are directed against the Underwriter Defendants, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

25. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. With respect to the first sentence of Paragraph 30, deny that Lead Plaintiffs "suffered damages as a result of the violations of the federal securities laws herein" and lack knowledge or information sufficient to form a belief as to the truth of the allegation that "Lead Plaintiffs purchased Wilmington common stock during the Class Period." The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 30, except refer to Appendix A of the Complaint for the true and complete content thereof.

31. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the February 23, 2010 public offering of common stock at issue in the above-captioned action (the "Offering").

32. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and refer to the 2008 Form 10-K and 2009 Form 10-K for the true and complete content thereof.

33. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

34. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

35. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

36. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

37. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

38. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

39. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

40. Admit that Paragraph 40 purports to state Lead Plaintiffs' definition of "Officer Defendants."

41. Admit only that the first sentence of Paragraph 41 purports to state Lead Plaintiffs' definition of "Audit Committee Defendants." The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41.

42. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

43. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

44. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

45. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

46. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

47. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

48. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

49. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

50. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

51. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering.

52. State that the allegations contained in Paragraph 52 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, except refer to the 2009 Annual Report, the 2008 Annual Report, and *The News Journal* article referenced in Paragraph 52 for the true and complete content thereof.

53. State that the allegations contained in Paragraph 53 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, except refer to the SunTrust Robinson Humphrey and Morgan Stanley analyses referenced in Paragraph 53 for the true and complete content thereof.

54. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, except admit only that the second sentence of Paragraph 54 purports to quote the Criminal Information, and refer to the Criminal Information referenced in Paragraph 54 for the true and complete content thereof.

55. State that the allegations contained in Paragraph 55 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, except refer to the Criminal Information referenced in Paragraph 55 and to Appendix B referenced in footnote 2 contained in Paragraph 55 for the true and complete content thereof.

56. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57. State that the allegations contained in Paragraph 57 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, except refer to the Criminal Information referenced in Paragraph 57 for the true and complete content thereof.

58. State that the allegations contained in Paragraph 58 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, except admit only that the second sentence of Paragraph 58 purports to state Lead Plaintiffs' definition of a "matured loan" and that footnote 3 contained in Paragraph 58 purports to quote the SEC Industry Guide 3, and refer to the Criminal Information referenced in Paragraph 58 and the SEC Industry Guide 3 referenced in footnote 3 contained in Paragraph 58 for the true and complete content thereof.

59. State that the allegations contained in Paragraph 59 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, except refer to the SEC filings and press releases referenced in the first sentence of Paragraph 59 and the Criminal Information referenced in third sentence of Paragraph 59 for the true and complete content thereof.

60. State that the allegations contained in Paragraph 60 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, except admit only that the second sentence of Paragraph 60 purports to quote what Lead Plaintiffs define as the "Nonaccrual Policy," and refer to the "Nonaccrual Policy" referenced in Paragraph 60 for the true and complete content thereof.

61. State that the allegations contained in Paragraph 61 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, except admit only that Lead Plaintiffs purport to quote 12 C.F.R. § 34.43(a)(7)(i) in the fourth sentence of Paragraph 61, and that the last sentence of Paragraph 61 purports to quote what Lead Plaintiffs define as the "Appraisal Policy." The Underwriter Defendants refer to the Criminal Information, the federal regulation, and the Appraisal Policy referenced in Paragraph 61 for the true and complete content thereof.

62. State that the allegations contained in Paragraph 62 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, except refer to the Criminal Information referenced in Paragraph 62 for the true and complete content thereof.

63. State that the allegations contained in Paragraph 63 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, except refer to the Criminal Information referenced in Paragraph 63 for the true and complete content thereof.

64. State that the allegations contained in Paragraph 64 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, except refer to the Criminal Information and the 2009 Form 10-K referenced in Paragraph 64 for the true and complete content thereof.

65. State that the allegations contained in Paragraph 65 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, except admit only that footnote 4 contained in Paragraph 65 purports to state Lead Plaintiffs' definition of "financial regulators," and refer to the Policy Statement referenced in Paragraph 65 for the true and complete content thereof.

66. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66.

67. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, except refer to the Criminal Information referenced in Paragraph 67 for the true and complete content thereof.

68. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, except refer to the Criminal Information referenced in Paragraph 68 for the true and complete content thereof.

69. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69.

70. State that the allegations contained in Paragraph 70 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, except refer to the Criminal Information referenced in Paragraph 70 for the true and complete content thereof.

71. State that the allegations contained in Paragraph 71 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, except refer to the Criminal Information referenced in Paragraph 71 for the true and complete content thereof.

72. State that the allegations contained in Paragraph 72 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

73. State that the allegations contained in Paragraph 73 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, except refer to the Criminal Information and the January 16, 2009 e-mail referenced in Paragraph 73 for the true and complete content thereof.

74. State that the allegations contained in Paragraph 74 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74, except refer to the April 8, 2009 e-mail referenced in Paragraph 74 for the true and complete content thereof.

75. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, except refer to the e-mail referenced in Paragraph 75 for the true and complete content thereof.

76. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, except refer to the e-mails referenced in Paragraph 76 for the true and complete content thereof.

77. State that the allegations contained in Paragraph 77 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, except refer to the Criminal Information referenced in Paragraph 77 for the true and complete content thereof.

78. State that the allegations contained in Paragraph 78 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, except refer to the Criminal Information and e-mail referenced in Paragraph 78 for the true and complete content thereof.

79. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, except refer to the October 29, 2009 e-mail referenced in Paragraph 79 for the true and complete content thereof.

80. State that the allegations contained in Paragraph 80 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80, except refer to the Criminal Information referenced in Paragraph 80 for the true and complete content thereof.

81. State that the allegations contained in Paragraph 81 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81.

82. State that the allegations contained in Paragraph 82 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

83. State that the allegations contained in Paragraph 83 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83.

84. State that the allegations contained in Paragraph 84 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, except refer to the SEC filings referenced in the last sentence of Paragraph 84 for the true and complete content thereof.

85. State that the allegations contained in Paragraph 85 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85, except refer to the Criminal Information referenced in Paragraph 85 for the true and complete content thereof.

86. State that the allegations contained in Paragraph 86 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86.

87. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87, except admit only that footnote 6 contained in Paragraph 87 purports to state Lead Plaintiffs' definition of LTV.

88. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

89. State that the allegations contained in Paragraph 89 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, except refer to the April 17, 2011 *The News Journal* article referenced in Paragraph 89 for the true and complete content thereof.

90. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90, except refer to the Criminal Information, MOU, and November 2010 *Wall Street Journal* article referenced in Paragraph 90 for the true and complete content thereof.

91. State that the allegations contained in Paragraph 91 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91, except admit only that the third sentence of Paragraph 91 purports to state Lead Plaintiffs' definition of "underwriting," and refer to the Criminal Information referenced in Paragraph 91 for the true and complete content thereof.

92. State that the allegations contained in Paragraph 92 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92, except admit only that the first sentence of Paragraph 92 purports to state Lead Plaintiffs' definition of the "10% Rule," and refer to the Criminal Information referenced in Paragraph 92 for the true and complete content thereof.

93. State that the allegations contained in Paragraph 93 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93, except refer to the Criminal Information referenced in Paragraph 93 for the true and complete content thereof.

94. State that the allegations contained in Paragraph 94 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94, except refer to the Criminal Information referenced in Paragraph 94 for the true and complete content thereof.

95. State that the allegations contained in Paragraph 95 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95, except refer to the letter from KPMG referenced in Paragraph 95 for the true and complete content thereof.

96. State that the allegations contained in Paragraph 96 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 96, except refer to the MOU for the true and complete content thereof.

97. State that the allegations contained in Paragraph 97 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, except refer to the Criminal Information and the SEC filings referenced in Paragraph 97 for the true and complete content thereof.

98. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, except refer to the Criminal Information referenced in Paragraph 98 for the true and complete content thereof.

99. State that the allegations contained in Paragraph 99 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, except refer to the Criminal Information referenced in Paragraph 99 for the true and complete content thereof.

100. State that the allegations contained in Paragraph 100 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, except refer to the Criminal Information referenced in Paragraph 100 for the true and complete content thereof.

101. State that the allegations contained in Paragraph 101 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 101, except refer to the Criminal Information referenced in Paragraph 101 for the true and complete content thereof.

102. State that the allegations contained in Paragraph 102 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102.

103. State that the allegations contained in Paragraph 103 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, except refer to the FBI Affidavits referenced in Paragraph 103 for the true and complete content thereof.

104. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, except refer to the MOU for the true and complete content thereof.

105. State that the allegations contained in Paragraph 105 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105.

106. State that the allegations contained in Paragraph 106 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

107. State that the allegations contained in Paragraph 107 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107.

108. State that the allegations contained in Paragraph 108 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108.

109. State that the allegations contained in Paragraph 109 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, except refer to the SEC filings referenced in Paragraph 109 for the true and complete content thereof.

110. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, except refer to the Criminal Information and FBI Affidavits referenced in Paragraph 110 for the true and complete content thereof.

111. State that the allegations contained in Paragraph 111 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111.

112. State that the allegations contained in Paragraph 112 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112, except refer to the Criminal Information and FBI Affidavits referenced in Paragraph 112 for the true and complete content thereof.

113. State that the allegations contained in Paragraph 113 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 113 to lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113, except refer to the Criminal Information and FBI Affidavits referenced in Paragraph 113 for the true and complete content thereof.

114. State that the allegations contained in Paragraph 114 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114, except refer to the Criminal Information and FBI Affidavits referenced in Paragraph 114 for the true and complete content thereof.

115. State that the allegations contained in Paragraph 115 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115, except refer to the Criminal Information and FBI Affidavits referenced in Paragraph 115 for the true and complete content thereof.

116. State that the allegations contained in Paragraph 116 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116, except refer to the Criminal Information and FBI Affidavits referenced in Paragraph 116 for the true and complete content thereof.

117. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117, except refer to the May 12, 2013 *The News Journal* article and e-mails referenced in Paragraph 117 for the true and complete content thereof.

118. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118, except refer to the e-mail referenced in Paragraph 118 for the true and complete content thereof.

119. State that the allegations contained in Paragraph 119 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119, except refer to the fax and attachments referenced in Paragraph 119 for the true and complete content thereof.

120. State that the allegations contained in Paragraph 120 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120, except refer to the Criminal Information and FBI Affidavits referenced in Paragraph 120 for the true and complete content thereof.

121. State that the allegations contained in Paragraph 121 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121, except refer to the FBI Affidavits referenced in Paragraph 121 for the true and complete content thereof.

122. State that the allegations contained in Paragraph 122 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122, except refer to the FBI Affidavits referenced in Paragraph 122 for the true and complete content thereof.

123. State that the allegations contained in Paragraph 123 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123, except refer to the FBI Affidavits and the August 2011 *News Journal* article referenced in Paragraph 123 for the true and complete content thereof.

124. State that the allegations contained in Paragraph 124 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124.

125. State that the allegations contained in Paragraph 125 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, except refer to the FBI Affidavits referenced in Paragraph 125 for the true and complete content thereof.

126. State that the allegations contained in Paragraph 126 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126, except refer to the FBI Affidavits referenced in Paragraph 126 for the true and complete content thereof.

127. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127, except refer to the FBI Affidavits referenced in Paragraph 127 for the true and complete content thereof.

128. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128, except refer to the FBI Affidavits referenced in Paragraph 128 for the true and complete content thereof.

129. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129, except refer to the FBI Affidavits referenced in Paragraph 129 for the true and complete content thereof.

130. State that the allegations contained in Paragraph 130 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, except refer to the FBI Affidavits referenced in Paragraph 130 for the true and complete content thereof.

131. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131, except refer to the FBI Affidavits referenced in Paragraph 131 for the true and complete content thereof.

132. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, except refer to the FBI Affidavits referenced in Paragraph 132 for the true and complete content thereof.

133. State that the allegations contained in Paragraph 133 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133.

134. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, except admit only that the second sentence of Paragraph 134 purports to state Lead Plaintiffs' definition of "Asset Review Group."

135. State that the allegations contained in Paragraph 135 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135.

136. State that the allegations contained in Paragraph 136 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136.

137. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137, except refer to the SEC filings referenced in Paragraph 137 for the true and complete content thereof.

138. State that the allegations contained in Paragraph 138 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138.

139. State that the allegations contained in Paragraph 139 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139.

140. State that the allegations contained in Paragraph 140 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140, except refer to the FBI Affidavits referenced in Paragraph 140 for the true and complete content thereof.

141. State that the allegations contained in Paragraph 141 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141.

142. State that the allegations contained in Paragraph 142 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142.

143. State that the allegations contained in Paragraph 143 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143.

144. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144.

145. State that the allegations contained in Paragraph 145 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145.

146. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146.

147. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147.

148. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148, except refer to the Criminal Information referenced in Paragraph 148 for the true and complete content thereof.

149. State that the allegations contained in Paragraph 149 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149.

150. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150, and refer to the MOU referenced in Paragraph 150 for the true and complete content thereof.

151. State that the allegations contained in Paragraph 151 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151, except refer to the Criminal Information referenced in Paragraph 151 for the true and complete content thereof.

152. State that the allegations contained in Paragraph 152 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152, except refer to the Federal Reserve's Commercial Bank Examination Manual and MOU referenced in Paragraph 152 for the true and complete content thereof.

153. State that the allegations contained in Paragraph 153 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153, except refer to the MOU

Compliance Report and the MOU referenced in Paragraph 153 for the true and complete content thereof.

154. State that the allegations contained in Paragraph 154 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154, except refer to the MOU referenced in Paragraph 154 for the true and complete content thereof.

155. State that the allegations contained in Paragraph 155 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155, except refer to the MOU and the MOU Compliance Report referenced in Paragraph 155 for the true and complete content thereof.

156. State that the allegations contained in Paragraph 156 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156, except refer to the MOU and the MOU Compliance Report referenced in Paragraph 156 for the true and complete content thereof.

157. State that the allegations contained in Paragraph 157 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157, except refer to the FBI Affidavits referenced in Paragraph 157 for the true and complete content thereof.

158. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158.

159. State that the allegations contained in Paragraph 159 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159, except refer to the Delaware Review Memorandum, Criminal Information, and FBI Affidavits referenced in Paragraph 159 for the true and complete content thereof.

160. State that the allegations contained in Paragraph 160 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160, except refer to the Delaware Review Memorandum for the true and complete content thereof.

161. State that the allegations contained in Paragraph 161 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161, except refer to the 2009 Form 10-K referenced in Paragraph 161 for the true and complete content thereof.

162. State that the allegations contained in Paragraph 162 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162, except refer to the Criminal Information referenced in Paragraph 162 for the true and complete content thereof.

163. State that the allegations contained in Paragraph 163 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163, except admit only that Paragraph 163 purports to state Lead Plaintiffs' characterization of GAAP, and refer to FAS 5 and SAB 102 referenced in Paragraph 163 for the true and complete content thereof.

164. State that the allegations contained in Paragraph 164 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164, except refer to the Criminal Information referenced in Paragraph 164 for the true and complete content thereof.

165. State that the allegations contained in Paragraph 165 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165.

166. State that the allegations contained in Paragraph 166 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166, except refer to the Criminal Information referenced in Paragraph 166 for the true and complete content thereof.

167. State that the allegations contained in Paragraph 167 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167.

168. State that the allegations contained in Paragraph 168 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168.

169. State that the allegations contained in Paragraph 169 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169.

170. State that the allegations contained in Paragraph 170 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170.

171. State that the allegations contained in Paragraph 171 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171.

172. State that the allegations contained in Paragraph 172 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172.

173. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173.

174. State that the allegations contained in Paragraph 174 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174, except refer to FAS 5 referenced in Paragraph 174 for the true and complete content thereof.

175. State that the allegations contained in Paragraph 175 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175.

176. State that the allegations contained in Paragraph 176 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176.

177. State that the allegations contained in Paragraph 177 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177, refer to the MOU for the true and complete content thereof.

178. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178, except refer to the January 29, 2010 press release for the true and complete content thereof.

179. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179, except admit only that Paragraph 179 purports to quote an April 23, 2010 Morgan Stanley report and an April 26, 2010 RBC Capital Markets report, and refer to the April 23, 2010 Morgan Stanley report and the April 26, 2010 RBC Capital Markets report referred to in Paragraph 179 for the true and complete content thereof.

180. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180.

181. State that the allegations contained in Paragraph 181 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181.

182. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182, except admit only that Paragraph 182 purports to quote a June 7, 2010 RBC Capital Markets report, and refer to the June 7, 2010 RBC Capital Markets report referenced in the third sentence of Paragraph 182.

183. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183.

184. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184.

185. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185.

186. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186.

187. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187, except admit only that Paragraph 187 purports to quote a June 23, 2010 SunTrust Robinson Humphrey report, and refer to the June 23, 2010 SunTrust Robinson Humphrey report referenced in Paragraph 187 for the true and complete content thereof.

188. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188, except admit only that Paragraph 188 purports to quote a June 23, 2010 SunTrust Robinson Humphrey report, and refer to the June

23, 2010 SunTrust Robinson Humphrey report referenced in Paragraph 188 for the true and complete content thereof.

189. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189.

190. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190.

191. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191, except refer to the July 23, 2010 press release referenced in Paragraph 191 for the true and complete content thereof.

192. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192, except refer to the July 23, 2010 conference call transcript referenced in Paragraph 192 for the true and complete content thereof.

193. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193, except refer to the July 23, 2010 conference call transcript referenced in Paragraph 193 for the true and complete content thereof.

194. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194.

195. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195, except admit only that Paragraph 195 purports to quote a RBC Capital Markets report, dated August 10, 2010, and refer to the RBC Capital Markets report, dated August 10, 2010 for the true and complete content thereof.

196. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196, except refer to the Bloomberg article referenced in Paragraph 196 for the true and complete content thereof.

197. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197.

198. State that the allegations contained in Paragraph 198 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198.

199. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199.

200. State that the allegations contained in Paragraph 200 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200, except admit only that footnote 10 contained in Paragraph 200 purports to provide the definition of “deferred tax asset” under GAAP, and refer to the definition of “deferred tax asset” under GAAP and to the MOU referenced in Paragraph 200 for the true and complete content thereof.

201. State that the allegations contained in Paragraph 201 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201.

202. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202.

203. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203.

204. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204.

205. State that the allegations contained in Paragraph 205 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205.

206. State that the allegations contained in Paragraph 206 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206.

207. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207.

208. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208, except refer to the news articles referenced in Paragraph 208 for the true and complete content thereof.

209. State that the allegations contained in Paragraph 209 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209.

210. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210, except refer to the Merger Proxy for the true and complete content thereof.

211. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211.

212. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212, except refer to the annual report for fiscal year 2010 and the December 14, 2011 *The News Journal* article referenced in Paragraph 212 for the true and complete content thereof.

213. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213, except refer to December 14, 2011 *The News Journal* article referenced in Paragraph 213 for the true and complete content thereof.

214. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214, except refer to the FBI Affidavits referenced in Paragraph 214 for the true and complete content thereof.

215. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215, except refer to the statements by U.S. Attorney Oberly referenced in Paragraph 215 for the true and complete content thereof.

216. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216, except refer to the May 12, 2013 *The News Journal* article referenced in Paragraph 216 for the true and complete content thereof.

217. State that the allegations contained in Paragraph 217 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Forms 10-K, Forms 10-Q, and Form 10-Q for the second quarter of 2010 for the true and complete content thereof.

218. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings and press releases referenced in Paragraph 218 for the true and complete content thereof.

219. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219, except deny that any false and misleading statements were made in connection with the Offering.

220. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings and Criminal Information referenced in Paragraph 220 for the true and complete content thereof.

221. State that the allegations contained in Paragraph 221 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and the SEC filings referenced in Paragraph 221 for the true and complete content thereof.

222. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and SEC filings referenced in Paragraph 222 for the true and complete content thereof.

223. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 223 for the true and complete content thereof.

224. State that the allegations contained in Paragraph 224 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 224 for the true and complete content thereof.

225. State that the allegations contained in Paragraph 225 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and the SEC filings referenced in Paragraph 225 for the true and complete content thereof.

226. State that the allegations contained in Paragraph 226 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226, except deny that any false

and misleading statements were made in connection with the Offering, and refer to the Criminal Information and the SEC filings referenced in Paragraph 226 for the true and complete content thereof.

227. State that the allegations contained in Paragraph 227 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 227, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and the SEC filings referenced in Paragraph 227 for the true and complete content thereof.

228. State that the allegations contained in Paragraph 228 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 228, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings and SEC Industry Guide referenced in Paragraph 228 for the true and complete content thereof.

229. State that the allegations contained in Paragraph 229 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229, except deny that any false and misleading statements were made in connection with the Offering.

230. State that the allegations contained in Paragraph 230 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 230, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 230 for the true and complete content thereof.

231. State that the allegations contained in Paragraph 231 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231, except deny that any false and misleading statements were made in connection with the Offering.

232. State that the allegations contained in Paragraph 232 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 232 for the true and complete content thereof.

233. State that the allegations contained in Paragraph 233 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 233 for the true and complete content thereof.

234. State that the allegations contained in Paragraph 234 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234, except deny that any false and misleading statements were made in connection with the Offering.

235. State that the allegations contained in Paragraph 235 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235, except deny that any false and misleading statements were made in connection with the Offering, and refer to the 2007 10-K referenced in Paragraph 235 for the true and complete content thereof.

236. State that the allegations contained in Paragraph 236 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and SEC regulation referenced in Paragraph 236 for the true and complete content thereof.

237. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 237, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 237 for the true and complete content thereof.

238. State that the allegations contained in Paragraph 238 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and MOU referenced in Paragraph 238 for the true and complete content thereof.

239. State that the allegations contained in Paragraph 239 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 239 for the true and complete content thereof.

240. State that the allegations contained in Paragraph 240 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240, except deny that any false and misleading statements were made in connection with the Offering.

241. State that the allegations contained in Paragraph 241 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and FBI Affidavits referenced in Paragraph 241 for the true and complete content thereof.

242. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 242 for the true and complete content thereof.

243. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243, except deny that any false and misleading

statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 243 for the true and complete content thereof.

244. State that the allegations contained in Paragraph 244 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 244, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and FBI Affidavits referenced in Paragraph 244 for the true and complete content thereof.

245. State that the allegations contained in Paragraph 245 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 245, except deny that any false and misleading statements were made in connection with the Offering, and refer to the FBI Affidavits and MOU referenced in Paragraph 245 for the true and complete content thereof.

246. State that the allegations contained in Paragraph 246 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings and Criminal Information referenced in Paragraph 246 for the true and complete content thereof.

247. State that the allegations contained in Paragraph 247 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 247, except deny that any false and misleading statements were made in connection with the Offering.

248. State that the allegations contained in Paragraph 248 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 248 for the true and complete content thereof.

249. State that the allegations contained in Paragraph 249 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249, except deny that any false and misleading statements were made in connection with the Offering.

250. State that the allegations contained in Paragraph 250 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 250, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 250 for the true and complete content thereof.

251. State that the allegations contained in Paragraph 251 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 251, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 251 for the true and complete content thereof.

252. State that the allegations contained in Paragraph 252 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252, except deny that any false and misleading statements were made in connection with the Offering, and refer to the FBI Affidavits, Delaware Review Memorandum, MOU, and Criminal Information referenced in Paragraph 252 for the true and complete content thereof.

253. State that the allegations contained in Paragraph 253 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 253, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 253 for the true and complete content thereof.

254. State that the allegations contained in Paragraph 254 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 254, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 254 for the true and complete content thereof.

255. State that the allegations contained in Paragraph 255 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255, except deny that any false and misleading statements were made in connection with the Offering.

256. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 256 for the true and complete content thereof.

257. State that the allegations contained in Paragraph 257 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 257, except deny that any false and misleading statements were made in connection with the Offering.

258. State that the allegations contained in Paragraph 258 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 258, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information, FBI Affidavits, and MOU referenced in Paragraph 258 for the true and complete content thereof.

259. State that the allegations contained in Paragraph 259 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 259, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 259 for the true and complete content thereof.

260. State that the allegations contained in Paragraph 260 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 260, except deny any that false and misleading statements were made in connection with the Offering, and refer to the January 18, 2008 conference call transcript and to the Criminal Information referenced in Paragraph 260 for the true and complete content thereof.

261. State that the allegations contained in Paragraph 261 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 261, except deny that any false and misleading statements were made in connection with the Offering.

262. State that the allegations contained in Paragraph 262 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 262, except deny that any false and misleading statements were made in connection with the Offering, and refer to the April 24, 2009 conference call transcript referenced in Paragraph 262 for the true and complete content thereof.

263. State that the allegations contained in Paragraph 263 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 263, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 263 for the true and complete content thereof.

264. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 264, except deny that any false and misleading statements were made in connection with the Offering, and refer to the July 24, 2009

conference call transcript referenced in Paragraph 264 for the true and complete content thereof.

265. State that the allegations contained in Paragraph 265 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 265 for the true and complete content thereof.

266. State that the allegations contained in Paragraph 266 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 266, except deny that any false and misleading statements were made in connection with the Offering, and refer to the October 23, 2009 conference call transcript referenced in Paragraph 266 for the true and complete content thereof.

267. State that the allegations contained in Paragraph 267 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and MOU referenced in Paragraph 267 for the true and complete content thereof.

268. State that the allegations contained in Paragraph 268 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 268, except deny that any false and misleading statements were made in connection with the Offering, and refer to the October 23, 2009 conference call transcript referenced in Paragraph 268 for the true and complete content thereof.

269. State that the allegations contained in Paragraph 269 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 269, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 269 for the true and complete content thereof.

270. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270, except deny that any false and misleading statements were made in connection with the Offering, and refer to the October 23, 2009 conference call transcript referenced in Paragraph 270 for the true and complete content thereof.

271. State that the allegations contained in Paragraph 271 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 271, except deny that any false and misleading statements were made in connection with the Offering, and refer to the MOU and Criminal Information referenced in Paragraph 271 for the true and complete content thereof.

272. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 272, except deny that any false and misleading statements were made in connection with the Offering, and refer to the April 23, 2010

conference call transcript referenced in Paragraph 272 for the true and complete content thereof.

273. State that the allegations contained in Paragraph 273 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 273, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 273 for the true and complete content thereof.

274. State that the allegations contained in Paragraph 274 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 274, except deny that any false and misleading statements were made in connection with the Offering.

275. State that the allegations contained in Paragraph 275 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 275, except deny that any false and misleading statements were made in connection with the Offering, and refer to the June 4, 2010 conference call transcript and the Delaware Review Memorandum referenced in Paragraph 275 for the true and complete content thereof.

276. State that the allegations contained in Paragraph 276 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276, except deny that any false and misleading statements were made in connection with the Offering, and refer to the

Criminal Information, Delaware Status Memorandum, and the July 23, 2010 conference call transcript referenced in Paragraph 276 for the true and complete content thereof.

277. State that the allegations contained in Paragraph 277 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 277, except deny that any false and misleading statements were made in connection with the Offering, and refer to the July 23, 2010 conference call transcript, Criminal Information, MOU, and the Delaware Review Memorandum referenced in Paragraph 277 for the true and complete content thereof.

278. State that the allegations contained in Paragraph 278 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 278, except deny that any false and misleading statements were made in connection with the Offering.

279. State that the allegations contained in Paragraph 279 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 279 for the true and complete content thereof.

280. State that the allegations contained in Paragraph 280 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 280, except deny that any false

and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 280 for the true and complete content thereof.

281. State that the allegations contained in Paragraph 281 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 281, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 281 for the true and complete content thereof.

282. State that the allegations contained in Paragraph 282 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 282, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 282 for the true and complete content thereof.

283. State that the allegations contained in Paragraph 283 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 283, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 283 for the true and complete content thereof.

284. State that the allegations contained in Paragraph 284 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 284, except deny that any false and misleading statements were made in connection with the Offering.

285. State that the allegations contained in Paragraph 285 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 285, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Delaware Review Memorandum referenced in Paragraph 285 for the true and complete content thereof.

286. State that the allegations contained in Paragraph 286 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 286, except deny that any false and misleading statements were made in connection with the Offering.

287. State that the allegations contained in Paragraph 287 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 287, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 287 for the true and complete content thereof.

288. State that the allegations contained in Paragraph 288 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 288, except deny that any false and misleading statements were made in connection with the Offering, and refer to the MOU for the true and complete content thereof.

289. State that the allegations contained in Paragraph 289 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 289, except deny that any false and misleading statements were made in connection with the Offering.

290. State that the allegations contained in Paragraph 290 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 290, except deny that any false and misleading statements were made in connection with the Offering.

291. State that the allegations contained in Paragraph 291 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 291, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information, FBI Affidavits, and MOU Compliance Report referenced in Paragraph 291 for the true and complete content thereof.

292. State that the allegations contained in Paragraph 292 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 292, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information, FBI Affidavits, MOU Compliance Report, and MOU referenced in Paragraph 292 for the true and complete content thereof.

293. State that the allegations contained in Paragraph 293 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 293, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information, FBI Affidavits, MOU Compliance Report, and MOU referenced in Paragraph 293 for the true and complete content thereof.

294. State that the allegations contained in Paragraph 294 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 294, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information, FBI Affidavits, and MOU Compliance Report referenced in Paragraph 294 for the true and complete content thereof.

295. State that the allegations contained in Paragraph 295 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 295, except deny that any false and misleading statements were made in connection with the Offering, and refer to the FBI Affidavits and MOU Compliance Report referenced in Paragraph 295 for the true and complete content thereof.

296. State that the allegations contained in Paragraph 296 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 296, except deny that any false

and misleading statements were made in connection with the Offering, and admit only that the first sentence of Paragraph 296 purports to state Lead Plaintiffs' understanding of GAAP and that the second sentence of Paragraph 296 purports to state Lead Plaintiffs' characterization of the SEC's authority with respect to GAAP, and refer to the SEC Regulation referenced in the third sentence of Paragraph 296 for the true and complete content thereof.

297. State that the allegations contained in Paragraph 297 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 297, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 297 purports to state Lead Plaintiffs' understanding of GAAP, and refer to the Statement of Financial Accounting Standards No. 5 referenced in Paragraph 297 for the true and complete content thereof.

298. State that the allegations contained in Paragraph 298 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 298, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 298 purports to state Lead Plaintiffs' understanding of the first prong Statement of Financial Accounting Standards No. 5, and refer to the Statement of Financial Accounting Standards No. 114 referenced in Paragraph 298 for the true and complete content thereof.

299. State that the allegations contained in Paragraph 299 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 299, except deny that any false and misleading statements were made in connection with the Offering, and admit only that the first sentence of Paragraph 299 purports to state Lead Plaintiffs' understanding of the second prong of Statement of Financial Accounting Standards No. 5, and refer to the Financial Accounting Standards Board Interpretation No. 14 referenced in Paragraph 299 for the true and complete content thereof.

300. State that the allegations contained in Paragraph 300 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 300, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 300 purports to state Lead Plaintiffs' understanding of SEC Staff Accounting Bulletin No. 102, and refer to SEC Staff Accounting Bulletin No. 102 referenced in Paragraph 300 for the true and complete content thereof.

301. State that the allegations contained in Paragraph 301 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 301, except deny that any false and misleading statements were made in connection with the Offering, and refer to the American Institute of Certified Public Accountants' Audit and Accounting Guide for Depository and Lending Institutions: Banks and Savings Institutions, Credit Unions, Finance Companies and Mortgage Companies referenced in the second sentence of Paragraph 301 for the true and complete content thereof.

302. State that the allegations contained in Paragraph 302 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 302, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 302 purports to quote the Interagency Guidance on the Allowance for Loan and Lease Losses, and refer to the Interagency Guidance on the Allowance for Loan and Lease Losses referenced in Paragraph 302 for the true and complete content thereof.

303. State that the allegations contained in Paragraph 303 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 303, except deny that any false and misleading statements were made in connection with the Offering, and refer to GAAS and the report referenced in Paragraph 303 for the true and complete content thereof.

304. State that the allegations contained in Paragraph 304 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 304, except deny that any false and misleading statements were made in connection with the Offering, and refer to the report referenced in Paragraph 304 for the true and complete content thereof.

305. State that the allegations contained in Paragraph 305 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 305, except deny that any false and misleading statements were made in connection with the Offering, and refer to the certification referenced in Paragraph 305 for the true and complete content thereof.

306. State that the allegations contained in Paragraph 306 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 306, except deny that any false and misleading statements were made in connection with the Offering.

307. State that the allegations contained in Paragraph 307 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 307, except deny that any false and misleading statements were made in connection with the Offering, and admit only that footnote 70 contained in the first sentence of Paragraph 307 purports to state Lead Plaintiffs' characterization of the PCAOB and that the first sentence of Paragraph 307 purports to state Lead Plaintiffs' characterization of a KPMG audit opinion, and refer to the KPMG audit opinion referenced in the first sentence for the true and complete content thereof. The Underwriter Defendants further admit only that the remainder of Paragraph 307 purports to quote the GAAS reporting standards, and refer to the GAAS reporting standards for the true and complete content thereof.

308. State that the allegations contained in Paragraph 308 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 308, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 308 purports to state Lead Plaintiffs' understanding of the GAAS reporting standards, and refer to the GAAS reporting standards for the true and complete content thereof.

309. State that the allegations contained in Paragraph 309 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 309, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 309 purports to state Lead Plaintiffs' understanding of the GAAS reporting standards, and refer to the GAAS reporting standards for the true and complete content thereof.

310. State that the allegations contained in Paragraph 310 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 310, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 310 purports to quote the GAAS reporting standards, and refer to the GAAS reporting standards for the true and complete content thereof.

311. State that the allegations contained in Paragraph 311 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 311, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 311 purports to state Lead Plaintiffs' understanding of the GAAS reporting standards, and refer to the GAAS reporting standards referenced in Paragraph 311 for the true and complete content thereof.

312. State that the allegations contained in Paragraph 312 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 312, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 312 purports to state Lead Plaintiffs' understanding of the GAAS reporting standards, and refer to the GAAS reporting standards for the true and complete content thereof.

313. State that the allegations contained in Paragraph 313 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 313, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 313 purports to state Lead Plaintiffs' understanding of the GAAS reporting standards and purports to quote the GAAS reporting standards, and refer to the GAAS reporting standards referenced in Paragraph 313 for the true and complete content thereof.

314. State that the allegations contained in Paragraph 314 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 314, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 314 purports to state Lead Plaintiffs' understanding of the GAAS reporting standards, and refer to the GAAS reporting standards for the true and complete content thereof.

315. State that the allegations contained in Paragraph 315 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 315, except deny that any false and misleading statements were made in connection with the Offering, and admit only that the second sentence of Paragraph 315 purports to state Lead Plaintiffs' understanding of the GAAS reporting standards, and refer to the GAAS reporting standards for the true and complete content thereof.

316. State that the allegations contained in Paragraph 316 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 316, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 316 purports to quote a 2007 ARA and the AICPA website, and refer to the 2007 ARA and the AICPA referenced in Paragraph 316 for the true and complete content thereof.

317. State that the allegations contained in Paragraph 317 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 317, except deny that any false and misleading statements were made in connection with the Offering, and admit only that Paragraph 317 purports to state Lead Plaintiffs' understanding of the AAG, and refer to the AAG the true and complete content thereof.

318. State that the allegations contained in Paragraph 318 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 318, except deny that any false and misleading statements were made in connection with the Offering, and refer to the AAG referenced in Paragraph 318 for the true and complete content thereof.

319. State that the allegations contained in Paragraph 319 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 319, except deny that any false and misleading statements were made in connection with the Offering, and refer to the GAAS reporting standards referenced in Paragraph 319 for the true and complete content thereof.

320. State that the allegations contained in Paragraph 320 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 320, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Management Letter referenced in the second sentence of Paragraph 320 for the true and complete content thereof.

321. State that the allegations contained in Paragraph 321 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 321, except deny that any false and misleading statements were made in connection with the Offering.

322. State that the allegations contained in Paragraph 322 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 322, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and FBI Affidavits referenced in Paragraph 322 for the true and complete content thereof.

323. State that the allegations contained in Paragraph 323 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 323, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and 2008 Form 10-K referenced in Paragraph 323 for the true and complete content thereof.

324. State that the allegations contained in Paragraph 324 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 324, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information and the FBI Affidavits referenced in Paragraph 324 for the true and complete content thereof.

325. State that the allegations contained in Paragraph 325 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 325, except deny that any false and misleading statements were made in connection with the Offering, and refer to the FBI Affidavits referenced in Paragraph 325 for the true and complete content thereof.

326. State that the allegations contained in Paragraph 326 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 326, except deny that any false and misleading statements were made in connection with the Offering.

327. State that the allegations contained in Paragraph 327 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 327, except deny that any false and misleading statements were made in connection with the Offering, and refer to the MOU and GAAS audit reporting standards referenced in Paragraph 327 for the true and complete content thereof.

328. State that the allegations contained in Paragraph 328 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 328, except deny that any false and misleading statements were made in connection with the Offering, and refer to the October 29, 2009 email referenced in Paragraph 328 for the true and complete content thereof.

329. State that the allegations contained in Paragraph 329 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 329, except deny that any false and misleading statements were made in connection with the Offering.

330. State that the allegations contained in Paragraph 330 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 330, except deny that any false and misleading statements were made in connection with the Offering, and admit only that

the first and second sentences of Paragraph 330 purport to be Lead Plaintiffs' understanding of the requirements of GAAS, and refer to GAAS for the true and complete content thereof.

331. State that the allegations contained in Paragraph 331 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 331, except deny that any false and misleading statements were made in connection with the Offering.

332. State that the allegations contained in Paragraph 332 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 332, except deny that any false and misleading statements were made in connection with the Offering.

333. State that the allegations contained in Paragraph 333 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 333, except deny that any false and misleading statements were made in connection with the Offering.

334. State that the allegations contained in Paragraph 334 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 334 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph insofar as they relate to other parties.

335. State that the allegations contained in Paragraph 335 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants deny the allegations contained in Paragraph 335 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph insofar as they relate to other parties.

336. State that the allegations contained in Paragraph 336 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 336 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph insofar as they relate to other parties.

337. State that the allegations contained in Paragraph 337 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 337 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph insofar as they relate to other parties.

338. State that the allegations contained in Paragraph 338 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 338 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph insofar as they relate to other parties.

339. State that the allegations contained in Paragraph 339 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 339.

340. State that the allegations contained in Paragraph 340 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 340 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph insofar as they relate to other parties.

341. Answer the allegations in Paragraph 341 in accordance with their answers to the allegations in Paragraphs 1 through 340, inclusive, as set forth above.

342. State that the allegations contained in Paragraph 342 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 342 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

343. State that the allegations contained in Paragraph 343 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 343 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

344. State that the allegations contained in Paragraph 344 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in

Paragraph 344 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

345. State that the allegations contained in Paragraph 345 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 345 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

346. State that the allegations contained in Paragraph 346 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 346 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

347. State that the allegations contained in Paragraph 347 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 347 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

348. State that the allegations contained in Paragraph 348 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 348 to the extent such allegations are directed against them, and lack knowledge or

information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

349. State that the allegations contained in Paragraph 349 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 349 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

350. State that the allegations contained in Paragraph 350 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 350 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

351. State that the allegations contained in Paragraph 351 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 351 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

352. State that the allegations contained in Paragraph 352 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 352 to the extent such allegations are directed against them, and lack knowledge or

information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

353. Answer the allegations in Paragraph 353 in accordance with their answers to the allegations in Paragraphs 1 through 352, inclusive, as set forth above.

354. State that the allegations contained in Paragraph 354 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 354 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

355. State that the allegations contained in Paragraph 355 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 355 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

356. State that the allegations contained in Paragraph 356 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 356 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

357. State that the allegations contained in Paragraph 357 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in

Paragraph 357 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

358. State that the allegations contained in Paragraph 358 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 358 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

359. State that the allegations contained in Paragraph 359 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 359 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

360. State that the allegations contained in Paragraph 360 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 360 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

361. Answer the allegations in Paragraph 361 in accordance with their answers to the allegations in Paragraphs 1 through 360, inclusive, as set forth above.

362. State that the allegations contained in Paragraph 362 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that

any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 362 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

363. State that the allegations contained in Paragraph 363 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 363 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

364. State that the allegations contained in Paragraph 364 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 364 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

365. State that the allegations contained in Paragraph 365 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 365 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

366. State that the allegations contained in Paragraph 366 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in

Paragraph 366 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

367. State that the allegations contained in Paragraph 367 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 367 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

368. State that the allegations contained in Paragraph 368 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 368 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

369. State that the allegations contained in Paragraph 369 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 369 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

370. State that the allegations contained in Paragraph 370 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 370 to the extent such allegations are directed against them, and lack knowledge or

information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

371. State that the allegations contained in Paragraph 371 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 371 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

372. Answer the allegations in Paragraph 372 in accordance with their answers to the allegations in Paragraphs 1 through 371, inclusive, as set forth above.

373. State that the allegations contained in Paragraph 373 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 373 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

374. State that the allegations contained in Paragraph 374 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 374 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

375. State that the allegations contained in Paragraph 375 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in

Paragraph 375 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

376. State that the allegations contained in Paragraph 376 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 376 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

377. State that the allegations contained in Paragraph 377 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 377 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

378. State that the allegations contained in Paragraph 378 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 378 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

379. State that the allegations contained in Paragraph 379 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 379 to the extent such allegations are directed against them, and lack knowledge or

information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

380. State that the allegations contained in Paragraph 380 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 380 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

381. State that the allegations contained in Paragraph 381 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 381 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

382. State that the allegations contained in Paragraph 382 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 382 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

383. State that the allegations contained in Paragraph 383 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 383 to the extent such allegations are directed against them, and lack knowledge or

information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

384. State that the allegations contained in Paragraph 384 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 384 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

385. State that the allegations contained in Paragraph 385 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 385 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

386. State that the allegations contained in Paragraph 386 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 386 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as relates to other parties.

387. State that the allegations contained in Paragraph 387 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants state that Lead Plaintiffs purport to allege claims under the statute set forth in Paragraph 387, deny that Lead Plaintiffs have any valid claim against them to the extent such allegations are directed against Underwriter Defendants, and

lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

388. Admit only that on February 23, 2010, an offering was issued to the public of shares of common stock at an offering price of $13.25 per share. The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 388.

389. Admit only that the Offering was conducted pursuant to a Form S-3ASR Registration Statement filed with the SEC on November 29, 2007, Post-Effective Amendment No. 2 filed with the SEC on January 12, 2009 (collectively, the "Registration Statement"), a Prospectus filed with the SEC on a Form 424B3 dated January 12, 2009 (the "Prospectus"), and a Prospectus Supplement filed with the SEC on a Form 424B5 dated February 23, 2010 (the "Prospectus Supplement," together with the Registration Statement and Prospectus, the "Offering Documents").

390. State that the allegations contained in Paragraph 390 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 390 and state that, pursuant to 17 C.F.R.§ 230.412 (2011), the Bank's 2009 10-K superseded and replaced the older SEC filings referenced in Paragraph 390 as the Offering Documents for the Offering.

391. State that the allegations contained in Paragraph 391 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 391.

392. State that the allegations contained in Paragraph 392 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 392,

except admit only that Lead Plaintiffs purport to allege claims under the statute set forth in Paragraph 392 and admit that Paragraph 392 purports to state Lead Plaintiffs' definition of "Securities Act Defendants."

393. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 393, except admit only that Defendant Wilmington was the issuer of the common stock offered pursuant to the Offering.

394. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 394, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and refer to the Offering Documents referenced in Paragraph 394 for the true and complete content thereof.

395. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 395, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and refer to the Offering Documents referenced in Paragraph 395 for the true and complete content thereof.

396. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 396, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and refer to the Offering Documents referenced in Paragraph 396 for the true and complete content thereof.

397. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 397, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and refer to the Offering Documents referenced in Paragraph 397 for the true and complete content thereof.

398. State that the allegations contained in Paragraph 398 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 398, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and refer to the Offering Documents referenced in Paragraph 398 for the true and complete content thereof.

399. State that the allegations contained in Paragraph 399 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 399, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and refer to the Offering Documents referenced in Paragraph 399 for the true and complete content thereof.

400. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 400, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and refer to the Offering Documents referenced in Paragraph 400 for the true and complete content thereof.

401. Deny the allegations contained in Paragraph 401, except admit only that J.P. Morgan Securities LLC acted as co-underwriter in connection with the Offering and is headquartered in New York, New York, and refer to the Offering Documents for the true and complete content thereof.

402. Deny the allegations contained in Paragraph 402, except admit only that Keefe, Bruyette & Woods, Inc. acted as co-underwriter in connection with the Offering, and refer to the Offering Documents for the true and complete content thereof.

403. State that the allegations contained in Paragraph 403 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 403,

except refer to the Offering Documents and Criminal Information referenced in Paragraph 403 for the true and complete content thereof.

404. State that the allegations contained in Paragraph 404 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 404, except refer to the SEC filings referenced in Paragraph 404 for the true and complete content thereof.

405. State that the allegations contained in Paragraph 405 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 405, except refer to the SEC filings and Criminal Information referenced in Paragraph 405 for the true and complete content thereof.

406. State that the allegations contained in Paragraph 406 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 406, except refer to the Offering Documents and Criminal Information referenced in Paragraph 406 for the true and complete content thereof.

407. State that the allegations contained in Paragraph 407 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 407, except refer to the SEC filings and Criminal Information referenced in Paragraph 407 for the true and complete content thereof.

408. State that the allegations contained in Paragraph 408 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 408,

except refer to the Offering Documents and Criminal Information referenced in Paragraph 408 for the true and complete content thereof.

409. State that the allegations contained in Paragraph 409 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 409, except refer to the Offering Documents, SEC filings, Criminal Information, SFAS No. 114, ASC 310, Regulation S-K, and the SEC Industry Guide referenced in Paragraph 409 for the true and complete content thereof.

410. State that the allegations contained in Paragraph 410 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 410, except refer to the Offering Documents and SEC filings referenced in Paragraph 410 for the true and complete content thereof.

411. State that the allegations contained in Paragraph 411 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 411.

412. State that the allegations contained in Paragraph 412 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 412, except refer to the Criminal Information referenced in Paragraph 412 for the true and complete content thereof.

413. State that the allegations contained in Paragraph 413 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 413,

except refer to the Criminal Information referenced in Paragraph 413 for the true and complete content thereof.

414. State that the allegations contained in Paragraph 414 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 414.

415. State that the allegations contained in Paragraph 415 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 415, except refer to the Offering Documents and 2007 10-K referenced in Paragraph 415 for the true and complete content thereof.

416. State that the allegations contained in Paragraph 416 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 416, except refer to the Criminal Information referenced in Paragraph 416 for the true and complete content thereof.

417. Deny the allegations contained in Paragraph 417 to the extent such allegations are directed against them, except refer to the SEC filings referenced in Paragraph 417 for the true and complete content thereof.

418. State that the allegations contained in Paragraph 418 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 418, except refer to the Criminal Information and MOU referenced in Paragraph 418 for the true and complete content thereof.

419. State that the allegations contained in Paragraph 419 constitute legal or other conclusions as to which no response is required. To the extent that any response may

be required, the Underwriter Defendants deny the allegations contained in Paragraph 419, except refer to the SEC filings referenced in Paragraph 419 for the true and complete content thereof.

420. State that the allegations contained in Paragraph 420 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 420.

421. State that the allegations contained in Paragraph 421 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 421.

422. Deny the allegations contained in Paragraph 422 to the extent such allegations are directed against them, except refer to the SEC filings referenced in Paragraph 422 for the true and complete content thereof.

423. Deny the allegations contained in Paragraph 423 to the extent such allegations are directed against them, except refer to the SEC filings referenced in Paragraph 423 for the true and complete content thereof.

424. State that the allegations contained in Paragraph 424 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 424, except refer to the Criminal Information and FBI Affidavits referenced in Paragraph 424 for the true and complete content thereof.

425. State that the allegations contained in Paragraph 425 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 425, except refer to the FBI Affidavits referenced in Paragraph 425 for the true and complete content thereof.

426. State that the allegations contained in Paragraph 426 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 426, except refer to the SEC filings and Criminal Information referenced in Paragraph 426 for the true and complete content thereof.

427. State that the allegations contained in Paragraph 427 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 427, except refer to the Offering Documents and SEC filings referenced in Paragraph 427 for the true and complete content thereof.

428. State that the allegations contained in Paragraph 428 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 428.

429. State that the allegations contained in Paragraph 429 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 429, except refer to the Criminal Information referenced in Paragraph 429 for the true and complete content thereof.

430. State that the allegations contained in Paragraph 430 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 430, except refer to FBI Affidavits, Delaware Review Memorandum, Criminal Information, Management Letter, and MOU referenced in Paragraph 430 for the true and complete content thereof.

431. State that the allegations contained in Paragraph 431 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 431, except refer to the Offering Documents and SEC filings referenced in Paragraph 431 for the true and complete content thereof.

432. State that the allegations contained in Paragraph 432 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 432, except refer to the Criminal Information referenced in Paragraph 432 for the true and complete content thereof.

433. State that the allegations contained in Paragraph 433 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 433.

434. State that the allegations contained in Paragraph 434 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 434, except refer to the Offering Documents and SEC filings referenced in Paragraph 434 for the true and complete content thereof.

435. State that the allegations contained in Paragraph 435 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 435.

436. State that the allegations contained in Paragraph 436 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 436,

except refer to the Criminal Information, FBI Affidavits, and MOU referenced in Paragraph 436 for the true and complete content thereof.

437. State that the allegations contained in Paragraph 437 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 437, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 437 for the true and complete content thereof.

438. State that the allegations contained in Paragraph 438 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 438, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 438 for the true and complete content thereof.

439. State that the allegations contained in Paragraph 439 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 439, except deny that any false and misleading statements were made in connection with the Offering.

440. State that the allegations contained in Paragraph 440 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 440, except deny that any false and misleading statements were made in connection with the Offering.

441. State that the allegations contained in Paragraph 441 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 441, except deny that any false and misleading statements were made in connection with the Offering, and refer to the Criminal Information referenced in Paragraph 441 for the true and complete content thereof.

442. State that the allegations contained in Paragraph 442 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 442, except deny that any false and misleading statements were made in connection with the Offering.

443. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 443, except deny that any false and misleading statements were made in connection with the Offering, and refer to the 2007 10-K referenced in Paragraph 443 for the true and complete content thereof.

444. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 444, except deny that any false and misleading statements were made in connection with the Offering, and refer to the SEC filings referenced in Paragraph 444 for the true and complete content thereof.

445. State that the allegations contained in Paragraph 445 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 445, except deny that any false and misleading statements were made in connection with the Offering.

446. Answer the allegations in Paragraph 446 in accordance with their answers to the allegations in Paragraphs 387 through 445, inclusive, as set forth above. The Underwriter Defendants otherwise state that the allegations contained in Paragraph 446 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants state that Lead Plaintiffs purport to allege this claim under the statute set forth in Paragraph 446, deny that Lead Plaintiffs have any valid claim against them to the extent such allegations are directed against the Underwriter Defendants, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

447. State that the allegations contained in Paragraph 447 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants state that Lead Plaintiffs purport to allege this claim under the statute set forth in Paragraph 447, deny that Lead Plaintiffs have any valid claim against them to the extent such allegations are directed against the Underwriter Defendants, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except refer to the SEC filing referenced in Paragraph 447 for the true and complete content thereof.

448. State that the allegations contained in Paragraph 448 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 448 to the extent such allegations are directed against them, except admit only that Wilmington issued and sold to investors common stock in connection with the Offering and that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said

Paragraph insofar as they relate to other parties. The Underwriter Defendants refer to the Offering Documents referenced in Paragraph 448 for the true and complete content thereof.

449. State that the allegations contained in Paragraph 449 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 449, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and refer to the Offering Documents referenced in Paragraph 449 for the true and complete content thereof.

450. State that the allegations contained in Paragraph 450 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 450, and deny the allegations contained in the last sentence of Paragraph 450, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and refer to the Offering Documents and SEC filings referenced in Paragraph 450 for the true and complete content thereof.

451. State that the allegations contained in Paragraph 451 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 451, except refer to the Offering Documents referenced in Paragraph 451 for the true and complete content thereof.

452. State that the allegations contained in Paragraph 452 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 452.

453. State that the allegations contained in Paragraph 453 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 453.

454. State that the allegations contained in Paragraph 454 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 454 to the extent such allegations are directed against them, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

455. State that the allegations contained in Paragraph 455 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 455, except deny the allegations in said Paragraph that there were untrue statements of material fact and material omissions in the Offering Documents.

456. State that the allegations contained in Paragraph 456 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 456 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph regarding the nature of the investigation insofar as they relate to other parties.

457. State that the allegations contained in Paragraph 457 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 457, except deny the allegations in said Paragraph that the Offering Documents contained untrue statements or omissions of material fact.

458. State that the allegations contained in Paragraph 458 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 458.

459. State that the allegations contained in Paragraph 459 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 459.

460. State that the allegations contained in Paragraph 460 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 460.

461. Answer the allegations in Paragraph 461 in accordance with their answers to the allegations in Paragraphs 387 through 460, inclusive, as set forth above. The Underwriter Defendants otherwise state that the allegations contained in Paragraph 461 constitute legal or other conclusions as to which no response is required. To the extent any response may be required, the Underwriter Defendants admit that Lead Plaintiffs purport to assert their claims under the stated theories of liability, deny that Lead Plaintiffs have any valid claim against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

462. State that the allegations contained in Paragraph 462 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants admit that Paragraph 462 purports to state Lead Plaintiffs' definition of "Underwriter Defendants," admit that Lead Plaintiffs purport to allege this claim under the statutes set forth in Paragraph 462, and deny that Lead Plaintiffs have

any valid claim against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

463. State that the allegations contained in Paragraph 463 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 463 to the extent such allegations are directed against them, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

464. State that the allegations contained in Paragraph 464 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 464.

465. State that the allegations contained in Paragraph 465 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 465.

466. State that the allegations contained in Paragraph 466 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 466.

467. State that the allegations contained in Paragraph 467 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 467.

468. State that the allegations contained in Paragraph 468 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 468.

469. State that the allegations contained in Paragraph 469 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 469.

470. Answer the allegations in Paragraph 470 in accordance with their answers to the allegations in Paragraphs 387 through 469, inclusive, as set forth above. The Underwriter Defendants otherwise state that the allegations contained in Paragraph 470 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 470 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

471. State that the allegations contained in Paragraph 471 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants admit only that Lead Plaintiffs purport to allege this claim under the statute set forth in Paragraph 471, deny the allegations contained in Paragraph 471 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

472. State that the allegations contained in Paragraph 472 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 472 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

473. State that the allegations contained in Paragraph 473 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 473 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

474. State that the allegations contained in Paragraph 474 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 474 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

475. State that the allegations contained in Paragraph 475 are not against the Underwriter Defendants and therefore do not require a response by them. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 475 to the extent such allegations are directed against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

476. State that the allegations contained in Paragraph 476 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 476, except admit only that Lead Plaintiffs purport to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and that Paragraph 476 purports to state Lead Plaintiffs' definition of "Class."

477. State that the allegations contained in Paragraph 477 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 477.

478. State that the allegations contained in Paragraph 478 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 478.

479. State that the allegations contained in Paragraph 479 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 479.

480. State that the allegations contained in Paragraph 480 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 480.

481. State that the allegations contained in Paragraph 481 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 481.

482. State that the allegations contained in Paragraph 482 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants admit that Lead Plaintiffs purport to allege claims under the statutes set forth in Paragraph 482, and deny that Lead Plaintiffs have any valid claim against them.

483. State that the allegations contained in Paragraph 483 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants admit that Lead Plaintiffs purport to allege that this Court has subject matter jurisdiction and purports to allege federal causes of action, and deny that Lead Plaintiffs have any valid claim against them.

484. State that the allegations contained in Paragraph 484 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 484 to the extent such allegations are directed against them, except admit only that Lead Plaintiffs allege venue on the bases set forth in Paragraph 484 and that the Underwriter Defendants have transacted business within the District, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

485. State that the allegations contained in Paragraph 485 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, the Underwriter Defendants deny the allegations contained in Paragraph 485 to the extent such allegations are directed against them, except admit only that the Underwriter Defendants acted as co-underwriters in connection with the Offering, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

Prayer for Relief: Admit that Lead Plaintiffs purport to seek the relief set forth in the "Prayer for Relief." The Underwriter Defendants otherwise deny all allegations contained in the Complaint (including headings, and the "Prayer for Relief") not specifically admitted above and deny that Lead Plaintiffs are entitled to any relief in this action.

**DEFENSES**

The Underwriter Defendants allege the following defenses with respect to causes of action alleged in the Complaint without assuming the burden of proof where the burden of proof rests on Lead Plaintiffs:

FIRST DEFENSE

The Complaint fails to state a claim against them upon which relief may be granted.

SECOND DEFENSE

Lead Plaintiffs' claims fail to the extent that Lead Plaintiffs have failed to sufficiently tie their allegations to the time period of the Offering.

THIRD DEFENSE

This action may not be maintained as Lead Plaintiffs' class action pursuant to Rule 23 of the Federal Rules of Civil Procedure based on Lead Plaintiffs description of the proposed class.

FOURTH DEFENSE

Lead Plaintiffs do not have standing to maintain this action on their own behalf or on behalf of the members of the purported class pursuant to the Securities Act of 1933.

FIFTH DEFENSE

Lead Plaintiffs' claims fail to the extent that the Underwriter Defendants did not offer or sell the Wilmington Trust common stock to Lead Plaintiffs and/or did not successfully solicit Lead Plaintiffs' purchase of the Wilmington Trust common stock.

SIXTH DEFENSE

At the time the Offering Documents became effective, they did not contain any untrue statements of material fact or fail to state any material fact required to be stated therein or necessary to make the statements therein not misleading.

SEVENTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, because the allegedly untrue statements of material fact and/or omissions of material fact were not material to the investment decisions of a reasonable investor.

EIGHTH DEFENSE

The statements cited in the Complaint as false or misleading are forward-looking statements accompanied by meaningful cautionary language and are therefore not actionable under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 and the bespeaks caution doctrine.

NINTH DEFENSE

The Underwriter Defendants aver that they at all times acted in good faith and did not directly or indirectly know of, induce, or in any way participate in the act or acts constituting the purported causes of action alleged in the Complaint.

TENTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, because the Underwriter Defendants are not liable for the acts of any other Defendant, and because, to the extent that Lead Plaintiffs incurred any injury or damage as alleged in the Complaint, which the Underwriter Defendants deny, any such injury or damage was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than the Underwriter Defendants and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

<u>ELEVENTH DEFENSE</u>

Lead Plaintiffs' claims are barred, in whole or in part, because any damages recoverable by Lead Plaintiffs and the purported class must be reduced by the amount of payments received and to be received in the future by Lead Plaintiffs under the terms of the Wilmington Trust common stock they purchased.

<u>TWELFTH DEFENSE</u>

Lead Plaintiffs' claims are barred, in whole or in part, because the Underwriter Defendants neither owed nor breached any duty to Lead Plaintiffs or the purported class to disclose information allegedly omitted from the Offering Documents for the Wilmington Trust common stock, and had no duty to verify, opine upon, audit, review or correct such information.

<u>THIRTEENTH DEFENSE</u>

Lead Plaintiffs and the purported class are not entitled to any recovery from the Underwriter Defendants because the substance of the information that they allege to have been omitted or misstated was, in fact, disclosed in the Offering Documents for the Wilmington Trust common stock and other public filings, was otherwise publicly available, or widely known to the market and to the investing community.

<u>FOURTEENTH DEFENSE</u>

The Underwriter Defendants aver, with respect to any portion of the Offering Documents referred to in the Complaint as to which the Underwriter Defendants' liability is asserted, that:

(a) The Underwriter Defendants at all times acted with reasonable care and due diligence;

(b) As regards any part of such Offering Documents not purporting to be made on the authority of an expert, and not purporting to be a copy of or extract from a

report of valuation of an expert, and not purporting to be made on the authority of a public official document or statement, the Underwriter Defendants had, after reasonable investigation, reasonable ground to believe and did believe, at the time such part of the Offering Documents became effective, that the statements therein were true and did not contain any omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading;

(c) As regards any part of the Offering Documents purporting to be made on the authority of an expert (other than the Underwriter Defendants) or purporting to be a copy of or extract from a report or valuation of an expert (other than the Underwriter Defendants), the Underwriter Defendants had no reasonable ground to believe and did not believe, at the time such part of the Offering Documents became effective, that the statements therein were untrue, or did not contain an omission to state a material fact required to be stated therein or necessary to make the statements therein no misleading, or that such part of the Offering Documents did not fairly represent the statement of the expert or was not a fair copy of or extract from the report or valuation of the expert; and

(d) As regards any part of the Offering Documents purporting to be a statement made by an official person or purporting to be a copy of or extract from a public official document, the Underwriter Defendants had no reasonable ground to believe and did not believe, at the time such part of the Offering Documents became effective, that the statements therein were untrue, or contained an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Offering Documents did not fairly represent the statement made by the

official person or was not a fair copy of or extract from the public official document.

FIFTEENTH DEFENSE

If and to the extent the statements at issue are found to contain any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading (which the Underwriter Defendants deny), Lead Plaintiffs' claims are barred, in whole or in part, because at the time they purchased Wilmington Trust common stock, Lead Plaintiffs and the purported class knew, or should have known, of such alleged misstatements or omissions in the Offering Documents for the Wilmington Trust common stock.

SIXTEENTH DEFENSE

Lead Plaintiffs' claims fail because the Underwriter Defendants were neither negligent in obtaining nor negligent in communicating any information to Lead Plaintiffs and the purported class.

SEVENTEENTH DEFENSE

The Underwriter Defendants aver that they acted in good faith and in conformity with the applicable statutes, rules and regulations of the Securities and Exchange Commission, and principles of common law. The Underwriter Defendants further aver that they did not know, and in the exercise of reasonable care could not have known, of any statement that was false or misleading with respect to a material fact or otherwise, or any omission to state any such fact, in connection with the transactions complained of, or any violation of the aforesaid statutes, rules or regulations or applicable principles of the common law.

EIGHTEENTH DEFENSE

Any depreciation in value of Wilmington Trust common stock after the February 2010 Offering is attributable to causes other than Lead Plaintiffs' allegation that parts of the Offering Documents were not true or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

NINETEENTH DEFENSE

Neither Lead Plaintiffs nor the purported class have sustained any injury or damages as a result of any acts or omissions of the Underwriter Defendants.

TWENTIETH DEFENSE

The losses alleged by Lead Plaintiffs in connection with their alleged purchase of the Wilmington Trust common stock at issue in the claims against them, as well as any actual purchases, were not directly and proximately caused by any misstatement or omission alleged in the Offering Documents, including because Lead Plaintiffs or the purported class did not reasonably or justifiably rely on any alleged misstatements or omissions when purchasing the Wilmington Trust common stock.

TWENTY-FIRST DEFENSE

Lead Plaintiffs and the purported class failed to use reasonable care to prevent any damages allegedly sustained.

TWENTY-SECOND DEFENSE

Any recovery is barred, or must be reduced, as a result of Lead Plaintiffs' and the purported class's failure to mitigate any alleged damages, which mitigation would have prevented all or part of any such alleged injury or damage.

TWENTY-THIRD DEFENSE

The claims are barred because Lead Plaintiffs' and the purported class's alleged damages, if any, are speculative and thus are not recoverable.

TWENTY-FOURTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, because the alleged misconduct is nonactionable criticism and assessments of the quality and effectiveness of practices that cannot form the basis for a securities violation under the Securities Act.

TWENTY-FIFTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements are nonactionable expressions of opinion that Lead Plaintiffs cannot prove were not truly held at the time they were made.

TWENTY-SIXTH DEFENSE

The claims asserted against them are barred by the applicable statute or statutes of limitations or repose.

TWENTY-SEVENTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, failure to mitigate and/or unclean hands.

TWENTY-EIGHTH DEFENSE

The claims asserted in the Complaint against them are barred because Lead Plaintiffs and the purported class assumed the risk of losses on securities transactions at issue in this action.

TWENTY-NINTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, because Lead Plaintiffs and the purported class assumed the risks disclosed in the Offering Documents issued in connection with the Offering. Similarly, Lead Plaintiffs and the purported class purchased

with actual or constructive knowledge of those risks, or actual or constructive knowledge of adverse events in the market, and thus assumed the risks that there would be deterioration or further deterioration in the price or value of the Wilmington Trust common stock, such that their damages are not recoverable as a matter of law.

THIRTIETH DEFENSE

The Underwriter Defendants are entitled to recover contribution from and/or are indemnified by others for any liability they incur.

THIRTY-FIRST DEFENSE

The Underwriter Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant to the extent the Underwriter Defendants may share in such defense.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

The Underwriter Defendants have not knowingly or intentionally waived any applicable defenses, and they reserve the right to assert and rely upon other applicable defenses, counterclaims, cross-claims, and third-party claims, not asserted herein that may become available or apparent during discovery in this matter. The Underwriter Defendants reserve the right to amend or seek to amend their answer and/or defenses.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Underwriter Defendants pray as follows:

1. That this action be dismissed with prejudice and that Lead Plaintiffs take nothing by their Complaint;

2. That judgment be entered in favor of the Underwriter Defendants and against Lead Plaintiffs with respect to the causes of action asserted in the Complaint;

3. That the Court award the Underwriter Defendants reasonable costs and expenses including, but not limited to, attorneys' fees and costs of suit; and

4. That the Court award such other relief as may be appropriate.

**JURY DEMAND**

Pursuant to the Seventh Amendment and Rule 38(b) of the Federal Rules of Civil Procedure, the Underwriter Defendants demand a trial by jury of all issues so triable.

POTTER ANDERSON & CORROON LLP

By: */s/ Stephen C. Norman*

Stephen C. Norman (No. 2686)
John A. Sensing (No. 5232)
Matthew D. Stachel (No. 5419)
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
snorman@potteranderson.com
jsensing@potteranderson.com
mstachel@potteranderson.com

*Attorneys for Defendants J.P. Morgan Securities LLC and Keefe, Bruyette & Woods, Inc.*

OF COUNSEL:

Thomas C. Rice (*pro hac vice*)
Alicia N. Washington (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017
(212) 455-2000

Dated: May 12, 2014
1152294

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 12, 2014, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following; that the document was served on the following counsel as indicated; and the document is available for viewing and downloading from CM-ECF:

Pamela S. Tikellis, Esquire
A. Zachary Naylor, Esquire
Tiffany J. Cramer, Esquire
CHIMICLES & TIKELLIS LLP
222 Delaware Ave., 11th Floor
P.O. Box 1035
Wilmington, DE 19899
*Counsel for Plaintiffs*

Thomas J. Allingham II, Esquire
Robert S. Saunders, Esquire
SKADDEN, ARPS, LATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
*Counsel for Defendants Wilmington Trust Corporation, Ted T. Cecala, David R. Gibson, Robert V.A. Harra, Jr., and Kevyn N. Rakowski*

Virginia A. Gibson, Esquire
HOGAN LOVELLS US LLP
1835 Market Street, 29th Floor
Philadelphia, PA 19103
*Counsel for Defendant KPMG LLP*

Duncan Grant, Esquire
Christopher B. Chuff, Esquire
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19899-1709
*Counsel for Defendants Carolyn Burger, R. Keith Elliott, Donald Foley, Louis Freeh, Gailen Krug, Rex Mears, Stacey Mobley, Michelle Rollins, Oliver Sockwell, Robert Tunnell, Jr., and Susan Whiting*

David E. Wilks, Esquire
Andrea S. Brooks, Esquire
WILKS, LUKOFF & BRACEGIRDLE, LLC
1300 N. Grant Avenue, Suite 100
Wilmington, DE 19806
*Counsel for Defendant William North*

*/s/ Matthew D. Stachel*
Matthew D. Stachel (No. 5419)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, 6th Floor
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
mstachel@potteranderson.com