**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **IN RE WILMINGTON TRUST SECURITIES LITIGATION** | Master File No. 10-cv-00990-SLR-SRF |
| | (Securities Class Action) |
| This document relates to: ALL ACTIONS | Hon. Sue L. Robinson |
| | ELECTRONICALLY FILED |

**LEAD PLAINTIFFS' BRIEF IN OPPOSITION TO THE WILMINGTON TRUST DEFENDANTS' MOTION FOR EXTENSION OF SCHEDULING ORDER DEADLINES**

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Blair Nicholas
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

-and-

Hannah Ross (*pro hac vice*)
Lauren McMillen Ormsbee (*pro hac vice*)
Katherine M. Sinderson (*pro hac vice*)
Jake Nachmani (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Lead Plaintiffs and Co-Lead Counsel for the Class*

**CHIMICLES & TIKELLIS LLP**

Pamela S. Tikellis (Bar No. 2172)
A. Zachary Naylor (Bar No. 4439)
Vera G. Belger (Bar No. 5676)
222 Delaware Avenue, 11th Floor
P.O. Box 1035
Wilmington, DE 19899
Phone: (302) 656-2500
Fax: (302) 656-9053

*Liaison Counsel for the Class*

**SAXENA WHITE P.A.**

Maya S. Saxena (*pro hac vice*)
Joseph E. White, III (*pro hac vice*)
Lester Hooker (*pro hac vice*)
Brandon T. Grzandziel (*pro hac vice*)
2424 North Federal Highway
Boca Raton, FL 33431
Phone: (561) 394-3399
Fax: (561) 394-3382

*Counsel for Lead Plaintiffs and Co-Lead Counsel for the Class*

October 6, 2014

# Table of Contents

TABLE OF CITATIONS ........................................................................................ ii

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS .......................... 1

SUMMARY OF ARGUMENT ......................................................................... 1

STATEMENT OF FACTS .................................................................................. 2

I. Defendants Delayed Pursuing Document Discovery Of Plaintiffs............. 2

II. The Wilmington Trust Defendants' Belated Deposition Notices ............... 4

LEGAL ARGUMENT......................................................................................... 5

CONCLUSION..................................................................................................... 7

# Table of Authorities

## Cases

*Edizone, LC v. Cloud Nine, LLC*,
505 F. Supp. 2d 1226 (D. Utah 2007) ........ 6

*Hernandez v. Mario's Auto Sales, Inc.*,
617 F. Supp. 2d 488 (S.D. Tex. 2009) ........ 5

## Rules

Fed. R. Civ. P. 16(b)(4) ........ 5

**STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS**

Since the Court entered the joint scheduling order nearly six months ago (the "Scheduling Order"), all parties to the litigation have been well-aware of the deadlines for class certification and fact discovery. Cognizant of the need to efficiently prosecute the litigation, Lead Plaintiffs have made every effort to comply with this schedule, including by promptly serving and pursuing discovery. In stark contrast, the Wilmington Trust Defendants delayed pursuing discovery related to class certification until the last possible moment. Indeed, Defendants waited until 30 days before their opposition is due to notice any of the seven depositions that they supposedly require to oppose class certification.

As a result, the Wilmington Trust Defendants now baselessly assert that they cannot comply with the Court's class certification deadlines. Defendants' purported inability to comply with the schedule is due to their own repeated failures to act, including unnecessary delays in serving discovery requests, negotiating search terms, and noticing depositions. Critically, notwithstanding this delay, all document and deposition discovery on Plaintiffs will be complete before Defendants' opposition to class certification is due, in full compliance with the Scheduling Order. Consequently, there is no legitimate reason to extend the due date for Defendants' opposition to class certification. Plaintiffs respectfully submit that the Wilmington Trust Defendants' motion should be denied or, at most, that Defendants should be given the five-day extension that Plaintiffs have already offered.

**SUMMARY OF ARGUMENT**

1. The Wilmington Trust Defendants improperly ask the Court at the eleventh hour for an unnecessary extension of a class certification discovery and briefing schedule that has been agreed to by the parties and approved by the Court for nearly six months. Defendants failed to serve discovery and issue deposition notices for months, and any timing issues complained of

in the Defendants' Motion are entirely of the Defendants' own doing. In any event, Plaintiffs have accommodated Defendants' belated discovery and complied with the Scheduling Order such that Defendants will not be prejudiced in opposing Lead Plaintiffs' motion for class certification.

## STATEMENT OF FACTS

On March 20, 2014, the Court denied the Defendants' motions to dismiss the Fourth Amended Complaint. Immediately after this Order, the Parties began negotiating a joint Scheduling Order, which they filed on April 11, 2014 (D.I. 191-1).[1] The dates in the Parties' joint submission were So-Ordered on May 19, 2014. These dates included all deadlines with respect to discovery, the production of documents and class certification – including both the October 17, 2014 deadline for substantial completion of document production and Defendants' October 24, 2014 deadline for opposing Plaintiffs' September 12, 2014 class certification motion. It is this latter date from which Defendants seek relief.

### I. Defendants Delayed Pursuing Document Discovery Of Plaintiffs

Discovery commenced April 16, 2014. Plaintiffs served their document requests on the Wilmington Trust Defendants six days later. D.I. 192. The Wilmington Trust Defendants, in contrast, chose to wait more than 2 months until June 24, 2014 to serve their own document requests on Plaintiffs. D.I. 223. Plaintiffs immediately began searching for responsive documents and timely served their Responses and Objections on July 28, 2014. D.I. 231. The Wilmington Trust Defendants, meanwhile, waited another two weeks to respond to Plaintiffs' Responses by emailed letter and to seek a meet and confer. Ex. A.

As Defendants are forced to concede, on August 15 Plaintiffs proposed in good faith a set

[1] At the Court's request, the joint Scheduling Order was re-filed in a different format on May 1, 2014. D.I. 197. The dates at issue here did not change between the two submissions.

of search terms for their electronically stored information ("ESI") that were focused and tailored to the issues in the case.[2] Ex. B. Plaintiffs suggested these terms five days ahead of an August 20 meet and confer on Plaintiffs' objections and responses. The Wilmington Trust Defendants waited nearly a week to respond with over 130 search terms (most of which were irrelevant, overbroad and divorced from any facet of the litigation), necessitating yet another round of meet and confers that occurred on August 25 and 27. Ex. C. During these meet and confers, Plaintiffs explained that the vast majority of Defendants' terms would result in zero responsive documents and were not tailored to lead to the production of relevant information. Nevertheless, the Defendants requested a "hit count" for each of their 130+ proposed terms, which Plaintiffs provided on September 3. Plaintiffs also provided an expanded list of terms that added 22 of Defendants' terms to Plaintiffs' original proposal.

The hit count that Plaintiffs provided confirmed their earlier explanation that a search of many of the proposed terms, in particular those of the names of the Confidential Witnesses ("CWs") cited in the Complaint, would result in no responsive nonprivileged documents. Nevertheless, the Wilmington Trust Defendants stated that they were unwilling to compromise on certain terms, including the names of the CWs and over 100 names listed in Plaintiffs' initial disclosures. On September 9, Plaintiffs presented a final list of proposed search terms. Ex. D. Defendants never responded to this list. Instead, Defendants waited until all counsel were convened a week later for the September 16 Status Conference before Magistrate Judge Fallon to

---

[2] These terms included "WT," "WTC," "Wilmington," "971807102" (Wilmington common stock's CUSIP), and search terms unique to each Plaintiff designed to identify any reference to Wilmington Trust (not merely any transaction) made in correspondence with Plaintiffs' investment managers. While it is Lead Counsels' experience that defendants have occasionally asked plaintiffs to use search terms to locate responsive ESI, this is the first instance in Lead Counsels' experience in which it was <u>Lead Counsel</u> who (in the interests of meeting the Court's deadlines) took the initiative to suggest those terms to the Defendants.

inform Magistrate Judge Fallon and Plaintiffs that Defendants would be moving to compel on unspecified issues. Defendants filed their motion on September 19, 2014. D.I. 267. The principal focus of Defendants' motion was the production of all of Lead Counsel's communications with the CWs cited in the Fourth Complaint – documents that Lead Plaintiffs had already agreed to produce on several prior occasions (and have now produced). In a further effort to compromise and conserve judicial resources, on October 1 Plaintiffs agreed to search for the names of the CWs, and Defendants withdrew their motion on October 2.

Despite Defendants' delay in serving their document requests, Plaintiffs have endeavored to locate and timely review responsive documents, and their productions will soon be complete. Plaintiffs have made seven rolling productions thus far, consisting of over 16,000 pages of documents. Plaintiffs expect to make additional productions this week, and their production will be complete sufficiently in advance of each of Plaintiff's depositions to allow Defendants to prepare and depose each Plaintiff representative. With respect to the names of the CWs as search terms, Plaintiffs have already advised Defendants, based on the hit count provided to the Defendants and a review of a substantial percentage of Plaintiffs' documents, that Plaintiffs have no discoverable documents that result from searches using the CW names. Thus, Plaintiffs fully expect that there will be zero (or, at most, a handful of) documents produced as a result of these additional search terms.

## II. The Wilmington Trust Defendants' Belated Deposition Notices

The Wilmington Trust Defendants additionally delayed until September 24, 2014 – a mere 30 days before Defendants' opposition brief is due – to notice the Rule 30(b)(6) depositions of the five institutional investor Plaintiffs; Plaintiffs' class certification expert, Professor S.P. Kothari, Deputy Dean of the Massachusetts Institute of Technology's Sloan School of Business; and the improper Rule 30(b)(6) deposition of Bernstein Litowitz Berger & Grossmann LLP

("BLB&G"). Notably, Defendants noticed all seven of these depositions for dates less than two weeks in the future, and without consulting Lead Counsel regarding Plaintiffs' availability in violation of ¶3(f) of the Joint Rule 26(f) Scheduling Order. D.I. 240. On October 1, Plaintiffs provided the dates and locations for the Plaintiffs' respective depositions for which each Plaintiff was actually available. Each date that Lead Plaintiffs have offered is before Defendants' opposition is due. Ex. E. Defendants have yet to respond.

Finally, on October 2 the Wilmington Trust Defendants' counsel contacted Lead Counsel asking if Lead Counsel would agree to an extension of all class certification-related deadlines, claiming that they needed more time in between taking these depositions and filing their opposition brief. Lead Counsel informed Defendants' counsel that they would agree to a five-day extension for both the opposition and reply briefs, a critical fact that Defendants omit from their motion. This five-day extension to October 29, 2014 would allow Defendants several days after the final Plaintiff deposition for Defendants to complete their opposition brief, but would not prejudice Plaintiffs by forcing them to draft their reply over the Thanksgiving holiday (a circumstance Plaintiffs specifically sought to avoid in negotiating the stipulated scheduling order) or when the bulk of merits depositions are expected to occur.

## LEGAL ARGUMENT

To obtain an extension of a scheduling order deadline, a movant must show 'good cause' under Fed. R. Civ. P. 16(b)(4), which includes a showing that the movant worked diligently to meet the deadlines in the scheduling order.[3] Fed. R. Civ. P. 16(b)(4), advisory committee notes.

[3] *See Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488 (S.D. Tex. 2009) (Lack of diligence on part of defendants with regard to scheduling witness's deposition precluded extension of discovery deadline so as to provide defendants an opportunity to depose the witness outside of the discovery period); *Edizone, LC v. Cloud Nine, LLC*, 505 F. Supp. 2d 1226 (D. Utah 2007) (The primary measure of "good cause" standard for amending a scheduling order is the moving party's diligence in attempting to meet the case management order's requirements).

As discussed herein, rather than demonstrating diligence, the Wilmington Trust Defendants have been derelict in their discovery obligations at every juncture, and they provide no basis upon which this Court can find "good cause" to modify the existing briefing schedule.

Despite having known of the deadlines for nearly a half year, Defendants have consistently failed to meet their obligations, and in their extension Motion fail to convey the following important points concerning the parties' discovery process:

- Defendants did not inform the Court that on October 1, Plaintiffs agreed to a five-day extension to all class certification-related deadlines, which would allow Defendants more than enough time to take depositions and submit an answering brief;

- Plaintiffs have produced over 16,000 pages of documents to date, and their productions will be complete well in advance of their proposed deposition dates. Defendants cannot now complain about the depositions occurring in Florida and California because they agreed to those locations in a series of emails between the Parties many months ago. (Ex. F);

- Defendants cannot be said to have "promptly began to prepare their papers in response, and determined that additional discovery was necessary" with respect to class certification when they waited until two weeks after Plaintiffs filed their opening brief before noticing Rule 30(b)(6) depositions of the Plaintiffs. There is no question that Defendants have known the identity of Plaintiffs and the relevant topics for deposition for years;

- Similarly, Defendants should not now be allowed to rely on BLBG's motion for protective order currently pending before Magistrate Judge Fallon (D.I. 282) as a reason for the extension. As described in that motion, Defendants have been on notice of the topics listed in their Rule 30(b)(6) deposition notice to BLB&G for over three years, but waited until September 24 to raise them. Moreover, as further described in that motion, there is no basis for this deposition, and as opposing trial counsel BLB&G is presumptively entitled to a protective order against this intrusive discovery;[4] and

[4] In the unlikely chance that Magistrate Judge Fallon orders the BLB&G deposition to proceed, it can be taken prior to the October 24 opposition brief deadline.

- Whether the U.S. Attorney and the Department of Justice intend to move to intervene and to stay Plaintiffs' fact depositions is irrelevant at this time, when no such motion to intervene is pending before the Court.[5]

The Court has made it clear to the parties that they are expected to comply with the Court-ordered deadlines. *See* Ex. G, August 21, 2014 Status Conference Transcript at 26 ("Judge Robinson was clear . . . that she wants to see this case moving forward with reasonable diligence and speed . . . I don't want it dragging out unnecessarily."). If anything, the Court has previously indicated that it wants this case moving along more quickly, not less. *See* Ex. H, September 16, 2014 Status Conference Transcript at 20 ("I'm going to modify the proposed schedule to move up deadlines a bit [for Plaintiffs' Motion to Compel, D.I. 234]. I'm not going to accept the briefing schedule that was proposed[.] I don't want this matter dragging into mid-November and then the Thanksgiving holiday, and then all of a sudden we're on the heels of the fact discovery deadline in mid-December."). Indeed, this Court has noted the Wilmington Trust Defendants' delayed approach to discovery in this litigation. *See* Ex. I, August 6, 2014 Transcript at 25 ("the document production process on behalf of the Wilmington Trust Defendants seems to be less efficiently run than my experience"). Notwithstanding these express warnings, the Wilmington Trust Defendants have failed to evidence their diligence in the discovery process and have failed to establish "good cause" for modifying the current schedule.

## CONCLUSION

The Wilmington Trust Defendants should not be allowed to profit from their own delay. Plaintiffs respectfully request that the Court deny their Motion for Extension of Scheduling Order Deadlines.

[5] At this time, without the benefit of reviewing any such motion, Plaintiffs intend to oppose any motion to stay fact depositions.

Dated: October 6, 2014

**CHIMICLES & TIKELLIS LLP**

*/s/ A. Zachary Naylor*
Pamela S. Tikellis (Bar No. 2172)
A. Zachary Naylor (Bar No. 4439)
Vera G. Belger (Bar No. 5676)
222 Delaware Avenue, 11th Floor
P.O. Box 1035
Wilmington, DE 19899
Phone: (302) 656-2500
Fax: (302) 656-9053

*Liaison Counsel For The Class*

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Blair Nicholas
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

-and-

Hannah Ross
Lauren McMillen Ormsbee
Katherine M. Sinderson
Jake Nachmani
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 554-1400
Fax: (212) 554-1444

SAXENA WHITE P.A.

Maya S. Saxena
Joseph E. White, III
Lester R. Hooker
Brandon T. Grzandziel
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Phone: (561) 394-3399
Fax: (561) 394-3382

*Counsel For Lead Plaintiffs And Co-Lead Counsel For The Class*