# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 14-05-RGA |
| | ) | |
| BRIAN D. BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Robert F. Kravetz and Lesley F. Wolf, Assistant United States Attorneys, and the defendant, Brian D. Bailey, by and through his attorneys, Richard R. Wier, Jr., Esq., and Jack L. Gruenstein, Esq., the following Memorandum of Plea Agreement (the "Agreement") is hereby entered into by the respective parties:

1. The defendant shall plead guilty to Count Two of the Indictment, charging him with Conspiracy to Commit an Offense Against the United States, to wit, receipt of gifts for procuring loans, in violation of Title 18, United States Code, Sections 371 and 215(a)(1) & (a)(2).

   A. The maximum penalties for Count Two of the Indictment are five years' imprisonment; a fine of $250,000.00; a term of supervised release of three years; a $100.00 special assessment; and mandatory restitution.

   B. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is, for Count Two of the Indictment that: (1) two or more persons agreed to commit an offense against the United States, as charged in the Indictment; (2) defendant was a party to or member of that agreement; (3) defendant joined the agreement or conspiracy knowing of its objective to commit an

1

offense against the United States, to wit, receipt of gifts for procuring loans, and intending to join together with at least one other alleged conspirator to achieve that objective; and (4) that at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

2. The defendant further agrees to waive indictment and plead guilty to Count One of the Information, charging him with Conspiracy to Defraud the United States and to Commit an Offense Against the United States, to wit, causing a bank to make false entries in its books and records, in violation of Title 18, United States Code, Sections 371 and 1005.

A. The maximum penalties for Count One of the Information are five years' imprisonment; a fine of $250,000.00; a term of supervised release of three years; a $100.00 special assessment; and mandatory restitution.

B. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is, for Count One of the Information that: (1) two or more persons agreed to defraud the United States or to commit an offense against the United States, as charged in the Information; (2) defendant was a party to or member of that agreement; (3) defendant joined the agreement or conspiracy knowing of its objective to defraud the United States or to commit an offense against the United States, to wit, making a false entry in a book, report, or statement of a bank with intent to deceive the Federal Deposit Insurance Corporation, any agent or examiner appointed to examine the affairs of such bank, or the Board of Governors of the Federal Reserve System, and intending to join together with at least one other alleged conspirator to achieve that objective; and (4) that at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

3.   In connection with this Agreement, the government agrees to dismiss the remaining counts of the Indictment (Counts 1 and 3-14) at the time of sentencing.

4.   In connection with this Agreement, the defendant knowingly and voluntarily admits the following:

A.   The defendant conspired with James A. Ladio to commit an offense against the United States, to wit, receipt of gifts for procuring loans. The defendant further knowingly and voluntarily admits to the specific factual allegations set forth in paragraphs 7-14 of the Indictment, with the exception of the following:

i.   the defendant disputes that he was aware that Mr. Ladio had misrepresented to Artisans Bank that the purpose of Artisans Loan No. 3821 was "to purchase an investment property" (See paragraph 8.B of the Indictment).

ii.   the defendant disputes that he knew the specific purposes for which Mr. Ladio would use loan proceeds, however, he admits that he did not ensure that the loan proceeds would be used by Mr. Ladio for their intended purposes.

B.   The defendant further conspired with Joseph Terranova and others known to the United States Attorney to obstruct the lawful governmental functions of the Board of Governors of the Federal Reserve System, in that defendant and his co-conspirators fraudulently concealed the Bank's true financial condition in many ways, including by extending credit to clients to keep existing loan interest payments current. Such conduct resulted in the Bank making false entries in its public reporting, thereby deceiving the Federal Deposit Insurance Corporation, agents and examiners appointed to examine the affairs of the Bank, the Board of Governors of the Federal Reserve System, and others relating to the Bank's portfolio of past due and nonperforming loans. The defendant further knowingly and voluntarily admits to the specific factual allegations set forth in paragraphs 1-50 of the Information.

3

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. At this stage of the proceedings, subject to paragraphs 8-9, *infra*, the defendant should expect the Government to recommend a sentence within the applicable Guidelines range. At the time of sentencing, the defendant may recommend to the Court any sentence available under the applicable law. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1(a). If the defendant's offense level is level 16 or greater, the United States agrees to recommend an additional one-level reduction in the defendant's Sentencing Guidelines range pursuant to U.S.S.G. § 3E1.1(b).

7. The defendant agrees to pay the $200 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The defendant agrees to cooperate fully and truthfully with the Government as follows:

    a.    The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

    b.    The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Indictment or the Information of which he has knowledge, and any other crimes about which he has knowledge. The defendant further understands and agrees that all information and cooperation provided pursuant to this agreement is on the record as of the date of this plea agreement, including information provided previously off the record.

    c.    The defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

    d.    The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial when called as a witness.

    e.    The defendant agrees to hold himself reasonably available for any interviews as the Government may require.

    f.    The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

    g.    The defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

    h.    To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until his cooperation is complete.

    i.    The defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced.

j. The defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the defendant shall be subject to prosecution for any federal crime about which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

9. If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

a. Make the nature and extent of the defendant's cooperation known to the Court.

b. Make a motion for a downward departure under Sentencing Guideline §5K1.1 only if the Government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that as of the date of this agreement, no determination has been made as to the defendant's eligibility for a substantial assistance motion. The defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by him. The defendant further understands that if he breaches this plea agreement in any way, including by committing a new crime after the date of this agreement, the Government may refuse to file a substantial assistance motion.

c. Make whatever sentencing recommendation the Government deems appropriate.

10. The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

11. The defendant agrees that he is responsible to pay restitution as ordered by the Court. In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

    a. The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee, or other third party. No later than four (4) weeks subsequent to the entry of guilty plea in this case, defendant will submit a completed sworn financial statement ("Financial Statement") to the Government, through defendant's undersigned counsel, in the form the Government provides and as it directs. No later than two (2) weeks prior to the sentencing hearing in this case, the defendant will provide to the Government, through defendant's undersigned counsel, any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by counsel for the Government. The defendant promises that the Financial Statement, disclosures, and supporting documentation will be complete, accurate, timely, and truthful.

    b. Should the defendant fail to provide complete, accurate, timely and truthful financial information, as set forth above, the Government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may, in its sole discretion, do any or all of the following: (i) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(a); (ii) seek an enhancement of the defendant's sentence for obstruction of justice under Sentencing Guidelines Section 3C1.1; (iii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iv) seek an order compelling production of the financial information; (v) decline to file or withdraw a previously filed motion for downward departure on the basis of substantial assistance to the Government; and/or (vi) void this Plea Agreement in its entirety.

12. The defendant agrees to enter into a Consent Order of Removal and Prohibition with the Board of Governors of the Federal Reserve System pursuant to 12 U.S.C. § 1818(e)(7) of the Federal Deposit Insurance Act, as amended. The defendant understands that by virtue of his consent to such an Order, he shall agree not to become or continue serving as an officer, director, employee, or institution-affiliated party, as defined in 12 U.S.C. § 1813(u), or participate in any manner in the conduct of the affairs of any institution or agency specified in 12 U.S.C. § 1818(e)(7)(A), without the prior approval of the appropriate federal financial institution regulatory agency, as defined in 12 U.S.C. § 1818(e)(7)(D).

13. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, except that the defendant reserves his right to appeal only if (1) the Government appeals from the sentence, (2) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (3) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

14. The United States Attorney reserves the right to defend any ruling of the District Court in any proceeding.

15. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

CHARLES M. OBERLY, III
United States Attorney

_____  BY:  _____
Richard R. Wier, Jr., Esq.        Robert F. Kravetz
Jack L. Gruenstein, Esq.          Lesley F. Wolf
Attorneys for Defendant           Assistant United States Attorneys

_____
Brian D. Bailey
Defendant

Dated: August 4, 2014

AND NOW, this ___ day of ____August____, 2014, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Hon. Richard G. Andrews
United States District Judge