# EXHIBIT  D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,       )
                               )
      v.                   )      Criminal Action No. 13-39-GMS
                               )
JOSEPH TERRANOVA,         )
                               )
          Defendant.     )

## MEMORANDUM OF PLEA AGREEMENT

     Pursuant to discussions between the United States of America, by and through its attorneys,

Charles M. Oberly, III, United States Attorney for the District of Delaware, and Robert F. Kravetz

and Lesley F. Wolf, Assistant United States Attorneys, and the defendant, Joseph Terranova, by and

through his attorney, Patrick J. Cotter, Esquire, the following agreement is hereby entered into by

the respective parties:

     1.    The defendant shall waive prosecution by criminal indictment and plead guilty to a one-

count Information charging him with conspiracy to commit an offense against the United States, to

wit, Bank Fraud, in violation of Title 18, United States Code, Section 371. The maximum penalties

for Count I are five years imprisonment; a fine of $250,000.00; a term of supervised release of two

years; a $100.00 special assessment; and mandatory restitution.

     2.    The defendant understands that if there were a trial, the United States would have to

prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is,

for Count I that: (1) two or more persons agreed to commit an offense against the United States, as

charged in the Information; (2) defendant was a party to or member of that agreement; (3) defendant

joined the agreement or conspiracy knowing of its objective to commit an offense against the United

States, to wit, Bank Fraud, and intending to join together with at least one other alleged conspirator

to achieve that objective; and (4) that at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

3.     In connection with this Agreement, the defendant knowingly and voluntarily admits that he conspired with individuals known and unknown to the United States Attorney to commit an offense against the United States, to wit, Bank Fraud. Defendant further knowingly and voluntarily admits to the specific factual allegations set forth in paragraphs 12-48 of the Information.

4.     Defendant further knowingly and voluntarily accepts responsibility for at least $7,000,000.00 but less than $20,000,000.00 of loss, which corresponds to an Offense Level of 26 under the United States Sentencing Guidelines, U.S.S.G. § 2B1.1(b)(1)(K). Defendant agrees further that he is subject to a four-level increase in his Guidelines range for jeopardizing the safety and soundness of a financial institution, U.S.S.G § 2B1.1(b)(15)(B), and a two-level increase for abusing a position of trust, U.S.S.G. § 3B1.3. As a result, the parties believe that defendant's adjusted offense level is Level 32.

5.     The defendant understands that these stipulations regarding the defendant's adjusted offense level are not binding on the United States Probation Office or the Court, and that if the Court ultimately determines that a different offense level should apply, the defendant may not withdraw his guilty plea on that basis.

6.     The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. At this stage of the proceedings, subject to paragraphs 9-10, *infra*, the defendant should expect the Government to

2

recommend a sentence within the applicable Guidelines range. At the time of sentencing the Defendant may recommend to the Court any sentence available under the applicable law. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

8. The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9. The defendant agrees to cooperate fully and truthfully with the Government as follows:

a. The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

b. The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Information of which he has knowledge, and any other crimes about which he has knowledge. The defendant further understands and agrees that all information and

3

cooperation provided pursuant to this agreement is on the record as of the date of this plea agreement, including information provided previously off the record.

  c. The defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

  d. The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial when called as a witness.

  e. The defendant agrees to hold himself reasonably available for any interviews as the Government may require.

  f. The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

  g. The defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

  h. To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until his cooperation is complete.

  i. The defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced.

  j. The defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the defendant shall be subject to prosecution for any federal crime about which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation.

The prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

10.   If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

a.   Make the nature and extent of the defendant's cooperation known to the Court.

b.   Make a motion for a downward departure under Sentencing Guideline §5K1.1 only if the Government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that as of the date of this agreement, no determination has been made as to the defendant's eligibility for a substantial assistance motion. The defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by him. The defendant further understands that if he breaches this plea agreement in any way, including by committing a new crime after the date of this agreement, the Government may refuse to file a substantial assistance motion.

c.   Make whatever sentencing recommendation the Government deems appropriate.

11.   The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

12.   The defendant agrees that he is responsible to pay restitution as ordered by the Court. In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

a.   The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee, or other third party. No later than two (2) weeks subsequent to the entry of guilty plea in this case,

5

defendant will submit a completed sworn financial statement ("Financial Statement") to the Government, through defendant's undersigned counsel, in the form the Government provides and as it directs. No later than two (2) weeks prior to the sentencing hearing in this case, the defendant will provide to the Government, through defendant's undersigned counsel, any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by counsel for the Government. The defendant promises that the Financial Statement, disclosures, and supporting documentation will be complete, accurate, timely, and truthful.

b.   Should the defendant fail to provide complete, accurate, timely and truthful financial information, as set forth above, the Government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may, in its sole discretion, do any or all of the following: (i) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(a); (ii) seek an enhancement of the defendant's sentence for obstruction of justice under Sentencing Guidelines Section 3C1.1; (iii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iv) seek an order compelling production of the financial information; (v) decline to file or withdraw a previously filed motion for downward departure on the basis of substantial assistance to the Government; and/or (vi) void this Plea Agreement in its entirety.

13.   Defendant further agrees not to become, or to continue serving as, an officer, director, employee, or institution-affiliated party, as defined in 12 U.S.C. § 1813(u), (the Federal Deposit Insurance Act, as amended), or participate in any manner in the conduct of the affairs of any institution or agency specified in 12 U.S.C. § 1818(e)(7)(A), without the prior approval of the appropriate federal financial institution regulatory agency as defined in 12 U.S.C. § 1818(e)(7)(D).

14.   The defendant knows that he has, and voluntarily and expressly waives, the right to file

any appeal – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291 –

except that the defendant reserves his right to appeal only if (1) the Government appeals from the

sentence, (2) the defendant's sentence exceeds the statutory maximum for the offense set forth in the

United States Code, or (3) the sentence unreasonably exceeds the Sentencing Guidelines range

determined by the District Court in applying the United States Sentencing Guidelines.

15.    The United States Attorney reserves the right to defend any ruling of the District

Court in any proceeding.

16.    It is further agreed by the undersigned parties that this Memorandum supersedes all prior

promises, representations, and statements of the parties; that this Memorandum may be modified only

in writing signed by all the parties; and, that any and all promises, representations, and statements

made prior to or after this Memorandum are null and void and have no effect whatsoever.

CHARLES M. OBERLY, III
United States Attorney

Patrick J. Cotter, Esquire
Attorney for Defendant

BY: _____
Robert F. Kravetz
Lesley F. Wolf
Assistant United States Attorneys

Joseph Terranova
Defendant

Dated: May 8, 2013

**AND NOW**, this 8th day of _____May_____, 2013, the foregoing Memorandum of Plea

Agreement is hereby (accepted) (rejected) by this Court.

Hon. Gregory M. Sleet
United States District Judge

7