UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION | : : : : : : : : | Master File No. 10-cv-00990-SLR<br><br>(Securities Class Action)<br><br>Hon. Sue L. Robinson<br><br>Electronically Filed |

MOTION TO INTERVENE
OF THE PENNSYLVANIA DEPARTMENT OF BANKING AND SECURITIES

The Pennsylvania Department of Banking and Securities ("PaDOBS"), is the state regulator of institutions accepting deposits of money, such as banks, credit unions and trusts. The PaDOBS further regulates non-depository providers of other financial services in Pennsylvania. The PaDOBS moves to intervene in the above-captioned action for the limited purpose of protecting its proprietary, privileged and confidential information from being produced by the defendant bank pursuant to the August 5, 2014 *Motion to Compel Production of Documents Withheld by Defendants Based on the Bank Examination Privilege*. The PaDOBS's motion to intervene is supported by Rule 24(a)(2) and Rule (b)(2)(A) and (B) of the Federal Rules of Civil Procedure. A movant seeking intervention in the District Court in Delaware must: 1) file a timely motion; 2) have a sufficient interest in the litigation; 3) show that interest may be affected or impaired by disposition of the action; and 4) show that the interest is not adequately represented by an existing party. In support of this motion, the PaDOBS states the following:

Background

1.  The PaDOBS is an executive agency within the Commonwealth of Pennsylvania charged with regulating depository institutions, namely banks, trusts, and credit unions, as well

as licensed check cashers, pawn brokers, debt managers, motor vehicle sales finance companies, consumer discount companies, money transmitters, mortgage brokers and mortgage originators. *See*, 71 P.S. § 101 *et seq.*; 17 Pa.C.S. § 101 *et seq.*; 63 P.S. § 2301 *et seq.*; 69 P.S. § 601 *et seq.*; 7 P.S. § 201 *et seq.*; 63 P.S. § 2501 *et seq.*; 7 P.S. § 6101 *et seq.*; 63 P.S. 456.101 *et seq.*; 7 Pa.C.S. § 6161 *et seq.*; 63 P.S. § 281-1 *et seq.*

2. The PaDOBS regulates the aforementioned depository institutions and licenses by conducting regular examinations and by issuing administrative orders or entering into memoranda of understanding or Consent Agreements when deemed necessary to achieving the institution's or licensee's compliance with safety and soundness requirements.

3. In regard to depository institutions, examinations may be conducted jointly with our federal counterparts in the dual and concurrent jurisdictional banking system, ie., the FDIC or Federal Reserve Board. 71 P.S. § 733-404F.

4. At all times relevant and material, the PaDOBS was the state regulator for the state-chartered Wilmington Trust of Pennsylvania.

5. By letter dated September 26, 2014 (received September 29, 2014) addressed to Secretary Glenn E. Moyer, the PaDOBS was informed for the first time by counsel for Wilmington Trust Corporation that confidential information, proprietary to the PaDOBS and stemming from examinations and supervision of the Wilmington Trust of Pennsylvania, was the subject of the August 5 motion to compel. See D.I. 233.

6. The Federal Reserve Board and the Delaware Office of the State Bank Commissioner have previously filed Motions to Intervene.

Legal Authority

7. PaDOBS files this intervention in order to assert the bank examiner privilege in furtherance of the public policy supporting open and candid communications between financial institutions and their regulators necessary to maintain the safety and soundness of depository institutions.

8. Pursuant to the federal rules, a party may intervene as of right "if the party claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest." Rule 24(a)(2).

9. As a governmental agency, separate from any other already intervened, the PaDOBS engaged in supervisory communications to and from Wilmington Trust of Pennsylvania in an independent manner, including, but not limited to, independent examination reports and correspondence, that may be among the thousands of documents that are part of the motion to compel in which no other party has a proprietary interest.

10. Further, the PaDOBS, pursuant to authority granted under 71 P.S. § 733-404F., engaged in joint examinations of Wilmington Trust of Pennsylvania with the Federal Reserve Bank of Philadelphia, on behalf of the Federal Reserve Board, and issued joint examination reports and communication related thereto that is among the documents that are part of the motion to compel.

11. The PaDOBS claims a proprietary interest in its independent and joint examination reports, and any other document created coincident thereto or subsequent thereto,

that contains material that originated in the examination reports such that FRCP Rule 24(a)(2) supports intervention as of right.

12. Further, Rule 24(b)(2) provides that a government agency may be permitted to intervene if its claim is based on a statute, regulation, order or requirement. Rule 24(b)(2)(A) and (B).

13. The Department of Banking Code, 71 P.S. 733-404.A, sets forth in relevant part:

> . . . Reports of examination issued by the department remain the sole property of the department. A report of examination issued by the department to an institution is strictly confidential. Any copy of a report of examination is and shall remain the property of the department and is furnished to the institution, subject to the express condition that it shall be returned to the department immediately upon a request from the secretary. If a subpoena or other legal process is received calling for production of such a report of examination, or any portion thereof, the department shall be notified immediately by the institution. . . 71 P.S. § 733-404A.

14. The Department of Banking and Securities Code forbids the disclosure of "any information contained in or ascertained from any examination or investigation made by the department, or any letter, report, or statement sent to the department, or any other paper or document in the custody of the department" except as allowed by the act in limited circumstance to law enforcement or other financial regulatory agencies. 71 P.S. § 733-302A.(2).

15. It is a crime for any person, including the Secretary of the PaDOBS, to knowingly and willingly violate the non-disclosure provisions of the Department of Banking and Securities Code. 71 P.S. § 733-302B.

16. The non-disclosure provision of the Department of Banking and Securities Code provides that "any privileges available to Federal financial institution regulators under Federal statute, regulation or common law shall be available to the department." 71 P.S. § 733-302(4). Accordingly, the PaDOBS has the same bank examiner privilege under Pennsylvania law as the

Federal Reserve Board has under Federal law. To that extent, the legal arguments presented in the Federal Reserve's August 20, 2014 *Memorandum of Law in Support of Non-Party The Board of Governors of the Federal Reserve System's Motion to Intervene* is incorporated by reference as though fully set forth herein.

17. Pennsylvania law does not allow any documents prepared for or created by a compliance review committee, defined as an audit, loan review or compliance committee appointed by the board of directors, or other person acting at the direction of a compliance review committee to be discovered or admitted into evidence in any civil action arising out of matters evaluated by the compliance review committee. 7 P.S. §§ 6221-6223.

Timeliness and Acceptance of Schedule and Orders

18. Lastly, the PaDOBS's motion is timely given that it is being filed within ten days of first learning from the defendant bank that confidential documents and information proprietary to the PaDOBS was the subject of discovery in this matter, and because the scheduled time for briefing and oral argument established by the Court has not yet passed.

19. The PaDOBS accepts the schedule as established by the Court requiring briefs by October 24, 2014 and oral argument on November 4, 2014.

20. The PaDOBS further accepts the protective order already executed by the court in this matter.

21. The PaDOBS, therefore, meets the requirements of Rule 24(a)(2) and Rule 24(b)(2)(A) and (B) allowing its intervention in this matter. Specifically, the motion is timely, there is a sufficient interest that may be affected or impaired by disposition of the action, and the interest is not adequately represented by an existing party to the extent that some number of the thousands of documents may contain information that solely belongs to the PaDOBS.

**WHEREFORE**, as this motion is being filed coincident with a motion *pro hac vice* pursuant to Rule 83.5(d) and (e), the PaDOBS respectfully requests that its motion for intervention be granted.

                                                Respectfully submitted,
                                                STATE OF DELAWARE
                                                DEPARTMENT OF JUSTICE

Dated: October 17, 2014                /s/ *Jennifer R. Noel*
                                                Jennifer R. Noel, DE Bar No. 3987
                                                Joseph C. Handlon, DE Bar No. 3952
                                                Deputy Attorney General
                                                Delaware Department of Justice
                                                820 N. French Street, C600
                                                Wilmington, DE 19801
                                                (302) 577-8400

                                                -and-

                                                PENNSYLVANIA DEPARTMENT OF
                                                BANKING AND SECURITIES

                                                Linda Carroll, Deputy Chief Counsel
                                                Attorney ID # PA 35868

                                                Begene A. Bahl
                                                Senior Deputy Chief Counsel
                                                Attorney ID # PA 87803

                                                17 North Second Street, Suite 1300
                                                Harrisburg, PA 17101
                                                (717) 787-1471

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION | : : : : : : : | Master File No. 10-cv-00990-SLR<br><br>(Securities Class Action)<br><br>Hon. Sue L. Robinson<br><br>Electronically Filed |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of the *Motion to Intervene of the Pennsylvania Department of Banking and Securities*, IT IS HEREBY ORDERED that the motion is GRANTED.

By the Court: _____
Hon. Sue L. Robinson
United States District Judge

CERTIFICATE OF SERVICE

      I hereby certify that on October 17, 2014, I filed the *Motion to Intervene of the Pennsylvania Department of Banking and Securities* with the Clerk of Court using CM/ECF which will send notification to the following:

Norman M. Monhait, Esq.
Rosenthal, Monhait & Goddess, P.A.
Mellon Bank Center, Suite 1401
P.O Box 1070
919 Market St.
Wilmington, DE 19899-1070

A. Zachary Naylor, Esq.
Chimicles & Tikellis, LLP
222 Delaware Ave., 11th Floor
P.O. Box 1035
Wilmington, DE 19899

Thomas J. Allingham, II, Esq.
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O .Box 636
Wilmington, DE 19899

M. Duncan Grant, Esq.
Pepper Hamilton LLP
1313 Market St., Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709

Jaclyn C. Levy, Esq.
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

Virginia A. Gibson, Esq.
Hogan Lovells US LLP
1835 Market St. 29th Fl.
Philadelphia, PA 19103

David Wilks, Esq.
Wilks, Lukoff & Bracegirdle, LLC
1300 N. Grant Avenue, Suite 100
Wilmington, DE 19806

Brian Michael Gottesman, Esq.
Berger Harris, LLP
1105 N. Market St., 11th Floor
Wilmington, DE 19801

Christine S. Azur, Esq.
Labaton Sucharow LLP
300 Delaware Avenue, Suite 1225
Wilmington DE 19801

Yvonne F. Mizusawa, Esq.
Board of Governors of the Federal
Reserve System
20th and C Streets, N.W.
Washington, DC 20551

| | |
|---|---|
| Joseph C. Handlon<br>Jennifer R. Noel<br>Deputy Attorneys General<br>Carvel State Building<br>820 N. French Street, 6th Floor<br>Wilmington, DE 19801 | Charles M. Oberly, III<br>United States Attorney<br>District of Delaware<br>1007 N. Orange St.<br>Suite 700<br>Wilmington, DE 19801 |

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Dated: October 17, 2014

/s/ *Jennifer R. Noel*
Jennifer R. Noel, DE Bar No. 3987
Joseph C. Handlon, DE Bar No. 3952
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, C600
Wilmington, DE  19801
(302) 577-8400

-and-

PENNSYLVANIA DEPARTMENT OF
BANKING AND SECURITIES

Linda Carroll, Deputy Chief Counsel
Attorney ID # PA 35868

Begene A. Bahl
Senior Deputy Chief Counsel
Attorney ID # PA 87803

17 North Second Street, Suite 1300
Harrisburg, PA  17101
(717) 787-1471
licarroll@pa.gov