IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION | ) ) ) ) | Master Civ. No. 10-990-SLR (Consolidated Securities Class Action) |

**MEMORANDUM**

At Wilmington this 3rd day of September, 2015, having reviewed lead plaintiffs' motion for class certification (D.I. 259), and the papers filed in connection therewith; the court issues its decision based on the following reasoning:

1. **Background.** By an order dated March 7, 2011, the court consolidated a series of securities fraud class action lawsuits filed against the Wilmington Trust Corporation ("WTC") and related defendants. (D. I. 26) A consolidated class action complaint was filed on May 16, 2011. (D.I. 39) On June 13, 2013, plaintiffs filed a fourth amended complaint ("FAC").[1] (D.I. 143; D.I. 144; D.I. 149) The FAC contains seven counts, four under the Securities Exchange Act of 1934, 15 U.S.C. § 78a ("the Exchange Act"), and three under the Securities Act of 1933, 15 U.S.C. § 77a ("the Securities Act"). (D.I. 149) The court has jurisdiction pursuant to 15 U.S.C. §§ 77v and 78aa and 28 U.S.C. §§ 1331 and 1337.

2. **Standard.** A district court has broad discretion to grant or deny class certification. See *Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985). The court does not inquire into the merits of a lawsuit when determining whether it may be

---

[1] On March 29, 2012, the court granted defendants' motions to dismiss the complaint without prejudice. (D.I. 85, D.I. 86) Plaintiffs filed a second and third amended complaint on May 10, 2012 and January 9, 2013. (D.I. 88; D.I. 120)

maintained as a class action. *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177 (1974). However, the court must conduct a limited preliminary inquiry, examining beyond the pleadings, to determine whether common evidence could suffice to make out a prima facie case for the class. *See General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.") (internal citation omitted); *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 167 (3d Cir. 2001) ("[C]ourts may delve beyond the pleadings to determine whether the requirements for class certification are satisfied.").

3. The party seeking class certification bears the burden of establishing that certification is warranted under the circumstances. *Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013). Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for certification of a class. Under Rule 23(a), these requirements are: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class. *See Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527 (3d Cir. 2004). Plaintiffs bear the burden to "establish that all four requisites of Rule 23(a) and at least one part of Rule 23(b) are met." *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994).

4. Under Rule 23(b)(3), two additional requirements must be met for a class to be certified: (a) common questions must predominate over any questions affecting only

2

individual members; and (b) class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Relevant to this inquiry are the following factors: (a) the interest of members of the class individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of the class action. *Id.* at 615-16. The Supreme Court has noted that the dominant purpose behind certifying Rule 23(b)(3) cases is to vindicate the rights of people who individually would be without the strength to bring their opponents into court; it overcomes the problem of small recoveries, which do not provide enough incentive for individual actions to be prosecuted. *Id.* at 617.

5. Defendants argue that plaintiffs have not satisfied the predominance requirement of Rule 23(b)(3),[2] as plaintiffs have presented no proposed class-wide damages methodology and no damages proof of any kind. In *Neale v. Volvo Cars of N. Am., LLC*, Civ. No. 14-1540, 2015 WL 4466919 (3d Cir. July 22, 2015), the Third Circuit reviewed a class certification in "a putative class action brought by consumers from six states alleging that Appellants–Defendants Volvo Cars of North America, LLC and Volvo Car Corporation (collectively 'Volvo') sold certain vehicles with defective sunroof

---

[2] Plaintiffs adequately alleged the numerosity, commonality and typicality prerequisites of Rule 23(a), which defendants did not challenge. The court does not address defendants' arguments (presented in briefing) regarding the adequacy of plaintiffs as class representatives as defendants did not respond to such arguments at the hearing, effectively conceding their position.

3

drainage systems." *Id.* at *1. In addressing the damages issue,[3] the Third Circuit held

that *Comcast Corp. v. Behrend*, —— U.S. ——, 133 S.Ct. 1426 (2013) "is inapposite to

the case before us," as

> the Supreme Court specifically noted that it was not breaking any new
> ground by stating at the beginning of its opinion: "This case thus turns on
> the straightforward application of class-certification principles." *Comcast*,
> 133 S.Ct. at 1433. A close reading of the text above makes it clear that
> the predominance analysis was specific to the antitrust claim at issue.
> That is eminently sensible. Every question of class certification will
> depend on the nature of the claims and evidence presented by the
> plaintiffs. What we know for sure is that whatever "Comcast's
> ramifications for antitrust damages models or proving antitrust impact," a
> trial court must "'consider carefully all relevant evidence and make a
> definitive determination that the requirements of Rule 23 have been met
> before certifying a class.'" *In re Blood Reagents Antitrust Litig.*, 783 F.3d
> 183, 186–87 (3d Cir. 2015) (quoting [*In re Hydrogen Peroxide Antitrust
> Litig.*, 552 F.3d 305, 320 (3d Cir.2008)].

*Id.* at *16. Applying *Neale* to a putative securities action, the District Court of New

Jersey stated that

> *Comcast* was an antitrust case in which there was only one viable theory
> of antitrust impact and the plaintiffs' damages model did not measure
> damages in accordance with that theory. [133 S.Ct.] at 1433. Based on
> the particular facts of that case, issues common to the proposed class
> would have been overwhelmed by individual damage calculations. *See id.*
> The Court therefore required an inquiry into the merits of the plaintiffs'
> damages model at the class certification stage. *See id.* at 1432-35. The
> case did not stand for the general proposition that in all class actions, a
> plaintiff must prove that damages are calculable on a class-wide basis
> before class certification can be granted.

*City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, Civ. No. 12-

5275, 2015 WL 5097883, at *13 (D.N.J. Aug. 31, 2015).

---

[3] Volvo relied on *Comcast Corp. v. Behrend*, —— U.S. ——, 133 S.Ct. 1426 (2013), for
the proposition that plaintiffs must show that "'damages are susceptible of measurement
across the entire class for purposes of Rule 23(b)(3).'" *Neale v. Volvo Cars of N. Am.,
LLC*, 2015 WL 4466919, at *16.

4

6. In the case at bar, defendants contend that under *Comcast*, plaintiffs must show that damages can be calculated on a class-wide rather than individual basis.[4] Consistent with the analysis by the Third Circuit, the court concludes that class certification is not defeated when there are individual issues with respect to the calculation of damages. Common issues predominate in the litigation at bar and plaintiffs' theory that there is a common, class-wide methodology to calculate damages based on its expert's event study methodology is adequate to establish predominance. (D.I. 360 at 4-5); see, e.g., *City of Sterling Heights*, 2015 WL 5097883, at *13 (citing *Neale*, 2015 WL 4466919, at *16-17, *17 n.10) (holding that "class certification will not necessarily be defeated where there are individual issues with respect to the calculation of damages; . . . [b]ecause common issues predominate on all other issues of law and fact presented to the Court, the Court need not assess the validity of Plaintiff's damages model at this stage.").

7. **Conclusion.** For the aforementioned reasons, lead plaintiffs' motion for certification (D.I. 259) is granted. An order shall issue.

_____<br>
United States District Judge

---

[4] Defendants argue "[p]laintiffs have not even attempted to explain, in even the most general terms, what methodology could possibly be applied to determine damages for the putative class on a class-wide basis – a task that is particularly difficult where, as Plaintiffs claim here, Wilmington Trust made misrepresentations with varying degrees of falsity on 26 separate dates over two years." (D.I. 347 at 8)