IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION | ) ) ) ) | Master Civ. No. 10-990-SLR-SRF (Consolidated Securities Class Action) |

## MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE AND MOTION FOR A STAY OF DISCOVERY

CHARLES M. OBERLY, III
United States Attorney
District of Delaware
1007 N. Orange St.
Suite 700
Wilmington, DE 19801

Robert F. Kravetz, Esq.
Lesley F. Wolf, Esq.
Assistant United States Attorneys

Dated: October 27, 2015

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................i

TABLE OF AUTHORITIES...........................................................................................ii

INTRODUCTION............................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS.......................................................2

    I. The Government's Parallel Criminal Investigation and Prosecutions...................2

    II. The Relationship Between the Government Investigation and the Private Securities
    Litigation....................................................................................................................3

    III. Current Status of the Private Securities Lawsuit...............................................4

ARGUMENT...................................................................................................................5

    I. The Government May Intervene As of Right Under Rule 24...............................5

    II. The Civil Case Should Be Stayed......................................................................7

        A. There is Substantial Overlap in the Issues and Witnesses in the Criminal
        and Civil Cases......................................................................................................8

        B. Six High-Level Bank Employees Have Been Charged and the
        Investigation Continues.........................................................................................9

        C. The Plaintiffs Will Not Be Substantially Prejudiced by the Requested
        Stay........................................................................................................................11

        D. A Stay Will Satisfy the Interests of the Court and the Public............................13

CONCLUSION.................................................................................................................14

## TABLE OF AUTHORITIES

**Federal Cases**

Arden Way Assocs. v. Boesky, 660 F. Supp. 1494 (S.D.N.Y. 1987)............................................ 14

Benjamin ex. rel. Yock v. Dep't of Public Welfare, 701 F.3d 938 (3d Cir. 2012)........................ 6

Bryer v. Jefferson, 2013 WL 3753420 (D. Del. July 8, 2013)................................................. 9, 12

De'omilia Plastic Surgery, PC v. Sweeton, 2013 WL 6070037 (D.N.J. Nov. 18, 2013)............... 8

Four In One Co., Inc. v. SK Foods, L.P., 2014 WL 4078232 (E.D. Cal. Aug. 18, 2014)............ 13

Four In One Co., Inc. v. SK Foods, L.P., 2010 WL 4718751 (E.D. Cal. Nov. 12, 2010)............ 13

Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.,
87 F.R.D. 53 (E.D. Pa. 1980).................................................................................................. 12

In re Adelphia Commc'ns Sec. Litig., 2003 WL 22358819 (E.D. Pa. May 13, 2003)....... 8, 12, 14

In re CFS-Related Sec. Fraud Litig., 256 F. Supp. 2d 1227 (N.D. Okla. 2003)..................... 13, 14

In re Herley Indus. Inc. Sec. Litig., 2007 WL 1120246 (E.D. Pa. April 11, 2007)...................... 12

In re Grand Jury Subpoena, 745 F.3d 681, 689 (3d Cir.2014)  ................................... ...  3

Kleissler v. U.S. Forest Serv., 157 F.3d 964 (3d Cir. 1998)......................................................... 6

Landis v. North Am. Co., 299 U.S. 248 (1936)........................................................................... 7

Maloney v. Gordon, 328 F. Supp. 2d 508 (D. Del. 2004) ..................................................... 11, 14

Nutramax Labs. Inc. v. Twin Labs. Inc., 183 F.R.D. 458 (D. Md. 1998) ................................... 12

Se. Recovery Grp., LLC v. BP Am., Inc. .......................................................................... 9, 10, 13

Texaco, Inc. v. Borda, 383 F.2d 607 (3d Cir. 1967)...................................................................... 7

United States v. Mellon Bank, N.A., 545 F.2d 869 (3d Cir. 1976) ..................................... 7, 8, 10

_Walsh Sec., Inc. v. Cristo Property Mgmt., Ltd.,_ 7 F. Supp. 2d 523 (D.N.J. 1998) .............. passim

**Federal Statutes**

28 U.S.C. § 515(a) ............................................................................................... 6

28 U.S.C. § 516 .................................................................................................... 6

28 U.S.C. § 547(1) ............................................................................................... 6

**Federal Rules**

Fed. R. Civ. P. 26(b)(2)(C) ................................................................................ 11

Fed. R. Civ. P. 30(a)(2)(A)(ii) .......................................................................... 11

**Other Authorities**

_Parallel Civil and Criminal Proceedings,_ 129 F.R.D. 201 (1990) ............................................. 8, 9

# INTRODUCTION

The United States of America (the "United States" or the "government"), a non-party to this action, respectfully moves to intervene pursuant to Federal Rule of Civil Procedure 24 and for a stay of fact discovery until the resolution of the criminal case currently pending against four named defendants in *United States v. Gibson, et al.*, 15-23-RGA.[1] The government's request for a stay is limited to all fact discovery pertaining to depositions, interrogatories, requests for admission, and document production through the conclusion of the criminal case, in which trial is scheduled for September 26, 2016.[2]

As set forth more fully herein, the requested relief is warranted because: (1) the factual discovery sought to be stayed would, if permitted to move forward, have a substantial negative impact on the government's ongoing investigation of the Wilmington Trust Corporation ("Wilmington Trust" or "the Bank") and prosecution of its employees, which overlap substantially with the private securities lawsuit; (2) the parties would not be prejudiced given that the Court has already imposed a stay as to the depositions of all witnesses who are also criminal defendants and, thus, fact discovery will not be completed until after the conclusion of the criminal trial in any event; and (3) the limited stay will serve the interests of the Court and the

---

[1] Pursuant to Local Rule 7.1.1, the United States has conferred with counsel for the plaintiffs and defendants regarding the instant motion. Counsel for each of the defendants has indicated that defendants do not oppose the government's motion to intervene. Defendants Gibson, Harra, North, and Rakowski take no position with regard to the motion for a stay, while the remaining defendants do not oppose the instant motion for a stay. Hannah G. Ross, counsel for plaintiffs, represented that plaintiffs (1) do not oppose the government's request to intervene, but (2) oppose the motion for a stay of discovery pending resolution of the criminal matter.

[2] The government's request does not seek to stay the resolution of the Plaintiff's Motion to Compel the Production of Documents Withheld Based on the Bank Examination Privilege (D.I. 233) and any production of documents stemming from the resolution of that motion, nor does it seek to stay the outstanding supplemental production of documents by defendant as set forth in plaintiff's status report. (D.I. 408, at 3-5.)

public in allowing the government to complete its investigation and prosecution in a more efficient manner, which may in turn promote a more efficient resolution of the instant matter.

## NATURE AND STAGE OF THE PROCEEDINGS[3]

### I.    The Government's Parallel Criminal Investigation and Prosecutions

Over the past four years, the United States of America has investigated and charged former Bank employees and customers with alleged criminal conduct at Wilmington Trust Corporation, whose acquisition by M&T Bank Corp. was announced in November 2010.  As reflected in public documents filed in connection with criminal proceedings in the District of Delaware, the charges relating to former Bank employees concern whether the Bank and its officers and employees made materially false statements and omissions in public securities filings and in regulatory reports filed with federal agencies.  See *Ex Parte* Affidavit of Assistant United States Attorney Robert F. Kravetz (hereinafter "*Ex Parte* Affidavit"), at ¶ 3 (setting forth the scope of the criminal investigation in greater detail).

Since the inception of the investigation, the United States has brought criminal charges against ten individuals, including seven former Wilmington Trust employees and three former bank customers.  Two of those individuals, Brian Bailey[4] and Joseph Terranova,[5] are former high-ranking Wilmington Trust employees who pleaded guilty to conspiracy offenses relating directly to the Bank's underwriting and false reporting of past due and nonaccrual loans.  In

---

[3] Because of the nature of the ongoing investigation, the government has requested, in a separate motion, to file an *ex parte* affidavit under seal in order to provide the Court with further information regarding the investigation.  See In re Grand Jury Subpoena, 745 F.3d 681, 689 (3d Cir. 2014) (collecting cases) (stating that the United States Court of Appeals for the Third Circuit has held that the use of *ex parte* affidavits is "a procedure consistently endorsed to preserve grand jury secrecy").

[4] *United States v. Brian D. Bailey*, Crim. No. 14-05-RGA.

[5] *United States v. Joseph Terranova*, Crim. No. 13-39-GMS.

August 2015, the grand jury returned a Superseding Indictment against four of the highest-ranking Bank officers, David Gibson, Robert Harra, William North, and Kevyn Rakowski ("the Individual Defendants"),[6] all of whom are also named defendants in this case. Moreover, as set forth in the attached affidavit, the investigation remains ongoing. *See Ex Parte* Affidavit at ¶¶ 8-9.

## II.    The Relationship Between the Government Investigation and the Private Securities Litigation

The conduct with which the Individual Defendants are charged, and to which Bailey and Terranova admitted in their guilty pleas,[7] relates directly to the core allegations underpinning the private securities lawsuit, that is, the Bank's alleged misrepresentations and omissions surrounding its nonperforming loan portfolio.[8] For example, the Superseding Indictment alleged that the Individual Defendants were each involved in masking the health of the Bank's nonperforming loan portfolio in a declining economy, and that each nonetheless knowingly certified, or caused to be certified, the filing of false past due loan information in its public reporting to the Securities and Exchange Commission and the Federal Reserve. (Superseding Indictment, attached hereto as Ex. A, at ¶ 15, 18-19, 20-23.)   The conduct allegedly occurred over the course of the Class Period, specifically impacting the Bank's February 2010 capital raise, through which it raised approximately $273.9 million. (Superseding Indictment at ¶¶ 24-34, 51-52.)

---

[6] *United States v. Gibson, et al*, Crim. No. 15-23-RGA.

[7] The factual similarities between the instant case and the criminal conduct at issue in the *Bailey* and *Terranova* cases were set forth in the brief in support of the Government's prior motion to intervene. (D.I. 298.) In that brief, the government described in detail the relationship between the plaintiff's Fourth Amended Complaint and information that had been released publicly about the criminal investigation at that time – thus demonstrating Plaintiffs reliance on the government's investigation to advance the civil case. (D.I. 298 at 5-6.)

[8] (D.I. 298.)

3

On November 1, 2010, M&T Bank acquired Wilmington Trust at a price of $3.84 per share, a discount of approximately 46% from the prior day's share price, and a decrease of approximately $204 million in total market value of shares purchased during the February 2010 capital raise. (Superseding Indictment at ¶ 61.)

### III.    Current Status of the Private Securities Lawsuit

On August 12, 2014, the Court issued a Scheduling Order that contemplated the commencement of depositions on or before September 8, 2014; the completion of document production on or before October 17, 2014; and the completion of all fact discovery on or before December 19, 2014. (D.I. 240.)  While depositions were noticed, including those of all named criminal defendants, no depositions took place.  Document production progressed substantially, but was delayed by issues relating to a motion filed by plaintiffs to compel the production of documents withheld by the Bank pursuant to the "bank examination privilege." (D.I. 233, 242.) Multiple regulators, including the Federal Reserve, intervened to assert the privilege.  That issue remains pending before the Court.

A little over a year ago, the United States first sought to intervene in this matter and to move for a limited stay of discovery, until March 1, 2015. (D.I.s 297, 298.)  The motion to intervene was granted by oral order on November 4, 2014, but the motion to stay was never ruled upon and the passage of time mooted the relief sought.  However, depositions still did not commence, and on July 2, 2015, the Court stayed the case recognizing "that there are parallel proceedings which impact the instant litigation, both substantively and procedurally." (D.I. 397.) The Court further directed the parties to file status reports by September 30, 2015.

In their status report, defendants requested the discovery stay to remain in place, due to the pending criminal prosecutions and the attendant limitations on discovery arising from Fifth

4

Amendment concerns. (D.I. 407.) While recognizing that they would not be able to complete depositions of any criminally charged witnesses, Plaintiffs advocated to allow discovery to proceed, but for this limited subset of witnesses. (D.I. 408.)

On October 13, 2015, the Court issued an Order, lifting the July 2, 2015 stay, and permitted discovery to proceed, but for the depositions of the six criminal defendants (the Individual Defendants, Bailey and Terranova) and anyone subsequently indicted. (D.I. 409.) As to those individuals, the stay remains in place "pending the resolution of the criminal actions."[9] The Court further contemplated that discovery would commence by November 1, 2015, and conclude in 90 days, absent an agreement by the parties.

While depositions have yet to be formally noticed, Plaintiffs have identified twenty-four witnesses it intends to depose, presumably reserving its remaining six for the criminal defendants. Defendants have also indicated their intent to depose a number of witnesses, but have not specifically identified all of those witnesses.

The government now moves to intervene and respectfully moves that the Court reinstate a stay of fact discovery, pending the resolution of the criminal actions for the reasons set forth below and more fully articulated in the *Ex Parte* Affidavit.

## ARGUMENT

### I.     The Government May Intervene As of Right Under Rule 24

The government is permitted to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). The Court of Appeals has identified four conditions that a movant must meet in order to intervene as of right in a civil action: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected

---

[9] The Order only imposes a stay on the depositions of the six criminal defendants. It is not clear whether the stay would also extend to interrogatories addressed to the Individual Defendants, which would seemingly implicate the same Fifth Amendment concerns as depositions.

or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." Benjamin ex. rel. Yock v. Dep't of Pub. Welfare, 701 F.3d 938, 948 (3d Cir. 2012)

All four conditions are met in this case. The application for intervention is timely, given that the existing stay in this matter was lifted less than two weeks ago, on October 13, 2015, and that additional factual discovery, including depositions, has not yet commenced. Moreover, the government has a sufficient interest in the litigation, which may be affected or impaired by the advancement of fact discovery in this case. As set forth in further detail below regarding the request for a stay, the government's criminal investigation touches directly on the core factual issues of the private securities litigation. Kleissler v. U.S. Forest Serv., 157 F.3d 964, 972 (3d Cir. 1998) (noting that the "polestar" for intervention is "whether the intervenor's interest is direct or remote.") Finally, no existing party in the litigation is able to adequately represent the interests of the government, given that the Department of Justice is the sole entity authorized to prosecute federal criminal offenses within the District of Delaware. See 28 U.S.C. § 515(a) (setting forth the authority of United States Attorney General and other officers of the United States Department of Justice to conduct criminal and grand jury proceedings); 28 U.S.C. § 516 (reserving the conduct of litigation to which the United States is a party to the Department of Justice); 28 U.S.C. § 547(1) (stating that it is the duty of the Unites States Attorney within a judicial district to "prosecute for all offenses against the United States.").

For these reasons, and given the non-opposition of the parties, the United States respectfully requests the Court to grant the motion to intervene.[10]

---

[10] For these same reasons, the government also satisfies the requirements for permissive intervention under Rule 24(b), as the application is timely and involves common questions of law and fact.

## II.     The Civil Action Should Be Stayed

A district court has the inherent power to stay a proceeding.  Landis v. North Am. Co., 299 U.S. 248 (1936) (holding that the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants"); Texaco, Inc. v. Borda, 383 F.2d 607 (3d Cir. 1967) (holding that the district court did not abuse its discretion in ordering a limited stay of a civil action until the completion of a criminal case).  This power extends to situations where parallel civil and criminal proceedings involve "substantial matters of the same nature."  United States v. Mellon Bank, N.A., 545 F.2d 869, 873 (3d Cir. 1976).  In such situations, resolution of the criminal case may "moot, clarify, or otherwise affect various contentions in the civil case," and may prevent the possibility that parties to the civil action "might improperly exploit civil discovery."  Id.

In determining whether to grant a stay in a parallel civil proceeding, courts generally consider the following factors: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiffs' interest in proceeding expeditiously weighed against the prejudice to a plaintiff caused by a delay; (4) the private interests of and burdens of the defendants and/or the moving party; (5) the interest of the court; and (6) the public interest.  Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (citations omitted).  Application of the relevant factors in the instant case supports the government's request for a stay pending resolution of the criminal case.

## A. There is Substantial Overlap in the Issues and Witnesses in the Criminal and Civil Cases.

The similarity of issues between the civil action and the criminal investigation "has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay." Walsh Sec., 7 F. Supp. 2d at 527 (quoting Hon. Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (1990)).  Given the factual background set forth above and in the *Ex Parte* Affidavit, there can be no dispute that there is a substantial overlap of the issues pending in the criminal cases/investigation and the civil case.   Indeed, Plaintiffs themselves admit that the allegations in the two cases "mirror" one and other.  (D.I. 408 at 7.)  These issues relate generally to whether the Bank and the Bank defendants made materially false statements and omissions in connection with public securities filings and to federal regulators.   Resolution of the criminal case with respect to these issues is likely to "moot, clarify, or otherwise affect various contentions in the civil case," which are largely drawn from the criminal charging documents.  See Mellon Bank, 545 F.2d at 873.

As set forth in the *Ex Parte* Affidavit, the bulk of the individuals to be noticed for deposition have provided statements to the government in connection with its investigation and may be witnesses at trial.  The fact that witnesses overlap in both the criminal cases and the civil action is an additional factor that weighs in favor of a stay.  See, e.g., De'omilia Plastic Surgery, PC v. Sweeton, 2013 WL 6070037 at *2 (D.N.J. Nov. 18, 2013) ("Similarity of issues has been deemed the most important issue at the threshold when a court determines whether or not to grant a stay.") (internal quotation omitted);  In re Adelphia Commc'ns Sec. Litig., 2003 WL 22358819 at *3 (E.D. Pa. May 13, 2003) (similarity of issues is "most important and threshold issue" in stay inquiry).

## B. Six High-Level Bank Employees Have Been Charged and the Investigation Continues.

The second factor to consider is the stage of the government's investigation. Here, two former high-level Bank employees pleaded guilty to Informations filed by the United States Attorney, and the grand jury returned the Superseding Indictment against four senior executives of the Bank who are also defendants in the civil case. While these charges reflect the significant advancement of the investigation, they do not represent its completion. See *Ex Parte Affidavit* at ¶ 9. The charges brought against those individuals and the ongoing investigation directly relate to the core issues in the private securities lawsuit.

The propriety of a stay is heightened following the return of an indictment, in large part because it implicates Fifth Amendment concerns. "The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage." Parallel Proceedings, 129 F.R.D. at 203. See also Bryer v. Jefferson, 2013 WL 3753420 at *1 n.1 (D. Del. July 8, 2013); Se. Recovery Grp., LLC v. BP Am., Inc., 278 F.R.D. 162, 167 (E.D. La. 2012) (holding that a stay is most appropriate after the grand jury has returned an indictment). The Court has acknowledged this fact by excluding any current or future criminal defendant from discovery. (D.I. 409.) While an important step, in the particular circumstances of this case, that limitation, does not fully address the potential Fifth Amendment concerns that may arise in the course of civil discovery. Given that the investigation remains incomplete, unindicted witnesses will have incomplete information in deciding whether to testify or invoke their privilege against self-incrimination. Moreover, as many witnesses provided information subject to certain protections and agreements with the

government, there may be additional Fifth Amendment considerations that interfere with the development of the record in the civil case.[11] *See Ex Parte Affidavit* at ¶¶ 10 and 14.

Moreover, additional fact discovery in the form of depositions, interrogatories, and requests for admission could prejudice the government substantially, as current and potential defendants may be able to use the deposition process to disrupt the ongoing criminal investigation. Courts have issued stays to protect the government's interest in preventing criminal defendants, or targets of an investigation from obtaining early discovery though the civil process. *See, e.g.*, <u>Mellon Bank</u>, 545 F.2d at 873. Permitting the depositions to move forward would allow the others who are subjects or targets of the government investigation to potentially "disrupt and perhaps undermine" the investigation. <u>Se. Recovery Grp.</u>, 278 F.R.D. at 168; <u>Walsh Sec.</u>, 7 F. Supp. 2d at 527 (noting the concern that interrogatory and deposition discovery could harm the government's investigation "by disclosing the testimony of potential government witnesses in the criminal action").[12] *See also Ex Parte Affidavit* at ¶ 14.

A more tailored stay request would also be problematic, as it would require the government to identify to the civil litigants the individual depositions implicated by both of the above concerns. This, in turn, potentially conflicts with the limitations of Federal Rule of Criminal Procedure 6(e) and more generally would likely compromise the integrity of the continuing investigation. *See generally Ex Parte Affidavit*. Accordingly, the pendency of the

---

[11] This uncertainty also demonstrates that judicial efficiency is promoted by a stay as allowing depositions to proceed will potentially require the Court to evaluate "a constant stream of privilege issues." <u>Walsh Sec.</u>, 7 F. Supp. 2d at 528.

[12] In addition, the status of the criminal case creates an additional complication as substantial discovery, including witness statements, has been provided to the criminal defendants. While the Supplemental Protective Order (D.I. 90) in place in criminal action precludes the use and disclosure of those materials outside of the criminal case, as a practical matter, the criminal defendants have access to information that other civil defendants and plaintiffs do not, and which, despite the best of intentions, may be difficult to segregate in the formation of deposition questions and other discovery requests.

criminal case and the status of the ongoing investigation weigh heavily in favor of a full stay of civil discovery.

### C. The Plaintiffs Will Not Be Substantially Prejudiced by the Requested Stay.

Because the status quo imposed by the Court already precludes the completion of civil discovery until the conclusion of the criminal cases, the additional stay requested by the government does not meaningfully prejudice the parties. The Court's Order lifting the complete stay keeps the stay in place with regard to the six criminally charged individuals. These individuals are far from tangential players in the civil action, but instead are actors whose conduct is at the core of the civil complaint. Plaintiffs themselves recognize the necessity of the depositions of the Individual Defendants, Bailey and Terranova, as their list of deponents reserves its final six slots— indubitably for those individuals. Thus, while absent an additional stay, the civil case may advance to a certain point prior to the conclusion of the criminal case, it cannot advance to a point sufficient to allow for its resolution. Discovery cannot be completed until the criminal case has been resolved, and, because the factual record will necessarily be substantially incomplete, the civil matter will be neither ripe for case-dispositive motions or for trial.[13]  See Maloney v. Gordon, 328 F. Supp. 2d 508, 512 (D. Del. 2004) (noting staying civil

---

[13] Additionally, what limited efficiency gains may arise through allowing depositions to commence, but not be completed, must be considered in light of the substantial uncertainty of any gains. The factual record developed through the criminal trial, as well as the eventual civil depositions of the criminal defendants may create the need to re-depose certain witnesses, obviate the need to depose others, or reveal the need to depose additional witnesses, actually making the overall process both slower and less efficient and involving the resources of both the parties and the Court. See Fed. R. Civ. P. 30(a)(2)(A)(ii) and 26(b)(2)(C).

The government further notes that document production remains incomplete at the present time. As set forth in the plaintiff's status report, the civil defendants' production of documents remains ongoing, as they near the end of reviewing a half million documents, which will likely entail a substantial additional document production. Plaintiffs' review of over one million pages (127,000 documents) produced on September 8, 2015 is ongoing. (D.I. 408 at 3-5.) The Court has yet to decide the plaintiff's motion to compel documents withheld on the basis of the banking

case only as to criminal defendants precludes plaintiffs from "adequately prepar[ing] for their civil case" because defendants were "key figures in both" cases) (internal quotation omitted).

Moreover, in determining whether to issue a stay, "courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim." In re Adelphia, 2003 WL 22358819 at *4, citing Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D. Pa. 1980). "Delays in civil cases are fairly common," and accordingly courts may ask a plaintiff to identify a particular or unique injury to justify pursuit of its civil case during the pendency of a criminal one. Walsh Sec., 7 F. Supp. 2d at 528. Plaintiffs, however, cannot identify any such harm, such as the dissipation of assets or fleeing defendants, to support their opposition in the instant case. Id.; see also Bryer, 2013 WL 3753420 at *1 n.1 (rejecting generalized prejudice claim as "speculative"); In re Herley Indus. Inc. Sec. Litig., 2007 WL 1120246 at *2 (E.D. Pa. April 11, 2007) (stating that plaintiffs failed to articulate any "unique injury, citing only monetary loss and the passage of time").

Because the Court has already determined that discovery in this matter cannot be completed until the resolution of the criminal matters, the civil case cannot proceed to a stage where any resolution can be achieved. Plaintiffs cannot identify any specific prejudice beyond the fact of the delay itself. Accordingly, there is limited, if any, prejudice to the parties by imposing a more fulsome stay of discovery, again suggesting that a stay is appropriate.

---

examination privilege. (D.I. 233.) The stay proposed by the government excludes these outstanding issues. Other documents may also become available to the parties following the conclusion of the criminal proceedings. As additional documents are likely forthcoming, the stay allows plaintiffs adequate time to review these documents and to ensure that the eventual depositions of witnesses include lines of inquiry allowed for by these documents and minimizes the need to re-depose witnesses. Indeed, there is a strong preference in delaying depositions until all documents are produced. See generally Nutramax Labs. Inc. v. Twin Labs. Inc., 183 F.R.D. 458, 461 (D. Md. 1998).

### D. A Stay Will Satisfy the Interests of the Court and the Public.

The stay requested by the government satisfies the interest of both the Court and the public. The Court has an independent interest in conserving judicial resources and ensuring that its caseload is managed efficiently. Walsh Sec., 7 F. Supp. 2d at 528. Here, given the close relationship between the allegations in the Superseding Indictment, the subject matter of the ongoing investigation, and plaintiff's allegations, judicial efficiency is advanced by staying civil discovery. The cases are likely to rely, in significant part, on the same evidence and same witnesses and many of the same issues are likely to arise in each case. Allowing parallel tracks to proceed "could lead to unnecessary consumption of the court's time and the parties' resources concerning matters that may largely be resolved by the outcome of the criminal case." Four In One Co., Inc. v. SK Foods, L.P., 2010 WL 4718751 at *6 (E.D. Cal. Nov. 12, 2010). This Court has a valid interest in avoiding duplicating efforts that will necessarily be expended in the criminal case and may, if delayed, be resolved in the civil case through collateral estoppel or *res judicata*. Se. Recovery Grp., 278 F.R.D. at 168-69. Indeed, the progression and resolution of the criminal matters will streamline civil discovery and may well advance a more efficient resolution of the civil case. Four In One Co., 2010 WL 4718751 at *6.[14]

A stay not only advances the Court's interest, it is also consistent with the public interest. "The public interest in law enforcement efforts through criminal investigation of alleged fraud is substantial." Se Recovery Grp., 278 F.R.D. at 169. A motion for a stay by the government in and of itself signifies a public interest. In re CFS-Related Sec. Fraud Litig., 256 F. Supp. 2d 1227, 1242 (N.D. Okla. 2003) (noting that the United States Attorney's decision not to join in

---

[14] The court's prediction in SK Foods appears to have been accurate, as a settlement was later reached in the civil case after the stay was granted. See Four In One Co., Inc. v. SK Foods, L.P., 2014 WL 4078232 (E.D. Cal. Aug. 18, 2014) (awarding attorneys' fees following settlement).

13

request for stay was factor in court's denial of that request).  See also Arden Way Assocs. v. Boesky, 660 F. Supp. 1494, 1499-1500 (S.D.N.Y. 1987) (denying defendant's motion to stay civil action at pleading stage and noting that the government's lack of intervention signifies "threat to the public interest has not as yet ripened at the pleading stage").[15]  A stay of the civil case will allow the government to "conduct a complete, unimpeded investigation into potential criminal activity," and there will be no harm to the public in allowing the alleged fraud to be addressed through the criminal process.  Walsh Sec., 7 F. Supp. 2d at 529.

As this Court has previously stated, "[t]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigation."  Maloney, 328 F. Supp. 2d at 513 (internal quotation omitted).   The government investigation and prosecutions seek to vindicate the same interests plaintiffs have in remedying false statements made to the investing public as plaintiffs themselves are victims of the criminal conduct alleged in the Superseding Indictment. In re Adelphia, 2003 WL 22358819 at *6.

## CONCLUSION

Each of the factors to be considered in determining whether to issue a stay militates in favor of granting the stay requested by the government.  The issues in the civil and criminal proceedings are substantially the same.  Six individuals have been charged either by indictment or information and the investigation remains ongoing.  The requested stay imposes no additional prejudice upon the parties, as the Court has already determined that the civil case cannot be fully completed while the criminal cases remain pending.  Further, both the Court and public interests are advanced by the imposition for a stay.   Accordingly, for all of the reasons set forth above

---

[15] Plaintiffs themselves cite to both CFS-Related Sec. Fraud and Arden Way, in their status report to support the proposition that civil securities litigation can proceed during the pendency of a criminal case. (D.I. 408 at 2.)  Examination of these two cases, as well as the two others relied upon by plaintiffs, show only that a stay did not issue in circumstances sharply different from those present in the instant case.

and more fully articulated in the *Ex Parte* Affidavit, the United States respectfully requests the Court to grant its Motion to Intervene and Motion to Stay.

<div style="margin-left: 40%;">

Respectfully Submitted,
CHARLES M. OBERLY, III
United States Attorney
District of Delaware

By:  Robert F. Kravetz, Esq.
     Lesley F. Wolf, Esq.
     Assistant United States Attorneys

</div>

Dated: October 27, 2015