**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **IN RE WILMINGTON TRUST SECURITIES LITIGATION** | Master File No. 10-cv-00990-SLR-SRF<br>(Securities Class Action) |
| This document relates to: ALL ACTIONS | Hon. Sue L. Robinson<br>ELECTRONICALLY FILED |

**[PROPOSED] ORDER APPROVING**
**NOTICE AND SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**

WHEREAS, the Fourth Amended Consolidated Securities Class Action Complaint (the "Complaint"), was filed in the above-captioned action (the "Action") on June 13, 2013.

WHEREAS, on March 20, 2014, the Court denied motions to dismiss filed by Wilmington Trust Corporation ("Wilmington Trust"), KPMG LLP (the "Auditor Defendant"), Ted T. Cecala, Donald E. Foley, David R. Gibson, Robert V.A. Harra Jr., William North, Kevyn N. Rakowski, J.P. Morgan Securities Inc. ("J.P. Morgan"), Keefe, Bruyette & Woods, Inc. ("KBW"), the Wilmington Trust Audit Committee,[1] and the Wilmington Trust Board of Directors[2] (collectively, the "Defendants").[3]

[1] The "Wilmington Trust Audit Committee" consists of Carolyn S. Burger, R. Keith Elliott, Gailen Krug, Stacey J. Mobley, Michele M. Rollins, Oliver R. Sockwell, Robert W. Tunnell, Jr., and Susan D. Whiting.

[2] The "Wilmington Trust Board of Directors" consists of Carolyn S. Burger, R. Keith Elliott, Gailen Krug, Stacey J. Mobley, Michele M. Rollins, Oliver R. Sockwell, Robert W. Tunnell, Jr., Susan D. Whiting, Rex L. Mears, and Louis Freeh.

[3] As used herein, the "Underwriter Defendants" are J.P. Morgan and KBW and the "Individual Defendants" are Ted T. Cecala, Donald E. Foley, David R. Gibson, Robert V.A. Harra Jr., William North, Kevyn N. Rakowski, Carolyn S. Burger, R. Keith Elliott, Gailen Krug, Stacey J. Mobley, Michele M. Rollins, Oliver R. Sockwell, Robert W. Tunnell, Jr., Susan D. Whiting, Rex L. Mears, and Louis Freeh.

WHEREAS, by Memorandum and Order dated September 3, 2015, the Court certified the Action to proceed as a class action on behalf of a class consisting of: (i) as to claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, all persons or entities who purchased or otherwise acquired Wilmington Trust common stock during the period January 18, 2008 up to November 1, 2010, and were damaged thereby; and (ii) as to claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, all persons or entities who purchased shares of Wilmington Trust common stock issued in the secondary common stock offering that occurred on or about February 23, 2010, pursuant to the Registration Statement, as amended ("Secondary Common Stock Offering"), and were damaged thereby (the "Class").[4]

WHEREAS, the Merced County Employees' Retirement Association, the Coral Springs Police Pension Fund, the St. Petersburg Firefighters' Retirement System, the Pompano Beach General Employees Retirement System, and the Automotive Industries Pension Trust Fund (collectively, the "Class Representatives") have moved the Court, pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, for an Order approving the proposed form and content of the Notice of Pendency of Class Action (the "Notice") and the Summary Notice of Pendency of Class Action (the "Summary Notice" and together with the Notice, the "Notices") to be disseminated to the Class as well as the proposed method for dissemination of these Notices;

WHEREAS, Defendants do not oppose the Class Representatives' motion; and

WHEREAS, the Court has reviewed the Notices submitted by the Class Representatives and has found good cause for entering the following Order.

[4] Excluded from the class by definition are: (i) Defendants; (ii) members of the immediate family of each Individual Defendant; (iii) any person who was an officer or director of Wilmington Trust, the Auditor Defendant, or any of the Underwriter Defendants during the Class Period; (iv) any firm, trust, corporation, officer, or other entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged herein; and (vi) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded person or entity.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court approves the form, substance, and content of the Notices.

2. The proposed form and content of the Notices meet the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure – as they clearly and concisely state in plain and easily understood language, the nature of the action, the definition of the class certified, the class claims, issues or defenses, that a Class Member may enter an appearance through an attorney if the member so desires, that the Court will exclude from the Class any member who requests exclusion, the time and manner for requesting exclusion, and the binding effect of a class judgment on Class Members under Rule 23(c)(3) of the Federal Rules of Civil Procedure. The Notice and Summary Notice, and the method and schedule set forth below for notifying the Class of the pendency of the Action as a class action, meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3. Co-Lead Counsel is hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Notice Administrator") to supervise and administer the notice procedure as more fully set forth below. Notice shall be provided by Co-Lead Counsel as follows:

(a) not later than thirty (30) business days after entry of this Order, Wilmington Trust shall provide or cause to be provided to the Notice Administrator shareholder records in its possession or under its control (consisting of the shareholder names and addresses) in electronic form identifying persons or entities who purchased or acquired Wilmington Trust common stock in their own name during the period of January 18, 2008 up to November 1, 2010 (the "Class Period"). Wilmington Trust shall also obtain from its proxy solicitor a list reflecting the names and addresses of banks, brokers, and other nominees that purchased or acquired

Wilmington Trust common stock in street name during the Class Period, which list shall be provided in electronic form to the Notice Administrator not later than thirty (30) business days after entry of this Order. Not later than thirty (30) business days after entry of this Order, the Underwriter Defendants shall provide or cause to be provided to the Notice Administrator shareholder records in their possession or under their control (consisting of the shareholder names and addresses) in electronic form identifying persons or entities who purchased or acquired Wilmington Trust common stock during the Class Period;

(b) not later than forty (40) business days after the date of entry of this Order (the "Notice Date"), the Notice Administrator shall cause a copy of the Notice, substantially in the form attached as Exhibit 1 to the Class Representatives' Motion, to be mailed by first-class mail to potential Class Members at the addresses set forth in the records provided or caused to be provided by Wilmington Trust or the Underwriter Defendants pursuant to paragraph 3(a) above, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Notice, the Notice Administrator shall cause copies of the Notice to be posted on a website to be developed for the Settlement (www.WilmingtonTrustSecuritiesLitigation.com), from which copies of the Notice can be downloaded; and

(d) not later than ten (10) business days after the Notice Date, the Notice Administrator shall cause the Summary Notice, substantially in the form attached as Exhibit 2 to the Class Representatives' Motion, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*.

4. Brokers and other nominees who purchased or otherwise acquired Wilmington Trust common stock during the Class Period and/or purchased Wilmington Trust common stock

issued in the Secondary Common Stock Offering for the beneficial interest of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Notice Administrator and the Notice Administrator is ordered to promptly send the Notice to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

5. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request for exclusion shall mail the request in written form by first class mail, postmarked no later than ninety (90) calendar days after the Notice Date, to the address designated in the Notice. Such request for exclusion shall clearly state that the Class Member "requests exclusion from the Class in *In re Wilmington Trust Securities Litigation*, Master File No. 10-cv-00990-SLR-SRF" and must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Wilmington Trust

common stock purchased, otherwise acquired and/or sold during the Class Period as well as the dates and prices of each such purchase, acquisition and/or sale during the Class Period; and (iii) be signed by the person or entity requesting exclusion or an authorized representative accompanied by proof of authorization. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

6. Any Class Member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Notice, no later than ninety (90) calendar days after the Notice Date. Class members who retain separate counsel do so at their own expense.

7. Co-Lead Counsel shall file with the Court proof of mailing of the Notice and proof of publication of the Summary Notice within ten (10) business days following the date the Summary Notice is published. Co-Lead Counsel shall also file with the Court an affidavit setting forth a list of all persons and entities who have requested exclusion from the Class within thirty (30) calendar days following the expiration of the exclusion deadline.

8. This Order may be modified by the Court upon motion by any party, for good cause shown.

9. This Order and related Notices are not intended to affect any party's right to assert any properly preserved claim, defense or other issue, even if such a claim, defense or issue is not specifically identified in the Notices.

DATED: January 15, 2016

SO ORDERED:

Sue L. Robinson

Hon. Sue L. Robinson
United States District Judge