**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION, | ) ) ) ) | Master Civ. No. 10-990-SLR-SRF<br><br>(Consolidated Securities Class Action) |

# ORDER

At Wilmington this 19**th** day of **February, 2016**, the court having considered the parties' proposals regarding procedures for conducting an *in camera* review of allegedly privileged documents and setting forth a deposition schedule, IT IS HEREBY ORDERED that:

**(1)** Defendants shall locate[1] and produce to the court the following documents for *in camera* review:

**(a)** The "prototype" documents for which bank examination privilege is asserted that Wilmington Trust Company ("WTC") initially provided to the regulators pursuant to the parties' joint September 5, 2014 letter shall be produced to the court within **five (5) days** of the date of this Order;

**(b)** The purportedly privileged subset of the documents that the Federal Reserve randomly reviewed following the filing of the motion to compel shall be produced to the court within **five (5) days** of the date of this Order; and

[1] Plaintiffs' request for an attorneys'-eyes-only review of the allegedly privileged documents by plaintiffs' counsel is denied.

**(c)** An equal number of documents[2] requested by plaintiffs,[3] shall be produced to the court within **twenty-one (21) days** of the date of this Order, consisting of:

**(i)** Each of the Bank Examination or Inspection Reports prepared by the Federal Reserve, either alone or jointly with other regulators, from 2007 to 2010.

**(ii)** Communications between the Federal Reserve Bank of Philadelphia and WTC regarding Bank Examinations Reports or supervisory matters (10 documents: 2 from 2008; 4 from 2009; and 4 from 2010).

**(iii)** Documents relating to informal supervisory agreements (the MOU, the Bank's October 2009 MOU Compliance Plan and Report, and 10 additional documents regarding the Bank's response to the MOU).

**(iv)** Internal WTC documents created in response to regulators' requests (10 documents: 2 from 2008; 4 from 2009; and 4 from 2010).

**(v)** Internal WTC documents summarizing or describing examination or supervisory matters (10 documents: 2 from 2008; 4 from 2009; and 4 from 2010).

---

[2] Plaintiffs have indicated that they do not object if certain of the requested documents are selected from the pool of documents reviewed by the Federal Reserve and are otherwise being submitted to the court, to the extent there is overlap. (D.I. 383 at 3)

[3] The parties have indicated that the privilege logs supplied to plaintiffs contain the document date, email names of the recipients, the applicable regulating agency, and a description of the privilege claim. (D.I. 382 at 3 n.3; D.I. 383 at 2) In light of the fact that the privilege log contains no description of the subject matter of the documents, and plaintiffs are unable to review the documents themselves at this time due to the assertion of the bank examination privilege, defendants shall be responsible for locating and submitting the documents based on the categories identified by plaintiffs.

**(vi)** Informal emails and attachments between WTC and its regulators, discussing or responding to specific examination or supervisory matters (10 documents: 2 from 2008; 4 from 2009; 4 from 2010).

**(vii)** Internal WTC emails and attachments, discussing or responding to specific examination or supervisory matters. This should include twenty (20) documents related to the following subject matters:

**a.** Five (5) documents related to Treliant's 2010 review of WTC's loan portfolio;

**b.** Five (5) documents related to WTC's attempt to re-rate its loans in light of examiner criticism or recommendations in 2010;

**c.** Three (3) documents related to KPMG's review of WTC's commercial loan portfolio;

**d.** Two (2) documents related to the "significant regulatory action" referenced at ¶ 210 of the complaint; and

**e.** Five (5) other documents from 2010 regarding WTC's credit operations.

**(viii)** Five (5) documents in which WTC provided factual material or information to the regulators that do not contain or reflect any analysis or deliberation by regulators.

**(ix)** Ten (10) documents that mention regulations, regulators, or examinations in general terms.

**(x)** Ten (10) internal WTC documents reflecting efforts to correct or address deficiencies identified by the regulators.

**(xi)** Ten (10) documents from KPMG from 2009 and 2010, including documents titled "FAS 114," "Credit Quality," "SAB 102," and "SEC Inquiry Letters," and documents related to specific loans that KPMG reviewed for impairment as a result of examiners' findings.

**(xii)** Five (5) documents from the Underwriters.

**(xiii)** Exhibits J, L-O, Q-S, U-V, and Y to plaintiffs' reply brief in support of its motion to compel, in unredacted form.

**(xiv)** Up to ten (10) other documents identified by plaintiffs.

**(2)** The court will consider a proposed schedule for completion of discovery following a review of the status report due on or before March 3, 2016, pursuant to the Order entered on November 3, 2015 (D.I. 423).

Sherry R. Fallon
United States Magistrate Judge