IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: WILMINGTON TRUST SECURITIES LITIGATION | ) Civ. No. 10-990-SLR/SRF<br>) (Consolidated Securities Class Action) |

**ORDER**

At Wilmington this 13th day of April, 2016, having reviewed the supplemental status report filed by intervenor United States of America, as well as the previously filed status reports and supplements thereto;

IT IS ORDERED that the stay of fact discovery shall continue in place pending completion of the criminal trial in *United States v. Wilmington Trust, et al.,* Crim. No. 15-23-RGA (D. Del.), for the reasons that follow:

1. **Standard of review.** "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Amercian Co.*, 299 U.S. 248, 254-55 (1936) (citations omitted). *See also Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004); *Walsh Securities, Inc. v. Cristo Property Management, Ltd.,* 7 F. Supp. 2d 523, 526 (D. N.J. 1998) ("[a] court has discretion to stay a case if the interests of justice require it.").

> In deciding whether to stay a civil case pending the resolution of a criminal case, courts consider many factors, including (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the

court; and (6) the public interest.

*Maloney v. Gordon*, 328 F. Supp. 2d at 511. *See also Tucker v. New York Police Dept*, 2010 WL 703189, at *6 (D. N.J. Feb. 23, 2010); *In re Adelphia Communs. Secs. Litig.*, 2003 WL 22358819 (E.D. Pa. May 13, 2003).

2. **Analysis.** There can be no dispute that the criminal defendants played a central role in the conduct at issue in the above-captioned civil case, and that there is an extensive overlap between the parallel civil and criminal proceedings. I recognize plaintiffs' interests in a prompt resolution of their civil claims and the risks associated with delay vis a vis the quantity and quality of evidence. However, now that the criminal defendants have been indicted and a trial scheduled, a stay would be of limited duration and the remedies sought by the government in the criminal case would benefit the victims of the charged criminal conduct. I am persuaded that allowing the parallel cases to proceed simultaneously would pose a substantial risk that the broader discovery rules in the civil case could be used as both a sword and a shield by the criminal defendants, thus frustrating the public interest in a fair and efficient criminal process in this significant prosecution.

3. **Conclusion.** In weighing the competing interests of the parties versus the public interest (and that of the court), I conclude that the victims and the public have a strong interest in allowing the criminal process to be completed in order to punish criminal conduct, deter corporate wrongdoing, and compensate the victims of the

charged offenses. These goals are best accomplished by extending the stay.

United States District Judge