**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION | Master File No. 10-cv-00990-SLR |
| | (Securities Class Action) |
| | Hon. Sue L. Robinson |
| This document relates to: ALL ACTIONS | ELECTRONICALLY FILED |

**UNDERWRITER DEFENDANTS' MEMORANDUM OF LAW**
**IN OPPOSITION TO LEAD PLAINTIFFS' MOTION**
**TO PARTIALLY LIFT THE STAY OF FACT DISCOVERY**

OF COUNSEL:

Thomas C. Rice (*pro hac vice*)
Craig S. Waldman (*pro hac vice*)
Sara A. Ricciardi (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017
(212) 455-2000

POTTER ANDERSON & CORROON LLP
Stephen C. Norman (I.D. # 2686)
John A. Sensing (I.D. # 5232)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
snorman@potteranderson.com
jsensing@potteranderson.com

*Attorneys for Defendants J.P. Morgan Securities LLC and Keefe, Bruyette & Woods, Inc.*

Dated: October 4, 2016

# TABLE OF CONTENTS


**Page**

ARGUMENT ..... 1

I. A complete stay of discovery should remain in place through the resolution of the criminal proceedings ..... 2

A. Partially lifting the stay will prejudice the unindicted civil defendants ..... 2

B. Continuing the stay as to all defendants will be more efficient and is in the interest of the Court and the public ..... 4

II. The Underwriter Defendants are prepared to produce previously withheld documents on a reasonable schedule ..... 6

# TABLE OF AUTHORITIES

## Cases

*Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*, 225 F. Supp. 2d 263 (E.D.N.Y. 2002) ........ 4

*Bryer v. Jefferson*, No. CV 12-1028-GMS, 2013 WL 3753420 (D. Del. July 8, 2013) ........ 2

*Corcoran Law Grp., L.L.C. v. Posner*, No. 09 CIV. 1861 (WHP), 2009 WL 1739702 (S.D.N.Y. June 10, 2009) ........ 5

*In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819 (E.D. Pa. May 13, 2003) ........ 3

*Sec. & Exch. Comm'n v. Fishoff*, No. CV-153725-MAS-DEA, 2016 WL 1262508 (D.N.J. Mar. 31, 2016) ........ 3

*Sec. & Exch. Comm'n v. McGinnis*, 161 F. Supp. 3d 318 (D. Vt. 2016) ........ 2

*Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134 (S.D.N.Y. 1995) ........ 5

*Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36 (S.D.N.Y. 1993) ........ 5

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp.2d 523 (D.N.J. 1998) ........ 2

Defendants J.P. Morgan Securities LLC and Keefe, Bruyette & Woods, Inc. (the "Underwriter Defendants"), by their undersigned counsel, respectfully submit this memorandum in opposition to Lead Plaintiffs' Motion to Partially Lift the April 13, 2016 Stay of Fact Discovery (the "Motion"). The Underwriter Defendants oppose Lead Plaintiffs' request to modify the stay for substantially the same reasons detailed in Wilmington Trust's Opposition to Lead Plaintiffs' Motion, filed today, almost all of which are equally applicable to the Underwriter Defendants.

Lead Plaintiffs point to no change in circumstances that would justify rescinding this Court's prior order staying this civil action during the pendency of the criminal proceeding. Instead, Lead Plaintiffs argue that the Court should lift the stay to allow for some depositions, while keeping the case stayed as to the criminal defendants. Partially lifting the stay to allow only some depositions would be inefficient, unfair, and contrary to the interests of the parties, the public and the Court. A continued stay, on the other hand, will avoid duplication of effort and unnecessary litigation costs. The alleged actions of the indicted defendants lie at the center of this civil proceeding, and the testimony of those defendants will be essential to resolving the case. Since the trial of this matter will not occur until after the criminal proceedings, and the outcome of the criminal case may encourage settlement, proceeding in a piecemeal fashion should be avoided.

## ARGUMENT

The Underwriter Defendants adopt the arguments of their co-defendant, Wilmington Trust Corporation ("WTC") expressed in its Memorandum in Opposition to Lead Plaintiffs' Motion to Lift the Stay (the "WTC Opposition"), and incorporate those arguments

herein. The Underwriter Defendants write separately to elaborate on the reasons in favor of continuing the stay as to *all* defendants.

## I. A complete stay of discovery should remain in place through the resolution of the criminal proceedings

On April 13, 2016, this Court rejected Lead Plaintiffs' request to modify the discovery stay to permit depositions, finding that the stay should remain in place as to *all* fact witnesses. (D.I. 454 (the "Stay Order").) As noted in the WTC Opposition, nothing has happened since the Stay Order that would justify modifying it. The less than nine month delay in the criminal proceedings does not weigh in favor of lifting the stay. As numerous courts have recognized, "[t]he strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned." *Bryer v. Jefferson*, No. CV 12-1028-GMS, 2013 WL 3753420, at *1 (D. Del. July 8, 2013) (*quoting Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp.2d 523, 528 (D.N.J. 1998)).[1] Additionally, allowing discovery to proceed piecemeal against some subset of defendants would "be neither pragmatic nor fair, and would be a waste of judicial and party resources." *Sec. & Exch. Comm'n v. McGinnis*, 161 F. Supp. 3d 318, 323 (D. Vt. 2016).

### A. Partially lifting the stay will prejudice the unindicted civil defendants

Lead Plaintiffs now attempt to cast the claims in the civil case as broader than the criminal action, arguing in particular that the Underwriter Defendants are not targets of the criminal investigation, and that Lead Plaintiffs have raised "strict liability claims" against the

[1] Lead Plaintiffs' argument that there could be further delays has no more force now than it would have had during their last attempt to modify the stay. While criminal investigations and proceedings may sometimes be delayed, courts find that once an indictment has been returned the harm caused by a stay is reduced "due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." *Walsh*, 7 F. Supp. 2d at 527.

Underwriter Defendants. *See* Motion (D.I. 462) at 5 n.3. Lead Plaintiffs appeared in the criminal proceeding, however, to argue that the civil and criminal actions are closely related and arise out of the same subject matter. Ex. A to Motion (D.I. 462-1) at 5, n.6. Quoting *this Court*, Lead Plaintiffs stated that "there is an extensive overlap between the parallel civil and criminal proceedings." *Id.* (quoting Stay Order at 2).

The core allegations in the criminal and civil proceedings substantially overlap, of course, and the proceedings will share common witnesses and documents. In such cases, courts regularly find that the civil proceedings should be stayed:

> [Plaintiffs] argue that there are additional allegations in the Civil Case that are not in the criminal complaint. In particular, Objecting Defendants assert that the Complaint "also includes an alleged instance of insider trading not involving short selling of a secondary offering," which is not included in the criminal complaint. However, the absence of particular instances of alleged insider trading from the Complaint does not negate the substantial overlap between the civil and criminal actions. The Court finds that there is substantial overlap between the core allegations of insider trading in the civil and criminal complaints. Thus, it stands to reason that the same conduct . . . will be relevant in both cases, and the civil and criminal cases are likely to share common witnesses and documents. This overlap between the criminal and civil cases weighs in favor of granting a stay.

*Sec. & Exch. Comm'n v. Fishoff*, No. CV-153725-MAS-DEA, 2016 WL 1262508, at *3 (D.N.J. Mar. 31, 2016) (citations and internal quotations omitted).

As Lead Plaintiffs admit, the criminal defendants played a "central role" in the conduct at issue in this action. *See* Ex. A to Motion (D.I. 462-1) at 5, n.6 (*quoting* D.I. 454). Therefore, "[b]ecause their actions lie at the center of the civil cases, their testimony and documents will be essential to resolving those cases." *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *5 (E.D. Pa. May 13, 2003). If the stay as to the Underwriter Defendants is lifted, the Underwriter Defendants may not be able to adequately defend

themselves. *Id.* ("If a stay is not issued, then remaining Defendants, who are not protected by the Fifth Amendment, may not be able to adequately defend themselves. Accordingly, this factor weighs in favor of staying the civil proceedings.").

**B. Continuing the stay as to all defendants will be more efficient and is in the interest of the Court and the public**

Contrary to Lead Plaintiffs' arguments, *see* Motion (D.I. 462) at 6, and consistent with this Court's prior ruling, it would be more efficient to stay all civil discovery pending an overlapping criminal proceeding, rather than allowing discovery to proceed piecemeal.

*First*, the criminal trial may resolve some issues, or guide the parties in settlement negotiations. As detailed in the WTC Opposition, whatever the jury's decision in the criminal case, it will provide a powerful impetus for a settlement of this action. *See* WTC Opposition at 10–11. This rationale applies to all defendants, not only the criminal defendants.

*Second*, allowing depositions now would likely lead to duplicative discovery efforts. For example, even if Lead Plaintiffs were able to take depositions of the Underwriter Defendants now, they may later argue that they need to take further discovery in light of the criminal trial or the later discovery in this proceeding. *See Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*, 225 F. Supp. 2d 263, 266 (E.D.N.Y. 2002) ("[B]ecause [the criminal defendants] are central figures in the instant action, a partial stay as to the individual defendants could lead to duplicative depositions because the plaintiff may need to re-depose certain individuals depending on the testimony given by [the criminal defendants]."). Indeed, the Underwriter Defendants were the *last* parties noticed for deposition by Lead Plaintiff prior to the stay, well after the individual defendants and WTC employees were noticed for deposition. *See* D.I. 379 (March 27, 2015 Notice to take Deposition of Underwriter Defendants); D.I. 290

(October 6, 2014 Notice to take Deposition of individual witnesses including the individual criminal defendants).

This risk is especially present here given the central role played by the criminal defendants. As one court dealing with a similar situation remarked:

> [I]t is more efficient to grant a complete stay as to all defendants rather than only a partial stay as to the individual ones. Plaintiffs themselves concede that the [criminal defendants] are the central figures in this case, as they are the "controlling officers of the corporate defendants and responsible for the correct reporting and payment of fringe benefits contributions and wages." Thus, because of the importance of their testimony, a partial stay could lead to duplicative discovery efforts.

*Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1141 (S.D.N.Y. 1995); *see also Corcoran Law Grp., L.L.C. v. Posner*, No. 09 CIV. 1861 (WHP), 2009 WL 1739702, at *2 (S.D.N.Y. June 10, 2009) ("Because Posner is a central figure in the action, and each cause of action directly involves her alleged conduct, denying the stay as to the Posner Law Firm would likely lead to duplicative discovery efforts. Accordingly, the entire action is stayed. ").

*Third*, the evidence presented at the criminal trial may obviate the need for some depositions. *See Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 41–42 (S.D.N.Y. 1993) ("[T]he availability of transcripts and other evidence from the criminal trial may eliminate altogether the need for certain depositions.").

*Fourth*, Lead Plaintiffs will not be prejudiced by the continuation of the stay. *See* WTC Opposition at 6. Moreover, Lead Plaintiffs will be no more prejudiced by a complete stay than by a partial one. As detailed above, any partial discovery taken now will potentially be wasted or duplicative. Moreover, because Lead Plaintiffs have conceded that the stay of

discovery should remain in place with respect to some defendants, there will be delay caused by the criminal trial's continuance in any event.

**II. The Underwriter Defendants are prepared to produce previously withheld documents on a reasonable schedule**

As the Underwriter Defendants previously advised Lead Plaintiffs, they do not oppose a modification of the discovery stay to permit production of documents withheld or redacted on BEP grounds to the extent required by the Court's September 12, 2016 Order adopting Magistrate Judge Fallon's Report and Recommendation (D.I. 460), so long as they are afforded a reasonable time to produce them. The Underwriter Defendants request that they be permitted 60 days to complete any such production.

## CONCLUSION

For the reasons set forth above, and for the reasons in the briefs submitted by Wilmington Trust, the Underwriter Defendants respectfully request that this Court deny Lead Plaintiffs' Motion to Partially Lift the April 13, 2016 Stay of Fact Discovery.

POTTER ANDERSON & CORROON LLP

By: */s/ John A. Sensing*
Stephen C. Norman (I.D. # 2686)
John A. Sensing (I.D. # 5232)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
snorman@potteranderson.com
jsensing@potteranderson.com

*Attorneys for Defendants J.P. Morgan Securities LLC and Keefe, Bruyette & Woods, Inc.*

OF COUNSEL:

Thomas C. Rice (*pro hac vice*)
Craig S. Waldman (*pro hac vice*)
Sara A. Ricciardi (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017
(212) 455-2000

Dated: October 4, 2016
[1235185 / 36292]