**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **IN RE WILMINGTON TRUST SECURITIES LITIGATION** | Case No. 10-cv-00990-SLR-SRF<br><br>(Securities Class Action) |
| This document relates to: ALL ACTIONS | Assigned to: Judge Sue L. Robinson<br>Referred to: Judge Sherry R. Fallon<br><br>ELECTRONICALLY FILED |

**KPMG LLP'S OPPOSITION TO LEAD PLAINTIFFS' MOTION TO PARTIALLY LIFT THE APRIL 13, 2016 STAY OF FACT DISCOVERY**

Virginia A. Gibson (Bar No. 3699)
HOGAN LOVELLS US LLP
1835 Market Street, 29th Floor
Philadelphia, PA 19103
Tel: (267) 675-4635
Fax: (267) 675-4601
Email: virginia.gibson@hoganlovells.com

George A. Salter (*pro hac vice*)
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
Email: george.salter@hoganlovells.com

*Counsel for Defendant KPMG LLP*

October 5, 2016

TABLE OF CONTENTS

Page

ARGUMENT ..... 1

CONCLUSION ..... 4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*,
225 F. Supp. 2d 263 (E.D.N.Y. 2002) ........ 3, 4

*Bruner Corp. v. Balogh,*
819 F.Supp. 811 (E.D.Wis.1993) ........ 3

*Maloney v. Gordon*,
328 F. Supp. 2d 508 (D. Del. 2004) ........ 1, 2

*United States v. All Meat & Poultry Prods.*,
No. 02 C 5145, 2003 WL 22284318 (N.D. Ill. Oct. 3, 2003) ........ 3

*United States v. Kordel*,
397 U.S. 1 (1970) ........ 1

*United States v. Wilmington Trust, et al.*,
Crim. No. 15-23-RGA (D. Del.) ........ 2

*Volmar Distribs., Inc. v. N.Y. Post Co., Inc.*,
152 F.R.D. 36 (S.D.N.Y. 1993) ........ 3, 4

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*,
7 F. Supp. 2d 523 (D.N.J. 1998) ........ 1, 2

**OTHER AUTHORITIES**

Milton Pollack, *Parallel Civil and Criminal Proceedings*,
129 F.R.D. 201, 203 (1989) ........ 2

Defendant KPMG LLP ("KPMG"), by its undersigned counsel, respectfully submits this brief in opposition to Lead Plaintiffs' Motion to Partially Lift the April 13, 2016 Stay of Fact Discovery (the "Motion to Lift the Stay," D.I. 462) in the above-captioned action (the "Civil Action"). While KPMG does not oppose Lead Plaintiffs' request to lift the stay for the limited purpose of allowing defendants to produce any documents previously withheld or redacted in the Civil Action on the basis of the bank examination privilege pursuant to the Report and Recommendation of Magistrate Judge Fallon (recently ordered by the Court, D.I. 459-60), KPMG continues to object to a motion to lift the stay for the purpose of conducting fact depositions of some, but not all, parties and witnesses.

For the same reasons that the Court in April 2016 rejected Lead Plaintiffs' previous request to lift the discovery stay (D.I. 454), Lead Plaintiffs' Motion to Lift the Stay to allow depositions of unindicted parties and witnesses should be denied: there is still extensive overlap between the criminal action and the Civil Action; the Lead Plaintiffs' interests in proceeding with discovery is still outweighed by the substantial prejudice that the unindicted defendants like KPMG would suffer as a result of bifurcated discovery without the involvement of the key, indicted defendants; and the public's interest in a fair and efficient criminal process is still best accomplished by extending the stay.

## **ARGUMENT**

A court has discretion to stay a case if the interests of justice require it. *See Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004); *see also Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). The factors to be considered in deciding whether to grant a stay include: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest. *See Maloney*, 328 F. Supp. 2d at

511; *Walsh*, 7 F. Supp. 2d at 526-27. The similarity of issues has been termed "the most important factor at the threshold" in determining whether or not to grant a stay. Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989).

In an order issued on April 13, 2016 (the "Stay Order," D.I. 454), the Court considered each of the above factors in deciding whether to stay fact discovery in the Civil Action in light of parallel criminal proceedings in *United States v. Wilmington Trust, et al.*, Crim. No. 15-23-RGA (D. Del.) (the "Criminal Action"). The Court concluded that extending the stay was warranted due to the "extensive overlap" between the two proceedings—including the "central role" that the key criminal defendants, Wilmington Trust, North, Rakowski, Harra, and Gibson, played in the conduct at issue in the Civil Action—as well as the overriding "public interest in a fair and efficient criminal process" in what the Court described as a "significant prosecution." Stay Order (D.I. 454) at 2.

KPMG is not aware of any change in circumstance that warrants lifting the stay for the purpose of conducting some subset of fact depositions in the Civil Action. Lead Plaintiffs argue that the stay was only intended to be of limited duration due to the scheduled trial date, and that the adjournment of the trial by roughly nine months negates the rational for a stay. *See* Motion to Lift the Stay (D.I. 462) at 5, 7-8. But the trial date was just one of many factors supporting the stay, and the fact that the Criminal Action has been adjourned to October 2017 (from January 2017) does not make the need for a stay any less compelling. The trial is still scheduled, the stay will still be of limited duration, and the overlap between the Civil and Criminal Actions and the danger of proceeding with civil discovery in light of that overlap both remain as compelling as they did on April 13, 2016. Moreover, even if the Court were to allow for a partial lifting of the stay, Lead Plaintiffs have acknowledged that they still "would not be able to proceed to trial" until after the trial in the Criminal Action. *Id.* at 2. There is thus no meaningful benefit achieved by a partial

lifting of the stay. *See Volmar Distribs., Inc. v. N.Y. Post Co., Inc.*, 152 F.R.D. 36, 42 (S.D.N.Y. 1993) (granting complete stay instead of partial stay where "the civil trial will be postponed in either event").

In contrast, a partial lifting of the stay would impose unnecessary burdens, prejudice, and inefficiencies on the unindicted defendants. Given the "central role" played by the indicted defendants in the conduct at issue in this action, the testimony of these indicted defendants is critical to developing claims and defenses. However, this testimony will not be available until the Criminal Action has concluded given that the indicted defendants will invoke the Fifth Amendment or are protected by a partial stay in the Civil Action. Courts recognize that civil defendants, like KPMG and the other unindicted defendants here, would be significantly prejudiced by having to develop a defense without being able to take discovery from the indicted defendants. *See United States v. All Meat & Poultry Prods.*, No. 02 C 5145, 2003 WL 22284318, at *4 (N.D. Ill. Oct. 3, 2003) ("Weighing in favor of the unindicted defendants' motion for a stay is the likelihood that the indicted individual defendants assertions of the Fifth Amendment will confound their discovery efforts in defense of the civil litigation."); *see also Bruner Corp. v. Balogh,* 819 F.Supp. 811, 816 (E.D.Wis.1993) (granting stay where it "would be prejudicial to [party seeking stay] and wasteful of judicial resources to stay this case as to some, but not all of the Defendants."). In such cases, "courts have determined that the better course is to enter a stay as to all defendants." *All Meat & Poultry Prods.*, 2003 WL 22284318, at *4.

Moreover, in such cases, courts have denied partial stays because of the risk that the unindicted defendants in the civil case, like KPMG, face the risk of having to be deposed twice, both before the criminal defendants testify and potentially again after the testimony from the criminal defendants. *See Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*, 225 F.

Supp. 2d 263, 266 (E.D.N.Y. 2002) (staying all discovery instead of ordering a partial stay, which "could lead to duplicative depositions because the plaintiff may need to re-depose certain individuals" after central defendants who had invoked the Fifth Amendment testify). Instead, courts opt for the more efficient route of a complete stay until the parallel criminal action has concluded, after which "the availability of transcripts and other evidence from the criminal trial may eliminate altogether the need for certain depositions." *Volmar*, 152 F.R.D. at 41.

The pertinent factors continue to weigh decidedly in favor of maintaining the stay of fact depositions until the resolution of the Criminal Action. A partial lifting of the stay in order to pursue some subset of depositions would be both inefficient and unfair. As this Court has already concluded, "the remedies sought by the government in the criminal case would benefit the victims of the charged criminal conduct," and will very likely resolve many of the allegations against those defendants at issue in the Civil Action. Stay Order (D.I. 454) at 2.

## CONCLUSION

For the foregoing reasons, we respectfully request that the court deny Lead Plaintiffs' motion to the extent it seeks to modify the stay to permit fact depositions.

Dated: October 5, 2016

Respectfully submitted,

/s/ Virginia A. Gibson

Virginia A. Gibson (No. 3699)
HOGAN LOVELLS US LLP
1835 Market Street, 29th Floor
Philadelphia, PA 19103
Tel: (267) 675-4635
Fax: (267) 675-4601
Email: virginia.gibson@hoganlovells.com

George A. Salter
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
Email: george.salter@hoganlovells.com

*Counsel for Defendant KPMG LLP*