IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE: WILMINGTON TRUST           ) Civ. No. 10-990-SLR/SRF
SECURITIES LITIGATION              ) (Securities Class Action)

**MEMORANDUM ORDER**

At Wilmington this 24th day of January, 2017, having reviewed various pending motions and the papers filed in connection therewith, and having heard argument on the same;

IT IS ORDERED that plaintiffs' motion for entry of a scheduling order and protective order (D.I. 496) is granted in part and denied in part,[1] as follows:

1. The court has lifted the stay in the above captioned litigation ("the Civil Action"). The question is how to proceed in light of the parallel proceedings in *United States v. Wilmington Trust Corporation, David Gibson, Robert V.A. Harra, William North, and Kevyn Rakowski*, Crim. No. 15-23-RGA (D. Del.) ("the Criminal Action," with the named defendants being designated as "the individual defendants"). The court is mindful that:[2] (a) the Civil and Criminal Actions overlap, although the Civil Action is broader in scope; (b) plaintiffs have an interest in protecting the rights of the class, and resolution of the Civil Action has been delayed at least in part because of the stay; (c)

---

[1] Based on the following analysis, the remaining motions for a protective order and a scheduling order (D.I. 497, 499, and 500) are denied as moot.

[2] The court recognizes that the *Walsh* factors are directed to the imposition of a stay; nevertheless, such factors are a helpful guide for the question at bar. *See Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998).

the parallel proceedings impose a burden on the individual defendants, both in terms of resources and strategy;[3] (d) the court's interest is directed to resolving disputes promptly, efficiently, and fairly; and (e) the public's interest is promoted by bringing to resolution this complex civil litigation, while balancing the interest the public has in the integrity of the criminal proceeding.

2. Balancing all of these interests, the court concludes that both the schedule and the protective order proposed by plaintiffs require some modification. The court will modify the schedule to complete fact and expert discovery in the Civil Action prior to trial in the Criminal Action; the summary judgment exercise and trial in the Civil Action will commence at the conclusion of trial in the Criminal Action. With respect to the protective order, all deposition testimony and written discovery responses in the Civil Action shall be promptly disclosed or made available to the United States Attorney's Office for the District of Delaware ("the USAO"), and can only be used "to impeach witnesses that may testify in the Criminal Action in accordance with the Federal Rules of Evidence." (D.I. 498, ex. B at 2) The protective order shall be modified to better balance the Fifth Amendment concerns of the individual defendants with the goal of

---

[3]In this regard, however, there can be no dispute that

> [a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 326 (9th Cir. 1995) (citing Baxter v. Palmigiano, 425 U.S. 308, 318 (1976)).

encouraging meaningful discovery in the Civil Action, that is, the deposition testimony and written discovery responses related to the individual defendants shall not be disclosed to the USAO until the close of the government's case-in-chief in the Criminal Action.

NOW, THEREFORE, IT IS FURTHER ORDERED that:

1. All fact discovery shall be completed on or before **June 1, 2017.**

2. All expert discovery shall be completed on or before **September 1, 2017.**

3. All summary judgment motions and opening briefs shall be filed on **January 31, 2018.**

4. A pretrial conference shall be conducted on **May 23, 2018 at 3:00 p.m.**

5. Trial shall commence on **June 18, 2018.**

IT IS FURTHER ORDERED that the proposed supplemental protective order (D.I. 498, ex. B) shall be modified to provide that the deposition testimony and written discovery responses of the individual defendants shall **not** be disclosed or otherwise made available to the USAO until the close of its case-in-chief in the Criminal Action.[4]

United States District Judge

---

[4]This order, of course, will be interpreted and enforced at the discretion of the presiding trial judge in the Criminal Action.

3