# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | Master File No. 10-CV-00990-SLR |
| | : | |
| IN RE WILMINGTON TRUST | : | (Securities Class Action) |
| SECURITIES LITIGATION | : | |
| | : | Hon. Sue L. Robinson |
| | : | |
| This Document Relates to:  ALL ACTIONS | : | ELECTRONICALLY FILED |
| | : | |
| | : | |

## THE WILMINGTON TRUST DEFENDANTS' FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS TO LEAD PLAINTIFFS

Pursuant to Federal Rules of Civil Procedure 26 and 34, defendants Wilmington Trust Corporation, Ted T. Cecala, David R. Gibson, Robert V.A. Harra, Jr., and Kevyn N. Rakowski submit the following First Request for Production of Documents to Lead Plaintiffs. The Wilmington Trust Defendants hereby request and demand that Lead Plaintiffs produce for inspection and copying at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899-0636, attn.:  Robert S. Saunders, the Documents and other things designated below which are in Lead Plaintiffs' possession, custody or control, or in the possession, custody, or control of Lead Plaintiffs' counsel or other Representatives in connection with this action (the "Requests").

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction or Request:

A.     The past tense includes the present tense and vice versa.

B.     The use of the singular form of any word includes the plural and vice versa.

C.     The term "agent" means any contract employee, law firm, accounting firm, entity or individual hired by Lead Plaintiffs to perform services.

D.     The terms "all," "any" and "each" shall be construed in the broadest sense consistent with an interpretation that results in the most expansive response.

E.     The terms "and" and "or" shall be read in the disjunctive, conjunctive or both, as the case may be, consistent with an interpretation that results in the more extensive Document response.

F.     The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between individuals or companies, whether oral, written, electronic or otherwise; whether in-person or telephonic; whether direct or through an intermediary.

G.     The term "Complaint" means the Fourth Amended Consolidated Securities Class Action Complaint filed on June 13, 2013 at Docket Entry 149 in the above-captioned action.

H.     The term "concerning" or "concerns" means regarding, relating to, referring to, reflecting, describing, evidencing, consisting of, associated with, constituting or in any way connected with the matter discussed, in whole or in part.

I.     The term "Defendant" or "Defendants" refers to the defendants named in paragraphs 31-51 and paragraphs 392-402 of the Complaint, whether individually or collectively.

J.     The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, any writing, notes, photograph, chart, graph, video tape, audio tape,

computer disk, electronic or computerized data compilation, or electronically stored data (including electronic mail) which is in Your actual or constructive possession, custody, or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other nonconforming copies of every kind.

K.      The term "including" means including, but not limited to.

L.      The term "Offering" refers to Wilmington Trust's public offering of 21,706,250 shares of common stock, which became effective on or about February 23, 2010.

M.      The term "Person" or "Persons" means any natural person, or any legal or fictitious entity, including, without limitation, any corporation, partnership, or association.

N.      The term "purchase" or "sell" means purchase, buy, sell, trade, convert, or otherwise acquire or otherwise dispose of, whether for Your own account or benefit, or for the account or benefit of another Person.

O.      The term "Representative" or "Representatives" means, both collectively and individually, any agent, director, officer, employee, partner, attorney, corporate parent or subsidiary, acting or purporting to act on behalf of Lead Plaintiffs.

P.      When concerning a Person, "to identify" means to give, to the extent known, the Person's full name, present or last known address, and when concerning a natural Person, additionally, the present or last known place of employment.

Q.      When concerning a Document, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

R.      The term "Wilmington Trust Corporation" or "Wilmington Trust" refers to Defendant Wilmington Trust Corporation and any of its foreign or domestic subsidiaries, divisions, officers, directors, and employees.

S.      The term "Wilmington Trust Defendants" refers to Defendants Wilmington Trust Corporation, Ted T. Cecala, David R. Gibson, Robert V.A. Harra, Jr., and Kevyn N. Rakowski, whether individually or collectively.

T.      The term "Wilmington Trust Securities," "Security," or "Securities" means stocks, bonds, notes or other evidence of indebtedness issued by a corporation or a government or political subdivision thereof, and also include options, futures, swaps or other derivatives that involve Wilmington Trust Corporation.

U.      The terms "You," "Your," and "Lead Plaintiffs" refer to the Merced County Employees' Retirement Association, the Coral Springs Police Pension Fund, the St. Petersburg Firefighters' Retirement System, the Pompano Beach General Employees Retirement System, and/or the Automotive Industries Pension Trust Fund, whether individually, collectively, or in a representative capacity, and their Representatives, agents, attorneys, accountants, heirs, assigns, partners, owners, directors, officers, employees, agents, trusts, custodians, parents, subsidiaries, affiliates, predecessors, successors or other Persons purporting to act on their behalf.

V.      The definitions of terms provided by the Federal Rules of Civil Procedure are incorporated herein by reference.

## INSTRUCTIONS

1.      You are instructed either to produce Documents as they are kept in the usual course of business or to produce Documents organized and labeled to correspond with the categories in this Request.

4

2.      In producing Documents, all Documents that are physically attached to each other when located for production shall be left so attached.  Documents that are segregated or separated from other Documents, whether by inclusion of binders, files, subfiles, or by use of dividers, tabs or any other method, shall be left so segregated or separated.  Documents shall be retained in the order in which they were maintained and in the file where found.

3.      These Requests shall be deemed continuing to the extent permitted by Rule 26 of the Federal Rules of Civil Procedure so as to require further supplemental production in the event that Lead Plaintiffs obtain or discover additional information or Documents between the time of the initial production and the time of hearing or trial.

4.      Each Request for Documents requires the production of all Documents described herein, including all drafts and non-identical copies.

5.      Each Request for Documents requires the production of all Documents described herein, in the possession, custody or control of Lead Plaintiffs, including all Documents held by agents or others with whom Lead Plaintiffs have had a professional relationship.

6.      In the event that any Document called for in these Requests has been destroyed, lost, discarded, or otherwise is not capable of being produced at the time that Documents are produced pursuant to these Requests, You are instructed to identify any such Document; identify any Person who previously or currently has possession, custody, or control of the Document; indicate the paragraph(s) of these Requests to which such Document is related; and set forth the circumstances under which the Document is not capable of being produced.

7.      In the event that any Document called for by these Requests is to be withheld on the basis of a claim of privilege, work product, or other ground of nonproduction, a list is to be furnished at the time the Documents are produced identifying any such Document for which the privilege is claimed specifically by its nature (*e.g.*, letter, memorandum, etc.), together with the following information with respect to any such Document withheld:  author(s); recipient(s); sender(s); indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and paragraph(s) of these Requests to which such Document relates. If an attachment to a Document or Communication is also being withheld on the grounds of privilege, in addition to being identified as required herein, such attachment shall be identified in the privilege log as a separate document.

8.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be redacted from the Document, and the rest of the Document shall be produced.  If a privilege is asserted with regard to part of the material contained in a Document, You must clearly indicate the portions as to which privilege is claimed.  When a Document has been redacted or altered in any fashion, You must identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the Person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

9.      Documents and electronically stored information shall be produced pursuant to a mutually agreed-upon protocol.

10.      If no Documents exist that are responsive to a particular request, You shall so state in writing.

11.     Unless otherwise specified in the text of an individual request, the "time period" applicable to the documents sought by these Requests pertains to the time period between January 1, 2006 and May 16, 2011, inclusive.

## DOCUMENT REQUESTS

1.     All Documents[1] concerning any ownership, purchase, sale, or other acquisition or disposition of Wilmington Trust Securities, from January 1, 2006 to the present, undertaken by any Lead Plaintiff, whether on Lead Plaintiff's own behalf or on behalf of another Person, including, but not limited to:

    (a)     account or brokerage statements, confirmations, Securities certificates, cancelled checks, any purchase orders, profit or loss statements, customer's receipts, signature cards or other Documents evidencing each transaction;

    (b)     letters, Communications or any other Document received from securities brokers, analysts, financial advisors, dealers, underwriters, Wilmington Trust or any other Person or institution;

    (c)     Documents evidencing, reflecting, referring to, or concerning Your trading history of Wilmington Trust Securities;

    (d)     Documents evidencing, reflecting, referring to, or concerning Your decisions to own, purchase, acquire, sell or hold Wilmington Trust Securities or not to purchase, acquire or sell Wilmington Trust Securities;

---

[1]     Capitalized terms shall be construed as defined in the Definitions and each Document Request shall be construed pursuant to the Instructions.

(e)     Documents evidencing, reflecting, referring to, or concerning any Persons involved in Your decisions to own, purchase, acquire, sell or hold Wilmington Trust Securities or not to purchase, acquire or sell Wilmington Trust Securities; and

(f)     Documents identifying the number of shares of Wilmington Trust stock You currently hold.

2.     All Documents concerning the amount of any Lead Plaintiff's investments in Wilmington Trust Securities, and any profit from, or loss due to, each purchase, sale or other acquisition or disposition of Wilmington Trust Securities, from January 1, 2006 to the present.

3.     All Documents concerning any account, since January 1, 2006, in which any Lead Plaintiff held, owned or beneficially owned any Wilmington Trust Securities.

4.     Documents sufficient to show the composition of each Lead Plaintiff's portfolios and their returns.

5.     All Documents concerning any Lead Plaintiff's decision to seek to serve as a class representative and/or lead plaintiff in this action, or otherwise to commence litigation against Wilmington Trust or any of the other Defendants named in the Complaint.

6.     All Documents concerning any Lead Plaintiff's relationship with any law firm representing Lead Plaintiffs in this action (including, without limitation, any individual attorney who is now, or who was, associated with, or a member of, any such law firm), including, but not limited to, Documents concerning:

8

(a)     any financial or other arrangements that exist or existed between You or any public officer, elected official or other politician of any kind that exercises any control over You and any such lawyer or law firm, whether in this action or otherwise;

(b)     Your relationship or the relationship of any public officer, elected official or other politician of any kind that exercises any control over You with such lawyer or law firm in connection with any other litigation in which any such lawyer or law firm has acted on Your behalf at any time;

(c)     any social, familial or other relationship that exists or has existed at any time between You or any public officer, elected official or other politician of any kind that exercises any control over You and any such lawyer or law firm; and

(d)     any political contribution made at any time by any law firm or lawyer representing You in this action to any public officer, elected official or other politician of any kind that exercises any control over You.

7.     All Documents concerning the actual or contemplated employment or retention of counsel by Lead Plaintiffs in this action, including, but not limited to, Documents concerning:

(a)     any arrangement to pay a fee, including a legal fee, to anyone with respect to this action;

(b)     the Person who will advance and who is responsible for payment of the fees, costs and expenses incurred in connection with this action;

9

> (c)     the Person who will share in the recovery, if any, realized in this action; and
>
> (d)     any arrangement to share a fee in this action with any Person not a member of Lead Plaintiffs' counsels' firms.

8.     All Documents concerning any agreement (final or draft) or other arrangements (formal or informal) with any Person concerning, and without regard to the time limitations set forth in the Instructions above:

> (a)     Wilmington Trust or Your shares of Wilmington Trust common stock;
>
> (b)     The initiation of, or serving as named plaintiff or lead plaintiff, in any litigation (including, but not limited to, the above-captioned case);
>
> (c)     Your counsel in this litigation, including, but not limited to, Bernstein Litowitz Berger & Grossmann LLP (or any partner, member, or associate affiliated therewith) and Saxena White P.A. (or any partner, member, or associate affiliated therewith); and
>
> (d)     This litigation.

9.     Without regard to the time limitations set for in the Instructions above, any engagement letter, retainer agreement, or similar agreement entered into by and between You and any attorney or law firm at any time concerning any class or derivative litigation.

10.     All Documents concerning any payment (including any bonus, fee or reimbursement of expenses) of any kind that exceeds Lead Plaintiffs' pro rata share of recovery

(based on Lead Plaintiffs' stock ownership) in connection with Lead Plaintiffs acting as class representatives and/or lead plaintiff in this action.

11.    All Documents concerning each source of funds to be used in prosecuting this action on behalf of the proposed class, including, but not limited to, any Documents concerning resources that Lead Plaintiffs have available and are willing to devote to the payment of any expenses involved in diligently prosecuting this case on behalf of the proposed class and the payment of any costs that may be assessed against Lead Plaintiffs if You are unsuccessful.

12.    All Documents concerning any Communications, since January 1, 2006, between Lead Plaintiffs and:

(a)    any present or former director, officer, employee, agent or Representative of Wilmington Trust (including its subsidiaries and affiliates);

(b)    any attorney other than Lead Plaintiffs' current counsel, concerning Defendants, Wilmington Trust, or Wilmington Trust Securities; and

(c)    any other Person concerning Defendants, Wilmington Trust, or Wilmington Trust Securities.

13.    All Documents concerning Communications with any Person or entity, including, but not limited to, analysts or Wilmington Trust investors, concerning Defendants, Wilmington Trust, the decision to bring this action, or the allegations in the Complaint.

14.    All Documents concerning any Communications, relationships, or agreements between any Lead Plaintiff and Lead Plaintiffs' counsel, on the one hand, and any other party or member of the proposed class in this action, on the other hand, concerning the subject matter of this action.

11

15.     Documents sufficient to show arrangements for oversight of class counsel.

16.     All Documents concerning, directly or indirectly, the amount of damages allegedly suffered by Lead Plaintiffs or other members of the proposed class as a result of the conduct alleged in the Complaint, including, but not limited to, all Documents concerning the methodologies used to calculate that amount.

17.     All Documents concerning any valuation of the stock of Wilmington Trust, the expected performance of Wilmington Trust stock, and any projections concerning Wilmington Trust stock.

18.     All Documents concerning any alleged impact on the market price of the common stock of Wilmington Trust by any of the matters referred to in the Complaint.

19.     All Documents concerning the Offering.

20.     All Documents concerning any litigation, arbitration or other proceeding in which any Lead Plaintiff is or was an actual or contemplated party or a witness.

21.     All Documents concerning any litigation, arbitration or other proceeding (excluding the above-captioned action) in which any Lead Plaintiff sought to serve, or in fact served, as a "lead plaintiff" or otherwise in a representative capacity on behalf of other Persons.

22.     All Documents concerning any litigation, arbitration, or other proceeding (excluding the above-captioned action) involving any Lead Plaintiff pertaining to an alleged violation of any state or federal securities law or arising from, or related to, the purchase, sale

or other acquisition or disposition of any Security, including, but not limited to, any Security of Wilmington Trust.

23.     All Documents concerning any authorization or lack of authorization from any member of the proposed class to institute this action or serve as the proposed class representative or lead plaintiff.

24.     All Documents concerning any sanction imposed by a court on any of the proposed class representatives or any Representative thereof, including, but not limited to, counsel representing any proposed class representative in any arbitration, litigation or other proceeding.

25.     All Documents concerning any procedures for monitoring any Securities filing, public statement or news coverage of any entity in which any Lead Plaintiff has an investment.

26.     All Documents that Lead Plaintiffs identified, reviewed or relied upon in response to any interrogatory or reviewed or relied upon in drafting the Complaint, any pleading, any motion or discovery responses.

27.     All Documents cited by or referred to in the Complaint.

28.     All Documents You received from Persons whom You or anyone on Your behalf contacted in relation to any of the allegations made in the Complaint.

29.     Documents sufficient to identify the confidential witnesses referred to in the Complaint.

30.     All Documents concerning any Communications between Lead Plaintiffs or Lead Plaintiffs' counsel or other Representatives, on the one hand, and any confidential witness referred to in the Complaint, on the other hand.

31.     All Documents concerning any confidential witness referred to in the Complaint, including, but not limited to, Documents sent to or received from the confidential witnesses by Lead Plaintiffs or Lead Plaintiffs' counsel or other Representatives.

32.     All Documents concerning investment strategies, goals, criteria or guidelines by which any Lead Plaintiff or those acting on its behalf make individual Securities investments.

33.     All Documents, including, but not limited to, financial statements, public filings, analysts' reports, news articles, recommendations or other writings, that any Lead Plaintiff (or any Person acting on any Lead Plaintiff's behalf) (a) reviewed, (b) possessed or (c) was informed of concerning the business affairs, management, accounting practices, financial reporting, and/or financial condition of Wilmington Trust from January 1, 2006, to the present.

34.     All Documents concerning any procedure, process, criteria or guideline by which any Lead Plaintiff selects or selected any investment advisor or money manager.

35.     Documents sufficient to identify any investment advisor or money manager retained by You.

36.     All Documents concerning organizational charts, or other Documents reflecting the management structure of each Lead Plaintiff, including, but not limited to, the Persons or entities responsible for choosing and/or approving Securities investments and/or the Persons or entities who exercise control over choice of counsel.

14

37.     All Documents describing, evidencing, reflecting, referring, or relating, directly or indirectly, to any returns on any Lead Plaintiff's investments in the common stock of Wilmington Trust, including, but not limited to, any capital gains, dividends or stock splits.

38.     All Documents considered, relied upon or used in connection with calculating any gains or losses associated with any Lead Plaintiff's purchases or sales of Wilmington Trust stock for the years (fiscal or calendar) 2007, 2008, 2009, 2010, and 2011.

39.     All Documents and/or Communications regarding Your retention of any experts.

40.     All Documents given or made available to any expert, or any assistant to such expert, retained by Lead Plaintiffs or providing assistance to Lead Plaintiffs in connection with work on this case, and transcripts of past sworn testimony by any testifying expert that Lead Plaintiffs may call to testify at trial, except as limited by any protective order or agreement with respect to discovery of such materials entered into with respect to this matter.

41.     All Documents and/or Communications You received in response to any subpoenas issued in this action.

42.     All Documents and/or Communications You sent to or received from any Wilmington Trust regulator, including, but not limited to, the Board of Governors of the Federal Reserve System, concerning the regulator's claim of privilege, including, but not limited to, the regulatory privilege, the deliberative process privilege, or any privileges codified by any federal or state regulations.

/s/ Robert S. Saunders
Thomas J. Allingham II (ID No. 476)
Robert S. Saunders (ID No. 3027)
Stephen D. Dargitz (ID No. 3619)
Daniel R. Ciarrocki (ID No. 5412)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
Telephone:  (302) 651-3000
Facsimile:  (302) 651-3001
Thomas.Allingham@skadden.com
Rob.Saunders@skadden.com
Stephen.Dargitz@skadden.com
Daniel.Ciarrocki@skadden.com

*Attorneys for Defendants Ted T. Cecala, David R. Gibson, Robert V.A. Harra, Jr., Kevyn N. Rakowski, and Wilmington Trust Corporation*

DATED:  June 24, 2014

# EXHIBIT B

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK   •   CALIFORNIA   •   LOUISIANA   •   ILLINOIS

Katherine M. Sinderson
KatieM@blbglaw.com
(212) 554-1392

November 26, 2014

**BY EMAIL**

George A. Salter, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022

Re:   *In re Wilmington Trust Securities Litigation*,
      C.A. No. 10-cv-00990-SLR-SRF (D. Del.)

Dear George:

Enclosed please find Lead Plaintiffs' Third Document Request to Defendant KPMG, which specifically seeks all audit manuals or guidance relevant to the work KPMG performed on Wilmington Trust's behalf during the Class Period.

As we have informed you, this document request is entirely subsumed within, and repetitive of, Request Nos. 4, 25, 28-30, 32, and 36-38. Lead Plaintiffs cannot understand how KPMG could have planned its audit (Request No. 4) without reference to the KAM. Similarly, it is simply not possible for KPMG to have audited Wilmington's appraisals (Request No. 29) or risk management controls (Request No. 30) without reference to the KAM. Indeed, the documents that KPMG has produced to date further dispel any notion that the KAM is not relevant. For example, the 2008 Working Audit Plan states that "The KPMG Audit Methodology (KAM) is our audit methodology that facilitates and enhances audit quality and provides the basis for all our audits." KPMG-WT-E0209875. We have served this request only to appease concerns you raised on our call yesterday and to conserve judicial resources if motion practice becomes necessary in this regard.

As we further discussed during yesterday's call, in the spirit of compromise, Lead Plaintiffs will provide a list of specific sections of KPMG's KAM referenced in the relevant portions of KPMG's documents and the parties can then discuss the production of those sections. In addition, in furtherance of the parties' discussions and to ensure the production of all relevant and responsive material, please provide the table of contents (or other index or content guide) of the relevant KAM(s) by December 5.

Sincerely,
/s/ *Katherine M. Sinderson*
Katherine M. Sinderson

Cc: All Counsel

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION | Master File No. 10-cv-00990-SLR-SRF |
| | (Securities Class Action) |
| | Hon. Sue L. Robinson |
| This document relates to: ALL ACTIONS | |

## DEFENDANT KPMG LLP'S OBJECTIONS AND RESPONSES TO LEAD PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant KPMG LLP ("KPMG"), by and through its undersigned attorneys, hereby objects and responds to Lead Plaintiffs'[1] Third Request for the Production of Documents to Defendant KPMG (the "Request" or "Document Request"), dated November 26, 2014.

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

The objections and responses set forth herein are given without prejudice to KPMG's right to provide subsequent relevant information or to add, modify, or otherwise change or amend the responses made therein. The information contained in these responses is also subject to correction for omissions and errors, if and when KPMG discovers other or additional information.

KPMG's responses are made without in any way waiving:

---

[1] "Lead Plaintiffs" include: the Merced County Employees' Retirement Association; the Coral Springs Police Pension Fund; the St. Petersburg Firefighters' Retirement System; the Pompano Beach General Employees Retirement System; and the Automotive Industries Pension Trust Fund.

1

a. All rights to object to the Request or any subsequent request for information or documents, or subject matter thereof, as to the competency, relevancy, materiality, privilege and admissibility as evidence for any purpose, in any proceeding in, or at the trial of, this or any other action; the responses are, similarly, not to be deemed an admission as to their competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in this action or any other action;

b. The right to object on any ground to the use of these responses, or the subject matter thereof, in any proceeding in, or at trial of, this or any other action; or

c. The right to object on any ground at any time to the Request, or other discovery procedures involving or relating to the subject matter of the Request, including but not limited to any subsequent requests for admissions or interrogatories.

KPMG reserves the right to assert additional responses and objections to the Request as appropriate and to amend and/or supplement these responses at any time prior to the trial of this action consistent with the applicable Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

These General Objections are applicable to and are incorporated into each of KPMG's Objections and Responses as if specifically set forth therein, and all Objections and Responses are made subject to and without waiving these General Objections. Stating specific Objections and Responses to any particular Request does not in any way waive any of these General Objections. Any reference to a particular General Objection within a response shall not be construed as a limitation of the set of General Objections applicable to the particular Request being addressed.

1. KPMG objects to the Request to the extent that it seeks documents or information already in the possession of Lead Plaintiffs or is equally available through another source that is more convenient, less burdensome on, or less expensive to KPMG. KPMG does not intend to produce documents or information already in the possession of Lead Plaintiffs or equally

available through another source that is more convenient, less burdensome on, or less expensive to KPMG.

2.      KPMG objects to the Request to the extent that it seeks documents or information that KPMG has already produced to Lead Plaintiffs in this matter.

3.      KPMG objects to the Request, including the Definitions and Instructions therein, to the extent that they purport to impose obligations that are in excess of, and/or inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware (the "Local Rules") or any other applicable statute, rule or decision.

4.      KPMG objects to the Request to the extent that any of the documents called for by the Request are protected by attorney-client privilege, the work-product doctrine,  or other privileges, doctrines or immunities, including the accountant-client privilege, the self-evaluation privilege, the regulatory privilege and the peer review privilege.  Any inadvertent production of any document shall not constitute a waiver of any of the rights or privileges of KPMG, and KPMG reserves its rights to demand and obtain the prompt return of any such document and all copies thereof.

5.      KPMG objects to the Request to the extent it calls for the production of documents by KPMG's counsel, who was retained after the events at issue in the above-captioned action.  Such documents, which are also protected by the attorney-client privilege and the work-product doctrine, are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the undue burden, expense, and effort of searching for and producing such documents far outweigh whatever minimal probative value, if any, they may have in this case.

3

6.     KPMG objects to the Request to the extent that it purports to call for the production of documents or information that KPMG is prohibited from disclosing by contract, order, statute, rule, regulation, or law, including, but not limited to, 12 C.F.R. §§ 261, 309, 510.5 and Section 145, Title 5 of the Delaware Code.

7.     KPMG objects to the Request to the extent that it asks for confidential or proprietary information, documents constituting or containing KPMG trade secrets, and documents containing confidential commercial information.

8.     KPMG object to the Request to the extent that it seeks "all documents" concerning a particular subject on the grounds that literal compliance is impossible and any attempt to produce "all documents" would involve thousands of cumulative, duplicative, and/or not reasonably accessible documents; and the burden and expense of searching for, collecting and producing such documents would far outweigh the benefit of their discovery, if any.

9.     KPMG objects to the Request to the extent it calls for the production of documents not within its possession, custody or control.

10.    KPMG objects to the Request to the extent that the Requests are cumulative or duplicative.

11.    KPMG objects to the Request to the extent that it requires production of documents that are irrelevant to the claims and defenses in the underlying action and not reasonably calculated to lead to the discovery of admissible evidence concerning the claims and defenses at issue.

12.    KPMG objects to all Requests for information which is not in the form of written or printed records where such electronic data would only be duplicative of the hard copy production.  Requiring such a production would be unnecessarily time consuming, unduly

4

burdensome, and oppressive to the extent that the burden and excessive cost would substantially outweigh the minimal, if any, probative value, particularly to the extent that many electronic files are comprised either of incomplete fragments or drafts of incomplete documents, or duplicate electronic versions of hard copy documents.

13.     To the extent called for by the Request, pursuant to FRCP 26(b)(2)(B), KPMG objects to the production of electronically stored information contained on disaster recovery or archival media, legacy systems, or deleted, fragmented, shadowed or temporary data on the grounds that such information is not reasonably accessible due to cost and burden.  It would be unduly burdensome and costly for KPMG to restore, access, review and produce such data.

14.     Any representation by KPMG that it will comply in whole or in part with a particular Request is not a representation or admission by KPMG that any such responsive documents exist or are in KPMG's possession, custody, or control.

15.     KPMG objects to the demand that documents be produced on or before December 10, 2014 at 9:00 a.m.  To the extent KPMG produces documents in response to the Request, KPMG will produce documents at such times and locations, and in such manner, as shall be agreed upon by the parties only after KPMG has had a reasonable period of time to search for, review and produce its responsive documents.

16.     KPMG objects to the "Definitions" section of the Request and reincorporates all of its previous Objections to the Definitions set forth in Lead Plaintiffs' previous Requests.

17.     KPMG objects to the "Instructions" section of the Request and reincorporates all of its previous Objections to the Instructions set forth in Lead Plaintiffs' previous Requests.

18.     KPMG objects to the "Relevant Time Period" as being well beyond the scope of the Class Period as defined in the previous Requests.

5

## SPECIFIC RESPONSES

### Request No. 1:

All accounting manuals, auditing manuals, and any other Documents concerning the practices and procedures to be followed by KPMG (including its partners, employees and agents) during the Relevant Time Period in (a) planning audits of Wilmington, (b) performing audits of Wilmington, (c) planning reviews of Wilmington's interim financial statements, (d) performing reviews of Wilmington's interim financial statements, and (e) issuing consents to be included in documents filed by Wilmington with the SEC.

### Response to Request No. 1:

KPMG incorporates herein the General Objections set forth above and specifically

objects on the grounds that Request No. 1 is overbroad, unduly burdensome, oppressive, and

seeks information neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

KPMG further objects on the grounds that Request No. 1 is untimely. The Scheduling

Order dictates that all "parties shall substantially complete document production on or before

October 17, 2014, and shall serve all requests for the production of documents so as to

complete document production by that date." (Dkt. No. 197, ¶ 3(f) (So Ordered, May 19,

2014)). Lead Plaintiffs have failed to comply with this deadline and therefore KPMG has no

obligation to produce documents in response to the Request.

January 5, 2015

HOGAN LOVELLS US LLP


By: /s/        George A. Salter

George A. Salter
Peter J. Dennin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
Email: george.salter@hoganlovells.com
Email: peter.dennin@hoganlovells.com

*Counsel for Defendant KPMG LLP*

7

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION | Master File No. 10-cv-00990-SLR-SRF |
| | (Securities Class Action) |
| | Hon. Sue L. Robinson |
| This document relates to: ALL ACTIONS | |

## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTFFS

**TO:**      LEAD PLAINTIFFS

**FROM:**      ALL DEFENDANTS

Pursuant to Fed. R. Civ. P. 34, you are requested to respond in writing to the foregoing Requests and produce the requested documents for inspection and copying at the law office of Venable LLP, 1201 North Market Street, Suite 1400, Wilmington, DE 19801, within thirty days of service hereof.

## DEFINITIONS

As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

(a)      The term "person" includes any individual, partnership, limited liability company, joint stock company, unincorporated association or society, municipal or other corporation, any State or local government, administrative agencies, political subdivisions, courts, and any other governmental or business entity.

(b)      The terms "document" and "documents" are used as defined in Fed. R. Civ. P. 34, and include any written, printed, typed, photographic and recorded matter of any kind or character,

1

however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, microfilm, magnetic and electronic recordings, sound or video recordings, computer print-outs or records, relating or referring, in any way, to the subject matter of the particular request. The term "document" shall also include e-mail and all other forms of electronically-stored information. Electronically-stored information is any information created, stored, or best utilized with computer technology of any type. It includes but is not limited to data; word-processing documents; spreadsheets; presentation documents; graphics; animations; images, e-mail and instant messages (including attachments); audio, video, and audiovisual recording; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems. The term "document" shall also include any and all drafts and non-identical copies of the aforementioned, and any attachments or enclosures to any document. "Thing" means any tangible object or item.

(c)     The term "communication" refers to any transmission or provision of advice, guidance, or information of any kind, whether in oral, written, documentary, demonstrative, electronic, or any other form.

(d)     The word "or" is used in its inclusive sense. If, for example, a Request seeks all documents indicating A or B, you should produce all documents that indicate A and all documents that indicate B, as well as all documents that indicate both A and B. In other words, "or" may be

2

read as "and/or." Similarly, the word "any" may be read as "any and all," and "each" may be read as "each and every."

(e)      "Relating to," "relates to," and "related to" mean relevant to, referring to, concerning, responding to, commenting on, regarding, discussing, showing, describing, reflecting, implying, analyzing, constituting, supporting, listing, summarizing, or contradicting.

(f)      The terms "Lead Plaintiffs," "Plaintiffs, "you," and "your" refer to the entities to whom these Interrogatories are addressed, collectively, as well as all of their current and former agents, employees, officer, directors, representatives, and attorneys, and all of the class members.

(g)      The term "Complaint" refers to your Fourth Amended Consolidated Securities Class Action Complaint (D.I. 149).

(h)      The term "WT Corp." refers to Defendant Wilmington Trust Corp. and its affiliates, parent companies, and subsidiaries, as well as all of their current and former employees, agents, representatives, officers, directors, and attorneys.

(i)      The term "Individual Defendants" refers to all Defendants named in this action, except WT Corp., KPMG LLP, J.P. Morgan Securities, and Keefe, Bruyette & Woods, Inc.

## INSTRUCTIONS

(a)      In accordance with Fed. R. Civ. P. 34(b)(2)(B), you must respond in writing to each Request and "must either state that inspection and related activities will be permitted as requested or state with specificity the ground for objecting to the request, including the reasons." Further, in accordance with Fed. R. Civ. P. 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection," and "[a]n objection to part of a request must specify the part and permit inspection of the rest."

3

(b)      You must produce all documents within your "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  Your responses shall include all information available to you directly or through your agents, employees, officers, directors, representatives, or attorneys.

(c)      Pursuant to Fed. R. Civ. P. 26(e), these Requests are continuing in character so as to require you to promptly amend your responses and supplement your productions if you obtain further or other responsive, non-privileged documents.

(d)      If you encounter any ambiguities in construing a Request, instruction, or definition herein, set forth the matter deemed ambiguous and the construction used in responding.

(e)      If you do not possess or have custody or control of documents responsive to a Request, but you know the name of a person that does, identify that person in your response.

(f)      If you object to the production of any documents on the basis of a privilege, your objection shall state the privilege being relied upon and comply in all respects with Fed. R. Civ. P. 26(b)(5).  You must also provide an appropriately detailed privilege and/or redaction log.

(g)      The past tense used herein includes the present tense and the present tense includes the past tense, so that each tense describes or calls for information pertaining to both the past and present.

(h)      Wherever any words are used in the singular form, they shall be construed as though they were also used in the plural form in all cases where such a construction would apply. Wherever any words are used in the plural form, they shall be construed as though they were also used in the singular form in all cases where such a construction would apply.

(i)      Your production of electronically-stored information shall comply with § 5 of the Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")," and all other applicable rules and law.

(j)     In accordance with Fed. R. Civ. P. 34(b)(2)(E)(i), you must produce all documents as they are kept in the usual course of business, or organize and label them to correspond with each Request set forth herein.

(k)     All documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, or sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be retained in the order in which they were maintained and in the file where found.

(l)     Each Request herein requires the production of all described documents, including all drafts and non-identical copies.

(m)     In the event that any document called for in these Requests has been destroyed, lost, discarded, or otherwise is not capable of being produced at the time that documents are produced pursuant to these Requests, identify any such document and any person who previously or currently has possession, custody, or control of the document(s). Describe the reason(s) why the document is not capable of being produced.

(n)     If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, the portion(s) of the document subject to the claim of privilege shall be redacted from the document, and the rest of the document shall be produced. Any redaction must be clearly visible on the redacted documents, and all redactions must be included in an appropriately detailed log.

(o)     If no documents exist that are responsive to a particular Request, you shall so state in your response.

(p)     Unless otherwise specified in the text of an individual Request, the time period applicable to the documents sought by these Requests is January 1, 2006 to May 16, 2011, inclusive.

(q)     In addition to the above, your responses should satisfy in all respects any instructions contained in any Requests that you have or will serve upon Defendants.  However, to the extent any such instructions are inconsistent with those set forth herein, the instructions herein shall control.

## REQUESTS

1.     Every document related to any communications you have had with any governmental agency, unit, or official related to Defendants (or any of them) or the subject matter or allegations of your Complaint, including but not limited to the S.E.C., any federal or state banking regulator, the Office of the Special Inspector General for the Troubled Asset Relief Program, the United States Department of Justice, or the United States Attorney's Office for the District of Delaware.  The time period for this Request is January 1, 2006 through the present.

2.     Every document you have sent to or received from any governmental agency, unit, or official related to Defendants (or any of them) or the subject matter or allegations of your Complaint, including but not limited to the S.E.C., any federal or state banking regulator, the Office of the Special Inspector General for the Troubled Asset Relief Program, the United States Department of Justice, or the United States Attorney's Office for the District of Delaware.  The time period for this Request is January 1, 2006 through the present.

3.     Every document related to any communications you have had with any investment advisor, accountant, manager, or agent, including but not limited to Buckhead Capital Management, LLC ("Buckhead"), WHV Investments, Inc. (a/k/a WHV Investment Management,

Inc.) ("WHV"), or DePrince, Race & Zollo, Inc. ("DePrince"), related to Defendants (or any of them) or the subject matter or allegations of your Complaint.

4.  Every document you have sent to or received from any investment advisor, accountant, manager, or agent, including but not limited to Buckhead, WHV, or DePrince, related to Defendants (or any of them) or the subject matter or allegations of your Complaint.

5.  Every document related to the authority, discretion, duties, or obligations of Buckhead, WHV, or DePrince, related to Defendants (or any of them) or the subject matter or allegations of your Complaint.

6.  Every contract, agreement, delegation, understanding, and undertaking of any kind between or among you and Buckhead, WHV, or DePrince.

7.  Every document related to any false statement or omission that you claim was made by Defendants (or any of them) and for which you make a claim in this action.

8.  Every document related to any contention by you that Defendants (or any of them) intentionally or recklessly made a false statement or omission.

9.  Every document related to any alleged admissions against interest made by Defendants (or any of them) in connection with the subject matter or allegations of your Complaint.

10.  Every written or recorded statement (as defined in Fed. R. Civ. P. 26(b)(3)) given to you in connection with the subject matter or allegations of your Complaint.

11.  Every document related to your efforts, if any, to mitigate your alleged economic damages in this action.

12.  Every document related to any and all due diligence, research, investigation, or analysis each Lead Plaintiff undertook in connection with purchasing, selling, or holding WT

Corp. stock, bonds, notes or other evidence of indebtedness issued by WT Corp., including options, futures, swaps, and other derivatives that involve WT Corp.

13.     Every document related to your contention that the Individual Defendants (or any of them) had actual knowledge of or participated in any of the false statements or omissions alleged in your Complaint.

14.     To the extent not previously produced, every document you intend to use to support a claim, contention, or allegation you have asserted or intend to assert in this action.

15.     Every document received from a former or current employee or agent of WT Corp. or any Defendant, including without limitation any Confidential Witness referred to in your Complaint.

16.     Every investment policy, rule, procedure, practice, objective, strategy, guideline, protocol, criteria, internal control, or approval process concerning your purchase of equity securities, including WT Corp. common stock, during the period from January 18, 2008 through November 1, 2010.

**[SIGNATURES ON NEXT PAGE]**

February 23, 2017

**VENABLE LLP**

*/s/ Jamie L. Edmonson*
Jamie L. Edmonson (Bar No. 4247)
1201 N. Market Street
Suite 1400
Wilmington, Delaware 19801
302-298-3535 (telephone)
302-298-3550 (facsimile)
jedmonson@venable.com

James A. Dunbar (*admitted pro hac vice*)
Daniel P. Moylan (*admitted pro hac vice*)
Matthew R. Alsip (*admitted pro hac vice*)
Jessica B. Wack (*admitted pro hac vice*)
Venable LLP
210 West Pennsylvania Avenue – Suite 500
Towson, Maryland 21204
410-494-6200 (telephone)
410-821-0147 (facsimile)
jadunbar@venable.com
dpmoylan@venable.com
mralsip@venable.com
jbwack@venable.com

*Attorneys for Wilmington Trust Corporation*

**MCCARTER & ENGLISH, LLP**

*/s/ Michael P. Kelly*
Michael P. Kelly (No. 2295)
Steven P. Wood
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
Tel: 302-984-6300
mkelly@mccarter.com
swood@mccarter.com

OF COUNSEL:
Andrew M. Lawler (*admitted pro hac vice*)
Sharon D. Feldman (*admitted pro hac vice*)
ANDREW M. LAWLER, P.C.
641 Lexington Avenue
New York, NY 10022
Tel: 212-832-3160
alawler@amlpc.com
sfeldman@amlpc.com

*Attorneys for Defendant Robert V. A. Harra*

**DALTON & ASSOCIATES, P.A.**

*/s/ Bartholomew J. Dalton*
Bartholomew J. Dalton (#808)
Andrew C. Dalton (#5878)
DALTON & ASSOCIATES, P.A.
Cool Spring Meeting House
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
bdalton@bdaltonlaw.com
adalton@bdaltonlaw.com

Henry E. Klingeman (*admitted pro hac vice*)
Helen A. Nau (*admitted pro hac vice*)
KROVATIN KLINGEMAN LLC
60 Park Place, Suite 1100
Newark, NJ 07102
Tel.: (973) 424-9777
hklingeman@krovatin.com
hnau@krovatin.com

*Attorneys for Defendant Kevyn Rakowski*

**WILKS, LUKOFF & BRACEGIRDLE, LLC**

*/s/ Samuel L. Moultrie*
David E. Wilks (No. 2793)
Andrea S. Brooks (No. 5064)
Samuel L. Moultrie (No. 5979)
R. Stokes Nolte (No. 2301)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Tel: 302-225-0805

*Attorneys for Defendant William B. North*

**POTTER ANDERSON & CORROON LLP**

*/s/ John A. Sensing*
Stephen C. Norman (Bar No. 2686)
John A. Sensing (Bar No. 5232)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
snorman@potteranderson.com
jsensing@potteranderson.com

Thomas C. Rice (*pro hac vice*)
Craig S. Waldman (*pro hac vice*)
Sara A. Ricciardi (*pro hac vice*)
Matthew T. O'Connor (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017
(212) 455-2000
trice@stblaw.com
cwaldman@stblaw.com
sricciardi@stblaw.com
moconnor@stblaw.com

*Counsel for Defendants J.P. Morgan Securities LLC and Keefe, Bruyette & Woods, Inc.*

**PEPPER HAMILTON LLP**

*/s/ Christopher B. Chuff*
M. Duncan Grant (Bar No. 2994)
Christopher B. Chuff (Bar No. 5729)
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19899-1709
Telephone: 302-777-6500
Fax: 302-421-8390
Email: grantm@pepperlaw.com
Email: chuffc@pepperlaw.com

Ivan B. Knauer (*admitted pro hac vice*)
Matthew D. Foster (*admitted pro hac vice*)
Pepper Hamilton LLP
Hamilton Square
600 14th Street, NW, Suite 500
Washington, DC 20005-2004
Telephone: 202-220-1200
Fax: 202-220-1665
Email: knaueri@pepperlaw.com
Email: fosterm@pepperlaw.com

*Attorneys for Independent Director Defendants Carolyn Burger, R. Keith Elliott, Donald Foley, Louis Freeh, Gailen Krug, Rex Mears, Stacey Mobley, Michelle Rollins, Oliver Sockwell, Robert Tunnell, Jr., and Susan Whiting*

**HOGAN LOVELLS US LLP**

*/s/ Virginia A. Gibson*
Virginia A. Gibson (No. 3699)
1835 Market Street, 29th Floor
Philadelphia, PA 19103
Tel: (267) 675-4635
Fax: (267) 675-4601
Email: virginia.gibson@hoganlovells.com

George A. Salter (*admitted pro hac vice*)
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
Email: george.salter@hoganlovells.com

**Counsel for KPMG LLP**

**MORGAN LEWIS & BOCKIUS LLP**

*/s/ Jody C. Barillare*
Colm F. Connolly (#3151)
Jody C. Barillare (#5107)
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
(302) 574-3000
colm.connolly@morganlewis.com
jody.barillare@morganlewis.com

**Counsel for Defendant Ted T. Cecala**

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ William M. Lafferty*
William M. Lafferty (#2755)
Jay N. Moffitt (#4742)
1201 North Market Street
Wilmington, DE 19801
Tel.: (302) 658-9200
wlafferty@mnat.com
jmoffitt@mnat.com

OF COUNSEL:

PAUL HASTINGS LLP
Kenneth M. Breen (*admitted pro hac vice*)
Shahzeb Lari (*admitted pro hac vice*)
John P. Nowak (*admitted pro hac vice*)
Phara A. Guberman (*admitted pro hac vice*)
200 Park Avenue
New York, NY 10166
Tel.: (212) 318-6000
kennethbreen@paulhastings.com
shahzeblari@paulhastings.com
johnnowak@paulhastings.com
pharaguberman@paulhastings.com

**Attorneys for Defendant David R. Gibson**

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2017, I served a copy of the foregoing Second Request for Production of Documents via email and regular mail, first class and postage prepaid, on:

Pamela S. Tikellis (ID No. 2172)
A. Zachary Naylor (ID No. 4439)
CHIMICLES & TIKELLIS LLP
222 Delaware Avenue, 11th Floor
P.O. Box 1035 Wilmington, DE 19899
Telephone: (302) 656-2500
Fax: (302) 656-9053
PamelaTikellis@chimicles.com
ZacharyNaylor@chimicles.com

*Liaison Counsel For The Class*

and via email only to Co-Lead Counsel for Lead Plaintiffs and Defendants' counsel.

*/s/ Jamie L. Edmonson*
Jamie L. Edmonson (Bar No. 4247)

*Counsel for Defendant Wilmington Trust Corp.*

14827828/4

# EXHIBIT E

**Lauren Ormsbee (McMillen)**

| | |
|---|---|
| **From:** | Alsip, Matthew R. <MRAlsip@Venable.com> |
| **Sent:** | Thursday, March 23, 2017 9:52 AM |
| **To:** | Lauren Ormsbee (McMillen) |
| **Cc:** | Katherine M. Sinderson; Brandon Grzandziel - SAXENA WHITE P.A. (brandon@saxenawhite.com); 'alawler@amlpc.com'; 'bdalton@bdaltonlaw.com'; 'adalton@bdaltonlaw.com'; 'kevin.baumann@hoganlovells.com'; 'hklingeman@krovatin.com'; 'hnau@krovatin.com'; 'cconnolly@morganlewis.com'; 'jbarillare@morganlewis.com'; 'kennethbreen@paulhastings.com'; 'pharaguberman@paulhastings.com'; 'fosterm@pepperlaw.com'; 'knaueri@pepperlaw.com'; 'grantm@pepperlaw.com'; 'chuffc@pepperlaw.com'; 'jsensing@potteranderson.com'; 'snorman@potteranderson.com'; 'sricciardi@stblaw.com'; 'dwilks@wlblaw.com'; 'lherbert@wlblaw.com'; 'abrooks@wlblaw.com'; 'smoultrie@wlblaw.com'; 'george.salter@hoganlovells.com'; 'Pohlmann, Karen Pieslak'; 'shahzeblari@paulhastings.com'; 'Romero, Tobin'; 'cwaldman@stblaw.com'; Keeley, Meg; Wade, Lance; Kelly, Michael P.; Wood, Steven; Simon, Barry; Dunbar, James A.; Moylan, Daniel P.; Wack, Jessica B.; Carey, Christine C.; Hannah Ross; Kathryn Weidner (kathryn@saxenawhite.com); McCloud, Luke; Berg, Christopher |
| **Subject:** | RE: WTC schedule |

Lauren,

As I said in my voicemail, WT Corp. does not agree with Plaintiffs' position below and does not agree that the deadline for document requests (and/or third party subpoenas for documents) was October 2014. The deadline for completion of all fact discovery is June 1, 2017, as set forth in the Court's January 2017 order (meaning the deadline for serving written discovery requests, including document requests, is May 1, 2017). WT Corp. will oppose Plaintiffs' planned motions for protective order and to quash subpoenas.

All Defendants support WT Corp.'s position.

Please call me if you would like to discuss further.

Kind regards.

Matthew R. Alsip | Counsel | Venable LLP t 410.494.6366 | f 410.821.0147
210 West Pennsylvania Avenue - Suite 500 Towson, Maryland 21204 MRAlsip@Venable.com | https://protect-us.mimecast.com/s/RKWqBVImJq5U4

-----Original Message-----
From: Lauren Ormsbee (McMillen) [mailto:Lauren@blbglaw.com]
Sent: Wednesday, March 22, 2017 3:23 PM
To: Alsip, Matthew R. <MRAlsip@Venable.com>; Katherine M. Sinderson <KatieM@blbglaw.com>
Cc: Brandon Grzandziel - SAXENA WHITE P.A. (brandon@saxenawhite.com) <brandon@saxenawhite.com>;
'alawler@amlpc.com' <alawler@amlpc.com>; 'bdalton@bdaltonlaw.com' <bdalton@bdaltonlaw.com>;
'adalton@bdaltonlaw.com' <adalton@bdaltonlaw.com>; 'kevin.baumann@hoganlovells.com'
<kevin.baumann@hoganlovells.com>; 'hklingeman@krovatin.com' <hklingeman@krovatin.com>; 'hnau@krovatin.com'
<hnau@krovatin.com>; 'cconnolly@morganlewis.com' <cconnolly@morganlewis.com>; 'jbarillare@morganlewis.com'
<jbarillare@morganlewis.com>; 'kennethbreen@paulhastings.com' <kennethbreen@paulhastings.com>;

1

'pharaguberman@paulhastings.com' <pharaguberman@paulhastings.com>; 'fosterm@pepperlaw.com' <fosterm@pepperlaw.com>; 'knaueri@pepperlaw.com' <knaueri@pepperlaw.com>; 'grantm@pepperlaw.com' <grantm@pepperlaw.com>; 'chuffc@pepperlaw.com' <chuffc@pepperlaw.com>; 'jsensing@potteranderson.com' <jsensing@potteranderson.com>; 'snorman@potteranderson.com' <snorman@potteranderson.com>; 'sricciardi@stblaw.com' <sricciardi@stblaw.com>; 'dwilks@wlblaw.com' <dwilks@wlblaw.com>; 'lherbert@wlblaw.com' <lherbert@wlblaw.com>; 'abrooks@wlblaw.com' <abrooks@wlblaw.com>; 'smoultrie@wlblaw.com' <smoultrie@wlblaw.com>; 'george.salter@hoganlovells.com' <george.salter@hoganlovells.com>; 'Pohlmann, Karen Pieslak' <karen.pohlmann@morganlewis.com>; 'shahzeblari@paulhastings.com' <shahzeblari@paulhastings.com>; 'Romero, Tobin' <TRomero@wc.com>; 'cwaldman@stblaw.com' <cwaldman@stblaw.com>; Keeley, Meg <MKeeley@wc.com>; Wade, Lance <LWade@wc.com>; Kelly, Michael P. <MKelly@McCarter.com>; Wood, Steven <swood@mccarter.com>; Simon, Barry <BSimon@wc.com>; Dunbar, James A. <JADunbar@Venable.com>; Moylan, Daniel P. <DPMoylan@Venable.com>; Wack, Jessica B. <jbwack@venable.com>; Carey, Christine C. <CCCarey@Venable.com>; Hannah Ross <Hannah@blbglaw.com>; Kathryn Weidner (kathryn@saxenawhite.com) <kathryn@saxenawhite.com>
Subject: RE: WTC schedule

Matt:

Plaintiffs agree to the May 1 deadline. We have made one change, reflected in tracked changes in the attached document, to clarify that the discovery requests to be served by that date are limited to interrogatories and requests for admission, as contemplated in paragraphs 3(f) and 3(g) of the May 19, 2014 scheduling order.

Regards,
Lauren

Lauren A. Ormsbee
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
Phone/Fax: (212) 554-1593
Email: lauren@blbglaw.com


-----Original Message-----
From: Alsip, Matthew R. [mailto:MRAlsip@Venable.com]
Sent: Wednesday, March 22, 2017 11:30 AM
To: Katherine M. Sinderson <KatieM@blbglaw.com>
Cc: Brandon Grzandziel - SAXENA WHITE P.A. (brandon@saxenawhite.com) <brandon@saxenawhite.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; 'alawler@amlpc.com' <alawler@amlpc.com>; 'bdalton@bdaltonlaw.com' <bdalton@bdaltonlaw.com>; 'adalton@bdaltonlaw.com' <adalton@bdaltonlaw.com>; 'kevin.baumann@hoganlovells.com' <kevin.baumann@hoganlovells.com>; 'hklingeman@krovatin.com' <hklingeman@krovatin.com>; 'hnau@krovatin.com' <hnau@krovatin.com>; 'cconnolly@morganlewis.com' <cconnolly@morganlewis.com>; 'jbarillare@morganlewis.com' <jbarillare@morganlewis.com>; 'kennethbreen@paulhastings.com' <kennethbreen@paulhastings.com>; 'pharaguberman@paulhastings.com' <pharaguberman@paulhastings.com>; 'fosterm@pepperlaw.com' <fosterm@pepperlaw.com>; 'knaueri@pepperlaw.com' <knaueri@pepperlaw.com>; 'grantm@pepperlaw.com' <grantm@pepperlaw.com>; 'chuffc@pepperlaw.com' <chuffc@pepperlaw.com>; 'jsensing@potteranderson.com' <jsensing@potteranderson.com>; 'snorman@potteranderson.com' <snorman@potteranderson.com>; 'sricciardi@stblaw.com' <sricciardi@stblaw.com>; 'dwilks@wlblaw.com' <dwilks@wlblaw.com>; 'lherbert@wlblaw.com' <lherbert@wlblaw.com>; 'abrooks@wlblaw.com' <abrooks@wlblaw.com>; 'smoultrie@wlblaw.com' <smoultrie@wlblaw.com>; 'george.salter@hoganlovells.com' <george.salter@hoganlovells.com>; 'Pohlmann, Karen Pieslak' <karen.pohlmann@morganlewis.com>;

'shahzeblari@paulhastings.com' <shahzeblari@paulhastings.com>; 'Romero, Tobin' <TRomero@wc.com>; 'cwaldman@stblaw.com' <cwaldman@stblaw.com>; Keeley, Meg <MKeeley@wc.com>; Wade, Lance <LWade@wc.com>; Kelly, Michael P. <MKelly@McCarter.com>; Wood, Steven <swood@mccarter.com>; Simon, Barry <BSimon@wc.com>; Dunbar, James A. <JADunbar@Venable.com>; Moylan, Daniel P. <DPMoylan@Venable.com>; Wack, Jessica B. <jbwack@venable.com>; Carey, Christine C. <CCCarey@Venable.com>
Subject: RE: WTC schedule

Katie, would you please respond with Plaintiffs' position? Thank you.

Matthew R. Alsip | Counsel | Venable LLP t 410.494.6366 | f 410.821.0147
210 West Pennsylvania Avenue - Suite 500 Towson, Maryland 21204 MRAlsip@Venable.com | https://protect-us.mimecast.com/s/vle6Bbhr540F0

-----Original Message-----
From: Alsip, Matthew R. [mailto:MRAlsip@Venable.com]
Sent: Wednesday, March 15, 2017 4:25 PM
To: Katherine M. Sinderson <KatieM@blbglaw.com>
Cc: Brandon Grzandziel - SAXENA WHITE P.A. (brandon@saxenawhite.com) <brandon@saxenawhite.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; 'alawler@amlpc.com' <alawler@amlpc.com>; 'bdalton@bdaltonlaw.com' <bdalton@bdaltonlaw.com>; 'adalton@bdaltonlaw.com' <adalton@bdaltonlaw.com>; 'kevin.baumann@hoganlovells.com' <kevin.baumann@hoganlovells.com>; 'hklingeman@krovatin.com' <hklingeman@krovatin.com>; 'hnau@krovatin.com' <hnau@krovatin.com>; 'cconnolly@morganlewis.com' <cconnolly@morganlewis.com>; 'jbarillare@morganlewis.com' <jbarillare@morganlewis.com>; 'kennethbreen@paulhastings.com' <kennethbreen@paulhastings.com>; 'pharaguberman@paulhastings.com' <pharaguberman@paulhastings.com>; 'fosterm@pepperlaw.com' <fosterm@pepperlaw.com>; 'knaueri@pepperlaw.com' <knaueri@pepperlaw.com>; 'grantm@pepperlaw.com' <grantm@pepperlaw.com>; 'chuffc@pepperlaw.com' <chuffc@pepperlaw.com>; 'jsensing@potteranderson' <jsensing@potteranderson.com>; 'snorman@potteranderson.com' <snorman@potteranderson.com>; 'sricciardi@stblaw.com' <sricciardi@stblaw.com>; 'dwilks@wlblaw.com' <dwilks@wlblaw.com>; 'lherbert@wlblaw.com' <lherbert@wlblaw.com>; 'abrooks@wlblaw.com' <abrooks@wlblaw.com>; 'smoultrie@wlblaw.com' <smoultrie@wlblaw.com>; 'george.salter@hoganlovells.com' <george.salter@hoganlovells.com>; 'Pohlmann, Karen Pieslak' <karen.pohlmann@morganlewis.com>; 'shahzeblari@paulhastings.com' <shahzeblari@paulhastings.com>; 'Romero, Tobin' <TRomero@wc.com>; 'cwaldman@stblaw.com' <cwaldman@stblaw.com>; Keeley, Meg <MKeeley@wc.com>; Wade, Lance <LWade@wc.com>; Kelly, Michael P. <MKelly@McCarter.com>; Wood, Steven <swood@mccarter.com>; Simon, Barry <BSimon@wc.com>; Dunbar, James A. <JADunbar@Venable.com>; Moylan, Daniel P. <DPMoylan@Venable.com>; Wack, Jessica B. <jbwack@venable.com>; Carey, Christine C. <CCCarey@Venable.com>
Subject: RE: WTC schedule

Katie,

It's not clear to me if we have an agreement on the schedule.  Do Plaintiffs agree that written discovery must be served by May 1 (so that "all fact discovery" is completed by June 1)?  If so, there is no need to delete the May 1 deadline.  If not, we may need to present this issue to Judge Robinson for resolution so that there is no uncertainty on the issue.

I've copied all defense counsel.  I understand that all Defendants agree with WT Corp.'s position that written discovery must be served by May 1 (subject to and without waiving the individual criminal defendants' position that discovery should be stayed as to them pending their appeal).

Thank you.

Matthew R. Alsip | Counsel | Venable LLP t 410.494.6366 | f 410.821.0147

210 West Pennsylvania Avenue - Suite 500 Towson, Maryland 21204 MRAlsip@Venable.com | https://protect-us.mimecast.com/s/vle6Bbhr540F0

-----Original Message-----
From: Katherine M. Sinderson [mailto:KatieM@blbglaw.com]
Sent: Monday, March 13, 2017 9:33 AM
To: Alsip, Matthew R. <MRAlsip@Venable.com>
Cc: Brandon Grzandziel - SAXENA WHITE P.A. (brandon@saxenawhite.com) <brandon@saxenawhite.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>
Subject: RE: WTC schedule

Matt, we think it makes sense to remove the language about a specific date on which to serve written discovery. The schedule is otherwise fine with plaintiffs.

From: Alsip, Matthew R. [MRAlsip@Venable.com]
Sent: Friday, March 10, 2017 10:05 AM
To: Katherine M. Sinderson
Cc: Brandon Grzandziel - SAXENA WHITE P.A. (brandon@saxenawhite.com); Lauren Ormsbee (McMillen)
Subject: RE: WTC schedule

Katie,

Circling back on this. What is Plaintiffs' position? Thank you.

Matthew R. Alsip | Counsel | Venable LLP t 410.494.6366 | f 410.821.0147
210 West Pennsylvania Avenue - Suite 500 Towson, Maryland 21204 MRAlsip@Venable.com<UrlBlockedError.aspx> | https://protect-us.mimecast.com/s/vle6Bbhr540F0<https://protect-us.mimecast.com/s/nKolBeInwA0te>

From: Alsip, Matthew R. [mailto:MRAlsip@Venable.com]
Sent: Monday, March 06, 2017 4:18 PM
To: Katherine M. Sinderson <KatieM@blbglaw.com>
Cc: Brandon Grzandziel - SAXENA WHITE P.A. (brandon@saxenawhite.com) <brandon@saxenawhite.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>
Subject: RE: WTC schedule

Thanks, Katie.

WT Corp. does not agree with your suggested revision. The Court ordered that "all" fact discovery be finished by June 1. (D.I. 509.) Your revision extends that date by a month for written discovery.

Requiring that written discovery requests be submitted a month before the close of fact discovery (as set forth in WT Corp.'s schedule, attached hereto) is consistent with the prior scheduling order entered in this case. (D.I. 197 at 2.) It is also consistent with what Plaintiffs proposed to the Court in advance of the January 19 hearing. (See D.I. 498-1 at 1: requiring "[c]ompletion of all fact discovery" before any expert reports are due.)

WT Corp. believes that completing all fact discovery by June 1, in advance of the expert discovery period, is the appropriate and orderly plan.

Please let us know if Plaintiffs will reconsider their positon.

Thank you.

Matthew R. Alsip | Counsel | Venable LLP t 410.494.6366 | f 410.821.0147
210 West Pennsylvania Avenue - Suite 500 Towson, Maryland 21204 MRAlsip@Venable.com<UrlBlockedError.aspx> |
https://protect-us.mimecast.com/s/vle6Bbhr540F0<https://protect-us.mimecast.com/s/nKolBeInwA0te>

From: Katherine M. Sinderson [mailto:KatieM@blbglaw.com]
Sent: Friday, March 03, 2017 3:46 PM
To: Alsip, Matthew R. <MRAlsip@Venable.com>
Cc: Brandon Grzandziel - SAXENA WHITE P.A. (brandon@saxenawhite.com) <brandon@saxenawhite.com>; Lauren
Ormsbee (McMillen) <Lauren@blbglaw.com>
Subject: RE: WTC schedule

Matt, this schedule works for us, with one tweak reflected on the attached.

From: Alsip, Matthew R. [mailto:MRAlsip@Venable.com]
Sent: Friday, March 03, 2017 9:38 AM
To: Katherine M. Sinderson <KatieM@blbglaw.com>
Subject: FW: WTC schedule

Katie,

Good morning - just circling back on this.  Please let us know if Plaintiffs agree with the attached schedule.

Matthew R. Alsip | Counsel | Venable LLP t 410.494.6366 | f 410.821.0147
210 West Pennsylvania Avenue - Suite 500 Towson, Maryland 21204 MRAlsip@Venable.com<UrlBlockedError.aspx> |
https://protect-us.mimecast.com/s/vle6Bbhr540F0<https://protect-us.mimecast.com/s/nKolBeInwA0te>

From: Alsip, Matthew R. [mailto:MRAlsip@Venable.com]
Sent: Monday, February 27, 2017 9:57 AM
To: Katherine M. Sinderson <KatieM@blbglaw.com<mailto:KatieM@blbglaw.com>>
Subject: WTC schedule

Katie,

Here is how we interpret Judge Robinson's Jan. 24 order - essentially, adopting your proposed order but with certain
deadline modifications.

What I've done in the attached is take your proposed order and plug in new dates per Judge Robinson's order (the
interim expert report deadlines are based on the amounts of time allowed under your proposed order).  I've also added
a few deadlines required under the local rules.

Please let us know if you agree with this schedule.  Thank you.

Matthew R. Alsip | Counsel | Venable LLP t 410.494.6366 | f 410.821.0147
210 West Pennsylvania Avenue - Suite 500 Towson, Maryland 21204 MRAlsip@Venable.com<UrlBlockedError.aspx> |
https://protect-us.mimecast.com/s/vle6Bbhr540F0<https://protect-us.mimecast.com/s/nKolBeInwA0te>


********************************************************************

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*********************************************************************

*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*********************************************************************

*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*********************************************************************

*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*********************************************************************

# EXHIBIT F

**Exhibit F to Lead Plaintiffs' Motion for Protective Order Quashing Defendants' Second Request for Production of Documents to Plaintiffs**

| Category of Documents Sought | Defendants' First Request No. | Overlapping Requests from Defendants' Second Requests |
|---|---|---|
| Documents concerning Lead Plaintiffs' purchase and sales of Wilmington Trust securities | 1 | 3, 4, 11, 12 |
| Documents concerning Lead Plaintiffs' profit or loss from Wilmington Trust securities | 2 | 3, 4, 11, 12 |
| Documents concerning Lead Plaintiffs' accounts that held Wilmington Trust securities | 3 | 3, 4, 5, 6, 11, 16 |
| Documents concerning Lead Plaintiffs' portfolios | 4 | 3, 4, 5, 6, 11 |
| Documents concerning Communications concerning Defendants or the allegations in the Complaint | 13 | 3, 4, 7, 8, 9, 10, 13 |
| Documents concerning Lead Plaintiffs' damages | 16 | 3, 4, 11 |
| Documents concerning valuation of Wilmington Trust securities | 17 | 3, 4, 12 |
| Documents concerning impact to the value of Wilmington Trust as a result of the subject matter of this action | 18 | 3, 4, 12 |
| Documents concerning the 2010 Offering of Wilmington Trust securities | 19 | 3, 4, 7, 8, 12 |
| Documents received from persons contacted in relation to the allegations in the Complaint | 28 | 15 |
| Documents concerning Communications with Confidential Witnesses | 30 | 10, 13 |
| Documents concerning Confidential Witnesses, including documents received from Confidential Witnesses | 31 | 15 |
| Documents concerning Lead Plaintiffs' investment strategies | 32 | 3, 4, 5, 6, 11, 12, 16 |
| Documents that Lead Plaintiffs or those acting on Lead Plaintiffs' behalves reviewed, possessed or was informed of regarding Wilmington Trust | 33 | 3, 4, 7, 8, 9, 10, 12, 13 |
| Documents concerning Lead Plaintiffs' selection of investment managers | 34 | 3, 4 |
| Documents describing returns on Lead Plaintiffs' investments in Wilmington Trust securities | 37 | 3, 4, 11, 12 |
| Documents used in connection with calculating returns on Lead Plaintiffs' investments in Wilmington Trust securities | 38 | 3, 4, 11, 12 |
| All Documents and Communications received in response to any subpoenas in this action | 41 | 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 |