# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION, | Master Civ. No. 10-990-SLR-SRF<br><br>(Consolidated Securities Class Action) |

## MEMORANDUM ORDER

### I. INTRODUCTION

Presently before the court in this consolidated class action for securities fraud brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") is the motion for clarification and to unseal the August 16, 2016 Report and Recommendation, filed by the Merced County Employees' Retirement Association, the Coral Springs Police Pension Fund, the St. Petersburg Firefighters' Retirement System, the Pompano Beach General Employees Retirement System, and the Automotive Industries Pension Trust (collectively, "Lead Plaintiffs"). (D.I. 484) For the following reasons, Lead Plaintiffs' motion to unseal the August 16, 2016 Report and Recommendation in the redacted form proposed by Lead Plaintiffs is granted. (D.I. 485) The motion for clarification is denied to the extent that it seeks to expand the scope of the Report and Recommendation to encompass documents in the possession of third parties such as Treliant Risk Advisors ("Treliant").

### II. BACKGROUND[1]

Lead Plaintiffs are institutional investors who purchased the common stock of

---

[1] The factual background included in this decision is limited to facts relevant to the pending motion. A more detailed description of the facts is set forth in Judge Robinson's Memorandum Opinion dated March 20, 2014 and this court's August 16, 2016 Report and Recommendation. (D.I. 184; D.I. 459)

Wilmington Trust Corporation ("WTC") between January 18, 2008 and November 1, 2010 ("the class period"). (D.I. 149 at ¶¶ 25-30) Lead Plaintiffs claim that WTC's lending practices were part of a "massive criminal conspiracy that 'fraudulently conceal[ed] the Bank's true financial condition' and 'deceive[d] regulators and the public.'" (*Id.* at ¶ 1) In September 2009, the Board of Governors of the Federal Reserve System (the "Federal Reserve") required WTC to enter into a Memorandum of Understanding ("MOU"), which identified failings in the Bank's lending, risk management, and accounting functions and forced the Bank to restructure the way it originated, monitored, and accounted for its loans. (*Id.* at ¶¶ 12-13, 152-56)

During the second quarter of 2010, WTC utilized Treliant to serve as a third party reviewer of its risk rating and loan collateral values as a result of the MOU. (D.I. 149 at ¶¶ 90, 150) Plaintiffs allege that Treliant's updated appraisals preceded WTC's fire sale to M&T Bank Corp. (*Id.*) On May 13, 2014, Lead Plaintiffs served a document subpoena on Treliant to obtain documents in connection with Treliant's evaluation and review of WTC's loan portfolio. (D.I. 484 at 2; D.I. 342 at 18 n.19; 11/4/14 Tr. at 29:19-30:2)

Lead Plaintiffs submitted a formal administrative request to the Federal Reserve on June 4, 2014, seeking a waiver of the bank examination privilege to authorize Defendants to disclose confidential supervisory information ("CSI") to Lead Plaintiffs. (D.I. 484 at ¶ 2 n.2; D.I. 235, Ex. L at 1-8) The Federal Reserve denied the administrative request. (D.I. 484 at ¶ 2 n.2) Following the denial of the request for a waiver, Lead Plaintiffs filed a motion to compel in this court on August 5, 2014, which sought confidential bank examination documents and an injunction against future assertions of bank examination privilege. (D.I. 233)

On February 19, 2016, the court issued an order requesting the production of a sampling of certain categories of documents for *in camera* review. (D.I. 432) Following the *in camera*

review, the court issued a sealed Report and Recommendation on August 16, 2016, granting in part and denying in part Lead Plaintiffs' motion to compel. (D.I. 459) The court evaluated various categories of documents, concluding that a number of the documents were factual and therefore not subject to the bank examination privilege, and the majority of documents that were subject to the privilege should be produced in accordance with the good cause exception. (*Id.*) The court recommended denial of the motion to compel with respect to a limited number of documents. (*Id.*) On September 12, 2016, the court adopted the Report and Recommendation after receiving no objections to its findings. (D.I. 460)

On October 12, 2016, Lead Plaintiffs contacted Treliant to determine whether Treliant would produce documents in response to the May 13, 2014 subpoena following the adoption of the August 16, 2016 Report and Recommendation. (D.I. 484 at ¶ 7) Treliant declined to produce any documents prior to reviewing the sealed Report and Recommendation. (*Id.*) Consequently, Lead Plaintiffs asked Defendants, the Federal Reserve, and other regulators if they would consent to unsealing the August 16, 2016 Report and Recommendation to allow for its distribution to subpoenaed third parties such as Treliant. (D.I. 484 at ¶ 8) Defendants did not object, but the Federal Reserve and other regulators refused to consent to unsealing the Report and Recommendation. (*Id.*)

On November 1, 2016, Lead Plaintiffs provided proposed redactions to the Report and Recommendation in an effort to obtain the consent of the Federal Reserve and other regulators to unseal the Report and Recommendation. (*Id.*) The Federal Reserve rejected the proposed redactions, and on November 3, 2016, offered to provide Lead Plaintiffs with its own set of proposed redactions. (*Id.* at ¶ 9) To date, the Federal Reserve has not provided its proposed redactions or consented to the redactions proposed by Lead Plaintiffs. (*Id.* at ¶ 10) On

3

November 29, 2016, Lead Plaintiffs filed the instant motion, seeking to unseal the August 16, 2016 Report and Recommendation and clarify the scope of the ruling to extend to third parties such as Treliant. (D.I. 484)

## III. DISCUSSION

### A. Motion to Unseal

In support of the pending motion, Lead Plaintiffs contend that the August 16, 2016 Report and Recommendation should be unsealed so that it may be provided to subpoenaed third parties such as Treliant. (D.I. 484 at ¶ 8) According to Lead Plaintiffs, Defendants do not object to the request to unseal, and the Federal Reserve and other regulators have provided no reasons for their objection. (*Id.*) The Federal Reserve's brief in opposition to the motion does not address Lead Plaintiffs' request to unseal the Report and Recommendation in its opposition to Lead Plaintiffs' motion. (D.I. 487)

When a responding party fails to defend against an issue which is the subject of a motion, courts consistently construe the failure to respond as an abandonment of the issue or a concession that the moving party is correct. *See Blakeman v. Freedom Rides, Inc.*, C.A. No. 12-416-LPS-CJB, 2013 WL 3503165, at *13 (D. Del. July 10, 2013) (citing additional cases). Consequently, Lead Plaintiffs' motion to unseal the August 16, 2016 Report and Recommendation is granted in the redacted form attached to Lead Plaintiffs' motion at Exhibit B. (D.I. 485)

### B. Motion for Clarification

Lead Plaintiffs additionally ask the court to clarify that the scope of the August 16, 2016 Report and Recommendation encompasses all documents previously withheld from Lead Plaintiffs by any person or entity on the grounds of the bank examination privilege, and not just

4

those documents withheld by Defendants. (D.I. 484 at 1) According to Lead Plaintiffs, the Report and Recommendation does not distinguish between parties and non-parties, and instead focuses on the categories of documents being withheld under the guise of the bank examination privilege. (*Id.* at 3) Lead Plaintiffs contend that Treliant has been withholding a significant volume of documents based on the bank examination privilege, and should be compelled to produce these documents in accordance with the Report and Recommendation and the May 13, 2014 subpoena. (*Id.*)

In response, the Federal Reserve alleges that Lead Plaintiffs should not be permitted to retroactively expand the scope of their motion to compel and the court's Report and Recommendation to include third parties because the relief requested by Lead Plaintiffs was limited to the production of withheld documents by Defendants on the basis of the bank examination privilege. (D.I. 487 at 2) According to the Federal Reserve, Treliant did not participate in status conferences with the court regarding the privilege issue, had no opportunity to participate in the briefing or oral argument on Lead Plaintiffs' 2014 motion to compel, and did not submit documents for in camera review by the court. (*Id.* at 3-6)

A review of Lead Plaintiffs' motion to compel and the court's August 16, 2016 Report and Recommendation reveals that the court's ruling was limited to the relief requested by Lead Plaintiffs, and does not expressly extend to third parties such as Treliant. The title of Lead Plaintiffs' motion to compel is styled, "Motion by Lead Plaintiffs to Compel Production of Documents Withheld by Defendants Based On 'The Bank Examination' Privilege." (D.I. 233) The relief requested in the motion expressly identifies each Defendant from whom the allegedly privileged documents are sought, but does not refer to documents in the possession of Treliant. (D.I. 233; D.I. 234) Consequently, CSI in the possession of Treliant or any other third party was

5

not included in the court's collection of documents for *in camera* review. (D.I. 432) The court's Report and Recommendation is limited to addressing the relief requested by Lead Plaintiffs in the motion to compel, and is therefore silent on the applicability of the ruling to a third party such as Treliant. (D.I. 459)

Lead Plaintiffs served a subpoena on Treliant on May 13, 2014 in an effort to obtain the documents which are the subject of the present dispute. (D.I. 212; 5/17/17 Tr. at 17:1-9) Nevertheless, on June 4, 2014, Lead Plaintiffs served a formal administrative request on the Federal Reserve which requested that the Federal Reserve "authorize Wilmington Trust and other Defendants to disclose to Lead Plaintiffs" certain CSI, but did not include Treliant or other third parties in the administrative request. (D.I. 235 at 1) Thus, Lead Plaintiffs did not exhaust their administrative remedies with respect to Treliant in accordance with the Federal Reserve's regulations, which require the filing of an administrative request prior to the disclosure of CSI:

> All confidential supervisory information or other information made available under this section shall remain the property of the Board. No supervised financial institution, financial institution supervisory agency, person, or any other party to whom the information is made available, or any other officer, director, employee or agent thereof, may disclose such information without the prior written permission of the Board's General Counsel . . . .

12 C.F.R. § 261.20(g); *see also Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 2016 WL 6779901, at *6 (S.D.N.Y. Nov. 16, 2016) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 467-68 (6th Cir. 1995)); *In re JPMorgan Chase Mortgage Modification Litig.*, 2012 WL 5947757, at *2 (D. Mass. Nov. 27, 2012) ("Plaintiffs may not move to compel the production of privileged examination information until they have first contacted the agency that holds the privilege and followed the agency's procedures for obtaining information."); *In re Countrywide Fin. Corp. Sec. Litig.*, 2009 WL 5125089, at *2 (C.D. Cal. Dec. 28, 2009) ("The Court holds that Plaintiffs must first exhaust all administrative procedures and submit requests to use the documents in this

litigation to the FRB and OCC, pursuant to the federal regulations. If the FRB and OCC do not authorize disclosure of the information that is relevant to this litigation, then the parties can seek the appropriate relief from this Court regarding document production.").

During oral argument on the pending motion, Lead Plaintiffs registered their concern regarding the practical effects of exhausting their administrative remedies prior to obtaining relief from the court. Lead Plaintiffs cited the Federal Reserve's rejection of the June 4, 2014 administrative request on relevance grounds and predicted that the process would be lengthy and, ultimately, futile. (5/17/17 Tr. at 22:1-23:2) However, the Federal Reserve represented on the record that an expedited process could be implemented in the present case. (*Id.* at 24:12-17) ("I would submit, Your Honor, that this was very easily solvable by providing an administrative request and then having Truliant [sic] send us the documents through the log so we can easily complete that process and we would do so expeditiously.") Consequently, the procedural inefficiencies caused by adding the extra layer of administrative review in this case would not likely result in an unduly frustrating process for obtaining the records in issue.

## IV. CONCLUSION

For the foregoing reasons, Lead Plaintiffs' motion for clarification and to unseal the August 16, 2016 Report and Recommendation is granted-in-part and denied-in-part. (D.I. 484) Specifically, Lead Plaintiffs' motion to unseal the August 16, 2016 Report and Recommendation in the redacted form proposed by Lead Plaintiffs at D.I. 485 is granted. Lead Plaintiffs' motion for clarification is denied to the extent that the motion seeks to expand the scope of the August 16, 2016 Report and Recommendation to encompass documents held by third parties such as Treliant.

This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P.

72(a), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June 7, 2017

Sherry R. Fallon
United States Magistrate Judge