## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE WILMINGTON TRUST TRUST
SECURITIES LITIGATION,

)
)
)
)
)

Master Civ. No. 10-990-SLR-SRF

(Consolidated Securities Class Action)

## MEMORANDUM ORDER

At Wilmington this **6** th day of June, 2017, the court having considered the parties'

submissions regarding Defendants'[1] motion to compel answers to the second set of common

interrogatories (D.I. 613), IT IS HEREBY ORDERED that Defendants' motion is granted-in-part

for the reasons set forth below.

**1. Background.** Plaintiffs[2] are institutional investors who purchased the common stock

of WTC between January 18, 2008 and November 1, 2010 ("the class period"). (D.I. 149 at ¶¶

25-30) Plaintiffs claim that WTC's lending practices were part of a "massive criminal

conspiracy that 'fraudulently conceal[ed] the Bank's true financial condition' and 'deceive[d]

regulators and the public.'" (*Id.* at ¶ 1) Plaintiffs commenced the instant civil action on

November 18, 2010 (D.I. 1), and filed their fourth amended complaint on June 13, 2013 (D.I.

149).

**2.** On July 2, 2015, the court entered an order staying the case. (D.I. 397) The court

lifted the stay on December 19, 2016 and ordered the parties to meet and confer regarding a

[1]Defendants include Wilmington Trust Corporation ("WTC"), Robert V.A. Harra, Kevyn
Rakowski, William B. North, Ted T. Cecala, David R. Gibson, J.P. Morgan Securities LLC,
Keefe, Bruyette & Woods, Inc., and KPMG LLP.
[2] Plaintiffs in this action are the Merced County Employees' Retirement Association, the Coral
Springs Police Pension Fund, the St. Petersburg Firefighters' Retirement System, the Pompano
Beach General Employees Retirement System, and the Automotive Industries Pension Trust.

revised scheduling order. (D.I. 488) The parties were unable to reach an agreement, and the court held a hearing on January 19, 2017 to consider the parties' competing positions. (D.I. 496-501) On January 24, 2017, the court issued a Memorandum Order entering a new scheduling order, which set a deadline for all fact discovery of June 1, 2017. (D.I. 509 at 3) The parties subsequently stipulated to extend the fact discovery deadline to August 15, 2017. (D.I. 645)

**3.** On March 1, 2017, Defendants served their second set of common interrogatories (the "Interrogatories"). (D.I. 615, Ex. 1) Plaintiffs served their answers and objections to the Interrogatories on March 31, 2017. (D.I. 615, Exs. 2-6) Defendants conducted a meet and confer with Plaintiffs on April 5, 2017 regarding purported deficiencies in Plaintiffs' answers and objections to the Interrogatories. (D.I. 644 at ¶ 3) During the meet and confer, Plaintiffs indicated their willingness to supplement their responses if necessary, but no further efforts to meet and confer or supplement the responses were made. (*Id.* at ¶¶ 5-6) On April 11, 2017, Defendants filed the pending motion to compel, alleging that Plaintiffs' answers and objections to the Interrogatories were deficient. (D.I. 614)

**4. Analysis.** In support of their motion to compel, Defendants outline four purported deficiencies in Plaintiffs' responses and objections to Defendants' second set of common interrogatories. First, Defendants contend that Plaintiffs improperly evade answering the Interrogatories by cross-referencing their fourth amended complaint, other pleadings, or deposition testimony. Second, Defendants allege that Plaintiffs incorrectly characterize the Interrogatories as premature or contention interrogatories in an effort to avoid answering them prior to the close of fact discovery. Third, Defendants argue that Plaintiffs have an obligation to disclose discoverable information received by their counsel. Fourth, Defendants note that Plaintiffs have failed to show the Interrogatories are oppressive, impose an unfair burden, or seek

2

information that is not discoverable. For the following reasons, the court grants-in-part Defendants' motion to compel and orders Plaintiffs to supplement their responses to the Interrogatories in accordance with this decision.

**5.** First, Defendants allege that Plaintiffs' responses to the Interrogatories are deficient because the responses include cross-references to the complaint and witness deposition testimony instead of separate sworn answers. (D.I. 614 at 3-6) Rule 33(b) of the Federal Rules of Civil Procedure requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). As a matter of law, courts have held that cross-referencing the complaint is impermissible under Rule 33's requirement that each interrogatory be answered separately. *See Venable v. Equifax Credit Info. Servs.*, 1994 WL 268264, at *3 (E.D. Pa. June 13, 1994) (citing *Dipietro v. Jefferson Bank*, 144 F.R.D. 279 (E.D. Pa. 1992); *Stabilus v. Haynsworth, Baldwin & Greaves*, 144 F.R.D. 258 (E.D. Pa. 1992)). The parties primarily focus on the sufficiency of Plaintiffs' response to Interrogatory 7 under Rule 33(b)(3).

**6.** Interrogatory 7 requests the specific identification of false statements and omissions upon which Counts 1 through 4 of the fourth amended complaint are based. (D.I. 615, Ex. 1 at ¶ 7) Plaintiffs' objection refers Defendants to specific paragraphs of the fourth amended complaint. (D.I. 615, Exs. 2-6) Although the responses also provide a general summary of the false and misleading statements alleged in the fourth amended complaint, Plaintiffs do not satisfy Defendants' request to identify "the exact words that were false or misleading and an identification of any facts" which should have alerted Defendants to the falsity or misleading nature of those words. (*Id.*) Plaintiffs' responses are therefore inadequate under Rule 33(b)(3) to the extent that they rely on allegations in the fourth amended complaint and deposition

3

testimony. Consequently, Defendants' motion to compel is granted and Plaintiffs are ordered to supplement their responses to Interrogatories 2, 7, 8, 9, 10, 11, 15, 16, 17, 18, and 19 accordingly.

**7.** Second, Defendants accuse Plaintiffs of objecting to Interrogatories 7, 8, 9, 10, 11, 16, 17, 18, and 19 as "premature" or "contention interrogatories" in an effort to improperly delay the provision of meaningful responses until the close of fact discovery. (D.I. 614 at 6-10) In support of their position, Defendants rely primarily on Plaintiffs' response to Interrogatory 9, which requests an explanation of how the statements identified in response to Interrogatories 7 and 8 were false. (D.I. 615, Exs. 2-6)

**8.** Defendants' motion to compel responses to the allegedly premature contention interrogatories is granted. Regardless of whether Interrogatories 7, 8, 9, 10, 11, 16, 17, 18, and 19 are contention interrogatories, they are not premature because substantial discovery, including nearly three years of document production, is almost complete and the responses would contribute meaningfully to the progress of the case. (5/17/17 Tr. at 74:2-11); *see Santos v. Carrington Mort. Servs.*, 2016 WL 7018523, at *2 (D.N.J. Nov. 30, 2016) (compelling answers to contention interrogatories when the close of fact discovery was near, a substantial amount of discovery had already been produced, and the production would contribute meaningfully to the progress of the case). Nearly 1.3 million documents had been produced and nine fact witnesses had been deposed at the time this issue was briefed. (D.I. 650 at 6) Although thirty depositions and the review of more than 450,000 pages of documents remained unfinished at the time Plaintiffs' answering brief was filed on April 25, 2017, over a month of ongoing discovery has passed since that time, and the fact discovery deadline is now less than three months away. (D.I. 643 at 8)

4

**9.** Moreover, the revelation of additional pertinent information in discovery following the entry of this order may be addressed through subsequent supplementation of the responses in accordance with the Federal Rules. Fed. R. Civ. P. 26(e) (requiring timely supplementation of interrogatory responses "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing").

**10.** Third, Defendants oppose Plaintiffs' general objection to produce information relating to communications between Plaintiffs' counsel and non-parties, arguing that Plaintiffs have an obligation to disclose discoverable information received by counsel. (D.I. 614 at 10-12) In response, Plaintiffs allege that Defendants' efforts to obtain information from Plaintiffs' counsel violates the attorney work-product doctrine. (D.I. 643 at 10-11) At the heart of the parties' dispute is the definition of the terms "Lead Plaintiffs," "Plaintiffs," "you," and "your" in the Interrogatories to include Plaintiffs' counsel. (D.I. 615, Ex. 1 at ¶ (j))

**11.** Plaintiffs have not adequately established the basis for their attorney work product claim because they have failed to describe the nature of the information withheld on the basis of work product protection. *See Novanta Corp. v. Iradion Laser, Inc.*, C.A. No. 15-1033-SLR-SRF, 2016 WL 4987110, at \*5 (D. Del. Sept. 16, 2016) ("When a party claims that withheld information is privileged or subject to protection as trial-preparation material, the party must: '(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed . . . .'"). Plaintiffs' reliance on *Kickflip, Inc. v. Facebook, Inc.* is inapposite because the case does not address the requisite showing to establish a basis for claiming work product protection. *See Kickflip, Inc. v. Facebook, Inc.*, C.A. No. 12-1369-LPS, 2016 WL 5929003, at \*4 (D. Del. Sept. 14, 2016).

5

**12.** Paragraph (g) of the Interrogatories establishes that, "[i]f any matter responsive to any of the following Interrogatories is being withheld based on any claim of privilege, describe generally the matter being withheld, state the privilege being relied upon, and identify all persons who have or have had access to information related to the matter being withheld." (D.I. 615, Ex. 1 at ¶ (g)) In this regard, the Interrogatories do not seek the disclosure of attorney work product, but rather seek the basis for the allegation of privilege if information is withheld on that basis. Consequently, Defendants' motion to compel Plaintiffs to respond to Interrogatories 3 and 6 is granted.[3]

**13.** Fourth, Defendants' motion to compel is granted-in-part regarding Plaintiffs' refusal to answer Interrogatories which are allegedly oppressive, impose an unfair burden, or seek information that is not discoverable. (D.I. 614 at 12-13) To the extent that Plaintiffs' burdensomeness objection extends to Interrogatories 7, 8, 9, 10, 11, 16, 17, 18, and 19, Defendants' motion is granted because Plaintiffs have failed to meet their burden of establishing with specificity the oppressiveness of responding to the Interrogatories. Moreover, Plaintiffs' earlier argument that these Interrogatories are adequately answered by the fourth amended complaint undercuts their position that answering the Interrogatories would be unduly burdensome. *See* ¶¶ 7-9, *supra.*

**14.** However, Defendants' motion to compel is denied with respect to Interrogatories 4 and 5. Interrogatory 4 requires Plaintiffs to "[i]dentify every communication you have had with any governmental agency, unit, or official related to the subject matter or allegations of your Complaint." (D.I. 615, Ex. 1 at ¶ 4) Interrogatory 5 requires Plaintiffs to "[i]dentify every

---

[3] With respect to Interrogatories 4 and 5, Defendants' motion to compel is denied for the reasons set forth at ¶ 14, *infra.*

communication you have had with any person . . . related to the subject matter or allegations of your Complaint." (*Id.* at ¶ 5) These Interrogatories are overly broad and unduly burdensome on their face.

**15.** Defendants' motion to compel is granted with respect to Interrogatory 15. Plaintiffs' contention that information responsive to Interrogatory 15 was provided at the deposition of a fact witness in this matter undercuts Plaintiffs' argument that the information requested in Interrogatory 15 is not relevant to the action. (D.I. 615, Ex. 3 at 16) For the reasons previously stated at ¶¶ 5-6, *supra*, Plaintiffs' cross-reference of deposition testimony in its response to Interrogatory 15 is inadequate, and supplementation of Plaintiffs' response to Interrogatory 15 is warranted.

**16.** However, Defendants' motion to compel is denied with respect to Interrogatory 14, which asks Plaintiffs to "describe what efforts you have made, if any, to mitigate your alleged damages." (D.I. 615, Ex. 1 at ¶ 14) Defendants bear the burden of challenging the relevance of the requested discovery. *See Invensas Corp. v. Renesas Elecs. Corp.*, C.A. No. 11-448-GMS-CJB, 2013 WL 12146531, at *2 (D. Del. May 8, 2013) ("When a party objects to discovery requests, 'the burden falls on the party seeking the discovery to show the relevance of the information requested.'" (quoting *Kaiser v. Stewart*, 1996 WL 730533, at *2 (E.D. Pa. Dec. 10, 1996)). In the present case, Defendants provide no substantive argument in support of their contention that Interrogatory 14 seeks relevant information. (D.I. 614 at 13 n.11) ("Plaintiffs object to the relevancy of Interrogatory 5, 14, and 15 by claiming they have 'no bearing on the claims or defenses of any party in this Action' or are 'not relevant.' For the same reasons discussed, this objection is improper."). In contrast, Plaintiffs argue that they should not be compelled to respond to Interrogatory 14 because it seeks information not relevant to the matter

before the court. (D.I. 643 at 13 n.12) Specifically, Plaintiffs note that mitigation of damages has no bearing on damages in a securities fraud action such as this one. Because Defendants have failed to meet their burden to establish the relevance of the requested information, the motion to compel is denied to the extent that it pertains to Interrogatory 14.

**17.** The proportionality of the Interrogatories under Rule 26(b)(1) is a separate question partially addressed by the parties' arguments regarding undue burden. For the reasons previously discussed at paragraph 14, *supra*, Defendants' motion to compel is denied with respect to Interrogatories 4 and 5 despite the court's conclusion that the Interrogatories seek relevant information for purposes of Rule 26(b)(1).

**18. Conclusion.** In view of the foregoing analysis, Defendants' motion to compel answers to the second set of common interrogatories (D.I. 613) is granted-in-part. Specifically, the motion is granted with respect to Interrogatories 2, 3, 6, 7, 8, 9, 10, 11, 15, 16, 17, 18, and 19, and denied without prejudice as it pertains to Interrogatories 4, 5, and 14. Plaintiffs are ordered to provide their responses to the Interrogatories within ten (10) days of the issuance of this Memorandum Order.

**19.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**20.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE