# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION, | ) ) ) ) ) ) | Master Civ. No. 10-990-SLR-SRF<br><br>(Consolidated Securities Class Action) |

## MEMORANDUM ORDER

At Wilmington this 6th day of June, 2017, the court having considered the parties' submissions regarding Plaintiffs'[1] motion for a protective order quashing defendant Wilmington Trust Corporation's ("WTC") subpoenas *duces tecum* to WHV Investments Inc. ("WHV"), Buckhead Capital Management, LLC ("Buckhead"), and DePrince, Race & Zollo, Inc. ("DePrince") (collectively, the "Investment Managers")[2] (D.I. 573), IT IS HEREBY ORDERED that Plaintiffs' motion is denied for the reasons set forth below.

**1. Background.** Plaintiffs are institutional investors who purchased the common stock of WTC between January 18, 2008 and November 1, 2010 ("the class period"). (D.I. 149 at ¶¶ 25-30) Plaintiffs claim that WTC's lending practices were part of a "massive criminal conspiracy that 'fraudulently conceal[ed] the Bank's true financial condition' and 'deceive[d] regulators and the public.'" (*Id.* at ¶ 1) Plaintiffs commenced the instant civil action on

---

[1] Plaintiffs in this action are the Merced County Employees' Retirement Association, the Coral Springs Police Pension Fund, the St. Petersburg Firefighters' Retirement System, the Pompano Beach General Employees Retirement System, and the Automotive Industries Pension Trust.
[2] Plaintiffs' motion to quash the third party subpoenas specifically identifies WHV, Buckhead, and DePrince, and does not refer to the possibility of future third party subpoenas or regulatory subpoenas. Plaintiffs conceded that additional third party and regulatory subpoenas were not discussed in the meet and confer process. (5/17/17 Tr. at 40:8-16) Issues regarding regulatory subpoenas and third party subpoenas filed after the instant motion was filed are therefore not properly before the court at this time. (5/17/17 Tr. at 48:15-18; 51:20-52:8)

November 18, 2010 (D.I. 1), and filed their fourth amended complaint on June 13, 2013 (D.I. 149).

**2.** On May 19, 2014, the court entered a scheduling order requiring the parties to substantially complete document production on or before October 17, 2014, and to serve all requests for the production of documents so as to complete document production by that date. (D.I. 197 at ¶ 3(f)) The scheduling order conditioned the deadlines on whether the Governmental Entities[3] interfered with discovery, stating that, "[i]n the event any Governmental Entity seeks to stay, limit, or review any discovery sought or provided by any party, the parties agree to meet and confer regarding the reasonable modification of these deadlines." (*Id.* at ¶ 7) On August 12, 2014, the court entered a joint Rule 26(f) scheduling order which incorporated all dates from the May 19, 2014 scheduling order. (D.I. 240 at ¶ 2)

**3.** In accordance with the scheduling orders, Defendants[4] served document requests on June 24, 2014 concerning Plaintiffs' investments and their relationships with their investment managers. (D.I. 223; D.I. 575, Ex. A at ¶¶ 1-4, 8, 17, 19, 33-35, 37-38) Defendants J.P. Morgan Securities LLC and Keefe, Bruyette & Woods, Inc. issued a subpoena *duces tecum* to Buckhead Capital Management, LLC in November 2014. (D.I. 340)

**4.** On October 10, 2014, the Government moved to intervene in this action and requested a limited stay of fact depositions, interrogatories, and requests for admission. (D.I. 297) The Government expressly excluded from its request "document production, discovery relating to

---

[3] The May 19, 2014 scheduling order defined the Governmental Entities to include the SEC, the DOJ, the FBI, the FDIC, and the Federal Reserve. (D.I. 197 at ¶ 3(b))

[4] Defendants in this action are WTC, Robert V.A. Harra, Kevyn Rakowski, William B. North, Ted T. Cecala, David R. Gibson, J.P. Morgan Securities LLC, Keefe, Bruyette & Woods, Inc., Carolyn Burger, R. Keith Elliott, Donald Foley, Louis Freeh, Gailen Krug, Rex Mears, Stacey Mobley, Michelle Rollins, Oliver Sockwell, Robert Tunnell, Jr., Susan Whiting, and KPMG LLP.

2

class certification, or any other issues in the Scheduling Order." (D.I. 298 at 1) On July 2, 2015, the court entered an order staying the case. (D.I. 397) On September 3, 2015, the court clarified that the July 2, 2015 order staying the case "does not stay the completion of document production that is not the subject of a pending motion to compel." (D.I. 404)

**5.** The court lifted the stay on December 19, 2016 and ordered the parties to meet and confer regarding a revised schedule. (D.I. 488) The parties were unable to reach an agreement regarding a revised schedule, and the court held a hearing on January 19, 2017 to consider the parties' competing positions. (D.I. 496-501) On January 24, 2017, the court issued a Memorandum Order entering a new scheduling order, which set a deadline for all fact discovery of June 1, 2017. (D.I. 509 at 3) The January 24 scheduling order did not specifically mention document production.[5]

**6.** On March 3, 2017, WTC served three subpoenas *duces tecum*, seeking the production of documents from the Investment Managers by April 6, 2017. (D.I. 533; D.I. 534; D.I. 535) Plaintiffs filed the pending motion to quash the document subpoenas on March 27, 2017, alleging that the requests should have been served in advance of the October 17, 2014 deadline. (D.I. 577 at 6-8) The Investment Managers did not move to quash the subpoenas in accordance with Rule 45(d), and indicated their intention to produce responsive documents if the instant motion is resolved in favor of WTC. (D.I. 605, Exs. 2-5)

**7. Analysis.** As a preliminary matter, the court concludes that Plaintiffs have standing to bring their motion to quash WTC's third-party subpoenas. "Generally, only the entity subject to the subpoena has standing to challenge it." *Norguard Ins. Co. v. Serveon Inc.*, C.A. No. 08-900,

---

[5] The January 24 scheduling order was subsequently amended by the parties' joint stipulation to extend time, filed on April 26, 2017, which extended the fact discovery deadline to August 15, 2017 and set a July 14, 2017 deadline to serve written discovery requests. (D.I. 645)

3

2011 WL 344076, at *2 (D. Del. Jan. 28, 2011). An exception to the general rule is made "where the party claims some personal right or privilege relating to the documents sought." *Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of N.Y.*, 519 F. Supp. 668, 680 (D. Del. 1981); *see also* Fed. R. Civ. P. 45(d)(3)(A)(iii). Bank records are generally confidential, and confer standing on the party whose records are sought pursuant to the subpoena. *Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, C.A. No. 09-109-SLR, 2009 WL 3242561, at *2 (D. Del. Oct. 8, 2009) ("Personal rights claimed with respect to bank account records give a party sufficient standing to challenge third-party subpoenas served upon financial institutions holding such information."). In the present case, WTC seeks to subpoena Plaintiffs' investment records from the non-party Investment Managers. Under these circumstances, Plaintiffs have a privacy interest in the subpoenaed information and, consequently, have standing to challenge the subpoenas directed to the third-party Investment Managers.

**8.** However, Plaintiffs' motion to quash is denied because the subpoenas are not untimely under either the court's January 24 scheduling order, which sets a deadline for completion of all fact discovery on or before June 1, 2017, or the subsequent stipulation to extend time, which extended the fact discovery deadline to August 15, 2017. (D.I. 509 at 3; D.I. 645) In previous orders, the court separately carved out requests for production of documents when it sought to establish separate deadlines or requirements for document discovery. (D.I. 197 at ¶ 3(f); D.I. 404) The court's failure to specifically address the completion of document production in its January 24 scheduling order supports WTC's position that the August 15, 2017 deadline for all fact discovery encompasses the third-party subpoenas.

**9.** Plaintiffs' argument that the deadline for completion of document production passed on October 17, 2014 is undercut by the court's September 3, 2015 clarification of its July 2, 2015

4

order, which states that "[t]he Court's July 2, 2015 Order does not stay the completion of document production that is not the subject of a pending motion to compel." (D.I. 404) This language indicates that the court considered document production to be ongoing as of July 2, 2015, months after the passage of the October 17, 2014 deadline in the original scheduling order.

**10.** Moreover, the court's January 24 scheduling order is consistent with the parties' competing scheduling order proposals, which did not seek an exception or a separate deadline for document discovery or third-party subpoenas, and did not indicate that the deadline for document production had expired. (D.I. 497, 498)

**11.** Plaintiffs do not identify a specific burden associated with responding to Defendants' third-party subpoenas, and instead allege that the burden arises under the totality of the circumstances due to the alleged untimeliness of the subpoenas. (D.I. 627 at 8) For the reasons previously stated at paragraphs 8 and 9, *supra*, the court concludes that WTC's third-party subpoenas are not untimely. Plaintiffs have failed to adequately establish another basis for their allegations of undue burden.

**12. Conclusion.** In view of the foregoing analysis, Plaintiffs' motion for a protective order quashing WTC's subpoenas *duces tecum* to WHV, Buckhead, and DePrince (D.I. 573) is denied.

**13.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**14.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

                                                      Sherry R. Fallon
                                                      UNITED STATES MAGISTRATE JUDGE