# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION, | Master Civ. No. 10-990-SLR-SRF<br><br>(Consolidated Securities Class Action) |

## MEMORANDUM ORDER

At Wilmington this 7th day of June, 2017, the court having considered the parties' submissions and oral argument regarding Plaintiffs'[1] motion for a protective order quashing Defendants'[2] second request for production of documents (D.I. 572), and Defendants' motion to compel Plaintiffs to produce all non-privileged documents responsive to Defendants' second request for production of documents to Plaintiffs (D.I. 606), IT IS HEREBY ORDERED that Plaintiffs' motion is denied, and Defendants' motion is granted, for the reasons set forth below.

**1. Background.** Plaintiffs are institutional investors who purchased the common stock of Wilmington Trust Corporation ("WTC") between January 18, 2008 and November 1, 2010 ("the class period"). (D.I. 149 at ¶¶ 25-30) Plaintiffs claim that WTC's lending practices were part of a "massive criminal conspiracy that 'fraudulently conceal[ed] the Bank's true financial condition' and 'deceive[d] regulators and the public.'" (*Id.* at ¶ 1) Plaintiffs commenced the instant civil action on November 18, 2010 (D.I. 1), and filed their fourth amended complaint on

---

[1] Plaintiffs in this action are the Merced County Employees' Retirement Association, the Coral Springs Police Pension Fund, the St. Petersburg Firefighters' Retirement System, the Pompano Beach General Employees Retirement System, and the Automotive Industries Pension Trust.
[2] Defendants in this action are Wilmington Trust Corporation ("WTC"), Robert V.A. Harra, Kevyn Rakowski, William B. North, Ted T. Cecala, David R. Gibson, J.P. Morgan Securities LLC, Keefe, Bruyette & Woods, Inc., Carolyn Burger, R. Keith Elliott, Donald Foley, Louis Freeh, Gailen Krug, Rex Mears, Stacey Mobley, Michelle Rollins, Oliver Sockwell, Robert Tunnell, Jr., Susan Whiting, and KPMG LLP.

June 13, 2013 (D.I. 149).

2. On May 19, 2014, the court entered a scheduling order requiring the parties to substantially complete document production on or before October 17, 2014, and to serve all requests for the production of documents so as to complete document production by that date. (D.I. 197 at ¶ 3(f)) The scheduling order conditioned all deadlines on whether the Governmental Entities interfered with discovery, stating that, "[i]n the event any Governmental Entity seeks to stay, limit, or review any discovery sought or provided by any party, the parties agree to meet and confer regarding the reasonable modification of these deadlines." (*Id.* at ¶ 7) On August 12, 2014, the court entered a joint Rule 26(f) scheduling order which incorporated all dates from the May 19, 2014 scheduling order. (D.I. 240 at ¶ 2) In accordance with the scheduling orders, the parties served document requests in April, June, and August of 2014. (D.I. 192-195; 223; 241)

3. On October 10, 2014, the Government moved to intervene in this action and requested a limited stay of fact depositions, interrogatories, and requests for admission. (D.I. 297) The Government expressly excluded from its request "document production, discovery relating to class certification, or any other issues in the Scheduling Order." (D.I. 298 at 1) On July 2, 2015, the court entered an order staying the case. (D.I. 397) On September 3, 2015, the court clarified that the July 2, 2015 order staying the case "does not stay the completion of document production that is not the subject of a pending motion to compel." (D.I. 404)

4. The court lifted the stay on December 19, 2016 and ordered the parties to meet and confer regarding a revised schedule. (D.I. 488) The parties were unable to reach an agreement regarding a revised schedule, and the court held a hearing on January 19, 2017 to consider the parties' competing positions. (D.I. 496-501) On January 24, 2017, the court issued a Memorandum Order entering a new scheduling order, which set a deadline for all fact discovery

2

of June 1, 2017. (D.I. 509 at 3) The January 24 scheduling order did not specifically mention document production.[3]

**5.** On February 23, 2017, Defendants served their second request for production of documents. (D.I. 528) Plaintiffs filed the pending motion to quash Defendants' second request for production of documents on March 27, 2017, alleging that the requests should have been served in advance of the October 17, 2014 deadline. (D.I. 576 at 6)

**6. Analysis.** Plaintiffs' motion to quash is denied because the document requests are not untimely under either the court's January 24 scheduling order, which sets a deadline for completion of all fact discovery on or before June 1, 2017, or the subsequent stipulation to extend time, which extended the fact discovery deadline to August 15, 2017. (D.I. 509 at 3; D.I. 645) In previous orders, the court separately carved out requests for production of documents when it sought to establish separate deadlines or requirements for document discovery. (D.I. 197 at ¶ 3(f); D.I. 404) The court's failure to specifically address the completion of document production in its January 24 scheduling order supports Defendants' position that the June 1, 2017 deadline for all fact discovery encompasses document production.

**7.** Plaintiffs' argument that the deadline for completion of document production passed on October 17, 2014 is undercut by the court's September 3, 2015 clarification of its July 2, 2015 order, which states that "[t]he Court's July 2, 2015 Order does not stay the completion of document production that is not the subject of a pending motion to compel." (D.I. 404) This language indicates that the court considered document production to be ongoing as of July 2, 2015, months after the passage of the October 17, 2014 deadline in the original scheduling order.

---

[3] The January 24 scheduling order was subsequently amended by the parties' joint stipulation to extend time, filed on April 26, 2017, which extended the fact discovery deadline to August 15, 2017 and set a July 14, 2017 deadline to serve written discovery requests. (D.I. 645)

3

**8.** Moreover, the court's January 24 scheduling order is consistent with the parties' competing scheduling order proposals, which did not seek an exception or a separate deadline for document discovery, and did not indicate that the deadline for document production had expired. (D.I. 497, 498)

**9.** The court is not persuaded by Plaintiffs' contention that Defendants' second set of requests for production should be quashed because they are duplicative of Defendants' first set of document requests. (5/17/17 Tr. at 32:8-10) (conceding that "[t]he point here is not so much that they are duplicative of discovery that has already gone on.") Defendants concede that there is some overlap between their first and second sets of requests. (D.I. 604 at 10-11) However, Defendants' second set of requests seeks additional detail, and the requests are framed in a manner that renders them sufficiently distinct from the first set of requests.

**10.** For example, Defendants sought information to assist in identifying Plaintiffs' investment advisors in their first set of document requests. (D.I. 574, Ex. A at ¶¶ 34, 35) In the second set of document requests, Defendants specifically identified Buckhead Capital Management, LLC, WHV Investments, Inc., and DePrince, Race & Zollo, Inc. as investment advisors, and sought documents to explore Plaintiffs' relationship with these entities beyond their identification. (*Id.*, Ex. D at ¶¶ 3-6) Although Defendants' first set of document requests encompassed "letters, Communications or any other Document received from securities brokers, analysts, financial advisors, dealers, underwriters, Wilmington Trust or any other Person or institution," the narrowing of this request in Defendants' second set of document requests targets information that is sufficiently distinct from the first set of document requests. (*Id.*, Ex. A at ¶ 1(b))

**11.** Other requests challenged by Plaintiffs go directly to the elements of a cause of

4

action for securities fraud. For example, Defendants' second set of document requests seeks "[e]very document related to any contention by you that Defendants (or any of them) intentionally or recklessly made a false statement or omission." (D.I. 574, Ex. D at ¶ 8) This request is directed to the scienter element of an action for securities fraud. *See In re DVI, Inc. Sec. Litig.*, 639 F.3d 623, 630-31 (3d Cir. 2011).

**12.** Plaintiffs' contention that requests 3, 4, 5, 6, 12, and 16 from Defendants' second set of document requests were already the subject of deposition questioning during the class certification process does not advance Plaintiffs' argument that the second set of written requests is duplicative of the first set of written requests. (D.I. 625 at 7) Plaintiffs' chart comparing requests from Defendants' first set of document requests to the second set of requests is overbroad in its characterization of multiple requests as "overlapping." (D.I. 574, Ex. F)

**13.** Plaintiffs do not identify a specific burden associated with responding to Defendants' second set of requests for production, and instead allege that the burden arises under the totality of the circumstances due to the alleged untimeliness of the requests. (D.I. 625 at 8) For the reasons previously stated at paragraphs 6 and 7, *supra*, the court concludes that Defendants' second set of requests for production of documents is not untimely. Plaintiffs have failed to adequately establish another basis for their allegations of undue burden. (5/17/17 Tr. at 35:11-14) (conceding that the subpoenas issued to third parties are "far more burdensome and far more prejudicial" than the second set of document requests)

**14. Conclusion.** In view of the foregoing analysis, Plaintiffs' motion for a protective order quashing Defendants' second request for production of documents (D.I. 572) is denied, and Defendants' motion to compel Plaintiffs to produce all non-privileged documents responsive to its second request for production of documents (D.I. 606) is granted. Plaintiffs are to produce

5

the requested documents within fourteen (14) days of the issuance of this Memorandum Order.

15. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

16. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE