LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

AMANDA COX
(202) 434-5157
acox@wc.com

*Admitted only in New York. Practice supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8).*

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 8, 2017

Via CM-ECF & Hand Delivery

The Honorable Sherry R. Fallon
United States Magistrate Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 14, Room 6100
Wilmington, DE 19801-3555

Re: In re: Wilmington Trust Securities Litigation, No. 10-cv-00990

Dear Judge Fallon,

Pursuant to the Court's Order Regarding Discovery Matters, defendant Wilmington Trust Corporation, through undersigned counsel, respectfully submits this letter brief explaining why non-party Joseph Terranova must answer questions at deposition.[1]

Mr. Terranova pled guilty in May 2013 to conspiracy to commit bank fraud. (Ex. B.) The facts Mr. Terranova admitted in connection with his guilty plea also underlie the present case. As the government itself has recognized, "[t]he conduct to which . . . Terranova admitted in [his] guilty plea[] relates directly to the core allegations underpinning the private securities lawsuit, that is, the Bank's alleged misrepresentations and omissions surrounding its nonperforming loan portfolio and its failure to accurately reserve for loan losses." (D.I. 298, at 3; *see also* Exs. B & C.)

Although Mr. Terranova has stated in open Court that he engaged in bank fraud, and acknowledged the details of that alleged fraud to the Court and to the government over the course of multiple debriefing sessions, Mr. Terranova invoked his Fifth Amendment privilege in response to questions about those very same details during his April 18, 2017 deposition. (*See*

---

[1] Pursuant to Local Rule 7.1.1 and the Court's Order Regarding Discovery Matters, undersigned counsel certifies that reasonable efforts have been made to resolve its discovery dispute with non-party Joseph Terranova, including e-mails and a call with counsel for Mr. Terranova.

WILLIAMS & CONNOLLY LLP

June 8, 2017
Page 2

*generally* Ex. A.)  He even asserted the Fifth Amendment privilege in response to questions about whether he had entered a guilty plea.  (*See* Ex. A at 31-34, 43-45.)[2]

  Mr. Terranova's Fifth Amendment assertions in response to questions concerning the facts he has already admitted pursuant to his guilty plea were invalid because answering those questions would not pose a real risk of further incrimination.

  "As a general matter, a court should allow a witness to invoke his Fifth Amendment privilege only if the hazard of incrimination is 'substantial and "real," and not merely trifling or imaginary.'"  *Nelson v. Pilkington PLC (In re Flat Glass Antitrust Litig.)*, 385 F.3d 350, 371 (3d Cir. 2004) (quoting *United States v. Apfelbaum*, 445 U.S. 115, 128 (1980)).  The matters that Mr. Terranova has discussed already with the government and admitted in open Court pose no risk of incrimination to Mr. Terranova for two reasons.  First, the government already knows these facts.  Second, the government agreed not to institute additional charges against Mr. Terranova based on these facts unless Mr. Terranova fails to provide truthful and full cooperation, commits additional crimes before sentencing, or otherwise violates his plea agreement.  (*See* Ex. B ¶ 9(j)); *see also United States v. Baird*, 218 F.3d 221, 230 (3d Cir. 2000) ("By negative implication . . . the government agreed as a general matter not to use to the defendant's detriment information obtained through the cooperation process.  Thus, the plea agreement was consistent with the December 9 letter of immunity."); *see id.* ("By agreeing to immunize self-incriminating information, the government has limited the scope of information that may be considered at sentencing.").

  To be clear, the issue is *not* whether Mr. Terranova has "waived" his Fifth Amendment privilege in *this* case by voluntarily speaking with the government in his *criminal* case, although cases concerning waiver issues are nonetheless instructive.  *See, e.g.*, *Mitchell v. United States*, 526 U.S. 314, 321 (1999) ("It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details."); *Rogers v. United States*, 340 U.S. 367, 374 (1951) (explaining that a court must "determine, as it must whenever the privilege is claimed, whether the question

---

[2]  Indeed, Mr. Terranova invoked the privilege to nearly every question on direct examination except his name, including in response to the question of whether he would invoke the Fifth Amendment as to all additional questions.  (Ex. A at 11-12, 13-274.)  On cross-examination, Mr. Terranova stated where he was born, where he has lived, his educational background, and that he is married; but, he invoked the Fifth Amendment as to how long he had been married, whether he had any children or dependents, and every additional question until his deposition ended.  (*See* Ex. A at 276-78, 279-300, 300-05.)  He even invoked his Fifth Amendment privilege when asked whether he remembered seeing documents earlier that morning.  (Ex. A at 286) (Question: "I think you may recall on your direct examination there were a series of interview memo that were presented to you.  Do you remember seeing those?"  Answer: "Same answer.").

WILLIAMS & CONNOLLY LLP

June 8, 2017
Page 3

presented a reasonable danger of further crimination in light of all the circumstances, including any previous disclosures"). The issue is whether Mr. Terranova faces a real risk of further incrimination by discussing the facts admitted in his guilty plea with the civil parties. He does not. Given Mr. Terranova's guilty plea and his discussions with the government, "it is perfectly clear" that Mr. Terranova's deposition testimony "cannot possibly tend to incriminate" him further. *In re Flat Glass Antitrust Litig.*, 385 F.3d at 371 (internal quotation marks omitted); *see also United States v. Yurasovich*, 580 F.2d 1212, 1219 (3d Cir. 1978) ("[W]here a crime is admitted, courts have suggested that its details may not be privileged, to the extent that such details do not reveal or substantiate a new crime."); *Ramos v. Town of East Hartford*, No. 3:16-cv-166, 2016 WL 7340282, at *3 (D. Conn. Dec. 19, 2016) ("Because law enforcement officials are already in possession of the information Plaintiff seeks, disclosure of this information to the Plaintiff cannot expose Officer Kaplan to a greater risk of prosecution.").

The fact that Mr. Terranova has not yet been sentenced does not affect this conclusion. Of course, "[w]here the sentence has not yet been imposed a defendant ***may*** have a legitimate fear of adverse consequences from further testimony." *Mitchell*, 526 U.S. at 326 (emphasis added). Such concern is absent here. The deposition questions do not relate to a different undisclosed alleged crime, they relate only to the alleged crime to which he has already pleaded guilty and the underlying details he has discussed with the government. Moreover, Mr. Terranova already has stipulated to the alleged relevant conduct that would drive the calculation of his sentence, including the amount of the loss he caused the bank. (*See* Ex. B ¶ 4); *see also Thorpe v. Grillo*, 80 F. App'x 215, 219 (3d Cir. 2003) (finding a Fifth Amendment claim unpersuasive where there was no additional punishment, such as a sentence extension). And his deposition answers could not otherwise "pose[] the threat of additional punishment." *United States v. Warren*, 338 F.3d 258, 263 (3d Cir. 2003).[3]

Furthermore, allowing Mr. Terranova, the government's star witness, to shield himself from deposition questions flies in the face of Mr. Terranova's plea agreement and the government's winning argument in this case, as intervenor, that discovery must proceed against all or none. Mr. Terranova's plea agreement requires him to cooperate with the government by "testify[ing] truthfully at any Grand Jury, hearing, or trial when called as a witness." (*See* Ex. B ¶ 9(d).) He has been called as a witness in this matter, and the government has insisted that discovery proceed "only if discovery proceeds against all parties." (D.I. 468, at 1.) This "all-or-nothing approach," the government argued, "would place all parties on equal footing and guard against any party manipulating the civil discovery process to gain an unfair advantage in the criminal case." (D.I. 477, at 1.) And in its Third Circuit filing on this issue, the government again reiterated that its all-or-nothing approach to civil discovery "was necessary to ensure the

---

[3]   Testifying at deposition poses no real risk of state prosecution either, given that Mr. Terranova entered a widely publicized guilty plea more than four years ago and still there is no state criminal investigation. In any event, the statute of limitations has run. *See* Del. Code Ann. tit. 11, § 205(b) (West 2017) (suggesting, at most, a five-year statute of limitations).

WILLIAMS & CONNOLLY LLP

June 8, 2017
Page 4

integrity of the criminal case." (Ex. D at 1.) When asked to stand by its all or nothing position with respect to Mr. Terranova's deposition, the government declined. (*See* Exs. E & F.)

      As such, Wilmington Trust Corporation respectfully requests that the Court compel Mr. Terranova to answer questions at deposition.

                                Sincerely,

                                */s/ Amanda J. Cox*
                                Amanda J. Cox
                                WILLIAMS & CONNOLLY LLP
                                725 12th Street NW
                                Washington, D.C. 20005
                                Telephone: (202) 434-5157
                                Facsimile: (202) 424-5029
                                acox@wc.com

                                *Counsel to Wilmington Trust Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 8th day of June, 2017, I served a copy of the foregoing using the Court's CM/ECF system.

                                              */s/ Daniel A. O'Brien*
                                           Daniel A. O'Brien (No. 4897)