**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION | : | Master Civ. No. 10-990 |
| | : | (Consolidated Securities Class Action) |

**ORDER**

**AND NOW**, this **26th** day of **June, 2017**, upon consideration of the Defendants' motion to certify the Court's January 24, 2017 scheduling order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (ECF No. 513), and Defendants' motion to stay discovery pending appeal (ECF No. 515), and the responses and replies thereto, it is hereby **ORDERED** that:

1. the motion for interlocutory appeal (ECF No. 513) is **DENIED**;[1] and

2. the motion to stay (ECF No. 515) is **DENIED as moot**.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno__________
**EDUARDO C. ROBRENO, J.**

[1] A court may certify an order for interlocutory appeal if the order: (1) involves a controlling question of law; (2) offers substantial ground for difference of opinion as to its correctness; and (3) if appealed would immediately materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974); 28 U.S.C. § 1292(b). The Court concludes that the January 24, 2017 scheduling order does not meet these three requirements.