**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION | : | Master Civ. No. 10-990 (Consolidated Securities Class Action) |

**ORDER**

**AND NOW**, this **28th** day of **July, 2017**, upon consideration of the Defendants' motion for reconsideration of this Court's June 26, 2017 order denying their motion to stay (ECF No. 711), and the responses thereto (ECF Nos. 716, 719, 722) it is hereby **ORDERED** that the motion for reconsideration is **DENIED**.[1]

[1] A Motion for Reconsideration will be granted when the party seeking reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Defendants initially filed their motion to stay the proceedings in light of their interlocutory appeal of a scheduling and protective order. After the Third Circuit dismissed the Defendants' appeal for lack of jurisdiction, this Court denied the motion to stay as moot. In the motion for reconsideration, Defendants initially claimed that the motion was not moot because they had petitioned the Third Circuit for rehearing en banc. That petition was ultimately denied. Defendants now claim that the motion to stay is not moot because they "intend to exercise their appellate rights by timely filing a Petition for Writ of Certiorari." (ECF No. 722 at p.2).

Defendants have not established the need for reconsideration in light of one of the three events described above. Moreover, the Court has reviewed the factors to be considered when confronted with a motion to stay: (1) the likelihood of success on the merits; (2) whether the denial of a stay will irreparably injure the Defendants; (3) whether the Plaintiffs will be substantially injured; and (4) the interest of the public. Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991). The Court concludes that when weighed, these factors do not favor a stay. As noted by the Third Circuit, the scheduling order that was at issue in the appeal is not an adjudication that would be immediately appealable pursuant to the collateral order doctrine. See (ECF No. 692).

10-990.

AND IT IS SO ORDERED.

EDUARDO C. ROBRENO, J.