**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION<br><br>This document relates to: ALL ACTIONS | Master File No. 10-cv-00990-ER-SRF<br><br>(Securities Class Action)<br><br>Hon. Eduardo C. Robreno |

**WILMINGTON TRUST CORPORATION'S MOTION FOR LEAVE TO FILE**
**A REPLY IN SUPORT OF ITS OBJECTION TO MEMORANDUM ORDER**

Defendant Wilmington Trust Corporation ("WT Corp."), through its undersigned counsel, submits this Motion for Leave to File a Reply In Support of its Objection to Memorandum Order. WT Corp. seeks leave to file the attached Reply brief (**Exhibit 1**).

**Background**

1. On September 19, 2017, Magistrate Judge Fallon issued a Memorandum Order ("Order") (D.I. at 789) quashing deposition subpoenas that WT Corp. served on employees of the bank's primary regulator, the Board of Governors of the Federal Reserve System and the Federal Reserve Bank of Philadelphia (collectively, the "Fed"). On October 3, 2017, WT. Corp filed its Objection to the Order ("Objection"). (D.I. 790). The Fed subsequently filed its Response on October 17, 2017 ("Response"). (D.I. 791)

2. Since the issuance of the Order and the filing of the bank's Objection, WT Corp. entered into a civil settlement with the government. WT Corp. has been dismissed from the

1

criminal case with prejudice, and the trial of the remaining individual defendants has been continued until March 2018.[1]

## Argument

3. The proposed Reply (**Ex. 1**) addresses the following topics, which respond directly to arguments made in the Fed's Response or are the result of WT Corp.'s dismissal from the criminal case:

- WT Corp.'s recent dismissal from the criminal case renders inapplicable three of the four primary grounds on which Judge Fallon's Order rests. Specifically, Judge Fallon's Order set forth four grounds for quashing the deposition subpoenas, three of which are centered on avoiding purportedly duplicative testimony in the parallel criminal proceeding. Now that WT Corp. is no longer a party to the criminal proceeding, those grounds no longer support the Order. (Reply, **Ex. 1** at 1-3.)

- Contrary to the arguments made by the Fed, the subpoenaed testimony is relevant to negate the elements of falsity and scienter in this securities fraud class action. The testimony sought from the four Fed employees is critical to WT Corp.'s defenses. First, the practices and procedures surrounding WT Corp.'s handling of matured loans that Plaintiffs claim generated the allegedly false information are not expressly prohibited by any regulation or statute. Given this lack of guidance, the analysis and evaluations of the bank's matured loan practices conducted by the subpoenaed Fed employees are relevant to determining whether the bank's allegedly false public statements are actually false. Second, contrary to the Fed's arguments in the Response, any

---

[1] See D.I. 582 and 583 in United States v. Wilmington Trust Corp. et al., Case No. 15:cr:23, United States District Court for the District of Delaware.

disclosure that WT Corp. made to the Fed about its matured loan practices goes directly to negating scienter. (Reply, **Ex. 1** at 4-5.)

- The documents produced by the Fed do not themselves definitively demonstrate the Fed's actual knowledge of the bank's allegedly improper practices. The Fed's incomplete document production cannot serve as a substitute for the four depositions because the depositions seek to explore what, if anything, the Fed examiners did with the disclosures WT Corp. made to them. For example, did the Fed examiners read the documents containing the numerous disclosures, and what did the Fed examiners do upon learning of these disclosures? Because WT. Corp is no longer a party in the criminal action, these civil depositions are WT Corp.'s only opportunity to ask such critical questions. (Reply, **Ex. 1** at 5-7.)

- The incomplete nature of the Fed's document production has had a detrimental effect on WT Corp.'s ability to defend itself. The proposed Reply addresses the incomplete nature of the Fed's document production and its detrimental effect on WT Corp.'s ability to defend itself. The holes in the Fed's document production include, but are not limited to: (i) examiner work product regarding the validation and reconciliation of Schedule RC-N of the bank's Call Reports; (ii) examiner work product generated pursuant to sections 1020.3, 2090.3, 4150.1, 6000.1 of the Fed's Commercial Bank Examination Manual and 2010.2.9 of the Fed's Bank Holding Company Supervision Manual; and (iii) Fed analysis of the reported "past due" loan figures using the bank's commercial loan downloads from 2008 to 2010. This work product is focused on evaluating the bank's matured loan accounting and "past due" reporting practices. Because the Fed has not produced documents reflecting this work product, WT Corp. needs to depose the Fed employees to explore what analysis was performed and what the Fed learned from that analysis. Such testimony is highly relevant to demonstrating that the Fed knew about the bank's "past due"

reporting practices, which Plaintiffs contend were improper. Fed knowledge of these practices is probative of lack of scienter and lack of falsity. (Reply, **Ex. 1** at 7-9.)

- Judge Fallon clearly erred by inferring an undue burden, particularly given that the Order does not dispute the relevance of the requested testimony. WT Corp.'s proposed Reply addresses the Fed's erroneous legal assertion that Judge Fallon was permitted to simply "infer" an undue burden. (Reply, **Ex. 1** at 9-10.)

## Conclusion

4. WT Corp. respectfully requests that the Court enter the proposed Order (**Exhibit 2**) granting it leave to file the proposed Reply brief attached hereto as (**Exhibit 1**).

[*Remainder of page intentionally left blank.*]

Dated: October 24, 2017

Respectfully submitted,

**VENABLE LLP**

 /s/ Daniel A. O'Brien
Jamie L. Edmonson (Bar No. 4247)
Daniel A. O'Brien (No. 4897)
1201 N. Market Street, Suite 1400
Wilmington, Delaware 19801
302-298-3535 (telephone)
302-298-3550 (facsimile)
jledmonson@venable.com
daobrien@venable.com

James A. Dunbar (*admitted pro hac vice*)
Daniel P. Moylan (*admitted pro hac vice*)
Matthew R. Alsip (*admitted pro hac vice*)
Jessica B. Wack (*admitted pro hac vice*)
Venable LLP
210 West Pennsylvania Avenue – Suite 500
Towson, Maryland 21204
410-494-6200 (telephone)
410-821-0147 (facsimile)
jadunbar@venable.com
dpmoylan@venable.com
mralsip@venable.com
jbwack@venable.com

**WILLIAMS & CONNOLLY LLP**

Tobin J. Romero (*admitted pro hac vice*)
Barry Simon (*admitted pro hac vice*)
Margaret A. Keeley (*admitted pro hac vice*)
Lance A. Wade (*admitted pro hac vice*)
725 Twelfth Street, N.W.
Washington, D.C. 20005
202-434-5000 (telephone)
tromero@wc.com
bsimon@wc.com
mkeeley@wc.com
lwade@wc.com

***Attorneys for Wilmington Trust Corporation***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of October, 2017, I served a copy of the foregoing Motion for Leave using the Court's CM/ECF system.

*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (Bar No. 4897)
