## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION<br><br>This document relates to: ALL ACTIONS | Master File No. 10-cv-00990-ER-SRF<br><br>(Securities Class Action)<br><br>Hon. Eduardo C. Robreno |

## INDIVIDUAL DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER

Dated: December 6, 2017

**WILKS, LUKOFF & BRACEGIRDLE, LLC**
David E. Wilks (No. 2793)
Andrea S. Brooks (No. 5064)
Samuel L. Moultrie (No. 5979)
R. Stokes Nolte (No. 2301)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Tel: 302-225-0805

*Attorneys for Defendant William B. North*

**LAW OFFICE OF JOHN S. MALIK**
John S. Malik (Bar No. 2320)
Attorney-at-Law
100 East 14th Street
Wilmington, Delaware 19801
Tel: (302) 427-2247
Cell: (302) 290-6427
Fax: (302) 427-2414
jmalik@malik-law.com

**MCCARTER & ENGLISH, LLP**
Michael P. Kelly (No. 2295)
Steven P. Wood
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
Tel: 302-984-6300
mkelly@mccarter.com
swood@mccarter.com

OF COUNSEL:
Andrew M. Lawler (*admitted pro hac vice*)
Sharon D. Feldman (*admitted pro hac vice*)
ANDREW M. LAWLER, P.C.
641 Lexington Avenue
New York, NY 10022
Tel: 212-832-3160
alawler@amlpc.com
sfeldman@amlpc.com

*Attorneys for Defendant Robert V. A. Harra*

| | |
|---|---|
| OF COUNSEL:<br><br>PAUL HASTINGS LLP<br>Kenneth M. Breen *(admitted pro hac vice)*<br>Shahzeb Lari *(admitted pro hac vice)*<br>John P. Nowak *(admitted pro hac vice)*<br>Phara A. Guberman *(admitted pro hac vice)*<br>200 Park Avenue<br>New York, NY 10166<br>Tel.:  (212) 318-6000<br>kennethbreen@paulhastings.com<br>shahzeblari@paulhastings.com<br>johnnowak@paulhastings.com<br>pharaguberman@paulhastings.com<br><br>***Attorneys for Defendant David R. Gibson*** | **DALTON & ASSOCIATES, P.A.**<br>Bartholomew J. Dalton (#808)<br>Andrew C. Dalton (#5878)<br>DALTON & ASSOCIATES, P.A.<br>Cool Spring Meeting House<br>1106 West 10th Street<br>Wilmington, DE  19806<br>Tel.: (302) 652-2050<br>bdalton@bdaltonlaw.com<br>adalton@bdaltonlaw.com<br><br>Henry E. Klingeman *(admitted pro hac vice)*<br>Helen A. Nau *(admitted pro hac vice)*<br>KROVATIN KLINGEMAN LLC<br>60 Park Place, Suite 1100<br>Newark, NJ  07102<br>Tel.: (973) 424-9777<br>hklingeman@krovatin.com<br>hnau@krovatin.com<br><br>***Attorneys for Defendant Kevyn Rakowski*** |

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................2

I.   LEAD PLAINTIFFS FAIL TO ACKNOWLEDGE THE SIGNIFICANT CHANGE IN CIRCUMSTANCES THAT WARRANTS AN AMENDED SCHEDULE .................2

II.  LEAD PLAINTIFFS FAIL TO SHOW HOW THEY WOULD BE PREJUDICED BY DEFERRING EXPERT DISCOVERY AND SUMMARY JUDGMENT BRIEFING UNTIL AFTER THE CRIMINAL TRIAL ..............................3

III. THE CRIMINAL TRIAL WILL LIKELY HAVE A SUBSTANTIAL IMPACT ON EXPERT DISCOVERY AND SUMMARY JUDGMENT BRIEFING ..................5

IV.  EXPERT DISCOVERY SHOULD BE COMPLETED BEFORE SUMMARY JUDGMENT BRIEFING.........................................................................................7

V.   LEAD PLAINTIFFS' OTHER ARGUMENTS ARE SPECIOUS..................................8

   A.  The Individual Defendants will be substantially prejudiced if they are required to simultaneously participate in expert discovery and summary judgment briefing in this civil action and prepare for their criminal trial ..................................................................................................................8

   B.  The possibility of substantive deposition testimony from the Individual Defendants is a powerful reason to defer expert discovery and summary Judgment briefing until the criminal trial................................................9

CONCLUSION..................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*In re Adelphia Comm. Sec. Litig.*,
  2003 WL 22358819 (E.D. Pa. May 13, 2003) ........................................................................3, 6

*Maloney v. Gordon,*
  328 F. Supp.2d 508 (D. Del. 2004) .........................................................................................3, 6

*Rad Serv., Inc. v. Aetna Cas. & Sur. Co.,*
  808 F.2d 271 (3d Cir. 1986) .......................................................................................................10

*Reyes v. Freebery*,
  141 Fed. Appx. 49 (3d Cir. 2005) ................................................................................................3

*Reyes v. Freebery*,
  2004 WL 1737683 (D. Del. Jul. 30, 2004) ..................................................................................3

*S.E.C. v. Fishoff*,
  2016 WL 1262508 (D.N.J. Mar. 31, 2016) .................................................................................6

*S.E.C. v. Graystone Nash, Inc.*,
  1993 WL 580763 (D.N.J. 1993) ..................................................................................................9

*U.S. v. Mellon Bank, N.A.*,
  545 F.2d 869 (3d Cir. 1976) ........................................................................................................6

*U.S. v. Premises Known as 1625 S. Delaware Ave.*,
  1989 WL 29271 (E.D. Pa. 1989) .................................................................................................9

Robert Harra, Kevyn Rakowski, David Gibson, and William North (collectively, the "Individual Defendants"), through their undersigned counsel, file this Reply Brief in support of their Motion to Amend Scheduling Order (the "Motion to Amend") (D.I. 797 – 798).

## INTRODUCTION

In their initial brief, the Individual Defendants established that proceeding under the current schedule, which provides for overlapping expert discovery and summary judgment briefing before and <u>during</u> the scheduled trial in the parallel criminal action, will result in gross inefficiencies, waste substantial resources of the Court and the parties, and impose undue prejudice on the Individual Defendants as they prepare for their criminal trial. These concerns would be resolved by deferring expert discovery and summary briefing until later in 2018, after the criminal trial concludes, and eliminating the overlap between expert discovery and summary judgment briefing.

In their Brief in Opposition ("Opp. Brief") (D.I. 800), Lead Plaintiffs fail to identify <u>any</u> prejudice that they would suffer by deferring expert discovery and summary judgment briefing for a few months. They also fail to credibly address the inefficiencies that would be caused by the current schedule. In short, Lead Plaintiffs offer no good reason to maintain the current schedule.[1]

---

[1] Lead Plaintiffs claim that there was "inexcusable delay" in filing the Motion to Amend. (Opp. Brief at 17.) This is not so. A meet-and-confer was conducted roughly three weeks after Judge Andrews postponed the criminal trial on October 10, after all 20 Defendants had an opportunity to consider the dramatically changed circumstances and assess the most appropriate path forward. The Motion to Amend was thereafter prepared and filed on November 15, well before expert discovery and summary judgment briefing is scheduled to begin in January 2018. In any event, Lead Plaintiffs have failed to identify any prejudice resulting from this sequence of events.

1

## ARGUMENT

### I. LEAD PLAINTIFFS FAIL TO ACKNOWLEDGE THE SIGNIFICANT CHANGE IN CIRCUMSTANCES THAT WARRANTS AN AMENDED SCHEDULE.

Lead Plaintiffs ask the Court to ignore the obvious change in circumstances from April 2017, when the current schedule was set. (D.I. 645.) In April: (a) the criminal trial was scheduled from October to December 2017; and (b) trial was scheduled in this civil action for June 2018. With these trial dates established, Lead Plaintiffs and Defendants agreed to extend the fact discovery deadline from June 1 to August 15 (ending well before the scheduled start of the criminal trial). They also agreed to defer expert discovery and summary judgment briefing to early 2018, <u>after</u> the then-scheduled criminal trial but before the scheduled June 2018 trial in this civil action. To maintain the June 2018 trial date, the parties agreed to a compressed schedule of overlapping expert discovery and summary judgment deadlines. (D.I. 645.)

The current case schedule agreed to and entered in April was dictated by circumstances that no longer exist. First, the Court (Andrews, J.) postponed the criminal trial to early March 2018. As a result, under the current schedule, expert discovery and summary judgment briefing would occur shortly before and <u>during</u> the criminal trial, rather than shortly after the trial as previously planned. Second, the Court postponed the June 2018 trial date in this civil action, which was the reason for the compressed schedule for expert discovery and summary judgment briefing with overlapping deadlines. Given these changes, the Court should instead implement a more typical pre-trial schedule that calls for the completion of expert discovery before summary judgment briefing, all to occur shortly after the criminal trial ends as originally planned.

## II. LEAD PLAINTIFFS FAIL TO SHOW HOW THEY WOULD BE PREJUDICED BY DEFERRING EXPERT DISCOVERY AND SUMMARY JUDGMENT BRIEFING UNTIL AFTER THE CRIMINAL TRIAL.

Lead Plaintiffs argue that they have a general interest in avoiding delays in the litigation. (Opp. Brief at 15-16.) This general interest, common to all plaintiffs in civil litigation, is not in itself a sufficient reason to maintain a prejudicial and unworkable schedule, particularly since: (a) the Individual Defendants' proposed scheduling adjustments will not result in any substantial delay, but rather only defer expert discovery and summary judgment briefing for a few months; and (b) no trial date is set in this action, which makes Lead Plaintiffs' contention that an adjustment of these interim deadlines will result in any meaningful delay entirely speculative.

Moreover, courts have recognized that where, as here, there exists specific, meritorious grounds for adjourning deadlines or implementing a stay (*see* Section III, *infra*), a plaintiff's general interest in avoiding delays in civil litigation is not a sufficient basis to deny the adjournment. *See, e.g., Reyes v. Freebery*, 2004 WL 1737683, at *5 (D. Del. Jul. 30, 2004) ("At bottom, the Plaintiffs have not shown prejudice other than delay in pursuing their suits, which is insufficient to prevent staying this case.")[2]; *In re Adelphia Comm. Sec. Litig.*, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003) (holding in a securities fraud class action, "Plaintiffs have not shown any prejudice other than delay in pursuing their suits, which is insufficient to support vacating the stay").[3] Rather, a plaintiff must show a "unique" harm that would result from a delay, which Lead Plaintiffs cannot do. *See, e.g., Maloney v. Gordon*, 328 F. Supp.2d 508, 512 (D. Del. 2004) ("Normally, in evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in her right to expeditiously pursue her claim."); *In re Adelphia*, 2003 WL 22358819, at *4 ("the plaintiff

---

[2] Remanded by *Reyes v. Freebery*, 141 Fed. Appx. 49 (3d Cir. 2005) (appellate court lacked jurisdiction to hear appeal).

[3] Internal citations and quotations are omitted from this Reply Brief unless otherwise noted.

3

should demonstrate a particularly unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay").

Lead Plaintiffs speculate that they might possibly suffer harm from "faded memories and the death or other unavailability of key witnesses," (Opp. Brief at 16), but Lead Plaintiffs ignore the current posture of this case. <u>Fact discovery is substantially complete</u>. Moreover, Lead Plaintiffs acknowledge that the factual record has been preserved. As Lead Plaintiffs put it, they have "developed a robust factual record" by deposing "29 witnesses, supported by over 1,000 exhibits." (<u>Id.</u> at 7.) Lead Plaintiffs have also demanded the production of, and received, millions of documents. Postponing expert discovery and summary judgment for a few months until after the criminal trial does not pose any actual risk associated with faded memories, etc.

Further, it is unclear how Lead Plaintiffs' concern of faded memories and witness unavailability has any bearing on the timing of expert discovery and summary judgment briefing. Experts will draft their reports and render their opinions based on the factual record that has already been preserved, including testimony from the criminal trial. The same goes for summary judgment briefing, as counsel will rely on the already-preserved record, expert discovery, and testimony from the criminal trial. The chance that a witness will forget a fact is not relevant to whether expert discovery and summary judgment briefing should occur in early or mid-2018.

Finally, to the extent Lead Plaintiffs' argument is based on the length of time this civil action has been pending, the undisputed facts show that the prior delays have been caused by Lead Plaintiffs and the government, not Defendants.[4] Specifically, although this litigation commenced seven years ago in November 2010, <u>it took Lead Plaintiffs nearly three-and-a-half</u>

---

[4] Lead Plaintiffs take exception to the fact that the Individual Defendants pursued their appellate rights after this Court ordered that they sit for depositions before the criminal trial. (Opp. Brief at 5-6.) This is much ado about nothing. As Lead Plaintiffs acknowledge, the Individual Defendants' attempts to seek appellate relief did not delay fact discovery. They sat for depositions in August, before the fact discovery deadline. (*Id.* at 6.)

4

years to state a claim for relief. (See Opp. Brief at 2-3.) They finally succeeded in doing so in March 2014, with their fourth amended pleading. Then, in October 2014, the government intervened and moved to stay fact discovery pending resolution of the parallel criminal proceedings. (*Id.* at 3-4.) This government-requested stay was in effect for more than two years, until December 2016. (Id. at 4.) After the stay was lifted, fact discovery proceeded forthwith and was substantially completed by August, in accordance with the case schedule.

Lead Plaintiffs have failed to show how they would be harmed if the Court defers expert discovery and summary judgment briefing until after the criminal trial. They won't be.

### III. THE CRIMINAL TRIAL WILL LIKELY HAVE A SUBSTANTIAL IMPACT ON EXPERT DISCOVERY AND SUMMARY JUDGMENT BRIEFING.

The Individual Defendants have demonstrated that the verdicts in, and the testimony offered at, the criminal trial will almost certainly have a substantial impact on expert discovery and summary judgment briefing in this civil action. (Motion to Amend at 5-9.) Accordingly, the Court should allow the criminal trial to conclude before these pretrial proceedings begin -- just as Lead Plaintiffs and Defendants agreed in the current schedule. (D.I. 645.)

Maintaining the current schedule would invite substantial inefficiencies and disputes between the parties over the need to supplement expert reports, expert depositions, and summary judgment briefing after the criminal trial. Lead Plaintiffs fail to rebut these core points. (Opp. Brief at 8-14.) They do not dispute the fact that a tremendous amount of evidence relevant to this civil action will be generated during the criminal trial. Nor do they seriously dispute that the current schedule will invite inefficiencies and disputes.

Plaintiffs also fail to acknowledge settled Third Circuit law holding that the outcome of a criminal trial may have a substantial impact on a parallel civil action by narrowing or simplifying issues, or prompting settlement. *U.S. v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976)

(district court did not abuse its discretion by staying a civil action because, *inter alia*, "it might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case"). Here, the Individual Defendants ask only that expert discovery and summary judgment briefing be deferred for a few months.[5]

Lead Plaintiffs raise some merits-based arguments against postponing summary judgment until after the criminal trial. First, Lead Plaintiffs claim that it is "difficult to conceive" that the Individual Defendants will move for summary judgment because they are facing potential criminal convictions.[6] (Opp. Brief at 9.) Regardless of whether the Individual Defendants move for summary judgment <u>before</u> the criminal trial, it is likely that the Individual Defendants would move for summary judgment <u>after</u> the criminal trial if they are acquitted. It is not at all "difficult to conceive" that civil defendants who have been acquitted in a parallel criminal trial would move for summary judgment, based at least in part on evidence gathered from the criminal trial. Under the current schedule, the Individual Defendants would be precluded from doing so.

Second, Lead Plaintiffs argue that an acquittal in the criminal trial would be inadmissible in this civil action. For this reason, they argue, an acquittal will have no impact on summary judgment briefing and, therefore, there is no reason to defer the briefing. (Opp. Brief at 10-11.) Lead Plaintiffs miss the point. The criminal trial will generate a substantial amount of evidence, all of which will likely be relevant to the claims and defenses in this civil action. This evidence -

---

[5] *See also, e.g., Maloney*, 328 F. Supp.2d at 513 ("[T]he outcome of the criminal proceedings may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case."); *In re Adelphia*, 2003 WL 22358819, at *5 ("staying the civil actions preserves judicial resources and streamlines some of the complexities of the consolidated securities actions"); *S.E.C. v. Fishoff*, 2016 WL 1262508, at *4 (D.N.J. Mar. 31, 2016) ("it is likely that resolution of the criminal case will moot, clarify, or otherwise affect various contentions in the Civil Case").

[6] Even assuming Lead Plaintiffs are correct (and they are not), their argument does not apply to the other Defendants in this civil action. These other Defendants joined the Motion to Amend (D.I. 798) and all (or most) of them will move for summary judgment.

- particularly in the event it supports an acquittal -- will be critical to the Individual Defendants' motions for summary judgment and their <u>opposition</u> to Lead Plaintiffs' forthcoming motion.[7]

## IV. EXPERT DISCOVERY SHOULD BE COMPLETED BEFORE SUMMARY JUDGMENT BRIEFING.

Lead Plaintiffs do not meaningfully dispute that it would be inefficient for the parties to engage in overlapping expert discovery and summary judgment briefing. Instead, they claim only that bifurcation is unnecessary because the current schedule is "fair" and "balances the need expeditiously to advance this eight-year old case towards trial." (Opp. Brief at 15.) Not only do Lead Plaintiffs ignore the obvious change in circumstances since April, but they are plainly wrong that overlapping expert discovery and summary judgment will "advance" this case towards trial, which has not been set. Lead Plaintiffs do not dispute that the completion of expert discovery -- including depositions and responsive reports -- will only serve to narrow issues at summary judgment, that the current schedule would require the formulation and submission of summary judgment papers without the benefit of the full scope of expert discovery,[8] or that the full scope of expert discovery will be relevant to summary judgment. Because overlapping expert discovery and summary judgment is atypical and was only scheduled to accommodate the now cancelled June 2018 trial date, the Court should permit the parties to complete expert discovery prior to filing motions for summary judgment.

---

[7] Evidence from the criminal trial will also be relevant to any motions for summary judgment filed by the non-criminal Defendants, regardless of the verdict in the criminal trial.

[8] Plaintiffs' argument that "expert reports will be exchanged in advance of summary judgment oppositions, and expert discovery will be completed in advance of summary judgment replies," misses the point. (Opp. Brief at 15 n.4.) Under the current schedule, the parties would have to submit motions for summary judgment before exchanging rebuttal and reply expert reports, and before taking expert deposition testimony.

7

### V.    LEAD PLAINTIFFS' OTHER ARGUMENTS ARE SPECIOUS.

#### A.    The Individual Defendants will be substantially prejudiced if they are required to simultaneously participate in expert discovery and summary judgment briefing in this civil action and prepare for their criminal trial.

Lead Plaintiffs do not dispute the facts that: (a) the Individual Defendants and their counsel must now shoulder the entire burden of preparing for and defending the criminal trial; and (b) undertaking that responsibility in the wake of the WT Corp. settlement is substantial, formidable, and extremely time-consuming. Indeed, that is why Judge Andrews postponed the criminal trial until March 2018. (Motion to Amend at 3.)

Nevertheless, Lead Plaintiffs argue that the Individual Defendants will not be prejudiced by simultaneously litigating in this action immediately before and during their criminal trial. Lead Plaintiffs assert that the Individual Defendants "have abdicated responsibility for their defense" to WT Corp.'s counsel. (Opp. Brief at 9.) This is simply incorrect. The Individual Defendants and their counsel have not "abdicated" their defense in this civil action. Although WT Corp. and its counsel have taken a leading position in order to maintain a coordinated and efficient approach (something that is commonplace in these type of cases), that does not mean that counsel for the Individual Defendants have "abdicated" their duty to zealously and diligently represent their clients in this civil action. Counsel for the Individuals Defendants are actively involved in this civil action. Forcing them to participate in an expedited and overlapping expert discovery and summary judgment briefing schedule (which will likely include, at minimum, opposing motions for summary judgment filed by Lead Plaintiffs) in January – March 2018, when they should be focused on preparing for trial, is unfair and unduly prejudicial.

8

> **B.     The possibility of substantive deposition testimony from the Individual Defendants is a powerful reason to defer expert discovery and summary judgment briefing until after the criminal trial.**

Another important reason to defer expert discovery and summary judgment briefing is that, after the criminal trial, the Individual Defendants may be available to provide substantive testimony. (Motion to Amend at 7.) This would be <u>critical evidence</u> in this civil action -- evidence that would go directly to the heart of the claims and defenses, and, therefore, highly relevant for purposes of expert discovery and summary judgment. Lead Plaintiffs do not dispute this, but instead argue that the Individual Defendants should not be permitted to testify substantively at a future deposition, after the criminal trial, because they declined to do so during their August depositions. (Opp. Brief at 13.) They claim that this would allow the Individual Defendants to use their Fifth Amendment right as a "sword" and a "shield." (<u>Id.</u>)

If the Individual Defendants are willing to testify substantively in this civil action after the criminal trial, they will agree to sit for a second deposition. This would not prejudice Lead Plaintiffs in the slightest. It would also not implicate the "sword" and "shield" concerns expressed by some courts when a witness declines to testify <u>at a deposition</u> based on the Fifth Amendment (the "shield") and then later seeks to testify substantively <u>at trial</u> (the "sword"), without affording the opposing party an opportunity for a deposition.[9]

That Lead Plaintiffs would resist reopening discovery after the criminal trial for the limited purpose of taking substantive testimony from the Individual Defendants shows their true motives. Lead Plaintiffs are not interested in a schedule that allows for the efficient, orderly, and

---

[9] This was precisely the scenario in *U.S. v. Premises Known as 1625 S. Delaware Ave.*, 1989 WL 29271, at *1 (E.D. Pa. 1989), a case cited by Lead Plaintiffs, where a party asserted the Fifth Amendment during a deposition and then sought to testify substantively at trial. Similarly, in the other case cited by Lead Plaintiffs, *S.E.C. v. Graystone Nash, Inc.*, 1993 WL 580763, at *1-2 (D.N.J. 1993), the court precluded a party from submitting a substantive affidavit in opposition to a motion for summary judgment after he had declined to testify at a deposition.

9

complete development of facts. They are interested in a case schedule (the current one) that allows them to move for summary judgment <u>before</u> the criminal trial based on nothing more than adverse inferences drawn from Fifth Amendment assertions. The Court should not entertain a strategy that is designed to avoid the truth and improperly exploit a party's legitimate exercise of constitutional rights. *See Rad Serv., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271, 277-78 (3d Cir. 1986) (courts must "guard against sharp practices" by attorneys who ask "fact-specific questions by which the examining attorney effectively testifies for the invoking witness").

Finally, Lead Plaintiffs do not dispute that the criminal trial will produce new and different testimony from numerous fact witnesses, some who were deposed and others who were not. They argue that this is no reason to defer expert discovery and summary judgment because Defendants should have deposed everyone. (Opp. Brief at 11-12.) This is nonsense. Defendants engaged in a discovery plan that they felt appropriately advanced their defenses in this civil action. Determining who to depose (and what questions to ask) involves numerous practical, legal, financial, and strategic considerations. Parties do not depose every single person who possesses relevant knowledge. Thus, it is not surprising that certain people who appear on the government's witness list (served in late September) were not deposed in this action before the August 2017 deadline. (Motion to Amend at 7.) None of this changes the fact that the criminal trial will generate an ocean of testimony that will be directly relevant to expert discovery and summary judgment briefing.[10]

## CONCLUSION

The Individual Defendants respectfully request that the Court grant the Motion to Amend.

---

[10] In fact, in this action, the Court has acknowledged the unremarkable possibility that trial witnesses may not be deposed during discovery. (D.I. 240 at 7: "The parties shall have the right to depose any fact witnesses who have not previously been deposed in this case.").

10

Dated: December 6, 2017

| | |
|---|---|
| **WILKS, LUKOFF & BRACEGIRDLE, LLC** | **MCCARTER & ENGLISH, LLP** |

*/s/ Samuel L. Moultrie*  
David E. Wilks (No. 2793)  
Andrea S. Brooks (No. 5064)  
Samuel L. Moultrie (No. 5979)  
R. Stokes Nolte (No. 2301)  
4250 Lancaster Pike, Suite 200  
Wilmington, DE 19805  
Tel: 302-225-0805  

*Attorneys for Defendant William B. North*

**LAW OFFICE OF JOHN S. MALIK**

*/s/ John S. Malik*  
John S. Malik (Bar No. 2320)  
Attorney-at-Law  
100 East 14th Street  
Wilmington, Delaware 19801  
Tel: (302) 427-2247  
Cell: (302) 290-6427  
Fax: (302) 427-2414  
jmalik@malik-law.com  

OF COUNSEL:

PAUL HASTINGS LLP  
Kenneth M. Breen *(admitted pro hac vice)*  
Shahzeb Lari *(admitted pro hac vice)*  
John P. Nowak *(admitted pro hac vice)*  
Phara A. Guberman *(admitted pro hac vice)*  
200 Park Avenue  
New York, NY 10166  
Tel.: (212) 318-6000  
kennethbreen@paulhastings.com  
shahzeblari@paulhastings.com  
johnnowak@paulhastings.com  
pharaguberman@paulhastings.com  

*Attorneys for Defendant David R. Gibson*

*/s/ Michael P. Kelly*  
Michael P. Kelly (No. 2295)  
Steven P. Wood  
Renaissance Centre  
405 North King Street, 8th Floor  
Wilmington, DE 19801  
Tel: 302-984-6300  
mkelly@mccarter.com  
swood@mccarter.com  

OF COUNSEL:  
Andrew M. Lawler *(admitted pro hac vice)*  
Sharon D. Feldman *(admitted pro hac vice)*  
ANDREW M. LAWLER, P.C.  
641 Lexington Avenue  
New York, NY 10022  
Tel: 212-832-3160  
alawler@amlpc.com  
sfeldman@amlpc.com  

*Attorneys for Defendant Robert V. A. Harra*

**DALTON & ASSOCIATES, P.A.**

*/s/ Bartholomew J. Dalton*  
Bartholomew J. Dalton (#808)  
Andrew C. Dalton (#5878)  
DALTON & ASSOCIATES, P.A.  
Cool Spring Meeting House  
1106 West 10th Street  
Wilmington, DE 19806  
Tel.: (302) 652-2050  
bdalton@bdaltonlaw.com  
adalton@bdaltonlaw.com  

Henry E. Klingeman *(admitted pro hac vice)*  
Helen A. Nau *(admitted pro hac vice)*  
KROVATIN KLINGEMAN LLC  
60 Park Place, Suite 1100  
Newark, NJ 07102  
Tel.: (973) 424-9777  
hklingeman@krovatin.com  
hnau@krovatin.com  

*Attorneys for Defendant Kevyn Rakowski*