UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE WILMINGTON TRUST SECURITIES LITIGATION<br><br>This document relates to: ALL ACTIONS | Master File No. 10-cv-00990-ER<br><br>(Securities Class Action) |

## ORDER PRELIMINARILY APPROVING SETTLEMENTS AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re Wilmington Trust Securities Litigation*, Master File No. 10-cv-00990-ER (the "Action");

WHEREAS, by Order entered September 3, 2015, this Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased or otherwise acquired Wilmington Trust common stock during the period January 18, 2008 up to November 1, 2010 (the "Class Period"), including all persons or entities who purchased shares of Wilmington Trust common stock issued in the secondary common stock offering that occurred on or about February 23, 2010, and were damaged thereby (the "Class");[1]

---

[1] Excluded from the Class by definition are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Wilmington Trust, KPMG, or any of the Underwriter Defendants during the Class Period; (iv) any firm, trust, corporation, Officer, or other entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged herein; and (vi) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded party, *provided, however*, any investment company, separately managed account or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds and hedge funds, retirement accounts and employee benefit plans in which any Underwriter Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, as well as any trust, trust account, custodial account, and any other accounts controlled by an Underwriter Defendant or a Wilmington Trust Defendant in a fiduciary capacity rather than for such Defendant's own benefit (any such entity or fund, an "Investment Vehicle"), shall in no event be excluded; and *further provided, however*,

WHEREAS, by Order entered January 15, 2016, the Court approved the proposed form and content of notices to be disseminated to the Class, and approved the proposed method for dissemination of those notices (the "Notice Order");

WHEREAS, pursuant to the Notice Order, notice was disseminated to potential members of the Class to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (c) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion.

WHEREAS, (a) Lead Plaintiffs the Coral Springs Police Pension Fund, the St. Petersburg Firefighters' Retirement System, the Pompano Beach General Employees Retirement System, the Merced County Employees' Retirement Association, and the Automotive Industries Pension Trust Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the other members of the Class, and (b) (i) defendant Wilmington Trust Corporation ("Wilmington Trust" or the "Bank") and M&T Bank ("M&T"), an affiliate company to Wilmington Trust; (ii) defendants Ted T. Cecala, David R. Gibson, Robert V.A. Harra Jr., William B. North, Kevyn N. Rakowski, Carolyn S. Burger, R. Keith Elliott, Donald E. Foley, Gailen Krug, Stacey J. Mobley, Michele M. Rollins, Oliver R. Sockwell, Robert W. Tunnell, Jr., Susan D. Whiting, Rex L. Mears, and Louis Freeh (collectively, the "Individual Defendants" and, together with Wilmington Trust, the "Wilmington Trust Defendants"); and (iii) defendants J.P. Morgan Securities LLC, formerly known as J.P. Morgan Securities Inc. and named in the Complaint as "J.P. Morgan Securities,"

---

that (i) any Claim Form submitted by an Investment Vehicle shall be limited to purchases or acquisitions made on behalf of or for the benefit of persons or entities other than persons or entities that are excluded from the Class by definition, and (ii) the definition of Investment Vehicle shall not bring into the Class any of the Wilmington Trust Defendants or Underwriter Defendants. Also excluded from the Class are the persons and entities that submitted a request for exclusion from the Class, as set forth on Appendix 1 to each of the Stipulations.

and Keefe, Bruyette & Woods, Inc. (collectively, the "Underwriter Defendants") have determined to settle all claims asserted in this Action against the Wilmington Trust Defendants and the Underwriter Defendants on the terms and conditions set forth in the Stipulation and Agreement of Settlement with Wilmington Trust Defendants and Underwriter Defendants dated May 15, 2018 (the "Wilmington Trust/Underwriter Stipulation"), subject to approval of this Court (the "Wilmington Trust/Underwriter Settlement");

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the other members of the Class, and (b) defendant KPMG LLP ("KPMG") have determined to settle all claims asserted in this Action against KPMG on the terms and conditions set forth in the Stipulation and Agreement of Settlement with KPMG dated May 25, 2018 (the "KPMG Stipulation"), subject to approval of this Court (the "KPMG Settlement");

WHEREAS, for the purposes of this Order, (a) the Wilmington Trust/Underwriter Stipulation and the KPMG Stipulation shall be collectively referred to as the "Stipulations"; (b) the Wilmington Trust/Underwriter Settlement and the KPMG Settlement shall be collectively referred to as the "Settlements"; (c) the Wilmington Trust Defendants, Underwriter Defendants, and KPMG shall be collectively referred to as the "Defendants" or the "Settling Defendants"; (d) the Settling Defendants' Releasees (as that term is defined in the Wilmington Trust/Underwriter Stipulation) and the Settling Defendant's Releasees (as that term is defined in the KPMG Stipulation) shall be collectively referred to as the "Defendants' Releasees"; (e) Lead Plaintiffs, the Wilmington Trust Defendants, M&T, the Underwriter Defendants, and KPMG shall be collectively referred to as the "Settling Parties"; and (f) unless otherwise defined herein, all other capitalized words contained herein shall have the same meanings as set forth in the respective Stipulations;

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlements in accordance with the respective Stipulations, and approving notice of the Settlements to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlements, and the papers filed and arguments made in connection therewith; and (b) the Stipulations and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulations;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Preliminary Approval of the Settlements</u>** – The Court hereby preliminarily approves the Settlements, as embodied in the respective Stipulations, as being fair, reasonable, and adequate to the Class subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

2. **<u>Settlement Fairness Hearing</u>** – The Court will hold a hearing (the "Settlement Fairness Hearing") on **Monday, November 5, 2018 at 10:00 a.m.** at the **United States District Court for the Eastern District of Pennsylvania, James A. Byrne Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106 in Courtroom 15A**, for the following purposes: (a) to determine whether the proposed Settlements on the terms and conditions provided for in the respective Stipulations are fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) to determine whether the Judgments substantially in the form attached as Exhibit B to each of the Stipulations should be entered dismissing with prejudice the claims asserted in the Action against the respective Settling Defendants; (c) to

determine whether the proposed Plan of Allocation for the proceeds of the Settlements is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlements. Notice of the Settlements and the Settlement Fairness Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3. The Court may adjourn the Settlement Fairness Hearing without further notice to the Class and may approve the proposed Settlements with such modifications as the affected Settling Parties may agree to, if appropriate, without further notice to the Class.

4. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator" or "Epiq"), which was previously approved by the Court to administer the dissemination of the Class Notice, to supervise and administer the notice procedure in connection with the proposed Settlements as well as the processing of Claims as more fully set forth below. Notice of the Settlements and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

(a) **not later than the "Notice Date," which shall be Wednesday, July 25, 2018**, the Claims Administrator shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to the members of the Class who may be identified through reasonable effort;

(b) contemporaneously with the mailing of the Settlement Notice Packet, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be

5

posted on the website for this Action, www.WilmingtonTrustSecuritiesLitigation.com, from which copies of the Settlement Notice and Claim Form can be downloaded;

(c) **not later than Monday, August 6, 2018**, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over *PR Newswire*; and

(d) **not later than Thursday, October 25, 2018**, Lead Counsel shall serve on Settling Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlements (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlements, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlements; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private

Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Fairness Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

6. **<u>Nominee Procedures</u>** – In connection with the previously disseminated Class Notice, securities brokers and other nominees ("Nominees") were advised that, if they purchased or otherwise acquired Wilmington Trust common stock during the Class Period for the beneficial interest of persons or entities other than themselves, they must either: (a) within seven (7) calendar days of receipt of the Class Notice, request from Epiq sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Class Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and addresses of all such beneficial owners to Epiq.

(a) for Nominees who chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), Epiq shall forward the same number of Settlement Notice Packets to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

(b) for Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to Epiq), Epiq shall promptly mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee purchased or otherwise acquired Wilmington Trust common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to Epiq, such Nominees need not take any further action;

(c) for Nominees who purchased or otherwise acquired Wilmington Trust common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to Epiq, or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to Epiq, such Nominees shall within seven (7) calendar days of receipt of the Settlement Notice, provide a list of the names and addresses of all such beneficial owners to Epiq, or shall request from Epiq sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from Epiq, mail to the beneficial owners; and

(d) upon full and timely compliance with this Order, Nominees who mail the Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing Epiq with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Funds, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **CAFA Notice** – As provided in the Stipulations, M&T and the Settling Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulations with the Court. M&T and the Settling Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. **No later than Thursday, October 25, 2018**, M&T and the Settling Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8. **Participation in the Settlements** – Class Members who wish to participate in the Settlements and to be eligible to receive a distribution from the Net Settlement Funds must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked **no later than Monday, November 26, 2018.** Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Funds to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlements.

9. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her

or its right to share in the Net Settlement Funds; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulations and the Settlements and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgments and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulations and the Settlement Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11. **<u>No Second Opportunity to Request Exclusion From the Class</u>** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlements proceedings.

12. **<u>Appearance and Objections at Settlement Fairness Hearing</u>** – Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Representative Defendants' Counsel, at the addresses set forth in paragraph 13 below, such that it is received **no later than Friday, October 12, 2018**. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

13. Any Class Member may file a written objection to the proposed Settlements, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and

reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlements, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlements, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Defendants' Counsel at the addresses set forth below such that they are received **no later than Friday, October 12, 2018**.

| **Lead Counsel** | **Representative Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>Hannah Ross, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 | Margaret A. Keeley, Esq.<br>Williams & Connolly LLP<br>725 Twelfth Street NW<br>Washington, D.C. 20005 |
| Saxena White P.A.<br>Joseph E. White, III, Esq.<br>150 E. Palmetto Park Rd., Ste. 600<br>Boca Raton, FL 33432 | James A. Dunbar, Esq.<br>Venable LLP<br>210 West Pennsylvania Avenue<br>Suite 500<br>Towson, MD 21204 |
| | George A. Salter, Esq.<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, NY 10022 |

14. Any objections, filings, and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) must contain a statement of the Class Member's objection or objections, and the specific reasons for each

objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (d) must include documents sufficient to prove membership in the Class, consisting of documents showing the number of shares of Wilmington Trust common stock that the objector (a) owned as of the opening of trading on January 18, 2008, and (b) purchased/acquired and/or sold during the period from January 18, 2008 up to November 1, 2010 (*i.e.*, through and including October 31, 2010), as well as the number of shares, dates, and prices for each such purchase/acquisition and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

15. Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlements, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlements, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlements, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

16. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action between the respective Settling Parties other than proceedings necessary to carry out or enforce the terms and conditions of the respective Stipulations. Pending final determination of whether the respective Settlements should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

17. **Settlement Administration Fees and Expenses** – All reasonable Notice and Administration Costs shall be paid as set forth in the Stipulations without further order of the Court.

18. **Settlement Funds** – The contents of the Settlement Funds held by Citibank, N.A. shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the respective Stipulations and/or further order(s) of the Court.

19. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Funds, to pay from the Settlement Funds any Taxes owed with respect to the Settlement Funds, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the respective Stipulations.

20. **Termination of Settlement(s)** – If either of the Settlements is terminated as provided in the respective Stipulations, either of the Settlements is not approved, or the Effective Date of either or the Settlements otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect as to that particular Settlement, except as

otherwise provided by the relevant Stipulation(s), and this Order shall be without prejudice to the rights of the affected Settling Parties, and the affected Settling Parties shall revert to their respective positions in the Action as provided in the relevant Stipulation(s).

21. **Use of this Order** – Neither this Order, the Term Sheet for the Wilmington Trust/Underwriter Settlement, the Stipulations (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained in the Settlement Notice (or any other plan of allocation that may be approved by the Court), the Supplemental Agreements, the negotiations leading to the execution of the Term Sheet and the Stipulations, nor any proceedings taken pursuant to or in connection with the Stipulations and/or approval of the Settlements (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulations; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amounts or with respect to any liability, negligence, fault, or

wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulations; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulations represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulations are approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to them to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlements.

22. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlements, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses **no later than Monday, September 17, 2018**; and reply papers, if any, shall be filed and served **no later than Thursday, October, 25, 2018**.

23. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlements.

**SO ORDERED this 9th day of July, 2018.**

          **/s/ Eduardo C. Robreno**
          **EDUARDO C. ROBRENO, J.**