**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **IN RE WILMINGTON TRUST SECURITIES LITIGATION** | Master File No. 10-cv-00990-ER |
| | (Securities Class Action) |
| This document relates to: ALL ACTIONS | Hon. Eduardo C. Robreno |

**ORDER APPROVING PLAN OF**
**ALLOCATION OF NET SETTLEMENT FUNDS**

WHEREAS, this matter came on for hearing on November 5, 2018 (the "Settlement Hearing") on Lead Plaintiffs' motion to determine whether the proposed plan of allocation of the Net Settlement Funds ("Plan of Allocation") created by the Settlements achieved in the above-captioned class action (the "Action") should be approved. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation; and

WHEREAS, this Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement with Wilmington Trust Defendants and Underwriter Defendants dated May 15, 2018 (D.I. 821-1) (the "Wilmington Trust/Underwriter Stipulation"); the Stipulation and Agreement of Settlement with KPMG dated May 25, 2018 (D.I. 821-2) (the "KPMG

Stipulation," and together with the Wilmington Trust/Underwriter Stipulation, the "Stipulations"); and in the Joint Declaration of Hannah Ross and Joseph E. White, III in Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlements and Plan of Allocation and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses dated September 17, 2018 (D.I. 836) (the "Joint Declaration"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulations or the Joint Declaration.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. **Jurisdiction** – The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the parties and each of the Class Members.

2. **Notice** – Notice of Lead Plaintiffs' motion for approval of the proposed Plan of Allocation was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

3. More than 92,000 copies of the Notice, which included the Plan of Allocation, were mailed potential Class Members and nominees, and there are no objections to the Plan of Allocation.

4. **Approval of Plan of Allocation** – The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation mailed to Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Funds among Class Members with due consideration having been given to administrative convenience and necessity.

5. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Class. Accordingly, the Court hereby approves the Plan of Allocation proposed by Lead Plaintiffs.

6. **No Impact on Judgments** – Any appeal or any challenge affecting this Court's approval regarding any plan of allocation of the Net Settlement Funds shall in no way disturb or affect the finality of the Judgments.

7. **Retention of Jurisdiction** – Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

8. **Entry of Order** – There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 19th day of November, 2018.

/s/ Eduardo C. Robreno
The Honorable Eduardo C. Robreno
United States District Judge