**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **IN RE WILMINGTON TRUST SECURITIES LITIGATION** | Master File No. 10-cv-00990-ER |
| | (Securities Class Action) |
| This document relates to: ALL ACTIONS | Hon. Eduardo C. Robreno |

**ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

WHEREAS, this matter came on for hearing on November 5, 2018 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested;

WHEREAS, pursuant to the Stipulation and Agreement of Settlement with Wilmington Trust Defendants and Underwriter Defendants dated May 15, 2018 (D.I. 821-1) (the "Wilmington Trust/Underwriter Stipulation"), a settlement fund of $200,000,000 plus all interest earned thereon (the "Wilmington Trust/Underwriter Settlement Fund") has been funded into escrow;

WHEREAS, pursuant to the Stipulation and Agreement of Settlement with KPMG dated May 25, 2018 (D.I. 821-2) (the "KPMG Stipulation," and together with the Wilmington

Trust/Underwriter Stipulation, the "Stipulations"), a settlement fund of $10,000,000 plus all interest earned thereon (the "KPMG Settlement Fund," and together with the Wilmington Trust/Underwriter Settlement Fund, the "Settlement Funds") has been funded into escrow; and

WHEREAS, this Order incorporates by reference the definitions in the Stipulations and in the Joint Declaration of Hannah Ross and Joseph E. White, III in Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlements and Plan of Allocation and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses dated September 17, 2018 (D.I. 836) (the "Joint Declaration"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulations or the Joint Declaration.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. **Jurisdiction** – The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the parties and each of the Class Members.

2. **Notice** – Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended ("PSLRA"), and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

3. **Fee and Expense Award** – Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 28% of each of the Settlement Funds and $6,790,044.82 in

reimbursement of Plaintiffs' Counsel's litigation expenses (which expenses shall be paid from the Settlement Funds in proportion to the size of the Settlement Funds), which sums the Court finds to be fair and reasonable.

4. **Factual Findings** – In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Settlement Funds, the Court has considered and found that:

(a) The approved Settlements have created a total cash recovery of $210,000,000 that has been funded into escrow pursuant to the terms of the Stipulations, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlements that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Court-appointed Lead Plaintiffs, who oversaw the prosecution and resolution of the claims asserted in the Action on behalf of the Class;

(c) More than 92,000 copies of the Notice were mailed to potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 28% of each Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $7,500,000, and there were no objections to the requested attorneys' fees and expenses;

(d) Lead Counsel have conducted the litigation and achieved the Settlements with skill and dilligence;

(e) The Action raised a number of complex issues;

(f) Had Lead Counsel not achieved the Settlements there would remain a significant risk that Lead Plaintiffs and the other Class Members may have recovered less or nothing from Defendants;

(g) Plaintiffs' Counsel devoted more than 195,000 hours, with a lodestar value of approximately $79,976,000, to achieve the Settlements; and

(h) The amount of attorneys' fees awarded and litigation expenses to be reimbursed from the Settlement Funds are fair and reasonable and consistent with awards in similar cases.

5. **PLSRA Awards** – Lead Plaintiff Coral Springs Police Pension Fund is hereby awarded $7,556.00 from the Settlement Funds (which award shall be paid from the Settlement Funds in proportion to the size of the Settlement Funds) as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

6. Lead Plaintiff St. Petersburg Firefighters' Retirement System is hereby awarded $22,109.00 from the Settlement Funds (which award shall be paid from the Settlement Funds in proportion to the size of the Settlement Funds) as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7. Lead Plaintiff Pompano Beach General Employees Retirement System is hereby awarded $11,538.24 from the Settlement Funds (which award shall be paid from the Settlement Funds in proportion to the size of the Settlement Funds) as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8. Lead Plaintiff Merced County Employees' Retirement Association is hereby awarded $14,252.82 from the Settlement Funds (which award shall be paid from the Settlement Funds in proportion to the size of the Settlement Funds) as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

9. **No Impact on Judgments** – Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgments.

10. **Retention of Jurisdiction** – Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulations and this Order.

11. **Termination of Settlement** – In the event that either of the Settlements is terminated or the Effective Date of either of the Settlements otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulations.

12. **Entry of Order** – There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 19th day of November, 2018.

/s/ Eduardo C. Robreno
The Honorable Eduardo C. Robreno
United States District Judge