**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **IN RE WILMINGTON TRUST SECURITIES LITIGATION** | Master File No. 10-cv-00990-ER |
| This document relates to: ALL ACTIONS | (Securities Class Action) |
| | Hon. Eduardo C. Robreno |

# JUDGMENT APPROVING CLASS ACTION SETTLEMENT WITH KPMG

WHEREAS, a consolidated class action is pending in this Court entitled *In re Wilmington Trust Securities Litigation*, Master File No. 10-cv-00990-ER (the "Action");

WHEREAS, by Order entered September 3, 2015, this Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased or otherwise acquired Wilmington Trust common stock during the period January 18, 2008 up to November 1, 2010 (the "Class Period"), including all persons or entities who purchased shares of Wilmington Trust common stock issued in the secondary common stock offering that occurred on or about February 23, 2010, and were damaged thereby (the "Class");[1]

[1] Excluded from the Class by definition are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Wilmington Trust, KPMG, or any of the Underwriter Defendants during the Class Period; (iv) any firm, trust, corporation, Officer, or other entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged herein; and (vi) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded party, *provided*, *however*, any investment company, separately managed account or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds and hedge funds, retirement accounts and employee benefit plans in which any Underwriter Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, as well as any trust, trust account, custodial account,

WHEREAS, by Order entered January 15, 2016, the Court approved the proposed form and content of notices to be disseminated to the Class, and approved the proposed method for dissemination of those notices (the "Notice Order");

WHEREAS, pursuant to the Notice Order, notice was disseminated to potential members of the Class to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (c) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion.

WHEREAS, (a) Lead Plaintiffs the Coral Springs Police Pension Fund, the St. Petersburg Firefighters' Retirement System, the Pompano Beach General Employees Retirement System, the Merced County Employees' Retirement Association, and the Automotive Industries Pension Trust Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the other members of the Class, and (b) defendant KPMG LLP ("KPMG") (Lead Plaintiffs and KPMG, together, the "Settling Parties") have entered into a Stipulation and Agreement of Settlement with KPMG dated May 25, 2018 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted in the Action against KPMG on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

---

and any other accounts controlled by an Underwriter Defendant or a Wilmington Trust Defendant in a fiduciary capacity rather than for such Defendant's own benefit (any such entity or fund, an "Investment Vehicle"), shall in no event be excluded; and *further provided, however*, that (i) any Claim Form submitted by an Investment Vehicle shall be limited to purchases or acquisitions made on behalf of or for the benefit of persons or entities other than persons or entities that are excluded from the Class by definition, and (ii) the definition of Investment Vehicle shall not bring into the Class any of the Wilmington Trust Defendants or Underwriter Defendants. Also excluded from the Class are the persons and entities listed on Exhibit 1 hereto, which are excluded from the Class pursuant to request.

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order entered July 10, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to the Class; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on November 5, 2018 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing with prejudice the claims asserted in the Action against KPMG; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 25, 2018; and (b) the

Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on September 17, 2018.

3. **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. There have been no objections to the proposed Settlement.

4. **Final Settlement Approval and Dismissal of Claims Against KPMG** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action against KPMG), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. The Settling

Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The claims asserted in the Action against KPMG are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on KPMG, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

7. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against KPMG and the Settling Defendant's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Defendant's

Releasees. This Release shall not apply to any of the Excluded Plaintiffs' Claims (as that term is defined in paragraph 1(nn) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, KPMG, on behalf of itself, and its respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Settling Defendant's Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Settling Defendant's Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Settling Defendant's Claims (as that term is defined in paragraph 1(oo) of the Stipulation).

8. Notwithstanding paragraphs 7(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9. **Bar Order** – The Court hereby orders that, upon the Effective Date of the Settlement, to the fullest extent permitted by law, any and all claims, whether arising under state, federal or common law, for contribution or indemnity, however denominated, based upon, or related to any fact or circumstances involved in or arising out of the Action, (a) by any person or entity against any of the Settling Defendant's Releasees or (b) by any of the Settling Defendant's Releasees against any other person or entity shall be permanently barred, extinguished, and discharged, with the scope and preclusive effect of this bar order as broad as that permissible under 15 U.S.C. § 78u-4(f)(7) and other federal and state law, including Del. C. § 6304(b) (the

"Bar Order"); *provided, however*, that the Bar Order shall not bar or release any Excluded Plaintiffs' Claims asserted by Class Members.

10. **Judgment Reduction** – Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of KPMG for common damages; or (b) the amount paid by or on behalf of KPMG to the Class or Class Member for common damages.

11. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Settling Defendant's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendant's Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendant's Releasees or in any way referred to for any other reason as against any of the Settling Defendant's Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Settling Defendant's Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

12. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion by Lead Counsel for an award of attorneys' fees and/or Litigation Expenses that will be paid from the Settlement Fund;

(d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Settlement.

13. Separate orders shall be entered regarding approval of a plan of allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14. **Modification of the Agreement of Settlement** – Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and KPMG, and the Settling Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation on May 25, 2018, as provided in the Stipulation.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action as against KPMG pursuant to Rule 54(b) of the

Federal Rules of Civil Procedure. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against KPMG.

SO ORDERED this 19th day of November, 2018.

/s/ Eduardo C. Robreno
The Honorable Eduardo C. Robreno United States District Judge

**Exhibit 1**

Thomas L. Ambro Revocable Trust U/A DTD 04/11/1995
Thomas L. Ambro, Trustee
Wilmington, DE

Marlys Beck
Crystal Bay, NV

Linda M. Cloud
Wilmington, DE

Thomas B. Cloud
Wilmington, DE

Bruce DiBiaso
Wilmington, DE

Thomas Massey, III
Wilmington, DE

Michael Pascali
Phoenixville, PA

Khatu Vo
Sacramento, CA